UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-14102-MIDDLEBROOKS

DONALD J. TRUMP,

    Plaintiff,

v.

HILLARY R. CLINTON, et al.,

    Defendants.

_____/

## ORDER DENYING MOTION FOR DISQUALIFICATION

THIS CAUSE comes before the Court on Plaintiff Donald J. Trump's Motion to Disqualify Judge Middlebrooks, filed on April 4, 2022. (DE 21). For the reasons explained below, Plaintiff's Motion is denied.

Plaintiff initiated this lawsuit on March 24, 2022, alleging that "the Defendants, blinded by political ambition, orchestrated a malicious conspiracy to disseminate patently false and injurious information about Donald J. Trump and his campaign, all in the hopes of destroying his life, his political career and rigging the 2016 Presidential Election in favor of Hillary Clinton." (DE 1 at ¶ 9).[1] In this Motion, Plaintiff argues that I should disqualify myself from presiding over this case because I was nominated to the federal bench by former President Bill Clinton, the spouse of Defendant Hillary Clinton. (DE 21 at ¶ 3). According to Plaintiff, the very fact of my appointment by Bill Clinton "amounts to prejudice so virulent or pervasive as to constitute bias against a party."

---

[1] On this general premise, the Complaint asserts claims for RICO violations, predicated on the theft of trade secrets and obstruction of justice (Count I); injurious falsehood (Count III); malicious prosecution (Count V); violations of the Computer Fraud and Abuse Act (Count VII); theft of trade secrets (Count VIII); and violations of the Stored Communications Act (Count IX). The Complaint also contains counts for various conspiracy charges and theories of agency and vicarious liability. (Counts II, IV, VI, and X–XVI).

(*Id.* at ¶ 6). Plaintiff also urges that disqualification is necessary because he "is unaware of the exact extent of the relationship between" me and Defendant Hillary Clinton. (*Id.*).

The judicial disqualification statute, 28 U.S.C. § 455, provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The importance of this statute cannot be understated. It ensures that litigants in federal court receive impartial treatment and plays an important role in upholding the public's trust in the judiciary. But a district judge "is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *In re Drexel Burnham Lambert Inc.*, 861 F.3d 1307, 1312 (2d Cir. 1988); *see also In re Union Leader Corp.*, 292 F.3d 381, 391 (1st Cir. 1961).[2] This is because "[i]n the real world, recusal motions are sometimes driven more by litigation strategies than by ethical concerns."[3]  *In re Kansas Pub. Emps. Ret. Sys.*, 85 F.3d 1353, 1360 (8th Cir. 1996) (quoting *In re Cargill, Inc.*, 66 F.3d 1256, 1262–63 (1st Cir. 1995)). "We subscribe to the view that motions to recuse should not 'be viewed as an additional arrow in the quiver of advocates in the face of [anticipated] adverse rulings.'" *Id.* at 1360 (quoting *TV Commc'n Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1077, 1081 (D. Colo. 1991)).

---

[2] While there is no longer a "duty to sit" doctrine and § 455(a) requires that doubts be resolved in favor of recusal, judges are still obligated to recuse only when there are proper grounds to do so. *See United States v. Kelly*, 888 F.2d 732, 744 (11th Cir. 1989).

[3] I note that Plaintiff filed this lawsuit in the Fort Pierce division of this District, where only one federal judge sits: Judge Aileen Cannon, who Plaintiff appointed in 2020. Despite the odds, this case landed with me instead. And when Plaintiff is a litigant before a judge that he himself appointed, he does not tend to advance these same sorts of bias concerns. *See, e.g.*, *Donald J. Trump v. Wisc. Elections Comm'n,* No. 20-cv-1785 (E.D. Wis. 2020) (Judge Brett Ludwig); *Donald J. Trump for President, Inc., et al., v. Sec. of Commonwealth of Pa.*, No. 20-cv-3371 (3d Cir. 2020) (Judge Stephanos Bibas); *Comm. on Ways and Means, U.S. House of Representatives v. U.S. Dep't of the Treasury*, No. 19-cv-01974 (D.D.C. 2019) (Judge Trevor McFadden).

