UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 22-14102-CIV-MIDDLEBROOKS/REINHART

DONALD J. TRUMP,

    Plaintiff,

v.

HILLARY R. CLINTON, et al.

    Defendants.

_____/

**UNITED STATES OF AMERICA'S UNOPPOSED SECOND MOTION
TO REDACT ADDRESSES OF FORMER FEDERAL BUREAU
OF INVESTIGATION EMPLOYEES FROM THE PUBLIC RECORD AND
MOTION TO PRECLUDE THE FURTHER FILING OF THE SAME WITH
PREMISSION TO FILE REDACTED VERSIONS OF ANY OFFENDING DOCUMENTS**

The United States of America, by and through the undersigned counsel and pursuant to Rule 5.2(e) of the Federal Rules of Civil Procedure, hereby moves for a second order redacting addresses of former (Federal Bureau of Investigation) FBI employees from the public record, an order precluding the further filing of documents containing the addresses of the former FBI employees, and permission for the United States to substitute redacted copies of any such offending documents filed going forward without further order from the Court; and, in support thereof, states the following:

On March 25, 2022, the day after the Complaint for Damages and Demand for Trial By Jury [D.E. 1] (Complaint) was filed, the United States filed its original motion seeking to redact addresses of former FBI employees from the public record. United States of America's Motion to Redact Addresses of Former Federal Bureau of Investigation Employees From the Public Record [D.E. 10] (original Motion to Redact). By way of the original Motion to Redact, the United States sought to redact the addresses of the following former FBI employees named as defendants in this case: James Comey, Andrew McCabe, Peter Strzok, Lisa Page, and Kevin

Clinesmith. The addresses of the former FBI employees were included in the Summonses filed in the public record at DE 1-24, DE 1-25, DE 1-26, DE 1-27, DE 1-28, and DE 7. As explained in the original Motion to Redact, the addresses needed to be redacted due to the harassment of, and threats received by, the former FBI employees.

On March 28, 2022, the Court entered the Order Granting Motion to Redact [D.E. 12], granting the original Motion to Redact; striking and removing DE 1-24, DE 1-25, DE 1-26, DE 1-27, DE 1-28, and DE 7 from the record; and substituting redacted versions of those docket entries.

After the Court entered the Order Granting Motion to Redact, a Return of Service, together with a Summon, was filed for two of the named former FBI employees, McCabe and Clinesmith. Return of Service McCabe [D.E. 28]; Return of Service Clinesmith [D.E. 45]. The Summonses and Return of Services filed include the addresses of the two former FBI employees. Accordingly, it has become necessary, once again, to seek Court intervention to ensure that the addresses of the former FBI employees are not contained in the public record.

Redacted copies of the offending docket entries are attached as exhibits hereto. The United States moves for an order striking and removing from the public record DE 28, DE 28-1, DE 45, and DE 45-1 and substituting into the record the attached redacted copies of the offending docket entries.

The United States further moves for an order precluding the filing of documents in the public record containing the addresses of the named former FBI employees and permitting the United States to substitute redacted copies of any such offending document filed in the public record without further motion or order from this Court.

**Rule 7.1 Certification**

Pursuant to Local Rule 7.1, the undersigned originally contacted Plaintiff's counsel to

inquire as to Plaintiff's position as to a motion seeking to redact the addresses. While Plaintiff's counsel indicated that "[t]hese filings are, for the most part, out of our control, as various process service companies are filing these documents," Plaintiff's counsel did indicate that he would "do what I can to curtail the unredacted filings" and that the United States may file a motion to redact as an "Unopposed Motion." Subsequently (and, partially, in response to Plaintiff's response), the United States contacted Plaintiff's counsel to confer on the additional relief of an order precluding the filing of documents containing the offending addresses. As of the filing of this motion, Plaintiff's counsel has not given a final response on the additional relief (but did indicate that the "inclination" was to "decline"). Accordingly, only the initial relief sought—redaction of DE 28, DE 28-1, DE 45, and DE 45-1—is unopposed. The United States assumes Plaintiff will oppose the additional relief seeking an order precluding future filings containing the offending addresses.

WHEREFORE, for the foregoing reasons, the United States of America moves for an order redacting the addresses of the former FBI employees included in DE 28, DE 28-1, DE 45, and DE 45-1; an order precluding the further filing of documents containing the addresses of the named former FBI employees in the public record; and an order permitting the United States to substitute redacted copies of any document filed in the public record that contains the address of a named former FBI employee without further order of the Court.

                Respectfully submitted,

                JUAN ANTONIO GONZALEZ
                UNITED STATES ATTORNEY

By:   **Anthony Erickson-Pogorzelski**
       ANTHONY ERICKSON-POGORZELSKI
       ASSISTANT U.S. ATTORNEY
       Florida Bar No. 619884
       E-mail: Anthony.Pogorzelski@usdoj.gov
       99 N.E. 4th Street, Suite 300

Miami, Florida 33132
Telephone: (305) 961-9296
*Counsel for the United States of America*

-4-