IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

DONALD J. TRUMP,

Plaintiff,

v.

HILLARY CLINTON, *et al.*,

Defendants.

No. 2:22-cv-14102-DMM

**DEFENDANT KEVIN E. CLINESMITH'S MOTION TO DECLARE, OR IN THE ALTERNATIVE TO EXTEND, RESPONSE DEADLINE**

Defendant Kevin Clinesmith respectfully moves for an order declaring that his response to the Complaint in this matter is governed by Federal Rules of Civil Procedure 4(i)(3) and 12(a)(3) and directing the Clerk's Office to modify the due date reflected in ECF No. 45. Alternatively, Mr. Clinesmith requests that the Court extend his deadline for responding to the Complaint to June 27, 2022. In support of that motion, Mr. Clinesmith states as follows:

1. Mr. Clinesmith is sued in this matter in connection with his work as an attorney for the Federal Bureau of Investigation. *See* ECF No. 1 (hereafter "Compl.") ¶¶153-55. Rule 4(i)(3) states that when a government employee is sued in an individual capacity "for an act or omission occurring in connection with duties performed on the United States' behalf," a party must serve both "the United States" and the individual employee.

1

2. Rule 12(a)(3), in turn, provides a government employee sued in an individual capacity with 60 days to respond to a complaint, running from the date of "service on the officer or employee or service on the United States attorney, whichever is later."[1]

3. Mr. Clinesmith was served in this matter on April 5, 2022. The docket, however, reflects no service of the Complaint on the United States.

4. Beginning on April 19, counsel for Mr. Clinesmith, Christopher C. Muha, contacted counsel for Plaintiff by phone and email to ask whether Plaintiff had served, or intended to serve, the United States as required by Rule 4(i)(3). Unable to reach any of Plaintiff's counsel after repeated attempts, Mr. Muha emailed Plaintiff's counsel on April 21 to ask whether Plaintiff had served, or intended to serve, the United States under Rule 4(i)(3).

5. On April 22, one of Plaintiff's counsel, Peter Ticktin, responded that it was his position that service on the United States was not required since Mr. Clinesmith was not "acting for the benefit of the United States," but he stated that "in an abundance of caution" he would serve the United States by certified mail that day. In response to a follow-up email from Mr. Muha, Mr. Ticktin confirmed that Plaintiff would oppose a motion arguing that Mr. Clinesmith's response deadline was governed by Rules 4(i)(3) and 12(a)(3), but stated that he "would never give you a problem in having the time you need to respond to the Complaint." "Hopefully," he continued, "you won't need 60 days, but if you do, you do."

6. Rule 4(i)(3) requires service on the United States whenever a sued employee's actions or omissions were made "in connection with" duties performed on the United States' behalf. The scope of that language is very broad: It was purposefully chosen to distinguish the reach of

---

[1] To the extent Plaintiff intends to sue Mr. Clinesmith in his official capacity rather than his individual capacity, Rule 12(a)(2) likewise provides a response deadline of 60 days from the date of service on the United States.

2

Rule 4(i)(3) from terms of art that require a stronger link between an employee's actions and the interests of the government. *See* 2000 Advisory Committee Note to Rule 4(i) ("This phrase has been chosen as a functional phrase that can be applied without the occasionally distracting associations of such phrases as 'scope of employment,' 'color of office,' or 'arising out of the employment.'"). In keeping with its functional nature, the connection required for Rule 4(i)(3) to apply is "determined as a practical matter," with a view to two things: "whether the individual defendant has reasonable grounds to look to the United States for assistance and whether the United States has reasonable grounds for demanding formal notice of the action." *Id.*; *see also* 4B Fed. Prac. & Proc. Civ. § 1107 (4th ed.). The Rule *doesn't* apply, by contrast, when the actions at issue "have *no connection whatever* to the [the employee's] governmental roles." 2000 Advisory Committee Note to Rule 4(i) (emphasis added).

