UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 22-14102-CIV-MIDDLEBROOKS/REINHART

DONALD J. TRUMP,

    Plaintiff,

v.

HILLARY R. CLINTON, et al.

    Defendants.

_____/

**REPLY IN SUPPORT OF UNITED STATES OF AMERICA'S UNOPPOSED
SECOND MOTION TO REDACT ADDRESSES OF FORMER FEDERAL BUREAU
OF INVESTIGATION EMPLOYEES FROM THE PUBLIC RECORD AND
MOTION TO PRECLUDE THE FURTHER FILING OF THE SAME WITH
PREMISSION TO FILE REDACTED VERSIONS OF ANY OFFENDING DOCUMENTS**

    The United States of America, by and through the undersigned counsel, hereby replies in support of the United States of America's Unopposed Second Motion to Redact Addresses of Former Federal Bureau of Investigation Employees From the Public Record and Motion to Preclude the Further Filing of the Same With Permission to File Redacted Versions of Any Offending Documents [D.E. 84] (Motion), and in response to Plaintiff's Response in Opposition to United States' Motion to Preclude the Further Filing of Addresses of Former Federal Bureau of Investigation Employees [D.E. 112] (Response); and, in support thereof, states the following:

    While Plaintiff filed a Response, for the reasons set forth below, there is no genuine dispute over the relief proposed by the United States. The Motion should be granted in full.

    By way of the Motion, the United States sought to redact addresses of former Federal Bureau of Investigation (FBI) employees that were, once again, filed in the public record in this case; an order establishing that, going forward, the addresses should not be filed in the public record; and a procedure for handling future improper disclosures without further burdening the Court (i.e., permitting the United States to file and substitute a redacted version of any such

offending filing without further motion or order).   On April 26, 2022, the Court issued the Order Granting Second Motion to Redact [D.E. 95] (Order), granting the Motion in part.  The Order granted the initial relief—redaction of the two addresses that were once again filed in the public record—and ordered that "Plaintiff **SHALL RESPOND** to that portion of the United States' Motion which sets forth a suggested procedure for handling future improper disclosures of addresses in court documents."   Order p.2 (emphasis and capitalization in original). Accordingly, the only thing left to resolve is the "procedure for handling future improper disclosure of addresses in court documents."

While Plaintiff filed a Response, Plaintiff completely failed to address the proposed procedure for handling future improper disclosures of addresses in court documents.   Rather than address the procedure to address future improper disclosures, as ordered by the Court, Plaintiff argues that the Motion should be denied because "[t]he certainty is now there, that no such filings will be made, going forward."  Response p.2.   While all parties agree that the addresses should not be included in public filings going forward, see, e.g., id. p.1-2 (acknowledging that "[n]o one in their right mind would want to see harm befall any FBI [employees], presently active, or retired, . . . especially the former President" and representing that Plaintiff's counsel "has made it well understood to the people in his office who file materials in the Court that no such filings are to be made again"), mistakes happen.   The proposed order merely sets forth a procedure to address those mistakes without further Court intervention.

Plaintiff appears to misunderstand the relief sought by the United States and, therein, appears to agree with that relief.   The following is the language the United States proposed in the Order Granting United States of America's Unopposed Second Motion to Redact Addresses of Former Federal Bureau of Investigation Employees From the Public Record and Motion to

-2-

Preclude the Further Filing of the Same With Permission to File Redacted Versions of Any Offending Documents [D.E. 84-1] (Proposed Order), filed as an attachment to the Motion and provided, in Word format, to the Court and all parties:

> All parties and interested persons filing documents in this case are on notice that they are precluded from filing any document that contains the addresses of the following former FBI employees named as defendants in this case without first redacting the addresses or getting prior permission from this Court to file the addresses in the public record: James Comey, Andrew McCabe, Peter Strzok, Lisa Page, and Kevin Clinesmith. Furthermore, to the extent any document filed in the public record contains the addresses of the named five former FBI employees, the United States may file redacted versions of those filings, and the Clerk is directed to substitute the redacted version of the offending filing without further order of this Court.

Proposed Order p.1-2.

Accordingly, the United States merely seeks an order placing all interested parties on notice that any future filings in this case should not contain the addresses in question without prior order of the Court and permitting the United States to substitute redacted versions of any such documents filed in error without further order of the Court. The Response fails to address, and therein does not appear to oppose, this relief. The Motion should be granted.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: **Anthony Erickson-Pogorzelski**
ANTHONY ERICKSON-POGORZELSKI
ASSISTANT U.S. ATTORNEY
Florida Bar No. 619884
E-mail: Anthony.Pogorzelski@usdoj.gov
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Telephone: (305) 961-9296
*Counsel for the United States of America*