UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

DONALD J. TRUMP,

                 Plaintiff,

    v.

HILLARY R. CLINTON, et al.,

                 Defendants.

Case No. 2:22-cv-14102-DMM

**DEFENDANT JOHN PODESTA'S MOTION TO DISMISS THE COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT**

Defendant John Podesta, by and through undersigned counsel, moves to dismiss Plaintiff's claims against Defendant with prejudice. Defendant moves to dismiss on the grounds that Plaintiff's claims are time-barred on the face of the complaint, and each of Plaintiff's claims against Defendant fail on the merits.

**ARGUMENT**

**I.     COUNTS II, IV AND VI OF THE COMPLAINT SHOULD BE DISMISSED BECAUSE THE STATUTE OF LIMITATIONS ON THESE CLAIMS HAS EXPIRED.**

Defendant John Podesta joins in and adopts the arguments in Section I of Defendant Hillary Rodham Clinton's Motion to Dismiss (Dkt. 52) that Plaintiff's claims are time-barred on the face of the Complaint and should therefore be dismissed. Dismissal on statute of limitations grounds is appropriate where it is apparent on the face of the complaint that Plaintiff's claims are time-barred. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845-46 (11th Cir. 2004).

As articulated in Section I of Defendant Hillary Rodham Clinton's Motion to Dismiss, Plaintiff's claims relate to events that occurred in 2016 and 2017, as such the statute of limitations

has long expired. Indeed, the factual allegations as to Defendant John Podesta relate to a meeting that occurred in 2017, statements made in October 2016, and social media posts in October 2017. Compl. ¶¶ 82, 191-92, 221. The allegations that Defendants conspired to (1) create the Steele Dossier, (2) obtain and reveal internet data of a connection between Trump Tower and Alfa Bank, (3) provide false statements to law enforcement, and (4) disseminate false and injurious information, are all alleged events that occurred over four years ago. Moreover, Plaintiff's own Complaint and his tweets demonstrate that he has been aware of the purported injuries for years.

The statute of limitations for conspiracy to commit RICO violations (Count II) is four years and runs from the date the injury was or should have been discovered. *Lehman v. Lucom*, 727 F.3d 1326, 1330 (11th Cir. 2013). On October 29, 2017, Plaintiff tweeted about the same conspiracy which he now alleges in the Complaint.[1] Plaintiff's own statements reveal that he was aware of the alleged conspiracy and injury more than four years ago, therefore, his claim is time-barred and should be dismissed.

The statute of limitations for conspiracy to commit injurious falsehood (Count IV) and conspiracy to commit malicious prosecution (Count VI) is four years from the date of the injury. *King v. Bencie*, 806 Fed. Appx. 873, 875 (11th Cir. 2020) (noting the statute of limitations for civil conspiracy is four years); *Newberger v. U.S. Marshals Serv.*, 751 F.2d 1162, 1166 (11th Cir. 1985) (holding that actions for conspiracy in Florida are governed by a four-year statute of limitations).

---

[1] "Never seen such Republican ANGER & UNITY as I have concerning the lack of investigation on Clinton made Fake Dossier (now $12,000,000?), the Uranium to Russia deal, the 33,000 plus deleted Emails, the Comey fix and so much more. Instead they look at phony Trump/Russia, 'collusion,' which doesn't exist. The Dems are using this terrible (and bad for our country) Witch Hunt for evil politics, but the R's are now fighting back like never before. There is so much GUILT by Democrats/Clinton, and now the facts are pouring out. DO SOMETHING!" Donald J. Trump (@realDonaldTrump), Twitter (Oct. 29, 2017), archived at The Trump Twitter Archive, thetrumparchive.com.

Plaintiff was aware of the alleged conspiracy on October 29, 2017, and Defendant's tweets recited in the Complaint, mere public speech, occurred on October 31, 2017. Compl. ¶ 221. It is clear from the face of the Complaint that Plaintiff's claims expired by October 2021 and should therefore be dismissed.

### II. COUNTS II, IV AND VI OF THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF'S CLAIMS FAIL ON THE MERITS.

Defendant John Podesta joins in and adopts the arguments in Sections II B through E of Defendant Hillary Rodham Clinton's Motion to Dismiss (Dkt. 52) that Plaintiff's claims fail on the merits and should therefore be dismissed.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In making a fraud claim, "a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). To satisfy the heightened pleading standard of Rule 9(b), a complaint must set forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Garfield v. NDC Health Corp*., 466 F.3d 1255, 1262 (11th Cir.2006).

