UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DONALD J. TRUMP,

    Plaintiff,

    v.

HILLARY R. CLINTON, *et al.*,

    Defendants.

1:22-cv-14102 (DMM)

May 11, 2022

**DEFENDANT NELLIE OHR'S MOTION TO DISMISS THE COMPLAINT AND
MEMORANDUM OF LAW IN SUPPORT**

Defendant Nellie Ohr, through counsel, moves to dismiss Plaintiff Donald Trump's claims with prejudice. As explained below, each of the claims against the defendant is time-barred on the face of the Complaint, and each fails on the merits.

**ARGUMENT**

**I.    COUNTS II, IV, V AND VI OF THE COMPLAINT SHOULD BE DISMISSED AS TIME-BARRED**

Mrs. Ohr joins and adopts the arguments set forth in Section I of Defendant Hillary Rodham Clinton's Motion to Dismiss (Dkt. 52, the "Clinton Motion to Dismiss") that the statute of limitations has expired with respect to each count in the Complaint. Dismissal is appropriate "if it is apparent from the face of the complaint that the claim is time-barred." *La Grasta* v. *First Union Sec.*, 358 F.3d 840, 845–46 (11th Cir. 2004).

As explained in the Clinton Motion to Dismiss, Plaintiff's claims all arise from events that allegedly took place in 2016 and 2017. Moreover, while only three allegations in the Complaint

relate to Mrs. Ohr, each of these relates to events in 2016. First, Plaintiff alleges that Mrs. Ohr provided "assistance" to several other defendants in preparing the so-called "Steele Dossier" around June 2016. (Complaint ¶¶ 80–81). Second, Plaintiff alleges that on July 31, 2016, Mrs. Ohr attended a meeting with Defendant Bruce Ohr (her husband), and Defendant Christopher Steele, although there are no allegations about the substance or relevance of this meeting. (Complaint ¶133.) And finally, Plaintiff alleges that Mrs. Ohr prepared certain "anti-Trump 'opposition research' reports," which made their way to the Federal Bureau of Investigation on December 20, 2016. (Complaint ¶198.) Thus, all of the allegations about Mrs. Ohr relate to conduct that occurred more than five years ago. And as detailed below, the statute of limitations for each count naming Mrs. Ohr is four years.

For conspiracy to commit RICO violations, as alleged in Count II, the Supreme Court has established a four-year limitations period, which begins to run when the plaintiff knew or should have known of his or her injury. *Rotella* v. *Wood*, 528 U.S. 549, 553–54 (2000). As stated in the Clinton Motion to Dismiss, Plaintiff tweeted about the same alleged conspiracy and injury that he describes in Count II on October 29, 2017.[1] Because Plaintiff's own words reveal knowledge of the alleged conspiracy more than four years before he filed the Complaint, Count II of the Complaint is time-barred and should be dismissed.

For conspiracy to commit malicious prosecution, as alleged in Count VI, the statute of limitations is four years, beginning when the last element constituting the cause of action occurs.

---

[1] Clinton Motion at 3, citing Donald J. Trump (@RealDonaldTrump), Twitter (Oct. 29, 2017), archived at The Trump Twitter Archive, thetrumparchive.com ("Never seen such Republican ANGER & UNITY as I have concerning the lack of investigation on Clinton made Fake Dossier (now $12,000,000?), the Uranium to Russia Deal, the 33,000 plus deleted Emails, the Comey fix and so much more. Instead they look at phony Trump/Russia, 'collusion,' which doesn't exist. The Dems are using this terrible (and bad for our country) Witch Hunt for evil politics, but the R's are now fighting back like never before. There is so much GUILT by Democrats/Clinton, and now the facts are pouring out. DO SOMETHING!".)

