UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

DONALD J. TRUMP,

        Plaintiff,

v.

HILLARY R. CLINTON, et al.,

        Defendants.

Case No. 2:22–cv–14102–DMM

**DEFENDANT ROBERT E. MOOK'S MOTION TO DISMISS THE
COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT**

**DEBEVOISE & PLIMPTON LLP**

Andrew J. Ceresney\*
Wendy B. Reilly\*
Isabela M. Garcez\*

919 Third Avenue
New York, NY 10022
Tel: (212) 909-6000
aceresney@debevoise.com
wbreilly@debevoise.com
imgarcez@debevoise.com

        \* Appearance *pro hac vice*

**BARZEE FLORES**

William R. Barzee (Florida Bar No. 158720)

Courthouse Center, Penthouse One
40 NW Third Street
Miami, FL 33128
Tel: (305) 374–3998
williambarzee@barzeeflores.com

*Counsel for Defendant Robert E. Mook*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................................1

ARGUMENT .....................................................................................................................................2

    I.    JOINDER IN DEFENDANT CLINTON'S MOTION TO DISMISS ............................................2

    II.    THE CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS ....................................2

    III.    THE COMPLAINT FAILS TO STATE A CLAIM AGAINST MR. MOOK
          AND FAILS TO PLEAD FRAUD WITH PARTICULARITY .......................................................3

        A.    The RICO Conspiracy Claim Fails (Count II) ............................................................3

        B.    The Claim for Conspiracy to Commit Injurious Falsehood Fails (Count IV) ..........6

        C.    The Claim for Conspiracy to Commit Malicious Prosecution Fails (Count VI) .....7

CONCLUSION ..................................................................................................................................8

## TABLE OF AUTHORITIES

**Cases**

*Adell v. Macon County Greyhound Park, Inc.*,
 785 F. Supp. 2d 1226 (M.D. Ala. 2011) ...................................................................................5

*Alhassid v. Bank of Am.*,
 60 F. Supp. 3d 1302 (S.D. Fla. 2014) ....................................................................................6, 7

*Anza v. Ideal Steel Supply Corp.*,
 547 U.S. 451 (2006) ..................................................................................................................6

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ...............................................................................................................1, 8

*Cisneros v. Petland, Inc.*,
 972 F.3d 1204 (11th Cir. 2020) ..............................................................................................3, 4

*Hemi Group, LLC v. City of New York*,
 559 U.S. 1 (2010) ......................................................................................................................6

*Jackson v. BellSouth Telecomms.*,
 372 F.3d 1250 (11th Cir. 2004) ..............................................................................................3, 4

*Keeton v. Gynecare Worldwide*,
 No. 15-20442-CIV-KING/MCALILEY, 2016 WL 2753866
 (S.D. Fla. Jan. 29, 2016) ...........................................................................................................5

*Nunes v. Fusion GPS*,
 531 F. Supp. 3d 993 (E.D. Va. 2021) ........................................................................................5

*Strates Shows v. Amusements of Am.*,
 379 F. Supp. 2d 817 (E.D.N.C. 2005) .......................................................................................5

*Super Vision Int'l v. Mega Int'l Comm. Bank Co., Ltd.*,
 534 F. Supp. 2d 1326 (S.D. Fla. 2008) .....................................................................................4

*The Knit With v. Knitting Fever, Inc.*,
 Nos. 08–4221, 08–4775, 2012 WL 2938992 (E.D. Pa. July 19, 2012),
 *aff'd* 625 F. App'x 27 (3d Cir. 2015) .........................................................................................5

*Truthinadvertisingenforcers.com v. Dish Network, LLC*,
 No. 8:16–cv–2366–T–33JSS, 2016 WL 7230955 (M.D. Fla. Dec. 14, 2016) ..........................5

*United States v. Vaghela*,
 169 F.3d 729 (11th Cir. 1999) ...................................................................................................3

*Watson v. Florida Judicial Qualifications Comm'n*,
   No. 14-60306–Civ–COOKE/TORRES, 2017 WL 3218163
   (S.D. Fla. July 28, 2017) ................................................................................................. 4

**Statutes**

18 U.S.C. § 1964 ............................................................................................................................. 5

**Other Authorities**

Fed. R. Civ. P. 9(b) ........................................................................................................................ 1

Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 1

Defendant Robert E. Mook respectfully moves to dismiss the Complaint filed by Plaintiff Donald J. Trump ("Plaintiff") (ECF 1) for failure to state a claim, Fed. R. Civ. P. 12(b)(6), and failure to plead fraud with particularity, Fed. R. Civ. P. 9(b).

