UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

DONALD J. TRUMP,

                Plaintiff,

     v.

HILLARY R. CLINTON, et al.,

                Defendants.

Case No. 2:22-cv-14102-DMM

### DEFENDANT HFACC, INC.'S MOTION TO DISMISS THE COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

Defendant HFACC, Inc. (the "Clinton Campaign" or "HFA"), by and through undersigned counsel, moves to dismiss Plaintiff's claims against Defendant with prejudice. Defendant moves to dismiss on the grounds that Plaintiff's claims are time-barred on the face of the complaint, and each of Plaintiff's claims against Defendant fail on the merits.

### ARGUMENT

**I.    COUNTS I, II, IV, VII, VIII AND XIII OF THE COMPLAINT SHOULD BE DISMISSED BECAUSE THE STATUTE OF LIMITATIONS ON THESE CLAIMS HAS EXPIRED.**

Defendant HFA joins in and adopts the arguments in Section I of Defendant Hillary Rodham Clinton's Motion to Dismiss (Dkt. 52) that Plaintiff's claims are time-barred on the face of the Complaint and should therefore be dismissed. Dismissal on statute of limitations grounds is appropriate where it is apparent on the face of the complaint that Plaintiff's claims are time-barred. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845-46 (11th Cir. 2004).

As articulated in Section I of Defendant Hillary Rodham Clinton's Motion to Dismiss, Plaintiff's claims relate to events that occurred in 2016 and 2017, as such the statute of limitations

has long expired.  The allegations that Defendants conspired to (1) create the Steele Dossier, (2) obtain and reveal internet data of a connection between Trump Tower and Alfa Bank, (3) provide false statements to law enforcement, and (4) disseminate false and injurious information, are all alleged events that occurred over four years ago.  Moreover, Plaintiff's own Complaint and his tweets demonstrate that he has been aware of the purported injuries for years.

The statute of limitations for civil RICO actions (Count I) and conspiracy to commit RICO violations (Count II) is four years and runs from the date the injury was or should have been discovered.  *Lehman v. Lucom*, 727 F.3d 1326, 1330 (11th Cir. 2013).  On October 29, 2017, Plaintiff tweeted about the same conspiracy which he now alleges in the Complaint.[1]  Plaintiff's own statements reveal that he was on notice of the alleged conspiracy and injury more than four years ago, therefore, his claim is time-barred and should be dismissed.

The statute of limitations for conspiracy to commit injurious falsehood (Count IV) is four years from the date of the injury. *King v. Bencie*, 806 Fed. Appx. 873, 875 (11th Cir. 2020) (noting the statute of limitations for civil conspiracy is four years); *Newberger v. U.S. Marshals Serv.*, 751 F.2d 1162, 1166 (11th Cir. 1985) (holding that actions for conspiracy in Florida are governed by a four-year statute of limitations).  Plaintiff's allegations that HFA "repeatedly fed disinformation to the media" and "shared false narratives" points to acts that occurred on or before March 24, 2017.  Compl. ¶ 6.  Plaintiff's claims expired by March 2021 and should therefore be dismissed.

---

[1]  "Never seen such Republican ANGER & UNITY as I have concerning the lack of investigation on Clinton made Fake Dossier (now $12,000,000?), the Uranium to Russia deal, the 33,000 plus deleted Emails, the Comey fix and so much more. Instead they look at phony Trump/Russia, 'collusion,' which doesn't exist. The Dems are using this terrible (and bad for our country) Witch Hunt for evil politics, but the R's are now fighting back like never before. There is so much GUILT by Democrats/Clinton, and now the facts are pouring out. DO SOMETHING!" Donald J. Trump (@realDonaldTrump), Twitter (Oct. 29, 2017), archived at The Trump Twitter Archive, thetrumparchive.com.

The statute of limitations under the Computer Fraud and Abuse Act (Count VII) is two years from the violation, or discovery of the violation. 18 U.S.C. § 1030(g). Plaintiff alleges the DNS lookup information was publicly known in October 2016. Compl. at ¶¶ 183–89. Even if Plaintiff only became aware of the identity of the alleged perpetrators until more recently, his knowledge of the DNS information's release in October 2016 indicates the statute of limitations expired in late October 2018. *Sewell v. Bernardin*, 795 F.3d 337, 342 (2d Cir. 2015) (holding that claims under the Computer Fraud and Abuse Act accrue when the plaintiff is aware of the alleged violation, even if the plaintiff does not know the identity of the alleged perpetrators).

