**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

DONALD J. TRUMP,

                    Plaintiff,

          v.

HILLARY R. CLINTON, et al.,

                    Defendants.

Case No. 2:22-cv-14102- DMM
Middlebrooks/Reinhart

**DEFENDANT NEUSTAR, INC.'S MOTION TO DISMISS**
**PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**
**AND INCORPORATED MEMORANDUM OF LAW**

Samantha L. Southall (*pro hac vice* pending*)*
Pennsylvania Bar No. 80709
BUCHANAN INGERSOLL & ROONEY PC
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
Tel: (215) 665-8700
Fax (215) 667-8760
Email: samantha.southall@bipc.com

Jennifer Olmedo-Rodriguez
Florida Bar No. 605158
BUCHANAN INGERSOLL & ROONEY PC
2 South Biscayne Blvd., Suite 1500
Miami, Florida 33131
Tel: (305) 347-4080
Fax: (305) 347-4089
Email: jennifer.olmedo-rodriguez@bipc.com

*Counsel for Defendant Neustar, Inc.*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ........................................................................................................................... 2

I.     NEUSTAR IS NOT A PROPER PARTY TO THIS LITIGATION ................................... 2

II.    PLAINTIFF'S CLAIMS ARE TIME-BARRED BY THE FACE OF THE COMPLAINT. 3

III.   PLAINTIFF'S CLAIMS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE
       GRANTED ...................................................................................................................... 6

       A.   Plaintiff Fails to State a Plausible Claim for Violation of 18 U.S.C. § 1962(d) ............. 8

            1.   Plaintiff Fails to Adequately Plead a Cognizable RICO Predicate Act .................... 9

            2.   Plaintiff Fails to Adequately Plead the Existence of an Agreement ....................... 11

            3.   Plaintiff Fails to Adequately Allege Any RICO Injury .......................................... 12

       B.   Plaintiff Fails to State a Conspiracy to Commit Injurious Falsehood .......................... 13

       C.   Plaintiff Fails to State a Claim for Violation of CFAA .............................................. 14

            1.   Plaintiff's "Unauthorized Access" Theory is Legally Deficient............................. 14

            2.   Plaintiff Fails to Plead A Damage or Loss Compensable Under the CFAA ........... 16

       D.   Plaintiff Fails to State a Claim for Theft of Trade Secrets ......................................... 17

       E.   Plaintiff Fails to State a Claim for Violation of the SCA ........................................... 18

       F.   Plaintiff Fails to State a Claim for Respondeat Superior / Vicarious Liability Because it
            is Not an Independent Cause of Action ...................................................................... 20

CONCLUSION ...................................................................................................................... 20

REQUEST FOR HEARING ................................................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

Page(s)

### Cases

*777 Partners LLC v. Pagnanelli*,
   No. 20-cv-20172, 2021 WL 2038175 (S.D. Fla. Mar. 8, 2021) ................................14, 16, 17

*Almanza v. United Airlines, Inc.*,
   851 F.3d 1060 (11th Cir. 2017) .............................................................................................11

*Am. Dental Ass'n v. Cigna Corp.*,
   605 F.3d 1283 (11th Cir. 2010) .............................................................................................11

*Anza v. Ideal Steel Supply Corp.*,
   547 U.S. 451 (2006).................................................................................................................12

*Armor Corr. Health Servs., Inc. v. Teal*,
   No. 19-cv-24656, 2021 WL 5834245 (S.D. Fla. Dec. 8, 2021)............................................16

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)........................................................................................................6, 7, 16

*Balsam v. U.S.*,
   No. 20-CV-80958, 2021 WL 4461850 (S.D. Fla. July 13, 2021), *report and
   recommendation adopted*, 20-80958-CV, 2021 WL 4459568 (S.D. Fla. Sept.
   29, 2021) ..................................................................................................................................7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)....................................................................................................11, 13, 18

*Brown Jordan Int'l, Inc. v. Carmicle*,
   846 F.3d 1167 (11th Cir. 2017) .............................................................................................16

*CareersUSA, Inc. v. Guerrero*,
   No. 14-cv-80096, 2014 WL 12862259 (S.D. Fla. Aug. 25, 2014) .................................. 14-15

*Ceithaml v. Celebrity Cruises, Inc.*,
   207 F. Supp. 3d 1345 (S.D. Fla. 2016) .................................................................................20

*Chunhong Jia v. Boardwalk Fresh Burgers & Fries, Inc.*,
   No. 19-cv-2527, 2020 WL 5628734 (M.D. Fla. Sept. 21, 2020)...........................................20

*Cisneros v. Petland, Inc.*,
   972 F.3d 1204 (11th Cir. 2020) ..............................................................................................8

*Colite Int'l Inc. v. Robert L. Lipton, Inc.*,
   No. 05-cv-60046, 2006 WL 8431505 (S.D. Fla. Jan. 20, 2006)...........................................20

*Davis v. Monahan*,
    832 So. 708 (Fla. 2002) .................................................................................................5

*Domain Prot., LLC v. Sea Wasp, LLC*,
    426 F. Supp. 3d 355 (E.D. Tex. 2019), *aff'd sub nom.*, *Domain Prot., L.L.C. v.*
    *Sea Wasp, L.L.C.*, 23 F.4th 529 (5th Cir. 2022) ................................................... 9-10

*In re Facebook, Inc. Internet Tracking Litig.*,
    956 F.3d 589 (9th Cir. 2020) .......................................................................................19

*Hawaii v. Trump*,
    859 F.3d 741 (9th Cir.), *vacated on other grounds*, 138 S. Ct. 377 (2017) ..............................4

*Henry v. ExamWorks Inc.*,
    No. 20-cv-12268, 2021 WL 33440698 (11th Cir. Aug. 6, 2021) ............................4

*Hemi Grp. v. City of New York*,
    559 U.S. 1 (2010) ........................................................................................................12

*Honig v. Kornfeld*,
    339 F. Supp. 3d 1323 (S.D. Fla. 2018) ......................................................................13

*IBI Grp. (Fla.) Inc. v. B&S Eng'g Consultants, LLC*,
    No. 17-cv-246, 2017 WL 7311866 (M.D. Fla. June 27, 2017) ...............................16

*Integrated Waste Solutions, Inc. v. Goverdhanam*,
    2010 WL 4910176 (E.D. Pa. 2010) ............................................................................19

*Intermatic Inc. v. Toeppen*,
    947 F. Supp. 1227 (N.D. Ill. 1996) ............................................................................10

*Jackson v. BellSouth Telecomms.*,
    372 F.3d 1250 (11th Cir. 2004) ..................................................................................11

*K.T. v. Royal Caribbean Cruise, Ltd.*,
    931 F.3d 1041 (11th Cir. 2019) ....................................................................................2

*King v. Bencie*,
    806 F. App'x. 873 (11th Cir. 2020) .............................................................................5

*Lehman v. Lucom*,
    727 F.3d 1330 (11th Cir. 2013) ....................................................................................4

*Liberty Media Holdings, LLC v. BitTorrent Swarm*,
    277 F.R.D. 669 (S.D. Fla. 2011) ..................................................................................3

*Mortg. Now, Inc. v. Stone*,
    No. 09-cv-80, 2010 WL 11519201 (N.D. Fla. Sept. 29, 2010) ................................17

*My Energy Monster, Inc. v. Gawrych*,
    No. 20-cv-2548, 2021 WL 6125579 (M.D. Fla. Sept. 29, 2021)............................................17

*Newberger v. U.S. Marshals Serv.*,
    751 F.2d 1162 (11th Cir. 1985) ...........................................................................................5