It is true that I was appointed to the bench by former President Bill Clinton. Although former President Clinton is not a party to this lawsuit, I will give Plaintiff the benefit of the doubt and equate the interests of the Clintons for the sake of analysis here. The law is well settled that appointment to the bench by a litigant, without more, will not "create in reasonable minds, with knowledge of all the relevant circumstances that a reasonable inquiry would disclose, a perception that [the judge's] ability to carry out judicial responsibilities with integrity, impartiality, and competence [would be] impaired." *In re Executive Office of the President*, 215 F.3d 25, 25 (D.C. Cir. 2000) (quoting Code of Conduct for United States Judges Canon 24 cmt., reprinting in 2 Administrative Office of the United States Courts, Guide to Judiciary Policies and Procedures, ch. 1 at 1-2, 1-3); *see also Straw v. United States*, 4 F.4th 1358, 1362 (Fed. Cir. 2021) ("There is no support whatsoever for the contention that a judge can be disqualified based simply on the identity of the President who appointed him."); *MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 138 F.3d 33, 38 (2d Cir. 1998) ("Nor should one charge that a judge is not impartial solely because an attorney is embroiled in a controversy with the administration that appointed the judge. Judges generally have political backgrounds to one degree or another but must be presumed, absent more, to be impartial.").

Given this precedent, I am not disqualified from presiding, nor should I recuse on the basis of any appearance of partiality. The three cases Plaintiff cites in his Motion compel no different conclusion, and indeed do not appear to support his arguments.[4] To warrant recusal, something

---

[4] In the first case he cites, *Hamm v. Members of Bd. of Regents of Fla.*, the Eleventh Circuit held that a district court judge did not exhibit bias sufficient to warrant recusal based on certain statements he made at trial. *See* 709 F.2d 647, 651 (11th Cir. 1983) ("This is not a case in which the judge openly exhibited 'a partisan zeal' for the defendants or 'stepped down from the bench to assume the role of advocate' on the defendants' behalf."); *see also Davis v. Bd. of Sch. Com'rs of Mobile Cnty*, 517 F.2d 1044, 1051 (11th Cir. 1975) (same). Neither case discussed whether judicial appointment by a party, without more, would cause a reasonable person to suspect bias on the part

more must be involved than solely my appointment to the bench twenty-five years ago by the spouse of a litigant now before me. And the conclusory assertions in Plaintiff's Motion do not supply any conceivable, additional grounds. I have never met or spoken with Bill or Hillary Clinton. Other than my appointment by Bill Clinton, I do not now have nor have I ever had any relationship with the Clintons.[5] "Recusal cannot be based on unsupported, irrational or highly tenuous speculation." *United States v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999) (internal quotations omitted). Moreover, I have considered whether the nature of this lawsuit—acutely politically charged as it is—might provide some additional cause to question my qualification to preside, but I see no impediment there either. Every federal judge is appointed by a president who is affiliated with a major political party, and therefore every federal judge could *theoretically* be viewed as beholden, to some extent or another. As judges, we must all transcend politics.

When I became a federal judge, I took an oath to "faithfully and impartially discharge and perform all duties . . . under the Constitution and laws of the United States." 28 U.S.C. § 453. I have done so for the last twenty-five years, and this case will be no different.

---

of the presiding judge. And *Bivens Gardens* emphasized that, to establish bias justifying disqualification, a party must demonstrate "such pervasive bias and prejudice that it constitutes bias against a party"—a showing that certainly has not been made here. 140 F.3d 898, 914 (11th Cir. 1998).

[5] I was nominated by former President Clinton in September 1996 upon the recommendation of Florida's Senators. My name was one of three submitted to them by a nominating commission they had established. Both Senator Bob Graham, Democrat, and Senator Connie Mack, Republican, spoke on my behalf at the hearing of the Judiciary Committee chaired by Senator Orrin Hatch, Republican, which considered the nomination. My nomination was unanimously reported, and I was confirmed by the Senate by unanimous consent in a voice vote. 143 Cong. Rec. 70 (Fri. May 23, 1997) (S5066–5070).

As such, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion (DE 21) is **DENIED.**

**SIGNED** in Chambers at West Palm Beach, Florida, this 6th day of April, 2022.

Donald M. Middlebrooks
United States District Judge

cc: Counsel of Record