  7. Mr. Clinesmith readily falls within the broad scope of Rule 4(i)(3). The wrongdoing he is accused of in this suit was part and parcel of the "legal support" he was "assigned to provide . . . to FBI personnel working on Crossfire Hurricane." Compl. ¶153.[2] His actions are ones he could have taken only because of, and in connection with, that role; they manifestly are not actions with "no connection whatever" to it. 2000 Advisory Committee Note to Rule 4(i). Mr. Clinesmith therefore has more than "reasonable grounds to look to the United States for assistance." *Id*.

---

[2] Another federal judge, after extensive consideration on a full record, concluded that the actions Mr. Clinesmith is here accused of—altering an email about whether Carter Page had ever been another government agency's "source"—in fact reflected Clinesmith's *honest* belief about the nature of Page's status with that other government agency. *See* Sentencing Tr. (Dkt. 22) at 51:9-18, *United States v. Clinesmith*, No. 20-cr-165 (D.D.C. Jan. 29, 2021) (Boasberg, J.) (concluding that "Clinesmith likely believed that what he said about Page was true" and that Clinesmith had "no active intent to harm").

8. Recent events conclusively bear that out.  Under the Westfall Act, government employees sued for actions performed within the scope of their federal employment are eligible under the Westfall Act to have the United States substituted in their place as the defendant.  28 U.S.C. § 2679; *see also Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420 (1995) (explaining process by which individual defendant may be dismissed from case and United States substituted in their place).  Counsel for Mr. Clinesmith understands that the government in fact is conducting analysis related to potential Westfall Act certification.  That such relief is being contemplated confirms that this is precisely the kind of matter where "[s]ervice on the United States w[ould] help to protect the interest of the individual defendant in securing representation by the United States," 2000 Advisory Committee Note to Rule 4(i), and which therefore is governed by Rule 4(i)(3).

9. Mr. Clinesmith therefore respectfully requests that the Court declare service upon him to be governed by Rules 4(i)(3) and 12(a)(3) and to direct the Clerk's Office to remove from ECF No. 45 the due date of April 26, 2022 for his response to the Complaint.

10. Should the Court disagree that service on Mr. Clinesmith is governed by Rule 4(i)(3), Mr. Clinesmith respectfully requests in the alternative a 60-day extension of his deadline for responding to the Complaint, to allow sufficient time (1) for the Westfall Act process to play out, and (2) for Mr. Clinesmith to respond to the Complaint should the United States not be substituted in his place.  Good cause exists for the request given the length that the Westfall Act process may take and the extensive nature of the Complaint.  As explained above, counsel for Plaintiff  is open to a 60-day extension of Mr. Clinesmith's response deadline. Because 60 days from today is Saturday, June 25, Mr. Clinesmith therefore respectfully requests in the alternative that his response deadline be extended to Monday, June 27.

10. Through this motion, Mr. Clinesmith does not waive any defenses or objections available to him, including without limitation those related to personal jurisdiction.

### Certificate of Compliance with Local Rule 7.1(a)(3)

I hereby certify that counsel for Mr. Clinesmith, Christopher C. Muha, conferred with counsel for Plaintiff as described above.  Plaintiff opposes an order stating that Clinesmith's service is governed by Rule 4(i)(3), but is open to an extension of Clinesmith's response deadline by 60 days.

Dated:   April 26, 2022

Respectfully submitted,

/s/ Noah Brozinsky
Noah Brozinksy (FL Bar No. 0107470)
William Pittard (*pro hac vice* motion pending)
Christopher C. Muha (*pro hac vice* motion pending)
KAISERDILLON PLLC
1099 14th St. N.W.
8th Floor West
Washington, D.C. 20005
Phone:  (202) 640-2850
Fax:  (202) 280-1034
nborzinsky@kaiserdillon.com
wpittard@kaiserdillon.com
cmuha@kaiserdillon.com

*Counsel for Defendant Kevin Clinesmith*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing via the Court's ECF system on April 26, 2022, which will electronically notify all counsel requiring notice.

DATED:  April 26, 2022                                          /s/ Noah Brozinsky
                                                                Noah Brozinsky