### A. Count II: RICO Conspiracy

As articulated in Section II B of Defendant Hillary Rodham Clinton's Motion to Dismiss, Plaintiff has failed to state a RICO conspiracy claim for which he is entitled relief. "In order to state a claim for civil RICO conspiracy, a plaintiff must allege an illegal agreement to violate a substantive provision of the RICO statute." *Super Vision Intern., Inc. v. Mega Intern. Commercial Bank Co., Ltd.*, 534 F. Supp. 2d 1326, 1342 (S.D. Fla. 2008) (internal quotation marks omitted). "A plaintiff can establish a RICO conspiracy claim in one of two ways: (1) by showing that the defendant agreed to the overall objective of the conspiracy; or (2) by showing that the defendant agreed to commit two predicate acts." *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 950 (11th Cir.1997).

Plaintiff has not plausibly alleged sufficient facts regarding any purported agreement between Defendant John Podesta and other entities or persons to engage in the ongoing criminal conduct of an enterprise. In fact, the non-conclusory allegations as to Defendant are limited to discrete public statements and a single meeting. Compl. ¶¶ 82, 191-92, 221. The allegations concerning Defendant's public statements are wholly irrelevant to establishing an agreement to engage in a RICO conspiracy. The allegation of a meeting between Defendant John Podesta and Glenn Simpson after the Steele Dossier was published to "compare notes on Russia meddling in the election" is not sufficient to establish any alleged illegal agreement to violate a substantive provision of the RICO statute. Compl. ¶ 82. The alleged meeting occurred after the alleged conspiracy, and Plaintiff does not specifically allege the meeting was in any way connected to the conspiracy. Moreover, Defendant was himself a victim of Russian interference in the election.[2]

---

[2] *See* Jeff Stein, *What 20,000 pages of hacked WikiLeaks emails teach us about Hillary Clinton*, Vox, October 20, 2016, available at https://www.vox.com/policy-and-politics/2016/10/20/13308108/wikileaks-podesta-hillary-clinton

Defendant allegedly discussing Russian interference in the election is thus not only entirely innocuous but also irrelevant to establishing a conspiracy in this context. Plaintiff's allegations of Defendant's insignificant conduct, absent a plausibly-alleged "meeting of the minds," fail to "nudge[ his] claims across the line from conceivable to plausible." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

### B. Count IV: Conspiracy to Commit Injurious Falsehood

As articulated in Section II C and D of Defendant Hillary Rodham Clinton's Motion to Dismiss, Plaintiff has failed to state a claim for conspiracy to commit injurious falsehood because the statements identified in the Complaint are political speech protected by the First Amendment and the Complaint fails to allege sufficient facts to demonstrate any agreement between Defendant John Podesta and any other defendant to commit injurious falsehood. *See Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002) (acknowledging that statements "may well include vehement, caustic, and sometimes unpleasantly sharp attacks," but they are nevertheless "constitutionally protected and those who make them are exempt from liability for defamation if the attacks are simply 'rhetorical hyperbole.'"); *Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1316 (S.D. Fla. 2014) ("To plead civil conspiracy, a plaintiff must allege (a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." (internal quotation marks omitted)).

### C. Count VI: Conspiracy to Commit Malicious Prosecution

As articulated in Section II E of Defendant Hillary Rodham Clinton's Motion to Dismiss, Plaintiff has failed to state a claim for the tort of malicious prosecution. In order to state a claim for malicious prosecution, a plaintiff must allege "(1) a criminal prosecution instituted or continued

by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019).  Plaintiff failed to identify any criminal proceeding that terminated in his favor.  Plaintiff cannot plausibly allege a lack of probable cause for the Crossfire Hurricane investigation.[3]  Moreover, Plaintiff fails to allege sufficient facts to demonstrate any agreement between Defendant John Podesta and any other defendant to commit malicious prosecution. This claim, along with the others, should be dismissed.

## CONCLUSION

For the forgoing reasons, John Podesta respectfully requests that the Court dismiss Counts II, IV, and VI of Plaintiff's Complaint with prejudice.

Dated: May 4, 2022                                                    Respectfully Submitted

/s/Robert P. Trout
Robert P. Trout *
Paola Pinto
SCHERTLER ONORATO MEAD & SEARS
555 13th Street, N.W.
Suite 500 West
Washington, D.C.  20004
Phone: (202) 628-4155

*Motion for admission *pro hac vice* pending

*Attorneys for Defendant John Podesta*

---

[3] The U.S. Department of Justice Office of Inspector General found the Crossfire Hurricane investigation was opened "for an authorized purpose" and "with adequate factual predication." U.S. Dep't of Justice, Office of the Inspector General, Review of Four FISA Applications and Other Aspects of the FBI's Crossfire Hurricane Investigation at 347 (2019), available at https://www.justice.gov/storage/120919-examination.pdf.

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2022, I caused to be filed electronically the foregoing Defendant John Podesta's Motion to Dismiss the Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record on this matter who are on the CM/ECF system.

/s/ Robert P. Trout
Robert P. Trout