*See* Fl. St. § 95.11(3)(p) (establishing four-year statute of limitations for all actions not specifically subject to a different limitations period); Fl. St. § 95.031(1) ("A cause of action accrues when the last element constituting the cause of action occurs."). Likewise, for the tort of malicious prosecution, as alleged in Count V, the statute of limitations is four years, which begins to run when the last element constituting the cause of action occurs.  *See* Fla. Stat. § 95.11(3)(o) (establishing four-year statute of limitations for malicious prosecution); Fla. Stat. § 95.031(1).  The statute of limitations for the tort of injurious falsehood is only two years. Fla. Stat. § 95.11(4)(g); see also *ADT LLC v. Vivint, Inc.*, No. 17-cv-80432, 2017 WL 5640725, at *6 & n.8 (S.D. Fla. Aug. 3, 2017) (Middlebrooks, J.) (trade slander claims in Florida subject to two-year statute of limitations). Because Plaintiff's allegations all relate to conduct in 2016 and 2017—well more than four years before Plaintiff filed his Complaint—Counts IV, V and VI are time-barred and must be dismissed.

**II.     COUNTS II, IV, V AND VI OF THE COMPLAINT SHOULD BE DISMISSED ON THE MERITS**

Mrs. Ohr joins and adopts the arguments set forth in Sections II.B, II.D and II.E of the Clinton Motion to Dismiss.  As discussed below, each of the claims against Mrs. Ohr fails on the merits because Plaintiff fails to allege sufficient facts to satisfy the elements of those offenses.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).  The Complaint fails to meet this requirement, instead offering, at most, "[t]hreadbare recitals of the elements . . . supported by mere conclusory statements." *Id.* The claims against Mrs. Ohr should therefore be dismissed.

### A.    Count II:  RICO Conspiracy

As argued in Section II.B of the Clinton Motion to Dismiss, Plaintiff has failed to state a RICO conspiracy claim, so Count II must be dismissed.  Moreover, Count II must be dismissed against Mrs. Ohr because Plaintiff fails to allege facts that would support an inference that Mrs. Ohr agreed to participate in *any* conspiracy, let alone a RICO conspiracy.  "To be guilty of a conspiracy, parties must have agreed to commit an act that is itself illegal."  *Jackson* v. *BellSouth Telecommunications*, 372 F.3d 1250, 1269 (11th Cir. 2004).  In the RICO context, a claim for RICO conspiracy therefore must "allege an illegal agreement to violate a substantive provision of the RICO statute."  When a RICO conspiracy claim merely alleges "that the defendants conspired and confederated to commit conduct which in itself does not constitute a RICO violation," the claim must be dismissed.  *Id.*

Here, Plaintiff fails to allege that Mrs. Ohr agreed with anyone to do anything related to the supposed RICO predicate acts.  Plaintiff posits two supposed RICO predicates:  theft of trade secrets and obstruction of justice.  (Compliant ¶ 319.)  But none of Plaintiff's allegations about Mrs. Ohr bear any relation to these predicates.  As stated above, Plaintiff alleges that Mrs. Ohr provided some "assistance" to others in creating the Steele Dossier (Complaint ¶ 81) and that she drafted opposition research (Complaint ¶ 198).  Plaintiff nowhere tries to link these alleged actions to either RICO predicate.  Plaintiff also alleges that Mrs. Ohr (together with her husband, Defendant Bruce Ohr) met with Defendant Christopher Steele in July 2016.  (Complaint ¶133.)  However, Plaintiff makes no allegations about the substance of this meeting or its relation to the supposed RICO conspiracy.  In short, Plaintiff offers, at best, a conclusory allegation that Mrs. Ohr entered a RICO conspiracy with other defendants.  In the RICO context (as well as in other contexts), "[c]onclusory allegations that Defendants conspired with each other are insufficient to

survive a motion to dismiss." *Super Vision Intern., Inc.* v. *Mega Intern. Commercial Bank Co., Ltd.*, 534 F.Supp. 2d 1326, 1334 (S.D. Fla. 2008).  Count II should therefore be dismissed.

### B. Count IV:  Conspiracy to Commit Injurious Falsehood

As with Count II, Count IV should be dismissed because Plaintiff fails to allege any facts to support an inference that Mrs. Ohr joined any conspiracy.  But the claims against Mrs. Ohr also require dismissal for a more fundamental reason—namely—that Plaintiff's allegations against Mrs. Ohr involve her participation in core political speech, which enjoys the broadest protection under the First Amendment of the United States Constitution.  Plaintiff alleges merely that Mrs. Ohr provided "assistance" in preparing the Steele Dossier (Complaint ¶81) and that she authored opposition research about Plaintiff (Complaint ¶198).[2]  In other words, Plaintiff alleges that Mrs. Ohr engaged in activities that the Supreme Court has recognized as "integral to the operation of the system of government established by our Constitution," to which the "First Amendment affords the broadest protection . . . ."  *Buckley* v. *Valeo*, 424 U.S. 1, 14 (1976).