## PRELIMINARY STATEMENT

The allegations against Mr. Mook teeter on the thinnest of reeds. Mr. Mook, who served as campaign manager for the 2016 Clinton Campaign, is named as a defendant in only three of the 13 counts asserted in the Complaint, each premised on his alleged participation in an ill-defined and farfetched conspiracy.[1] The 508-paragraph Complaint makes only a handful of sparse and conclusory references to Mr. Mook. The Complaint alleges vaguely that Mr. Mook (*i*) provided unspecified "assistance" in preparation of the Steele Dossier, Complaint ¶ 81; (*ii*) was sent bills from Defendant Fusion GPS by Defendant Marc Elias (counsel to the Campaign), *id*. ¶ 83; (*iii*) exchanged emails with Mr. Elias about a supposed "plot to falsely connect Donald J. Trump to the Russian bank, Alfa Bank, by disseminating the lies to the media," *id*. ¶¶ 169, 471; and (*iv*) "acknowledged" during a post-Campaign television appearance "that there was a wiretap of Russian officials in contact with associates of President Trump, and that surveillance may have been conducted on Trump computers as well," *id*. ¶ 220.

Mr. Mook vigorously disputes these allegations. But even if they were accepted as true for the purposes of a motion to dismiss analysis, these scant allegations do not come close to pleading a claim for conspiracy under any of the legal theories asserted by Plaintiff. To survive a motion to dismiss, Plaintiff must plead sufficient factual content to establish "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nowhere does the Complaint allege a knowing agreement to violate the law. Indeed, at no point

---

[1] The three counts are (*i*) RICO Conspiracy (Count II), (*ii*) Conspiracy to Commit Injurious Falsehood (Count IV), and (*iii*) Conspiracy to Commit Malicious Prosecution (Count VI).

does Plaintiff allege *any* agreement by Mr. Mook with *anyone* to commit *any* illegal act. The Complaint fails the most basic of threshold pleading requirements—it fails to allege facts that would "allow[] the court to draw the reasonable inference that [Mr. Mook] is liable for the misconduct alleged." *Id*.

The threadbare claims against Mr. Mook should be dismissed in their entirety and with prejudice.

## ARGUMENT

### I. JOINDER IN DEFENDANT CLINTON'S MOTION TO DISMISS

Defendant Hillary Rodham Clinton demonstrates in her Motion to Dismiss why Plaintiff's claims must be dismissed ("Clinton Motion"). (ECF 52.) Defendant Clinton's arguments equally apply to the claims asserted against Mr. Mook. Accordingly, Mr. Mook joins in and adopts those arguments, which are incorporated herein, and requests that the Court dismiss the claims against Mr. Mook for the reasons set forth in the Clinton Motion. Similarly, Mr. Mook joins in and adopts the arguments, which are incorporated herein, made in Defendant John Podesta's Motion to Dismiss. (ECF 124.)

### II. THE CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

As an initial matter, the three counts asserted against Mr. Mook are incurably time-barred because the statute of limitations for each claim expired by October 29, 2021, at the latest. As demonstrated in the Clinton Motion, there is no question that Plaintiff was on notice of his alleged injury by October 29, 2017, and that the statutes of limitation for the three counts alleged against Mr. Mook are each four years. (ECF 52 at 1–5.) Moreover, the only allegations regarding Mr. Mook that reference specific dates refer to a September 15, 2016 email exchange and a March 7, 2017 television appearance. Complaint ¶¶ 220, 169. Any claims against Mr. Mook expired long before Plaintiff filed the Complaint.