The statute of limitations for a civil action for theft of trade secrets under 18 U.S.C. § 1836(d) is three years from the date "on which the misappropriation with respect to which the action would relate is discovered or by the exercise of reasonable diligence should have been discovered." 18 U.S.C. § 1836. Here, again, Plaintiff's claims accrued upon public knowledge of his DNS traffic in October 2016. The statute of limitations therefore ran in late October 2019.

To the extent that Count XIII, "Respondeat Superior/Vicarious Liability" is intended to hold HFA vicariously responsible for torts brought against Defendants Jake Sullivan, John Podesta, and Robbie Mook, the claims expired four years from the date of the injury. *See King*, 806 Fed. Appx. at 875; *Newberger*, 751 F.2d at 1166.

## II.  COUNTS I, II, IV, VII, VIII AND XIII OF THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF'S CLAIMS FAIL ON THE MERITS.

Defendant HFA joins in and adopts the arguments in Sections II A, B, D, and F of Defendant Hillary Rodham Clinton's Motion to Dismiss (Dkt. 52) that Plaintiff's claims fail on the merits and should therefore be dismissed.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

3

662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In making a fraud claim, "a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). To satisfy the heightened pleading standard of Rule 9(b), a complaint must set forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Garfield v. NDC Health Corp*., 466 F.3d 1255, 1262 (11th Cir.2006).

### A. Count I: RICO

As articulated in Section II A of Defendant Hillary Rodham Clinton's Motion to Dismiss, Plaintiff has failed to state a RICO claim for which he is entitled relief. In order to sustain a RICO claim, a plaintiff must "plausibly allege six elements: that the defendants (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff." *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020). Plaintiff has not plausibly alleged any cognizable RICO enterprise, has not sufficiently alleged the required two predicate acts, has not shown any pattern of racketeering activity, and has failed to adequately allege RICO standing. *See* Section II A of Defendant Hillary Rodham Clinton's Motion to Dismiss, pp. 6-14.

Furthermore, Plaintiff does not plausibly allege that HFA participated in the purported enterprise, let alone participated through a pattern of racketeering activity, as required by the RICO statute. 18 U.S.C. § 1962(c); *see Boyle v. United States*, 556 U.S. 938, 947 n.4 (2009)("[S]everal individuals, independently and without coordination, engaged in a pattern of crimes listed as RICO predicates . . . [is] not . . . enough to show that the individuals were members of an enterprise.") Plaintiff's allegations concerning HFA's direction of the alleged racketeering activity are entirely conclusory. Indeed, Plaintiff merely states that HFA "directed" other alleged participants or was an active participant of the conspiracy to commit theft of trade secret. *See, e.g.*, ¶¶ 102, 109, 122, 123, 286, 294. The allegations are merely "formulaic recitation[s] of the elements of a cause of action," and "'naked assertion[s]' devoid of 'further factual enhancement,'" which do not suffice to state a claim upon which relief can be granted and are not enough to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555, 557 (2007)).

Plaintiff's claim that HFA engaged in obstruction of justice under 18 U.S.C. §§ 1503 and 1512 is also deficient. Plaintiff fails to identify any "official proceeding" Defendants purportedly obstructed.[2] *See* 18 U.S.C. § 1515(a) (defining "official proceeding" as a federal judicial case, a proceeding before Congress, a proceeding before a federal government agency, or a proceeding involving insurance business.) The Complaint centers on the FBI's investigation into ties between Plaintiff and Russia, but "an FBI investigation is not an official proceeding under the obstruction of justice statute." *United States v. Ermoian*, 752 F.3d 1165, 1172 (9th Cir. 2013). Plaintiff makes vague references to other investigations, but investigations that do not result in charges are not "official proceedings" under the statute. *See United States v. Young*, 916 F.3d 368, 384 (4th Cir.

---

[2] Obstruction of justice under 18 U.S.C. § 1503 requires a pending judicial proceeding. *See United States v. Davis*, 854 F.3d 1276, 1290 (11th Cir. 2017). Plaintiff identifies no such proceeding in his Complaint.