*Nunes v. Fusion GPS*,
    531 F. Supp. 3d 993 (E.D. Va. 2021) .................................................................................12

*Oginsky v. Paragon Properties of Costa Rica, LLC*,
    282 F.R.D. 681 (S.D. Fla. 2012)..........................................................................................3

*Omnipol, A.S. v. Multinat'l Def. Serv., LLC*,
    19-14597, 2022 WL 1311596 (11th Cir. May 3, 2022)......................................................8

*Padilla v. Porsche Cars N. Am., Inc.*,
    391 F. Supp. 3d 1108 (S.D. Fla. 2019) ................................................................................3

*Piescik v. CVS Pharmacy, Inc.*,
    21-81298-CV, 2021 WL 5996977 (S.D. Fla. Dec. 15, 2021)..............................................7

*Raimi v. Furlong*,
    702 So. 2d 1273 (Fla. 3d DCA 1997) ................................................................................13

*Ray v. Spirit Airlines*,
    836 F.3d 1340 (11th Cir. 2016) .........................................................................................12

*Rock the Vote v. Trump*,
    No. 20-cv-06021, 2020 WL 6342927 (N.D. Cal. Oct. 29, 2020) ........................................4

*Rogers v. Nacchio*,
    241 F. App'x. 602 (11th Cir. 2007) ....................................................................................8

*Sanguinetti v. JPMorgan Chase Bank Nat'l Ass'n*,
    20-CV-81023, 2020 WL 7765792 (S.D. Fla. Nov. 13, 2020) .............................................7

*Sartori v. Schrodt*,
    No. 19-15114, 2021 WL 6060975 (11th Cir. Dec. 20, 2021)............................................18

*Schwartz v. ADP, Inc.*,
    No. 21- cv-283, 2021 WL 5760434 (M.D. Fla. Dec. 3, 2021) ...........................................17

*Sentry Data Sys. v. CVS Health*,
    361 F. Supp. 3d (S.D. Fla. 2018) ..................................................................................10-11

*Sewell v. Bernardin*,
    795 F.2d 337 (2d Cir. 2015)................................................................................................5

*Sierra v. City of Hallandale Beach*,
   996 F.3d 1110 (11th Cir. 2021) ...............................................................................14, 18

*Skypoint Advisors, LLC v. 3 Amigos Prods. LLC*,
   No. 18-cv-356, 2021 WL 6118097 (M.D. Fla. Dec. 27, 2021) ..............................................18

*Snow v. DirecTV, Inc.*,
   450 F.3d 1314 (11th Cir. 2006) ...............................................................................19

*St. Johns Vein Ctr., Inc. v. StreamlineMD LLC*,
   347 F. Supp. 3d 1047 (M.D. Fla. 2018) ......................................................................14

*Super Vision Int'l, Inc. v. Mega Int'l Comm. Bank Co., Ltd.*,
   534 F. Supp. 2d 1326 (S.D. Fla. 2008) ...................................................................9, 12

*Tomelleri v. Orlando Lakes and Wetlands Inc.*,
   No. 19-CV-801080 (S.D. Fla. March 30, 2020), *report and recommendation*
   *adopted sub nom. Tomelleri v. Natale*, 9:19-CV-81080, 2020 WL 6343353
   (S.D. Fla. Apr. 10, 2020) .......................................................................................7

*U.S. v. Bynum*,
   604 F.3d 161 (4th Cir. 2010) ...................................................................................19

*U.S. v. Flynn*,
   507 F. Supp. 3d 116 (D.D.C. 2020) ...........................................................................4

*U.S. v. Smith*,
   22 F.4th 1236 (11th Cir. 2022) ..................................................................................9

*U.S. v. Steiger*,
   318 F.3d 1039, 1049 (11th Cir. 2003) ................................................................... 18-19

*U.S. v. Trader*,
   981 F.3d 961 (11th Cir. 2020) ...................................................................................10

*Van Buren v. U.S.*,
   141 S. Ct. 1648 (2021)........................................................................................14, 15

*Vista Mktg. v. Burkett*,
   812 F.2d 954 (11th Cir. 2016) ...................................................................................18

*Weiland v. Palm Beach Cty. Sheriff's Office*,
   792 F.3d 1313 (11th Cir. 2015) ...............................................................................7-8

*In re Zynga Priv. Litig.*,
   750 F.3d 1098 (9th Cir. 2014) ...................................................................................19

## Statutes

18 U.S.C. § 1030 ................................................................................................... 1, 5, 16

18 U.S.C. § 1512 ........................................................................................................... 9

18 U.S.C. § 1830 ........................................................................................................... 1

18 U.S.C. § 1832 ........................................................................................................... 9

18 U.S.C. § 1836 ......................................................................................................... 5-6

18 U.S.C. § 1962 ......................................................................................... 1, 4, 8, 12, 13

18 U.S.C. § 2701 *et seq.* ............................................................................................... 1

18 U.S.C. § 2707 ........................................................................................................... 6

Fla. Stat. § 95.11 .......................................................................................................... 5

## Rules

Fed. R. Civ. P. 9 ........................................................................................................... 9

Fed. R. Civ. P. 12 ...................................................................................................... 1, 3

Fed. R. Civ. P. 21 ...................................................................................................... 1, 3

Local Rule 7.1 ............................................................................................................. 20

## Other Authorities

Institute of Standards and Technology Special Publication, *Secure Domain Name System (DNS) Deployment Guide* (Sept. 2013), https://nvlpubs.nist.gov/nistpubs/specialpublications/nist.sp.800-81-2.pdf ........................... 10

*Neustar Security Services Spins Out with Focused Investment to Foster Accelerated Growth* (Dec. 1, 2021), https://www.home.neustar/about-us/news-room/press-releases/2021/neustar-security-services-spins-out-with-focused-investment-to-foster-accelerated-growth ................................................................. 2-3

TransUnion, LLC, Exhibit 2.1 September 11, 2021 Securities Purchase Agreement (Form 8-K) (Dec. 1, 2021) ....................................................................... 2

Trump Twitter Archive, www.thetrumparchive.com ...................................................... 4

*U.S. v. Sussmann*, No. 1:21-cr-00582-CRC (D.D.C.), Doc. No. 1 ................................... 5

Defendant Neustar, Inc. ("Neustar"), by and through its undersigned counsel, respectfully submits this Motion pursuant to Fed. R. Civ. P. 12(b)(6) and 21 to dismiss Counts II, IV, VII, VIII, IX, and XVI of the Complaint as to it together with this accompanying memorandum of law.

## PRELIMINARY STATEMENT

Neustar is differently situated from the other Defendants in this action.  Simply put, it is not a proper party.  In December, 2021, several months before Plaintiff filed his Complaint, TransUnion, LLC ("TransUnion") acquired Neustar's marketing, fraud and communications solutions business.  TransUnion did *not* acquire Neustar's security business, Neustar Security Services, LLC ("NSS"), which includes DNS resolution services, and was excluded from the transaction. NSS now operates as a standalone company.  Plaintiff's allegations as to Neustar only relate to its former security business, now known as NSS, and, to the extent Plaintiff can state any timely claims for relief (which he cannot), those claims should be asserted against NSS, not Neustar.