Recognizing the importance of speech about politicians and other public officials, the Supreme Court has found in the First Amendment a "profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open."  *New York Times Co.* v. *Sullivan*, 376 U.S. 254, 270 (1964).  Thus, the Constitution "prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not."  *Id.* at 279–280.  The "actual malice" standard applies equally to officials who have already been elected and to candidates for public

---

[2] As stated above, Plaintiff also alleges that Mrs. Ohr attended a meeting with Christopher Steele in July 2016, but there are no allegations about the substance of this meeting or its supposed relevance to any of Plaintiff's claims.  (Complaint ¶133.)

office. *Monitor Patriot Co.* v. *Roy*, 401 U.S. 265, 271–72 (1971) ("if it be conceded that the First Amendment was fashioned to assure the unfettered interchange of ideas for the bringing about of political and social changes desired by the people, then it can hardly be doubted that the constitutional guarantee has its fullest and most urgent application precisely to the conduct of campaigns for political office") (internal quotation omitted).

Plaintiff utterly fails to satisfy this actual-malice requirement because he does not even allege that Mrs. Ohr made any false statement, let alone that she made any false statement knowingly or with reckless disregard for its truth. Nor does Plaintiff allege any facts to support an inference that Mrs. Ohr conspired with others to make false statements. Count IV should therefore be dismissed.

**C.    Count V: Malicious Prosecution and Count VI: Conspiracy to Commit Malicious Prosecution**

In order to state a claim for malicious prosecution, a plaintiff must allege: "(1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence or probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding." Clinton Motion to Dismiss at 19, quoting *Melford* v. *Kahane & Assocs.*, 371 F. Supp. 3d 1116, 1123–24 (S.D. Fla. 2019). As discussed in Section II.E of the Clinton Motion to Dismiss, Plaintiff has failed to plead any of these elements.

Moreover, even if those elements were somehow satisfied with respect to some Defendant, plaintiff's scant allegations about Mrs. Ohr could not support an inference that she had caused any judicial proceeding as required by Count V and Count VI. Nothing in the Complaint connects

Mrs. Ohr's alleged assistance in creating the Steele Dossier (Complaint ¶ 81) or her alleged drafting of opposition research (Complaint ¶ 198) with the institution of any judicial proceeding.[3] Nor do those allegations support an inference that she had acted with malice, as required by Count V and Count VI. Nor does the Complaint allege facts to support an inference that Mrs. Ohr had conspired with others to commence or continue a judicial proceeding, as required by Count VI. Count V and Count VI should therefore be dismissed.

---

[3] Indeed, as explained in the Clinton Motion to Dismiss, Plaintiff fails to allege the existence of any judicial proceeding, let alone any judicial proceeding that terminated in his favor. Clinton Motion to Dismiss at 19.

**CONCLUSION**

For the foregoing reasons, Nellie Ohr respectfully moves the Court to dismiss Counts II, IV, V and VI of Plaintiff's Complaint with prejudice.

Dated: May 11, 2022

Respectfully submitted,

By: /s/Adam S. Fels

Joshua Berman
CLIFFORD CHANCE US LLP
2011 K Street, NW
Washington, D.C.  20006-1001
Tel. (202) 912-5000
Fax (202) 912-6000
Joshua.Berman@CliffordChance.com

Benjamin Peacock
CLIFFORD CHANCE US LLP
New York, New York 10019
Tel. (212) 878-8000
Fax (212) 878-8375
Benjamin.Peacock@CliffordChance.com

Adam S. Fels
Florida Bar No. 0114917
FRIDMAN FELS & SOTO, PLLC
2525 Ponce de Leon Blvd., Suite 750
Coral Gables, FL 33134
afels@ffslawfirm.com
Tel: 305-569-7701
Afels@ffslawfirm.com