### III. THE COMPLAINT FAILS TO STATE A CLAIM AGAINST MR. MOOK AND FAILS TO PLEAD FRAUD WITH PARTICULARITY

The Complaint's conclusory references to Mr. Mook fall far short of pleading the elements of a conspiracy claim under any theory. Indeed, the allegations are so vague that it is unclear whether Plaintiff is even attempting to allege a fraud. To the extent that he is, the Complaint utterly fails to meet the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Given the absence of any plausible claim for relief, the claims against Mr. Mook must be dismissed.

#### A. The RICO Conspiracy Claim Fails (Count II)

To adequately plead a RICO conspiracy claim, Plaintiff must allege facts establishing an illegal agreement to violate a substantive provision of the RICO statute. *See Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1269 (11th Cir. 2004). Put another way, Plaintiff must allege that Mr. Mook "agreed to commit an act that is itself illegal." *United States v. Vaghela*, 169 F.3d 729, 732 (11th Cir. 1999). The Complaint is missing both requirements—an illegal act and an agreement.

As explained in the Clinton Motion, the Complaint fails to plead the elements of a substantive RICO claim, including a RICO enterprise, a pattern of racketeering activity, and RICO predicate acts. (ECF 52 at 6–15.) Where a RICO claim fails, a RICO conspiracy claim also fails. *See Jackson*, 372 F.3d at 1269 (noting a defendant "cannot be found guilty of conspiring to commit an act that is not itself against the law"). By failing to plead an underlying claim, the Complaint "'simply concludes that the defendants conspired and confederated to commit conduct which in itself does not constitute a RICO violation.'" *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1220 (11th Cir. 2020) (quoting *Jackson*, 372 F.3d at 1269). Such a complaint "must be dismissed." *Id*.

3

Even assuming the Complaint adequately pleaded a substantive RICO claim, it fails to allege that Mr. Mook agreed to participate in the objective of a RICO enterprise to engage in a pattern of racketeering activity. Plaintiff alleges generally and vaguely that Mr. Mook and other Defendants conspired to injure Plaintiff's political career and/or impede his ability to effectively govern. Complaint ¶ 319. However, Plaintiff makes no factual allegations to substantiate such a conspiracy, let alone Mr. Mook's intentional participation in such a conspiracy. Beyond boilerplate recitation of the elements of a RICO conspiracy claim, the Complaint merely alleges vaguely that Mr. Mook (*i*) provided unspecified "assistance" in preparation of the Steele Dossier, Complaint ¶ 81; (*ii*) was sent bills from Defendant Fusion GPS by Defendant Elias (counsel to the Campaign), *id*. ¶ 83; (*iii*) exchanged emails with Mr. Elias about a supposed "plot to falsely connect Donald J. Trump to the Russian bank, Alfa Bank, by disseminating the lies to the media," *id*. ¶¶ 169, 471; and (*iv*) "acknowledged" during a post-Campaign television appearance "that there was a wiretap of Russian officials in contact with associates of President Trump, and that surveillance may have been conducted on Trump computers as well," *id*. ¶ 220.

These allegations do not come close to alleging that Mr. Mook knowingly agreed to participate in a conspiracy, let alone one aimed at facilitating a racketeering scheme. *See Super Vision Int'l v. Mega Int'l Comm. Bank Co. Ltd.*, 534 F. Supp. 2d 1326, 1342 (S.D. Fla. 2008) (dismissing RICO conspiracy claim where "conclusory allegation [ ] unsupported by actual allegations of fact" failed to create "reasonable inference that [the defendant] made such an agreement"). Nor is merely alleging a defendant's title or position within an organization a sufficient basis to allege a knowing agreement to participate in a conspiracy. *See, e.g., Watson v. Florida Judicial Qualifications Comm'n*, No. 14-60306–Civ–COOKE/TORRES, 2017 WL

3218163, *9 (S.D. Fla. July 28, 2017) (holding that "simply being the Executive Director" of an organization did not establish participation in a RICO conspiracy).