5

2019). Moreover, Plaintiff has failed to allege that HFA withheld, altered, or destroyed evidence in any way. *See* 18 U.S.C. § 1515. Plaintiff's sole allegation is that HFA contributed to the creation of documents that contained purported inaccuracies. Such conduct is not convered by 18 U.S.C. § 1515.

Plaintiff's allegations do not come close to showing that HFA engaged in a single RICO predicate act, let alone "a pattern of racketeering activity." *See* 18 U.S.C. § 1962(c). Plaintiff has not pled either "closed-ended" or "open-ended" continuity of the alleged racketeering. *See* Section II A of Defendant Hillary Rodham Clinton's Motion to Dismiss, pp. 11-12. Nor has Plaintiff satisfied the heightened "direct causation" standard in RICO claims and shown a "direct relation between the injury asserted and the injurious conduct alleged." *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 268 (1992); *In re Takata Airbag Prods. Liability Litig.*, 524 F. Supp. 3d 1266, 1283 (S.D. Fla. 2021). Plaintiff has alleged injury in only the vaguest terms and failed to demonstrate that his alleged $24 million in "defense costs" and lost business opportunities are the direct result of the alleged RICO violation. *See* Section II A of Defendant Hillary Rodham Clinton's Motion to Dismiss, pp. 13-14.

### B. Count II: RICO Conspiracy

As articulated in Section II B of Defendant Hillary Rodham Clinton's Motion to Dismiss, Plaintiff has failed to state a RICO conspiracy claim for which he is entitled relief. "In order to state a claim for civil RICO conspiracy, a plaintiff must allege an illegal agreement to violate a substantive provision of the RICO statute." *Super Vision Intern., Inc. v. Mega Intern. Commercial Bank Co., Ltd.*, 534 F. Supp. 2d 1326, 1342 (S.D. Fla. 2008) (internal quotation marks omitted). "A plaintiff can establish a RICO conspiracy claim in one of two ways: (1) by showing that the defendant agreed to the overall objective of the conspiracy; or (2) by showing that the defendant

agreed to commit two predicate acts." *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 950 (11th Cir.1997). Plaintiff has not plausibly alleged sufficient facts regarding any purported agreement between HFA and other entities or persons to engage in the ongoing criminal conduct of an enterprise. In fact, the non-conclusory allegations as to Defendant's participation in a RICO conspiracy are limited to its engagement of counsel for the campaign. Plaintiff's allegations of Defendant's ordinary conduct, absent a plausibly-alleged "meeting of the minds," fail to "nudge[ his] claims across the line from conceivable to plausible." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Moreover, Plaintiff has failed to adequately plead a RICO claim and so his RICO conspiracy claim also fails. *See Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1269 (11th Cir. 2004) (noting that the complaint "simply concludes that the defendants conspired and confederated to commit conduct which in itself does not constitute a RICO violation").

    **C. Count IV: Conspiracy to Commit Injurious Falsehood**

As articulated in Sections II C and D of Defendant Hillary Rodham Clinton's Motion to Dismiss, Plaintiff has failed to state a claim for conspiracy to commit injurious falsehood because Plaintiff failed to adequately plead the claim of injurious falsehoods and the statements identified in the Complaint are political speech protected by the First Amendment. *See Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002) (acknowledging that statements "may well include vehement, caustic, and sometimes unpleasantly sharp attacks," but they are nevertheless "constitutionally protected and those who make them are exempt from liability for defamation if the attacks are simply 'rhetorical hyperbole'"). Plaintiff's claim also fails to allege sufficient facts to demonstrate any agreement between Defendant HFA and any other defendant to commit injurious falsehood. *Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1316 (S.D. Fla. 2014) ("To plead civil

7

conspiracy, a plaintiff must allege (a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy.") (Internal quotation marks omitted).