Rule 12(b)(6) also mandates dismissal of the Complaint as to Neustar.  Each of the six claims Plaintiff has asserted against Neustar is barred by the applicable statutes of limitations and fails to state a claim upon which relief can be granted.  Plaintiff alleges that Defendants engaged in a conspiracy to disseminate false information about him over the course of 2016 and early 2017 in order to damage his political career.  More specifically, Plaintiff alleges that Neustar conspired with other Defendants to violate the Racketeer Influenced and Corrupt Organizations ("RICO") Act in violation of 18 U.S.C. § 1962(d) and that it conspired with other Defendants to commit an injurious falsehood.  Plaintiff also asserts claims against Neustar for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"), theft of trade secrets, 18 U.S.C. § 1830, violation of the Stored Communications Act, 18 U.S.C. § 2701 *et seq.* ("SCA"), and respondeat superior/vicarious liability.

BUCHANAN INGERSOLL & ROONEY PC :: One Biscayne Tower :: 2 South Biscayne Boulevard, Suite 1500 ::  Miami, FL 33131 :: T 305 347 4080 :: F 305 347 4089

Plaintiff's claims against Neustar are time-barred.  Plaintiff alleges that the purported conspiracy was made public in October 2016 and his public statements beginning in January 2017 evidence his knowledge of the allegations giving rise to his claims against Neustar in this litigation. Plaintiff's claims against Neustar also fail because, despite the sheer length of the Complaint, his claims against Neustar are unsupported by factual allegations, and contain formulaic recitations of the elements of each cause of action.

Defendant Hillary Clinton submitted a memorandum explaining why Plaintiff's claims should be dismissed.  Doc. No. 52.  To avoid duplicative briefing, Neustar adopts and incorporates Secretary Clinton's arguments as to why all of Plaintiff's claims are time-barred on the face of the Complaint.  *Id*. at 1-5.  Neustar also adopts and incorporates Secretary Clinton's arguments as to why the Complaint fails to state a claim for RICO conspiracy (Count II); conspiracy to commit injurious falsehood (Count IV), to the extent those arguments are not specific to Secretary Clinton's individual statements; and theft of trade secrets (Count VIII).

Neustar submits this memorandum to address the claims and averments unique to it.  For the reasons set forth below, this Court should dismiss the Complaint as to Neustar with prejudice.

## **ARGUMENT**

## I.     **NEUSTAR IS NOT A PROPER PARTY TO THIS LITIGATION**

TransUnion acquired Neustar's marketing, fraud and communications solutions business in December, 2021.[1]  *See, e.g.*, September 11, 2021 Securities Purchase Agreement at Section 2.1, a copy of which is attached to Exhibit 2.1 to TransUnion's Form 8-K filed on September 11, 2021; TransUnion's Form 8-K filed on December 1, 2021; *Neustar Security Services Spins Out with Focused Investment to Foster Accelerated Growth* (Dec. 1, 2021),

---

[1]     This Court may take judicial notice of publicly available agency records.  *See, e.g.*, *K.T. v. Royal Caribbean Cruises, Ltd.*, 931 F.3d 1041, 1047 (11th Cir. 2019).

BUCHANAN INGERSOLL & ROONEY PC :: One Biscayne Tower :: 2 South Biscayne Boulevard, Suite 1500 ::  Miami, FL 33131 :: T 305 347 4080 :: F 305 347 4089

https://www.home.neustar/about-us/news-room/press-releases/2021/neustar-security-services-spins-out-with-focused-investment-to-foster-accelerated-growth.   TransUnion did *not* acquire Neustar's security business, NSS, which includes DNS resolution services, and was excluded from the transaction.  NSS now operates as a standalone company.

Plaintiff's allegations as to Neustar relate to its former security business.  *See, e.g.*, Compl. at ¶¶ 103, 110, 123-26.  They do not relate to Neustar's marketing, fraud and communications solutions business.  Thus, to the extent Plaintiff can state any timely claims for relief (which, for the reasons explained herein, he cannot), those claims should be asserted against NSS and not Neustar.

This Court should exercise its inherent authority to drop Neustar from this action pursuant to Federal Rule Civil Procedure 21.  *See, e.g.*, *Oginsky v. Paragon Properties of Costa Rica, LLC*, 282 F.R.D. 681, 682–83 (S.D. Fla. 2012) (dropping misjoined parties and severing misjoined claims pursuant to Rule 21); *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 277 F.R.D. 669, 672 (S.D. Fla. 2011)  (ordering multiple defendants be dismissed pursuant to Rule 21).

## II.   PLAINTIFF'S CLAIMS ARE TIME-BARRED BY THE FACE OF THE COMPLAINT

"Dismissal under Rule 12(b)(6) on statute of limitations grounds 'is appropriate only if it is apparent from the face of the complaint that the claim is time-barred.'"  *Padilla v. Porsche Cars N. Am., Inc.*, 391 F. Supp. 3d 1108, 1112 (S.D. Fla. 2019) *quoting La Grasta v. First Union. Sec., Inc.*, 358 F.2d 840, 845 (11th Cir. 2004).  Because Plaintiff's own allegations, which arise from events that allegedly occurred in 2016 and 2017, demonstrate that each claim he asserts against Neustar is barred by the applicable statute of limitations, this Court should dismiss the Complaint as to Neustar with prejudice.

BUCHANAN INGERSOLL & ROONEY PC :: One Biscayne Tower :: 2 South Biscayne Boulevard, Suite 1500 ::  Miami, FL 33131 :: T 305 347 4080 :: F 305 347 4089

First, Plaintiff's claim against Neustar for violation of 18 U.S.C. § 1962(d) is subject to a four year statute of limitations which accrues from the date the injury was, or should have been, discovered. *Lehman v. Lucom*, 727 F.3d 1330 (11th Cir. 2013). Plaintiff avers in his Complaint that the basis of his RICO conspiracy claim against Neustar became public knowledge no later than October 2016. *See* Compl. at ¶¶ 183-85. Plaintiff also made multiple public statements about his allegations in early 2017. Plaintiff tweeted on January 13, 2017 that "…the phony allegations against me were put together by my political opponents and a failed spy afraid of being sued…"[2] On March 4, 2017, Plaintiff tweeted about the conspiracy to access information within Trump Tower that he also alleges in the Complaint.[3] Plaintiff continued to make public statements about the same alleged conspiracy throughout April 2017.[4] Nevertheless, Plaintiff waited until 2022 to bring this action. Plaintiff's own statements reveal that he was aware of the alleged conspiracy and injury more than four years ago. His claim for violation of 18 U.S.C. § 1962(d) is time-barred and this Court should dismiss it with prejudice.

Second, Plaintiff's claim against Neustar for conspiracy to commit injurious falsehood is subject to a statute of limitations four years from the date of the injury, consistent with Florida's

---

[2]   Donald J. Trump (@realDonaldTrump), Twitter (Jan. 13, 2017), archived at The Trump Twitter Archive, www.thetrumparchive.com. This Court may rely on judicially noticeable facts in determining the timeliness of Plaintiff's claims on a motion to dismiss. *See, e.g., Henry v. ExamWorks Inc.*, No. 20-cv-12268, 2021 WL 33440698, at *3 (11th Cir. Aug. 6, 2021). To that end,this Court may take judicial notice of Plaintiff's tweets. *See, e.g., Hawaii v. Trump*, 859 F.3d 741, 773 n.14 (9th Cir.) (per curiam) (taking judicial notice of Plaintiff's tweets), *vacated on other grounds*, 138 S. Ct. 377 (2017); *Rock the Vote v. Trump*, No. 20-cv-06021, 2020 WL 6342927, at *4 n.2 (N.D. Cal. Oct. 29, 2020) (same); *U.S. v. Flynn*, 507 F. Supp. 3d 116, 126 n.6 (D.D.C. 2020) (same).

[3]   Donald J. Trump (@realDonaldTrump), Twitter (Mar. 4, 2017), archived at The Trump Twitter Archive, www.thetrumparchive.com.