Count II fails for the additional reason that Plaintiff lacks RICO standing. RICO's standing requirement applies equally to substantive RICO claims and RICO conspiracy claims. 18 U.S.C. § 1964(c). To establish standing, Plaintiff must allege an injury to his business or property that was proximately caused by alleged racketeering activity. *Id*. The only injury alleged under Count II is a vague reference to legal costs "incurred in connection with [Plaintiff's] effort to defend against the Defendants' actions and the various federal investigations." Complaint ¶ 324.[2] As the Clinton Motion explains, voluntarily incurred legal fees are not a cognizable RICO injury. (ECF 52 at 12–13.) *See Nunes v. Fusion GPS*, 531 F. Supp. 3d 993, 1012–13 (E.D. Va. 2021); *see also The Knit With v. Knitting Fever, Inc.*, Nos. 08–4221, 08–4775, 2012 WL 2938992, at *25–27 (E.D. Pa. July 19, 2012) (holding plaintiff could not recover costs that "were not occasioned directly by the predicate acts in furtherance of that conspiracy, but rather by the costs that Plaintiff chose to incur to investigate and mitigate the effects of Defendants' conduct"), *aff'd* 625 F. App'x 27, 35 (3d Cir. 2015); *Strates Shows v. Amusements of Am.*, 379 F. Supp. 2d 817, 833 (E.D.N.C. 2005) ("[T]hese legal fees and costs are

---

[2] Elsewhere in the Complaint, Plaintiff vaguely references "loss of existing and future business opportunities." Complaint ¶ 354. The Clinton Motion correctly notes that this allegation fails for lack of particularity and lack of a causal connection to any alleged racketeering activity. (ECF 52 at 14.) Indeed, the alleged injury to a plaintiff's business or property must consist of a definite and measurable loss, and cannot be hypothetical or speculative. As such, courts have held that unspecified opportunities are a mere expectancy interest, which is insufficient to establish a RICO injury. *See Keeton v. Gynecare Worldwide*, No. 15-20442-CIV-KING/MCALILEY, 2016 WL 2753866, at *3 (S.D. Fla. Jan. 29, 2016) ("Allegations of an injury to a mere expectancy interest or an intangible property interest are insufficient to state a RICO injury."); *see also Adell v. Macon County Greyhound Park, Inc.*, 785 F. Supp. 2d 1226, 1237 (M.D. Ala. 2011) ("Courts have excluded from the phrase's meaning injury to mere expectancy interests or to an intangible property interest") (internal citations omitted); *Truthinadvertisingenforcers.com v. Dish Network, LLC*, No. 8:16–cv–2366–T–33JSS, 2016 WL 7230955, *5 (M.D. Fla. Dec. 14, 2016) (same) (quoting *Adell*).

not 'direct' injury flowing from defendants' illegal conduct, but rather, at best, 'indirect' injury which plaintiff did not automatically incur, but chose to incur, in mitigating the effect of defendants' conduct.").

Moreover, as the Clinton Motion explains, Plaintiff lacks standing because he fails to articulate a direct connection between his alleged injury and the alleged predicate acts. (ECF 52 at 13–14.) Courts rarely go "beyond the first step" in the causal chain when evaluating whether there is a sufficiently "direct relation between the injury asserted and the injurious conduct alleged." *Hemi Group, LLC v. City of New York*, 559 U.S. 1, 10 (2010). Here, Plaintiff's asserted injury is "entirely distinct" from any alleged racketeering activity. *See Anza v. Ideal Steel Supply* Corp., 547 U.S. 451, 458 (2006) (finding no standing where the "cause of [plaintiff]'s asserted harms . . . is a set of actions . . . entirely distinct" from the RICO violation). RICO standing cannot be premised on a speculative chain of causation.

For all of these reasons, Count II should be dismissed as to Mr. Mook.

**B.     The Claim for Conspiracy to Commit Injurious Falsehood Fails (Count IV)**

The Complaint is equally devoid of facts to support a claim that Mr. Mook conspired to commit injurious falsehood.