### D. Count VII: Computer Fraud and Abuse Act

As articulated in Section II F of Defendant Hillary Rodham Clinton's Motion to Dismiss, Plaintiff has also failed to adequately plead a claim under the Computer Fraud and Abuse Act. A defendant can be held liable under the CFAA only if he "(1) intentionally 'accessed' a computer, (2) lacked authorization or exceeded his authorized access to the computer, (3) obtained information from the computer, and (4) caused a loss of at least $5,000.00 to [Plaintiff]." *Hamilton Grp. Funding, Inc. v. Basel*, 311 F. Supp. 3d 1307, 1313 (S.D. Fla. 2018) (alteration in original) (citation omitted). Plaintiff does not allege that HFA personally took any of these steps. Compl. ¶¶ 382–93. Instead, Plaintiff merely alleges that HFA "conspired" with others. *Id*. at ¶ 390. First, there are simply no factual allegations supporting this conclusory allegation of conspiracy. Second, the Computer Fraud and Abuse Act limits its private right of action to suits "against the violator." 18 U.S.C. § 1030(g); *see Agilysys, Inc. v. Hall*, 258 F. Supp. 3d 1331, 1344 (N.D. Ga. 2017) (holding that even if one defendant had "directed or induced" another defendant to violate the Computer Fraud and Abuse Act, the first defendant "did not access [Plaintiff's] computers, and therefore, [the first defendant] may not be held liable as the violator under the [act]"). Finally, Plaintiff alleges Defendants Joffe and Neustar "exploited" their "access to non-public data" to gather information about Plaintiff, but the Supreme Court has made clear that using existing access to a computer system "for an improper purpose" does *not* violate the statute. *Van Buren v. United States*, 141 S. Ct. 1648, 1662 (2021).

### E. Count VIII: Theft of Trade Secrets

Plaintiff's claim for theft of trade secrets fails for the same reasons that Plaintiff has not sufficiently plead theft of trade secrets as a RICO predicate act. *See* Defendant Hillary Rodham Clinton's Motion to Dismiss at 7-9. Plaintiff has failed to show that Plaintiff owned DNS data or that DNS data constitutes a "trade secret." *See United States v. Smith*, 22 F.4th 1236, 1243 (11th Cir. 2022) (listing elements of theft of trade secrets); *see also Sentry Data Sys. v. CVS Health*, 361 F. Supp. 3d, 1279, 1292 (S.D. Fla. 2018) (noting that a trade secret "derives independent economic value" from "not being generally known to" others). Further, the Defend Trade Secrets Act does not create an express or implied private right of action for redress for conspiracy to engage in theft of trade secrets. *See Steves & Sons, Inc. v. JELD-WEN, Inc.*, 271 F. Supp. 3d 835, 842 (E.D. Va. 2017) ("Where, as here, a criminal statute establishes what is a crime and specifies the punishment for committing the crime, it is not enforceable in a private civil action unless Congress specifically so provides.").

### F. Count XIII: Respondeat Superior/Vicarious Liability

Plaintiff's claim for respondeat superior should be dismissed because it is not a valid cause of action, but rather a theory of liability. *Colite Int'l Inc. v. Robert L. Lipton, Inc.*, No. 05 Civ. 60046, 2006 WL 8431505, at *12 (S.D. Fla. Jan. 20, 2006); *Chunhong Jia v. Boardwalk Fresh Burgers & Fries, Inc.*, 2020 WL 5628734, at *2 (M.D. Fla. Sept. 21, 2020) ("[U]nder Florida . . . law, respondeat superior does not constitute an independent cause of action.") (citing *Turner Murphy Co. v. Specialty Constructors, Inc.*, 659 So.2d 1242, 1245 (Fla. 1st Dist. Ct. App. 1995)). To the extent that Count XIII is intended to hold HFA vicariously responsible with the tort actions brought against Defendants Jake Sullivan, John Podesta, and Robbie Mook, the claim fails for the

same reasons as those underlying torts. This claim, along with the others, should be dismissed with prejudice.

## CONCLUSION

For the forgoing reasons, HFA respectfully requests that the Court dismiss Counts I, II, IV, VII, VIII and XIII of Plaintiff's Complaint with prejudice.

Dated: May 16, 2022                                                        Respectfully Submitted

/s/Robert P. Trout
Robert P. Trout *
Paola Pinto (Florida Bar Number 1013933)
SCHERTLER ONORATO MEAD & SEARS
555 13th Street, N.W.
Suite 500 West
Washington, D.C.  20004
Phone: (202) 628-4155
rtrout@schertlerlaw.com
ppinto@schertlerlaw.com

*Admitted *pro hac vice*

*Attorneys for Defendant HFACC, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 16, 2022, I caused to be filed electronically the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record on this matter who are on the CM/ECF system.

/s/ Robert P. Trout
Robert P. Trout