[4]   *See, e.g.*, Donald J. Trump (@realDonaldTrump), Twitter (Apr. 3, 2017), archived at The Trump Twitter Archive, www.thetrumparchive.com.

4

statute of limitations for civil conspiracy. *King v. Bencie*, 806 F. App'x. 873, 875 (11th Cir. 2020) (affirming dismissal of action and noting that statute of limitations for civil conspiracy is four years); *see* Fla. Stat. § 95.11(3)(p) (four year statute of limitations for claims not otherwise listed); *see also Newberger v. U.S. Marshals Serv.*, 751 F.2d 1162, 1166 (11th Cir. 1985) (actions for civil conspiracy in Florida are governed by a four year statute of limitations). Plaintiff's allegations in the Complaint demonstrate that he was aware of this alleged conspiracy no later than January 13, 2017. *See supra* at n.2. Thus, the statute of limitations on this claim expired no later than January 13, 2021, more than a year before Plaintiff filed his Complaint.[5]

Third, the statute of limitations for a claim under the CFAA is two years from the violation or discovery of the violation. 18 U.S.C. § 1030(g). Plaintiff's conclusory and boilerplate allegation that the alleged violations were not discoverable until September 16, 2021, Compl. at ¶ 393, is contradicted by his other factual allegations that the information was publicly known as early as October, 2016. Compl. at ¶¶ 183-89. A claim under the CFAA must be initiated within two years, even if the plaintiff does not know the identity of the alleged perpetrators. *Sewell v. Bernardin*, 795 F.3d 337, 342 (2d Cir. 2015). Thus, even if Plaintiff only recently became aware of the identity of the supposed perpetrators,[6] Plaintiff's knowledge of the DNS information's release in late October, 2016 means the statute of limitations expired in October, 2018.

Fourth, claims for theft of trade secrets under 18 U.S.C. § 1836(d) must be brought within three years from the date "on which the misappropriation with respect to the action would relate

---

[5]     The delayed discovery doctrine, which delays the commencement of the statute of limitations, does not apply to conspiracy claims under Florida law. *Davis v. Monahan*, 832 So. 708, 709 (Fla. 2002) (noting delayed discovery doctrine does not apply to civil conspiracy claims).

[6]     The September 16, 2021 indictment of Michael Sussmann could not have assisted Plaintiff in identifying any of the alleged perpetrators because the document contains only pseudonyms. *See U.S. v. Sussmann*, No. 1:21-cr-00582-CRC (D.D.C.), Doc. No. 1.

BUCHANAN INGERSOLL & ROONEY PC :: One Biscayne Tower :: 2 South Biscayne Boulevard, Suite 1500 ::  Miami, FL 33131 :: T 305 347 4080 :: F 305 347 4089

is discovered or by the exercise of reasonable diligence should have been discovered." Again, Plaintiff's claims accrued no later than October, 2016, when Plaintiff alleges that knowledge of his DNS traffic became public. *See, e.g.*, Compl. at ¶¶ 183-84. Thus, the statute of limitations for his theft of trade secrets expired in October, 2019, over two years before Plaintiff filed this Complaint.

Last, the statute of limitations for a civil cause of action for violation of the SCA is two years from discovery of or from when one "had a reasonable opportunity to discover the violation." 18 U.S.C. § 2707(f). Because, according to the Complaint, Plaintiff's claims accrued upon public knowledge of his DNS traffic in October, 2016, *see* Compl. at ¶¶ 183-84, this claim also is barred by the statute of limitations.[7]

Because Plaintiff's own allegations in the Complaint demonstrate that he failed to timely assert his claims, this Court should dismiss the Complaint as against Neustar with prejudice.

## III.   PLAINTIFF'S CLAIMS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff's claims against Neustar not only are untimely, they also are wholly without merit. Neustar vigorously disputes the Complaint's allegations but, for purposes of this Motion acknowledges that this Court is constrained to treat them as though they are true. Plaintiff nevertheless fails to state any cognizable claims against Neustar.

To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

---

[7]   Count XVI of the Complaint purports to be a claim for respondeat superior and vicarious liability, which are theories of liability and not causes of action. For that reason, Neustar need not address whether this claim is barred by the statute of limitations.

6

*Id.* (citation omitted).  Mere "'labels and conclusions' or 'a formulaic recitation of the elements

of a cause of action will not do." *Id. quoting Bell Atl. Corp. v. Twombly*, 550 U.S at 555; *Piescik*

*v. CVS Pharmacy, Inc.*, 21-81298-CV, 2021 WL 5996977, at *6 (S.D. Fla. Dec. 15, 2021)

(Middlebrooks, J.) ("bare assertion that the label was misleading, without any facts offered in

support, is a conclusory allegation that does not satisfy the standard set forth in *Twombly* and

*Iqbal*.").

   As explained below, each of the six claims Plaintiff has asserted against Neustar fails this

generous standard.[8]  This Court should dismiss the Complaint as to Neustar with prejudice.

---

[8]     Plaintiff's 108 page Complaint, which is comprised of 508 paragraphs and asserts 16
counts against 28 separate defendants is an improper "shotgun" pleading.  *See Weiland v. Palm
Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015); *Sanguinetti v. JPMorgan Chase
Bank Nat'l Ass'n*, 20-CV-81023, 2020 WL 7765792 (S.D. Fla. Nov. 13, 2020) (Middlebrooks, J.);
*Tomelleri v. Orlando Lakes and Wetlands Inc.*, No. 19-CV-801080 (S.D. Fla. March 30, 2020),
*report and recommendation adopted sub nom. Tomelleri v. Natale*, 9:19-CV-81080, 2020 WL
6343353 (S.D. Fla. Apr. 10, 2020).  This Court can *sua sponte* dismiss a "shotgun" pleading.
*Balsam v. U.S.*, No. 20-CV-80958, 2021 WL 4461850 (S.D. Fla. July 13, 2021) (Reinhart, M.J.),
*report and recommendation adopted*, 20-80958-CV, 2021 WL 4459568 (S.D. Fla. Sept. 29, 2021)
(Middlebrooks, J.) *citing Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).
Because Plaintiff's Complaint falls into at least three of the categories identified by the Eleventh
Circuit, this Court should dismiss it:

> [W]e have identified four rough types or categories of shotgun pleadings.  The most
> common type—by a long shot—is a complaint containing multiple counts where
> each count adopts the allegations of all preceding counts, causing each successive
> count to carry all that came before and the last count to be a combination of the
> entire complaint.  The next most common type, at least as far as our published
> opinions on the subject reflect, is a complaint that does not commit the mortal sin
> of re-alleging all preceding counts but is guilty of the venial sin of being replete
> with conclusory, vague, and immaterial facts not obviously connected to any
> particular cause of action.  The third type of shotgun pleading is one that commits
> the sin of not separating into a different count each cause of action or claim for
> relief.  Fourth, and finally, there is the relatively rare sin of asserting multiple claims
> against multiple defendants without specifying which of the defendants are
> responsible for which acts or omissions, or which of the defendants the claim is
> brought against. The unifying characteristic of all types of shotgun pleadings is that
> they fail to one degree or another, and in one way or another, to give the defendants

### A.      Plaintiff Fails to State a Plausible Claim for Violation of 18 U.S.C. § 1962(d)

Although Count I of the Complaint asserts a substantive claim for violation of RICO under 18 U.S.C. § 1962(c) against certain defendants, it does *not* assert this claim against Neustar. Nevertheless, for the reasons set forth in sections II., A. and B. of Secretary Clinton's brief (Doc. No. 52), which Neustar joins and incorporates by reference, Plaintiff has failed to plead a claim for a violation of 18 U.S.C. § 1962(c).  Because Plaintiff's claim for violation of 18 U.S.C. § 1962(c) fails, his claim against Neustar for violation of 18 U.S.C. § 1962(d) necessarily fails as well.  *Rogers v. Nacchio*, 241 F. App'x. 602, 609 (11th Cir. 2007).