The Clinton Motion thoroughly explains that the Complaint fails to plead a substantive claim for injurious falsehood, including because the alleged statements underlying this claim are protected by the First Amendment. (ECF 52 at 15–18.) Given that the substantive claim cannot proceed, no conspiracy claim can proceed either. *See Alhassid v. Bank of Am.*, 60 F. Supp. 3d 1302, 1316 (S.D. Fla. 2014) (noting plaintiff must allege "an underlying illegal act or tort on which conspiracy is based").

Furthermore, the Complaint fails to plead any facts whatsoever to suggest that Mr. Mook entered into an agreement with anyone to commit injurious falsehood. *See id.* (indicating that a

6

claim for civil conspiracy requires "an agreement between two or more parties . . . to do an unlawful act"). The Complaint alleges in conclusory fashion that "Defendants had a meeting of the minds to harm the Plaintiff by making false and damaging statements regarding the Plaintiff's alleged collusion with the Russian government," but makes no reference to any action or participation by Mr. Mook. Complaint ¶ 347. There are no allegations that Mr. Mook knowingly agreed to participate in such a conspiracy, let alone particularized factual allegations of any relevant acts committed by Mr. Mook. Indeed, the only reference to Mr. Mook is in the heading for Count IV; there is no specific reference to him in the allegations in that section of the Complaint, which refer only to the conduct of unspecified "Defendants." The Complaint also fails to allege that Plaintiff suffered any cognizable injury as a result of the supposed "conspiracy," merely referring vaguely to "significant damage" and "defense costs, legal fees and related expenses." *Id*. ¶¶ 353–54.

Plaintiff's bare bones allegations cannot sustain a claim. Count IV should be dismissed.

### C. The Claim for Conspiracy to Commit Malicious Prosecution Fails (Count VI)

For similar reasons, Plaintiff fails to adequately allege that Mr. Mook conspired to commit malicious prosecution. The Clinton Motion explains why the Complaint fails to plead a claim for malicious prosecution, including that it lacks the fundamental element of a judicial proceeding against Plaintiff caused by Defendants. (ECF 15 19–20.) Even assuming such a claim had been properly pleaded, the Complaint fails to allege a single fact to establish that Mr. Mook participated in a conspiracy. Mr. Mook is merely listed in the heading for Count VI—he is never mentioned in the paragraphs describing the allegations underlying the count. Complaint ¶¶ 368–381. Nor do the scant mentions of Mr. Mook in the body of the Complaint support a claim that he joined in such a conspiracy against Plaintiff. The allegations make no reference to

7

an agreement, nor do they describe an illegal act, and thus fail to plead a claim for relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678.

As with the other claims, Count VI's conclusory allegations require dismissal.

## CONCLUSION

For the foregoing reasons, and those articulated in the Clinton Motion, the Court should dismiss the claims against Mr. Mook, and do so with prejudice.

Dated:   May 11, 2022

>                             Respectfully submitted,
>
>                             */s/ Andrew J. Ceresney*
>
>                             **DEBEVOISE & PLIMPTON LLP**
>
>                             Andrew J. Ceresney*
>                             Wendy B. Reilly*
>                             Isabela M. Garcez*
>
>                             919 Third Avenue
>                             New York, NY 10022
>                             Tel: (212) 909-6000
>                             aceresney@debevoise.com
>                             wbreilly@debevoise.com
>                             imgarcez@debevoise.com
>
>                                     * Appearance *pro hac vice*
>
>                             **BARZEE FLORES**
>
>                             William R. Barzee (Florida Bar No. 158720)
>
>                             Courthouse Center, Penthouse One
>                             40 NW Third Street
>                             Miami, FL 33128
>                             Tel: (305) 374–3998
>                             williambarzee@barzeeflores.com
>
>                             *Counsel for Defendant Robert E. Mook*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed using the CM/ECF system, which will provide notice to all counsel of record this 11th day of May, 2022.

*/s/ William R. Barzee*
William R. Barzee