Separately, the Complaint's allegations do not plausibly state a claim that Neustar conspired with the other defendants in violation of RICO.  To that end, Plaintiff has not adequately alleged an illegal agreement to violate a substantive provision of the RICO statute, a predicate act of racketeering, or any injury arising from such an act.  *See* Doc. No. 52 at 6-14.  Any one of these failures provides a sufficient basis for dismissing the RICO conspiracy claim against Neustar.

Section 1962(d) makes it "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of [section 1962]."  It is axiomatic that "a complaint that 'simply concludes that the defendants conspired and confederated to commit conduct which in itself does not constitute a RICO violation' must be dismissed."  *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1220 (11th Cir. 2020) *quoting Jackson v. BellSouth Telecomms.*, 372 F.3d 250, 1269 (11th Cir. 2004).  And, although direct evidence of a RICO conspiracy is not required, a "complaint must, however, offer more than 'mere [] legal conclusions.'"  *Omnipol, A.S. v. Multinat'l Def. Serv., LLC*, 19-14597, 2022 WL 1311596, at *6 (11th Cir. May 3, 2022) *quoting Am. Dental Ass'n*

---

adequate notice of the claims against them and the grounds upon which each claim rests.
*Weiland*, 792 F.3d at 1321-23.

BUCHANAN INGERSOLL & ROONEY PC :: One Biscayne Tower :: 2 South Biscayne Boulevard, Suite 1500 ::  Miami, FL 33131 :: T 305 347 4080 :: F 305 347 4089

*v. Cigna Corp.*, 605 A.3d 1283, 1293 (11th Cir. 2010).  Because Plaintiff bases his RICO claim

on a pattern of allegedly fraudulent activity, *see, e.g.*, Compl. at ¶ 281, the Eleventh Circuit requires

that his claim satisfy Rule 9(b).  *Super Vision Int'l, Inc. v. Mega Int'l Comm. Bank Co., Ltd.*, 534

F. Supp. 2d 1326, 1330 (S.D. Fla. 2008) *citing Ambriosia Coal & Const. Co. v. Pages Morales*,

482 F.3d 1309, 1317 (11th Cir. 2007).  Plaintiff's claim cannot withstand this standard.

### 1.    Plaintiff Fails to Adequately Plead a Cognizable RICO Predicate Act

Plaintiff alleges that the enterprise engaged in two RICO predicate acts: theft of trade

secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1832, and witness tampering in violation

of 18 U.S.C. § 1512.  Compl. at ¶¶ 278-316.  Plaintiff does not allege that Neustar engaged or

conspired to engage in witness tampering.  Compl. at ¶¶ 296-311.  Thus, the only purported

predicate act Plaintiff links to Neustar is the alleged theft of trade secrets.  *Id.* at ¶¶ 284-95.

"Theft of trade secrets consists of five elements: first, the defendant must intend to convert

proprietary information to the economic benefit of anyone other than the owner; second, the

proprietary information must be a trade secret; third, the defendant must knowingly steal, take

without authorization, or obtain by fraud or deception trade secret information; fourth, the

defendant must intend or know that the offense would injure the owner of the trade secret; and

finally, the trade secret must be related to a product that is in interstate or foreign commerce." *U.S.*

*v. Smith*, 22 F.4th 1236, 1243 (11th Cir. 2022).  For at least two reasons, Plaintiff has not stated a

claim for theft of trade secrets.

First, Plaintiff's claim is based on the alleged misappropriation of domain name system

("DNS") internet traffic data.  Compl. at ¶ 285.  DNS internet traffic data is not information

"owned" by Plaintiff.  It is, instead, akin to a phone book, and allows users to connect to websites

using domain names instead of internet protocol ("IP") addresses.  The United States District Court

for the Eastern District of Texas recently explained:

9

> To access a website . . . a user must connect his or her home computer to the one hosting the site. To achieve this, the user may enter in the website's IP address - which is a string of numbers which identify the computer where the website is housed - into Internet Explorer or another web browser. *See* IP Address, TECH TERMS COMPUTER DICTIONARY, https://techterms.com/definition/ ip_address (last visited November 24, 2019). An IP Address, however, is often difficult to remember. Thus, rather than requiring a user to memorize a string of numbers, website owners often obtain an alpha-numeric "domain name" which users can enter into their browser to access their sought after website… [A]n "IP address," is comparable to a nine-digit phone number and a "domain name" is comparable to the name saved on a cell phone for that number. This domain name is stored in an electronic nameserver record.

*Domain Prot., LLC v. Sea Wasp, LLC*, 426 F. Supp. 3d 355, 395–96 (E.D. Tex. 2019), *aff'd sub nom.*, *Domain Prot., L.L.C. v. Sea Wasp, L.L.C.*, 23 F.4th 529 (5th Cir. 2022); *see Intermatic Inc. v. Toeppen*, 947 F. Supp. 1227, 1231 (N.D. Ill. 1996) (discussing how DNS fits within the internet architecture).

DNS information is part of the internet architecture and is automatically shared by all internet users with their Internet Service Providers ("ISPs") and third-party devices.[9] For this reason, it is well established that plaintiffs have no legally protected privacy interests in their IP address information. *See, e.g.*, *U.S. v. Trader*, 981 F.3d 961, 967–68 (11th Cir. 2020) (finding no reasonable expectation of privacy in email address or IP address where individual did not use software to avoid disclosing same). This reasoning applies equally to Plaintiff's DNS information.

Second, Plaintiff fails to adequately allege that the DNS information "derives independent economic value" from "not being generally known to" others. *See Sentry Data Sys. v. CVS Health*,

---

[9]    The Domain Name System is a "distributed computing system that enables access to Internet resources by user-friendly domain names rather than IP addresses, by translating domain names to IP addresses and back." *Secure Domain Name System (DNS) Deployment Guide*. National Institute of Standards and Technology Special Publication (Sept. 2013) at (iii), available at: https://nvlpubs.nist.gov/nistpubs/specialpublications/nist.sp.800-81-2.pdf. Despite Plaintiff's assertions to the contrary, "DNS data is meant to be public." *See id.*

10

361 F. Supp. 3d, 1279, 1292 (S.D. Fla. 2018) (finding sufficient allegations of efforts taken and costs incurred to compile customer list, and thus, adequately pled as trade secret). Plaintiff instead merely alleges that the DNS information "could" reveal information about "website traffic, email traffic…in addition to the types of technology, hardware, software, programs, securities and processes being utilized by the servers." Compl. at ¶ 285. Plaintiff also makes the conclusory averment that DNS information is information that "derive[s] significant economic value from not being generally known to or ascertainable by others." *Id.* at ¶ 289. Plaintiff's boilerplate pleading identifying the elements of a theft of trade secrets claim is insufficient. *Twombly*, 550 U.S. at 555.

Plaintiff fails to allege how DNS information is independently valuable. He also does not plead any facts explain how DNS information, which he does not own and is readily available to ISPs and other third-parties, loses its (unarticulated) value if it becomes widely known. Because Plaintiff's theft of trade secrets claims is insufficient as a matter of law, it is not a cognizable predicate act.

### 2.      Plaintiff Fails to Adequately Plead the Existence of an Agreement

Even if Plaintiff had plausibly pled the predicate act of trade secret theft (which he has not), Plaintiff's RICO conspiracy claim against Neustar also fails because there are not any factual averments that Neustar entered into any agreement. To allege a RICO conspiracy, a plaintiff must allege "an illegal agreement to violate a substantive provision of the RICO statute." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1269 (11th Cir. 2004). A plaintiff must also plausibly allege a "meeting of the minds." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1293-95 (11th Cir. 2010) *quoting Twombly*, 550 U.S. at 557. Further, a complaint must "assert allegations explaining how exactly the defendants went about entering into an agreement with each other." *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1068 (11th Cir. 2017). A conspiracy allegation

11

must give the court a reasonable basis to infer that the defendants were conspiring, and not simply engaging in "unknowingly parallel conduct." *Id.* at 1069.

Here, the Complaint is devoid of any factual allegations that Neustar entered into a conspiracy to violate a substantive provision of RICO.  The Complaint alleges Neustar was "tasked" to gather information that "could show any wrongdoing" by Plaintiff, his campaign, or the Trump Organization.  Compl. at ¶ 109.  From this "task," the Complaint makes the inexplicable and unsupportable jump, premised on conclusory and boilerplate statements, that Neustar "conspired with" the other defendants to steal trade secrets.  *See, e.g.*, Compl. at ¶¶ 284, 286, 292, 294, 318-21.  These conclusory allegations of a conspiracy "unsupported by actual allegations of fact" are unmistakably insufficient.  *See Super Vision Int'l*, 534 F. Supp. 2d at 1343.

### 3.      Plaintiff Fails to Adequately Allege Any RICO Injury

The Complaint also fails to sufficiently allege an injury directly caused by a predicate act proscribed by § 1962.  *See Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 452 (2006).  A RICO claim requires an injury to the plaintiff's business or property as well as a direct relationship between the injury asserted and the alleged injurious conduct.  *Hemi Grp. v. City of New York*, 559 U.S. 1, 9 (2010) (citation omitted).  An injury that is foreseeable is not sufficient; the injury must be direct.  *Ray v. Spirit Airlines*, 836 F.3d 1340, 1349 (11th Cir. 2016) (citation omitted).

Plaintiff has alleged his injury in vague and conclusory terms, asserting only that he incurred "defense costs, legal fees and related expenses . . . in connection with his efforts to defend himself" as a result of Defendants' alleged actions.  *See, e.g.*, Compl. at ¶¶ 263-64.  At least one other court found that similar allegations were insufficient to state a RICO claim.  *See Nunes v. Fusion GPS*, 531 F. Supp. 3d 993, 1012-13 (E.D. Va. 2021).  Plaintiff has not pled any direct connection between the release of DNS data and the "defense costs, legal fees and related

BUCHANAN INGERSOLL & ROONEY PC :: One Biscayne Tower :: 2 South Biscayne Boulevard, Suite 1500 ::  Miami, FL 33131 :: T 305 347 4080 :: F 305 347 4089

expenses" he has allegedly incurred.  This Court should dismiss Plaintiff's claim against Neustar

for violation of 18 U.S.C. § 1962(d) with prejudice.

### B.    Plaintiff Fails to State a Conspiracy to Commit Injurious Falsehood

Plaintiff also asserts a claim against Neustar for conspiracy to commit injurious falsehood.

Compl. at ¶¶ 346-55.  Plaintiff does *not* allege that Neustar published any allegedly injurious

falsehoods against him but instead seeks to hold it liable for these purported injurious falsehoods

based upon a conspiracy or vicarious liability theory.[10]  As a preliminary matter, this Court should

dismiss the conspiracy claim because, as explained in Secretary Clinton's briefing, Plaintiff's

underlying injurious falsehood claim fails.[11]  *See Honig v. Kornfeld*, 339 F. Supp. 3d 1323, 1345

(S.D. Fla. 2018) ("An actionable conspiracy requires an actionable underlying tort or wrong.").

In addition, Plaintiff has failed to plead factual allegations sufficient to state a claim for

conspiracy.  It is well-settled Florida law that "a civil conspiracy requires: (a) an agreement

between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means,

(c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a

result of the acts done under the conspiracy."  *Raimi v. Furlong*, 702 So. 2d 1273, 1284 (Fla. 3d

DCA 1997).

The Complaint is devoid of factual allegations supporting an "agreement" between Neustar

and any other defendant.  *See* Compl. at ¶¶ 346-52.  Indeed, Count IV does not even specifically

refer to Neustar.  *See id.*  Because "[f]ormulaic recitation[s] of the elements of a cause of action

will not do," *Twombly*, 550 U.S. at 555, this Court should dismiss Plaintiff's claim against Neustar

for conspiracy to commit an injurious falsehood with prejudice.

---

[10]     As explained *infra* at section III.F., Plaintiff's theory of vicarious liability fails.

[11]     Neustar joins in and incorporates by reference the arguments in sections II., C. and D. of
Doc. No. 52.

BUCHANAN INGERSOLL & ROONEY PC :: One Biscayne Tower :: 2 South Biscayne Boulevard, Suite 1500 ::  Miami, FL 33131 :: T 305 347 4080 :: F 305 347 4089

### C.    Plaintiff Fails to State a Claim for Violation of CFAA

The CFAA is "predominately designed as a criminal statute to punish computer hacking," but permits civil actions "under a narrow set of circumstances." *St. Johns Vein Ctr., Inc. v. StreamlineMD LLC*, 347 F. Supp. 3d 1047, 1057 (M.D. Fla. 2018).   To state a claim under the CFAA, a plaintiff must allege that (1) "defendant intentionally accessed a protected computer" (2) "without authorization or exceeding authorized access," (3) "defendant thereby obtained information," and (4) "plaintiff suffered damage or loss of at least $5,000.00." *777 Partners LLC v. Pagnanelli*, No. 20-cv-20172, 2021 WL 2038175, at *4–5 (S.D. Fla. Mar. 8, 2021) (citation omitted).   Because the Complaint's allegations do not fall within the narrow and specific definitions of "unauthorized access" and "damage or loss" under the CFAA, this Court should dismiss Plaintiff's CFAA claim as to Neustar with prejudice.[12]

### 1.    Plaintiff's "Unauthorized Access" Theory is Legally Deficient

Plaintiff bases his "unauthorized access" claim against Neustar for its alleged improper use of DNS information to which it already had access.   A recent Supreme Court decision, *Van Buren v. U.S.*, 141 S. Ct. 1648 (2021) expressly rejects this theory.   In *Van Buren*, the Court interpreted the statutory term "exceeds authorized access" to apply only to those defendants who access "information located in particular areas of the computer—such as files, folders, or databases—that are off limits" to them. *Id.* at 1662 *citing* 18 U.S.C. § 1030(a)(2).   Notably, the Court held that exploiting existing access to a computer system "for an improper purpose" does *not* violate the statute. *Id.*   "CFAA focuses on – and punishes – an individual's unauthorized *access* of

---

[12]    Plaintiff's attempts to include claims related to the Trump Organization's servers or the Executive Office of the President are unavailing. *See, e.g.*, Compl. at ¶¶ 383-84, 386, 388.  Neither the Trump Organization nor the federal government is a plaintiff to this litigation and Plaintiff cannot assert a claim on their behalf. *See, e.g.*, *Sierra v. City of Hallandale Beach*, 996 F.3d 1110, 1124-25 (11th Cir. 2021) (Newsom, J., concurring) (noting plaintiff can sue for injury to the government only where Congress has authorized a *qui tam* suit).

BUCHANAN INGERSOLL & ROONEY PC :: One Biscayne Tower :: 2 South Biscayne Boulevard, Suite 1500 :: Miami, FL 33131 :: T 305 347 4080 :: F 305 347 4089

information rather than how a defendant *uses* the accessed data." *CareersUSA, Inc. v. Guerrero*, No. 14-cv-80096, 2014 WL 12862259, at *3 (S.D. Fla. Aug. 25, 2014) (emphasis in original) (quotation omitted).

The Complaint alleges Neustar is "an information technology company" that "offers various internet-related information, data and analytics services, including [DNS] resolution services."[13]  Compl. at ¶ 103.  In the ordinary course of its business, Neustar allegedly acquired "access to non-public and proprietary internet data," including DNS data from Trump Tower and plaintiff's private New York City apartment.  *Id. at* ¶ 123.  Neustar also allegedly provided "DNS resolution services" to the Executive Office of the President ("EOP") and thereby "c[a]me to access and maintain dedicated servers for the EOP."  *Id.* at ¶ 124.

The Complaint also alleges that Neustar and its then-chief executive, Mr. Joffe, were "tasked" "[] to exploit . . . their access to non-public data to dredge up" compromising information about plaintiff.  Compl. at ¶ 109.  Neustar and Mr. Joffe then allegedly proceeded to "min[e]" executive branch DNS data and "quer[y] their holdings of nonpublic internet data" against internet protocol and email addresses associated with plaintiff, the Trump Organization, and "numerous Trump associates."  *Id.* at ¶¶ 125–26.

Taken as true only for purposes of this Motion, the allegations demonstrate that Neustar and Mr. Joffe did no more than the CFAA allows – allegedly employed data already in their possession to run searches concerning Plaintiff.  Far from gaining unauthorized access to files or systems "off limits" to them, *Van Buren*, 141 S. Ct. at 1662, Neustar and Mr. Joffe allegedly

---

[13]      In December, 2021, several months before Plaintiff filed his Complaint, TransUnion acquired Neustar's marketing, fraud and communications solutions business.  It did not acquire Neustar's security business, which includes DNS resolution services, now operates as a standalone company.  Rodney Joffe is not an employee of Neustar, retiring before TransUnion's acquisition.

BUCHANAN INGERSOLL & ROONEY PC :: One Biscayne Tower :: 2 South Biscayne Boulevard, Suite 1500 ::  Miami, FL 33131 :: T 305 347 4080 :: F 305 347 4089

"exploited . . . access" they were otherwise given for supposedly "nefarious purposes," Compl. at ¶¶ 102, 122.[14]  This does *not* violate the CFAA.  *See Armor Corr. Health Servs., Inc. v. Teal*, No. 19-cv-24656, 2021 WL 5834245, at *27 (S.D. Fla. Dec. 8, 2021) (finding executive authorized to access employer's systems with "no meaningful limitations" did not violate CFAA by downloading documents "for the improper purpose of using [them]" to compete with employer).

Plaintiff's CFAA claim also fails to the extent he alleges (without any basis) that Defendants "manipulated, falsified, and altered" data to manufacture a connection between Plaintiff's computer servers and those of a Russian bank.  Compl. at ¶ 392.  The CFAA is "an anti-hacking statute" that penalizes unauthorized access to protected computers.  *IBI Grp. (Fla.) Inc. v. B&S Eng'g Consultants, LLC*, No. 17-cv-246, 2017 WL 7311866, at *3 (M.D. Fla. June 27, 2017).  Thus, allegations that Defendants "fabricat[ed]" computer-related evidence, Compl. at ¶ 110, are outside the scope of the statute.

**2.     Plaintiff Fails to Plead A Damage or Loss Compensable Under the CFAA**

This Court also should dismiss Plaintiff's CFAA claim for the independent reason that he fails to allege compensable damage or loss in excess of $5,000 in one year.  *See* 18 U.S.C. § 1030(g).  Damages under the CFAA are confined to two permissible categories: (1) reasonable costs associated with responding to a breach, such as "assessing the damage done" and "restoring" systems to their prior condition, and (2) revenue lost or costs incurred because of an interruption of service.  *Brown Jordan Int'l, Inc. v. Carmicle*, 846 F.3d 1167, 1174 (11th Cir. 2017); *see also 777 Partners*, 2021 WL 2038175, at *5 (defining "damage" under the CFAA as "an impairment

---

[14]     Although the Complaint includes a single, throwaway allegation that Neustar was commission[ed]" "to brazenly hack servers," Compl. at ¶ 62, it provides no support for this "naked assertion[] devoid of further factual development." *Iqbal*, 556 U.S. at 678.  The allegation, which is also inconsistent with other well-pleaded facts, therefore need not be taken as true even at this stage. *Id.*

BUCHANAN INGERSOLL & ROONEY PC :: One Biscayne Tower :: 2 South Biscayne Boulevard, Suite 1500 ::  Miami, FL 33131 :: T 305 347 4080 :: F 305 347 4089

to the integrity or availability of data, a program, a system, or information").  Other types of foreseeable losses, such as "lost revenue from the possible misappropriation of 'stolen' information," do not count toward the $5,000 statutory minimum.  *Schwartz v. ADP, Inc.*, No. 21-cv-283, 2021 WL 5760434, at *2 (M.D. Fla. Dec. 3, 2021) (citation omitted).

To that end, courts within the Eleventh Circuit routinely dismiss CFAA claims for failure to plead the type of damages recoverable under the statute.  *See, e.g.*, *Schwartz*, 2021 WL 5760434, at *2 (dismissing claim where plaintiff made only "conclusory allegation" of loss in excess of $5,000); *My Energy Monster, Inc. v. Gawrych*, No. 20-cv-2548, 2021 WL 6125579, at *4 (M.D. Fla. Sept. 29, 2021) (dismissing complaint for failure to plead "at least $5,000" in spending "on remedial actions"); *777 Partners*, 2021 WL 2038175, at *5-6 (holding that plaintiff could not recover for defendant's unjust enrichment and failed to allege compensable "cost[s] of responding to the alleged offense"); *Mortg. Now, Inc. v. Stone*, No. 09-cv-80, 2010 WL 11519201, at *5 (N.D. Fla. Sept. 29, 2010) (dismissing claim on ground that "lost profits" untethered to an "interruption of service" "do not constitute loss under the CFAA").  Although Plaintiff asserts damages well in excess of $5,000, those damages, which he describes as legal fees and expenses, do not satisfy the narrow definition of recoverable loss under the CFAA.  This Court should therefore dismiss Plaintiff's CFAA claim as to Neustar with prejudice.

### D.      Plaintiff Fails to State a Claim for Theft of Trade Secrets

Plaintiff's allegations for theft of trade secrets fail for the same reason that Plaintiff failed to allege this claim as a cognizable RICO predicate act – Plaintiff does not own DNS information, which allows users to connect to websites using domain names instead of IP addresses and is readily available to internet service providers.  *See supra* at section III.A.1.

BUCHANAN INGERSOLL & ROONEY PC :: One Biscayne Tower :: 2 South Biscayne Boulevard, Suite 1500 ::  Miami, FL 33131 :: T 305 347 4080 :: F 305 347 4089

### E.      Plaintiff Fails to State a Claim for Violation of the SCA

Plaintiff's claim for violation of the SCA fails not only because he fails to plead all of the elements of a private right of action, but also because he has failed to allege facts sufficient to support his claim.[15]  Plaintiff appears to aver that Neustar improperly "exploited access" to DNS information.[16]  Compl. at ¶¶ 123-24, 418.  Yet this allegation is insufficient to support his claim.

To state a claim under the SCA, "an aggrieved party must establish that the defendant (1) intentionally accessed without authorization a facility through which an electronic communication is provided, or intentionally exceeded an authorization to access that facility; and (2) obtained, altered, or prevented authorized access to a wire or electronic communication while it was in electronic storage in such system."  *Skypoint Advisors, LLC v. 3 Amigos Prods. LLC*, No. 18-cv-356, 2021 WL 6118097, at *3 (M.D. Fla. Dec. 27, 2021) (citations omitted).

Plaintiff does not allege, aside from "formulaic recitation[s] of the elements of a cause of action" what electronic communications were obtained.  *See Twombly*, 550 U.S. at 555; Compl. at ¶ 419.  SCA claims often arise from claims of unauthorized access of an email or laptop.  *See, e.g.*, *Sartori v. Schrodt*, No. 19-15114, 2021 WL 6060975 (11th Cir. Dec. 20, 2021); *Vista Mktg. v. Burkett*, 812 F.2d 954, 964 (11th Cir. 2016) (finding unauthorized accessing of emails stored by an online host violates the SCA).  Tellingly, Plaintiff has not made this allegation.  Further, courts have not held that personal computers are "facilities" under the SCA because the computers do not provide electronic communication services.  *See, e.g.*, *U.S. v. Steiger*, 318 F.3d 1039, 1049 (11th

---

[15]      Neustar joins in and incorporates by reference the arguments in section IV.E. of Rodney Joffe's Motion to Dismiss.

[16]      Plaintiff's attempts to include claims related to the Trump Organization's servers or the Executive Office of the President are unavailing.  *See, e.g.*, Compl. at ¶¶ 123-24, 418.  Neither the Trump Organization nor the federal government is a plaintiff to this litigation and Plaintiff cannot assert a claim on their behalf.  *See, e.g.*, *Sierra*, 996 F.3d at 1125 (Newsom, J., concurring) (noting plaintiff can sue for injury to the government only where Congress has authorized a *qui tam* suit).

BUCHANAN INGERSOLL & ROONEY PC :: One Biscayne Tower :: 2 South Biscayne Boulevard, Suite 1500 :: Miami, FL 33131 :: T 305 347 4080 :: F 305 347 4089

Cir. 2003) (finding the SCA does not "apply to the source's hacking into Steiger's computer to download images and identifying information stored on his hard-drive because there is no evidence to suggest that Steiger's computer maintained any 'electronic communication service' as defined in 18 U.S.C. § 2510(15).")  To the extent that Plaintiff's claim arises from DNS information, *see* Compl. at ¶¶ 124-26, such information is not an "electronic communication" under the SCA.  *See, e.g.*, *In re Facebook, Inc. Internet Tracking Litig.,* 956 F.3d 589, 609 (9th Cir. 2020) (URLs are not protected under the SCA); *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1108 (9th Cir. 2014) (IP addresses are not "contents" of a communications under the SCA because they "do not [] reveal any more about the underlying contents of communication than do phone numbers."); *U.S. v. Bynum*, 604 F.3d 161, 164 n.2 (4th Cir. 2010) (defendant's IP address amounts to numbers that he "never possessed").

Plaintiff also fails to adequately allege that the unnamed electronic communications at issue were in electronic storage.  Only communications in "electronic storage" are actionable.  *See Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1316 (11th Cir. 2006) (affirming dismissal where communication was not in "electronic storage," and "thus, are not protected by the SCA.").  Plaintiff does not allege any facts about the "electronic storage" system which allegedly stored the electronic communications at issue.  Instead, the Complaint makes the conclusory allegation that Neustar obtained (unidentified) communications from "the Computers that were in electronic storage in such systems."  Compl. at ¶ 419.  This is insufficient.  *See, e.g.*, *Integrated Waste Solutions, Inc. v. Goverdhanam,* 2010 WL 4910176 (E.D. Pa. 2010) (finding proprietary information stored on business' computer was not in "electronic storage" within the SCA).  This Court should dismiss Plaintiff's claim against Neustar for violation of the SCA with prejudice.

BUCHANAN INGERSOLL & ROONEY PC :: One Biscayne Tower :: 2 South Biscayne Boulevard, Suite 1500 :: Miami, FL 33131 :: T 305 347 4080 :: F 305 347 4089

### F. Plaintiff Fails to State a Claim for Respondeat Superior / Vicarious Liability Because it is Not an Independent Cause of Action

Last, Plaintiff purports to assert a claim against Neustar for "Respondeat Superior/Vicarious Liability." *See, e.g.*, Compl. at ¶¶ 498-499, 506-07. Respondeat superior and vicarious liability are theories of liability, not independent causes of action. *Chunhong Jia v. Boardwalk Fresh Burgers & Fries, Inc.*, No. 19-cv-2527, 2020 WL 5628734, at *2 (M.D. Fla. Sept. 21, 2020) (respondeat superior is not an independent cause of action, but a theory of liability); *Ceithaml v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1349 (S.D. Fla. 2016) ("Theories of vicarious liability, however, are not independent causes of action; instead, they are theories of liability for other claims."); *Colite Int'l Inc. v. Robert L. Lipton, Inc.*, No. 05-cv-60046, 2006 WL 8431505, at *12 (S.D. Fla. Jan. 20, 2006) (dismissing with prejudice plaintiff's counts for respondeat superior liability "since no such cause of action exists for respondeat superior.").[17] This Court should therefore dismiss Count XVI as to Neustar with prejudice.

## CONCLUSION

For all of the foregoing reasons, Neustar respectfully requests that this Court dismiss Plaintiff's Complaint as against Neustar with prejudice.

## REQUEST FOR HEARING

Pursuant to Local Rule 7.1(b), Neustar respectfully requests a hearing on its motion to dismiss because a hearing would benefit the parties and this Court in light of the length of the Complaint and the number of claims and defendants. Neustar estimates that a hearing on issues relating to it would last one hour.

---

[17] Plaintiff's attempts to hold Neustar liable for the conduct of Mr. Joffe fail for at least two additional reasons. First, the claims asserted against Mr. Joffe fail to state a claim upon which relief can be granted for the reasons set forth in his Motion to Dismiss. Second, Neustar is improperly named as a defendant in this litigation. *See supra* at 1.

BUCHANAN INGERSOLL & ROONEY PC :: One Biscayne Tower :: 2 South Biscayne Boulevard, Suite 1500 :: Miami, FL 33131 :: T 305 347 4080 :: F 305 347 4089

Dated: May 20, 2022                    Respectfully submitted,


                                       By: */s/ Jennifer Olmedo-Rodriguez*
                                            Jennifer Olmedo-Rodriguez
                                            Florida Bar No. 605158
                                            BUCHANAN INGERSOLL & ROONEY PC
                                            2 South Biscayne Blvd., Suite 1500
                                            Miami, Florida 33131
                                            Tel: (305) 347-4080
                                            Fax: (305) 347-4089
                                            Email: jennifer.olmedo-rodriguez@bipc.com

                                            -    and –

                                            Samantha L. Southall (*pro hac vice* pending*)*
                                            Pennsylvania Bar No. 80709
                                            BUCHANAN INGERSOLL & ROONEY PC
                                            50 S. 16th Street, Suite 3200
                                            Philadelphia, PA 19102
                                            Tel: (215) 665-8700
                                            Fax (215) 667-8760
                                            Email: samantha.southall@bipc.com

                                            *Counsel for Defendant Neustar, Inc.*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 20, 2022, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to

counsel of record.


                                            */s/ Jennifer Olmedo-Rodriguez*
                                            BUCHANAN INGERSOLL & ROONEY PC


4865-4577-2063, v. 10

21