**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| DONALD J. TRUMP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )  Case No. 2:22-cv-14102-DMM |
| | ) |
| HILLARY R. CLINTON, ET AL., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

## CHARLES DOLAN'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Respectfully submitted,

/s/ George R. A. Doumar
George R.A. Doumar
*Admitted Pro Hac Vice*
Jonathan E. Levine, Esquire
Florida Bar No. 937711
Mahdavi Bacon Halfhill & Young, PLLC
11350 Random Hills Road, Suite 700
Fairfax, Virginia, 22030
Tel: (703) 352-1300
Fax: (703) 352-1301
Email: gdoumar@doumarmartin.com

Attorneys for Charles H. Dolan

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

BRIEF SUMMARY .......................................................................................................... 1

RELEVANT FACTS ALLEGED IN THE COMPLAINT ................................................ 1

ARGUMENT ...................................................................................................................... 3

    I.   THIS COURT LACKS PERSONAL JURISDICTION OVER MR. DOLAN .................. 3

      A.   Facts, Including Those Pled, Confirm the Lack of Sufficient Contacts........................... 3

          1.   Mr. Dolan Has Never Had Business, Property, or Offices in Florida. ....................... 3

          2.   Plaintiff Has the Burden To Make Out a Prima Facie Case of Personal Jurisdiction, But Has Not Done So and Cannot Do So As to Mr. Dolan......................................... 3

      B.   Neither the Long-Arm Statute nor Due Process Is Satisfied.............................................. 4

          1.   No Allegations Concerning Mr. Dolan's Conduct Meet the Requirements for Personal Jurisdiction Pursuant to the Florida Long-Arm Statute ................................ 4

          2.   There Is No Allegation That Mr. Dolan Provided Services in Florida or Provided Services Used in Florida During the Relevant Time Frame........................................ 5

          3.   The Claim Does Not Relate to Any Contacts Mr. Dolan Had in Florida, and Mr. Dolan Never Availed Himself of the Privilege of Conducting Activities In Florida, Confirming that the Due Process Prong Is Not Satisfied ............................................ 6

    II.   THE STATUTES OF LIMITATIONS FOR ALL COUNTS RAISED AGAINST MR. DOLAN (AND OTHER DEFENDANTS) HAVE EXPIRED........................................... 7

    III.   COUNTS II, IV, AND VI OF THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLANTIFF'S CLAIMS FAIL ON THE MERITS......................................... 9

    IV.   THERE IS NO FACTUAL ALLEGATION TO SUPPORT THAT CHARLES DOLAN HAD AN AGREEMENT WITH ANYONE TO DO ANYTHING UNLAWFUL; MR DANCHENKO IS THE ONLY OTHER DEFENDANT WITH WHOM MR. DOLAN IS ALLEGED TO HAVE ANY CONTACT ................................................................... 10

    V.   VENUE IS IMPROPER. ............................................................................................. 13

i

CONCLUSION.................................................................................................................... 13

## **TABLE OF AUTHORITIES**

**Cases**

Agency Holding Corp. v Malley-Duff & Assocs., 483 U.S. 143 (1987)......................................... 8

Arora v. Paige, 855 F. App'x 667, 669 (11th Cir. 2021) ........................................................ 7

Berry v. Coleman, 172 F. App'x 929, 932 (11th Cir. 2006) ................................................... 12

Davis v. Monahan, 832 So. 2d 708, 709 (Fla. 2002) ............................................................ 8

Diamond Chrystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, (11th Cir. 2010) ....... 6

EMI Sun Village, Inc. v. Catledge, 779 Fed. Appx. 627, 637 (11th Cir. 2019) ......................... 10

Frida Kahlo Corp. v. Pinedo, Civil Action No. 18-21826-Civ, 2021 U.S. Dist. LEXIS 172909 ... 7

Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000) ........... 3

Griffin Indus., Inc. v. Irvin, 496 F.2d 1189, 1206 (11th Cir. 2007)....................................... 11

Internet Solutions Corp. v. Marshall, 557 F.3d 1293, 1295 (11th Cir. 2009)............................ 4

Lehman v. Lucom, 727 F.3d 1326, 1330 (11th Cir. 2013) ...................................................... 8

Licciardello v. Lovelady, 544 F.3d 1280, 1283 (11th Cir. 2008) ............................................. 4

Lobel v. Genesis Group Intern., Inc., 2013 WL 1818424 (S.D. Fla. April 29, 2013) .................. 4

Posner v. Essex Ins. Co., Ltd., 178 F.3d 1209, 1214 (11th Cir. 1999) ...................................... 4

Rexam Airspray Inc. v. Arminak, 471 F. Supp. 2d 1292, 1298 (S.D. Fla. 2007)......................... 4

Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626 (11th Cir. 1996).............................. 4

Snow v. DirecTV, Inc., 450 F.3D 1314, 1318 (11th Cir. 2006) ............................................... 6

Wilchombe v TeeVee Toons, Inc., 555 F. 3rd 949, 959 (11th Cir. 2009).................................. 11

Young v. Ball, 835 So. 2d 385, 386 (Fla. Dist. Ct. App. 2003).............................................. 8

**Statutes**

28 U.S.C. §1391 ...................................................................................................... 13

Fla. Stat. § 95.11(3)(p) ............................................................................................... 8

Fla. Stat. § 48.193 ................................................................................................... 4, 6

**Rules**

Rule 12(b)(2) Fed. R. Civ. P. ...................................................................................... 3

Rule 12(b)(6) ...................................................................................................... 3, 7, 10

## INTRODUCTION

Defendant Charles Dolan, by and through counsel, files this memorandum in support of his motion to dismiss pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure, in relation to Counts II, IV, and VI of Plaintiff Donald J. Trump's Complaint, which are the counts pled against Mr. Dolan.

## BRIEF SUMMARY

Initially, the courts in Florida have no personal jurisdiction over Mr. Dolan. The case against him should be dismissed on that basis alone.

Also, Mr. Dolan agrees with the arguments made by other Defendants that the statute of limitations for Counts II, IV and VI have expired based on the allegations of the Complaint itself. Mr. Dolan also agrees that the three conspiracy counts do not state a claim for the reasons set forth in numerous other motions.  The Complaint's allegations do not satisfy the elements for the underlying counts for RICO, injurious falsehood and malicious prosecution.  Finally, Mr. Dolan's attenuated connection to the other defendants (he is only alleged to have any contact with Defendant Danchenko) precludes any agreement in any alleged wrongful scheme alleged to use false information to take to the FBI.

## RELEVANT FACTS ALLEGED IN THE COMPLAINT

The facts in the Complaint alleging Mr. Dolan's connection with any unlawful conspiracy to smear Plaintiff when he was running for President -- even assuming that states a cause of action – are tenuous, ambiguous and insufficient to make him a co-conspirator.   Although the Complaint alleges a specific agreement by the Clinton Campaign and others to develop information and go to the FBI, Complaint, ¶76-77, Mr. Dolan is not alleged to be part of that agreement.

The only specific factual allegations relating to Mr. Dolan involve conversations he had with Defendant Danchenko. (Complaint at ¶79,89-97, 205-209, 246)   Both Mr. Danchenko and Mr. Dolan were interested in Russian-related business.   See the Danchenko Indictment, cited in the Complaint at pages 19-21 as a source for allegations relating to Mr. Dolan, at ¶¶20, 21, 26. Mr. Dolan and Danchenko were introduced in Washington, D.C. through Russia-related networks and worked on a business conference in Russia in October 2016.   (Danchenko Indictment, ¶20, 21, 26.) Danchenko and Dolan had conversations and Danchenko agreed to help work on the business conference.  Id. at ¶26.

One possible conversation Mr. Dolan had cited in the Complaint relates to a stay that Mr. Dolan had in a Moscow hotel (this conversation is a source of speculation in the Complaint based on Mr. Dolan having stayed in the hotel), and one conversation cited in the Complaint relates to a reaction to the resignation of Paul Manafort. (Complaint at ¶91, 94).   There is no allegation supporting any alleged agreement or conspiracy to undertake any unlawful act by Mr. Dolan, and no allegation that he spoke to any other Defendant other than Mr. Danchenko.   Based on the Complaint, and in particular the underlying Danchenko Indictment, Mr. Dolan was not part of any conspiracy or agreement to do anything unlawful. Mr. Dolan never spoke to anyone except Mr. Danchenko. For that reason, the conspiracy counts against Mr. Dolan must be dismissed.

Mr. Dolan was a public relations consultant but did not have any relevant contact with the DNC, FusionGPS, Perkins Coie, or any of the other defendants in this matter.

Having phone conversations with Mr. Danchenko in the Washington D.C. area and working with him on a business conference in Russia does not subject Mr. Dolan to personal jurisdiction in Florida. There is no allegation, nor can there be, that Mr. Dolan had any

2

communications with any other Defendant during the relevant time frame.    Gossiping with one acquaintance does not constitute a conspiracy.

<u>**ARGUMENT**</u>

The Complaint must be dismissed under Rule 12(b)(2) Fed. R. Civ. P. for lack of personal jurisdiction over Defendant Dolan, and pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted against Charles Dolan.

**I.      <u>THIS COURT LACKS PERSONAL JURISDICTION OVER MR. DOLAN</u>**

**A.      <u>Facts, Including Those Pled, Confirm the Lack of Sufficient Contacts</u>**

**1.      <u>Mr. Dolan Has Never Had Business, Property, or Offices in Florida.</u>**

This Court does not have personal jurisdiction over Mr. Dolan.    The Complaint does not allege any facts to establish the Court's jurisdiction over Mr. Dolan. Mr. Dolan is a resident of Arlington, Virginia. He has no business, property, or offices in Florida. He has no continuous and systematic contacts in Florida, and had no contacts in Florida relating to the transactions at issue. Mr. Dolan is not subject to jurisdiction under Florida's long-arm statute and the exercise of jurisdiction over him by this Court would violate due process under the *International Shoe* analysis. Mr. Dolan provides a Declaration in support of this motion to dismiss for lack of personal jurisdiction (the "Declaration"), attached as Exhibit 1, confirming his lack of contacts.

**2.      <u>Plaintiff Has the Burden To Make Out a Prima Facie Case of Personal Jurisdiction, But Has Not Done So and Cannot Do So As to Mr. Dolan</u>**

The plaintiff carries the burden of establishing a prima facie case of personal jurisdiction over a nonresident defendant and must plead sufficient material facts to satisfy that burden. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000). "A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for a directed verdict." *Lobel v. Genesis Group Intern., Inc.*, 12-81408-CIV, 2013 WL 1818424 (S.D. Fla. April

3

29, 2013). A plaintiff's failure to allege any grounds supporting the exercise of personal jurisdiction is sufficient reason to grant a motion to dismiss for lack of jurisdiction. *Id*. Plaintiff here alleges no contacts by Mr. Dolan with Florida.

      **B.**     **Neither the Long-Arm Statute nor Due Process Is Satisfied**

     Florida's long-arm statute, section 48.193, Florida Statutes, does not provide a basis for personal jurisdiction over Mr. Dolan.   *See Internet Solutions Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009). Even if the long-arm statute reached Mr. Dolan, the Court would then need to determine whether "sufficient minimum contacts exist between the defendants and the forum state so as to satisfy 'traditional notions of fair play and substantial justice.'"   *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996).   A defendant's contacts with the forum statute must be of such a nature that the defendant should reasonably expect to be hauled into court in the forum state. *Id*. at 631. "Personal jurisdiction principles safeguard defendants from being unwillingly placed under the jurisdiction of a foreign court in a manner that is unjust and inequitable." *Rexam Airspray Inc. v. Arminak*, 471 F. Supp. 2d 1292, 1298 (S.D. Fla. 2007).

      **1.**   **No Allegations Concerning Mr. Dolan's Conduct Meet the Requirements for Personal Jurisdiction Pursuant to the Florida Long-Arm Statute**

     The extensive 108-page Complaint sets forth no specific factual allegations that could serve as a basis for personal jurisdiction over Mr. Dolan.   *See Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008); *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999). The Eleventh Circuit has made clear that "Florida's long-arm statute is to be strictly construed." *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996). Florida's long arm statute enumerates the circumstances that allow a Florida court to exercise personal jurisdiction over an out of state defendant. *See* Fla. Stat. § 48.193.

The only geographical references concerning Mr. Dolan in the 108-page Complaint are allegations about activities in Washington, D.C. and Moscow, Russia. *See* Complaint at ¶91(g) and 92.   The only statement Plaintiff asserts concerning personal jurisdiction over Mr. Dolan is conclusory. *See* Complaint at ¶ 19 ("Dolan's acts and omission as identified in this lawsuit arise out or relate to his conduct in and/or affecting among other jurisdictions, Florida"). Based on these allegations, the Complaint should be dismissed as to Mr. Dolan.

Any attempt by Plaintiff to amend his Complaint to add allegations against Mr. Dolan would be futile.   Mr. Dolan meets none of the prongs of the long-arm statute.   He operates no business in the state; he did not commit a tortious act in the state; he owns no real property in Florida or provided insurance therein; he has not breached a contract in the state; he is not engaged in solicitation or service activities in the state; he has not injected goods in the stream of commerce; he has not engaged in intercourse leading to a paternity dispute.   Plaintiff has the burden to allege facts that make a prima facie case for personal jurisdiction but has alleged none of these activities.

## 2.   There Is No Allegation That Mr. Dolan Provided Services in Florida or Provided Services Used in Florida During the Relevant Time Frame

Although not alleged nor specified, the only remotely plausible subsection of Florida's long arm statute that Plaintiff can assert for personal jurisdiction over Mr. Dolan is subsection 6, where personal jurisdiction can be asserted when a defendant's actions:

> Caus[ed] injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either: a) The defendant was engaged in solicitation or service activities within this state; or b) Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

If the basis for personal jurisdiction is resulting injury in Florida (assuming that such injury has been factually alleged), then either Mr. Dolan would have had to have been engaged in

solicitation or services activities at the same time in Florida, or had products or services made or provided by him that were used or consumed in Florida in the ordinary course in business in the same time period. Mr. Dolan is a Washington, D.C. based consultant, and was at the time.

Plaintiff Trump has not met his initial burden to plead facts sufficient for a *prima facie* case of personal jurisdiction, and cannot, consistent with Rule 11 of the Federal Rules of Civil Procedure, plead sufficient facts to support the exercise of personal jurisdiction over Mr. Dolan under Fla. Stat. § 48.193. See *Diamond Chrystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) ("A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction."); *Snow v. DirecTV, Inc., 450 F.3D 1314, 1318* (11th Cir. 2006) (vague and conclusory allegations are insufficient to establish a prima facie case of personal jurisdiction).

Plaintiff simply cannot plead sufficient facts to make out a *prima facie* case of personal jurisdiction against Mr. Dolan, so the case should be dismissed with prejudice as to Mr. Dolan.

**3. The Claim Does Not Relate to Any Contacts Mr. Dolan Had in Florida, and Mr. Dolan Never Availed Himself of the Privilege of Conducting Activities In Florida, <u>Confirming that the Due Process Prong Is Not Satisfied</u>**

The Complaint does not allege any conduct that satisfies the Eleventh Circuit's three-part test to determine compliance with constitutional due process:

> (1) whether the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum;
> (2) whether the nonresident defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws;
> (3) and whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice.

*Frida Kahlo Corp. v. Pinedo*, Civil Action No. 18-21826-Civ, 2021 U.S. Dist. LEXIS 172909, at *1 (S.D. Fla. Sep. 10, 2021)

Mr. Dolan does not own property in Florida. Ex. 1 at ¶2. He is and was a resident of Virginia. *Id* at ¶1. He does not conduct business in Florida, nor did he during the relevant time period.  *Id* at ¶3. Further, his travel to Florida over the past several years has been only intermittent and for the purpose of visiting his aunt and friends. *Id* at ¶4-6.

Mr. Dolan never purposefully availed himself of the benefits of Florida law sufficient to be hauled into Court.   Nothing alleged throughout the Complaint indicates that any of the causes of action arose from any contact Mr. Dolan had with Florida. Given the dearth of allegations concerning Mr. Dolan's contacts, and his actual lack of contact, this Court cannot exercise personal jurisdiction over Mr. Dolan.

Especially given controlling authority from the Eleventh Circuit, Mr. Dolan respectfully requests that this Court dismiss Mr. Dolan from this lawsuit with prejudice.

## II.     THE STATUTES OF LIMITATIONS FOR ALL COUNTS RAISED AGAINST MR. DOLAN (AND OTHER DEFENDANTS) HAVE EXPIRED

Mr. Dolan adopts the arguments in Defendant Hillary Clinton's Motion to Dismiss (Dkt. 52)(the "Clinton Motion"), John Podesta's Motion To Dismiss, Igor Danchenko's Motion to Dismiss, and others, as to Counts, II, IV, and VI, namely that Plaintiff's claims are time-barred on their face, as well as the similar arguments of other Defendants. Multiple defendants have raised the statute of limitations as a basis for dismissal, and the grounds are even stronger in Mr. Dolan's case given the paucity of factual allegations relating to him.   A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time barred. *Arora v. Paige*, 855 F. App'x 667, 669 (11th Cir. 2021).

The Complaint's latest chronological allegation in relation to any relevant conversation by Mr. Dolan occurred on January 13, 2017. *See* Complaint, ¶ 209. All of the causes of action raised against Mr. Dolan have a four-year statute of limitations. The Plaintiff alleges injury or knowledge at various points during 2017. As discussed in the Clinton Motion, RICO causes of action have a four-year statute of limitations. The statute of limitations for conspiracy to commit RICO violations (Count II) is four years and begins running when the injury was or should have been discovered. *Lehman v. Lucom*, 727 F.3d 1326, 1330 (11th Cir. 2013); *Agency Holding Corp. v Malley-Duff & Assocs.*, 483 U.S. 143 (1987). Count II, at ¶¶ 323 and 324, states the alleged injury as harm to Plaintiff's business and property, including legal expenses he incurred defending himself against the accusations in the Steele Dossier.

The absolute latest date when the Plaintiff can possibly claim that the injury was discovered would be January of 2017 when the Dossier became public. Accordingly, the statute of limitations for Count II expired, at the latest, in January 2021. The statute of limitations for conspiracy to commit injurious falsehood (Count IV) is also conspiracy to commit malicious prosecution (Count VI) is four years from the date of injury, in keeping with Florida's statute of limitations for general claims of civil conspiracy. *Davis v. Monahan*, 832 So. 2d 708, 709 (Fla. 2002); *Young v. Ball*, 835 So. 2d 385, 386 (Fla. Dist. Ct. App. 2003); see Fla. Stat. § 95.11(3)(p) (providing four-year statute of limitations for claims not otherwise listed). Counts IV (at ¶355) and VI (at ¶¶380 and 381) allege that the "injury" was "the cost of dealing with the legal issues and political issues" arising out of the Dossier. Even putting aside the pre-publication investigations, the latest Plaintiff can possibly claim the injury occurred would be January 2017, when the Dossier was made public. Plaintiff filed his Complaint over a year too late — March 24, 2022. Accordingly, Counts II, IV, and VI against Mr. Dolan must be dismissed with prejudice.

### III.     COUNTS II, IV, AND VI OF THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLANTIFF'S CLAIMS FAIL ON THE MERITS

Mr. Dolan joins in and adopts the arguments in Section II B through E of the Defendant Hillary Clinton's Motion to Dismiss (Dkt. 52) that Plaintiff's claims as to Counts, II, IV and VI fail on the merits and should therefore be dismissed, as well as similar arguments in Section II of Defendant John Podesta's motion to dismiss (Dkt. 124), and similar arguments in other motions. The pleading requirements for these counts are simply not met.

There is no allegation that Mr. Dolan agreed even to communicate with any other Defendant, other than Mr. Danchenko.   The allegations against Mr. Dolan at most show that he visited Moscow on business, and that he gossiped with Mr. Danchenko (which will be discussed further below) about his visit and about the reason for Mr. Manafort leaving the Trump campaign. Mr. Dolan primarily discussed with Mr. Danchenko potential consulting business relating to work in Russia.

In addition, as to Count II, the "RICO Defendants" are defined earlier in the Complaint, Complaint, ¶268, and then Mr. Dolan is apparently just included as a "RICO Conspiracy Defendant" in Count II without further elaboration or any statements that he even had any contact with the RICO Defendants.

As another example, and again assuming a valid cause of action is pled, Mr. Dolan's name appears to be added to Count VI, even though there is no allegation that Mr. Dolan had any knowledge of any potential investigations or warrants, or anything that would remotely approach the elements of malicious prosecution.

For the reason set forth in other motions, including the motions cited above, the elements of a RICO conspiracy, injurious falsehood and malicious prosecution, relating to Counts II, IV and VI, are not pled.

## IV.   THERE IS NO FACTUAL ALLEGATION TO SUPPORT THAT CHARLES DOLAN HAD AN AGREEMENT WITH ANYONE TO DO ANYTHING UNLAWFUL; MR DANCHENKO IS THE ONLY OTHER DEFENDANT WITH WHOM MR. DOLAN IS ALLEGED TO HAVE ANY CONTACT

For a civil conspiracy to exist, there must be some specific, concrete allegation of an agreement between two or more parties to act unlawfully. *EMI Sun Village, Inc. v. Catledge*, 779 Fed. Appx. 627, 637 (11th Cir. 2019) ("A civil conspiracy requires: (1) an agreement between two or more parties; (2) to do an unlawful act or to do a lawful act by unlawful means; (3) the doing of some overt act in pursuance of the conspiracy; and (4) damage to plaintiff as a result of the acts done under the conspiracy.") Here, there are no allegations tying Mr. Dolan to any other Defendant besides Mr. Danchenko, and no allegation that Mr. Dolan and Mr. Danchenko entered into an agreement to do anything unlawful.

As an initial matter, there are no specific allegations that Mr. Dolan had any contact with any party besides Mr. Danchenko. Mr. Dolan was introduced to Mr. Danchenko for purposes of potential unrelated business.

Plaintiff relies on the Danchenko Indictment as to its allegations against Mr. Dolan, but speculates to make tenuous allegations linking Mr. Dolan in his lawsuit. The allegations of the Complaint are not supported by the Indictment, which confirms that there was no unlawful agreement between Danchenko and Dolan.

This Court may and should consider the Danchenko Indictment, as a court considering a Rule 12(b)(6) motion can rely on documents referred to in the complaint. *See Wilchombe v TeeVee*

*Toons, Inc.,* 555 F. 3rd 949, 959 (11th Cir. 2009).   When the documents relied on contradict of the general and conclusory allegations of the pleading, the documents relied on govern. *See Griffin Indus., Inc. v. Irvin, 496 F.2d 1189, 1206* (11th Cir. 2007).

The Complaint, relying on the Danchenko Indictment, alleges that Mr. Dolan and Mr. Danchenko had discussions about someone creating a "dossier." Complaint at ¶79. But the underlying statement in the Indictment upon which the Complaint relies merely states that Mr. Dolan and Mr. Danchenko "…engaged in discussions regarding potential business collaboration…on issues relating to Russia." Indictment at ¶23. (Emphasis added). *See* Danchenko Indictment attached as Exhibit 2.   There is no reference to a dossier or other document, or an effort to smear Plaintiff in that paragraph of the indictment.   The Complaint does not allege anything about Dolan related to the FBI or any proceeding, investigation or prosecution, which seems to be the gravamen of the alleged conspiracy.

The subparts of Complaint ¶79 contain vague allegations and overly generous speculative inferences to presume that there was an agreement between Mr. Dolan and Mr. Danchenko to engage in an unlawful smear campaign to cause Plaintiff actionable injury.

For example, subpart c of ¶79 states that Mr. Danchenko told Mr. Dolan that Mr. Danchenko passed a note to Mr. Steele to attempt to introduce Mr. Dolan to Mr. Steele, but there is no allegation that Mr. Dolan and Mr. Steele ever communicated; Subpart d states that Mr. Danchenko sent Mr. Dolan an email regarding the Russian Banking Sector; and subpart e states that Mr. Dolan represented to an acquaintance that he (Mr. Dolan) and Mr. Danchenko are colleagues and were exchanging information.   The only relation to Plaintiff is the allegation that Mr. Danchenko solicited Mr. Dolan to cooperate in creating the dossier, but that conclusory allegation relies on the Danchenko Indictment, which does not state anything of the sort.

11

The Danchenko Indictment that Plaintiff relies upon confirms that Dolan stayed at a Moscow hotel, and received a tour, in June 2016, and that Danchenko visited the same hotel at around the same time, but that no one told Dolan about any salacious sexual activity.   Danchenko Indictment, ¶30, 31, 33.   Further, the Indictment alleged that Mr. Danchenko and Mr. Dolan collaborated on setting up a conference in October in Moscow, and that Mr. Danchenko was to assist Mr. Dolan with "logistics, provide translation services, and present on various relevant topics at the October Conference." Indictment at ¶26. These hotel visits appear to be the source for Plaintiff's allegation that information as to salacious sexual activity in a Moscow hotel that appeared in the Dossier was relayed by Dolan to Danchenko. Complaint, ¶91.  There is just no basis for this rumor that has ricocheted around the internet about Mr. Dolan being the source of an allegation about salacious sexual activity.

Plaintiff claims the Dossier is full of lies, but then cites allegations in the Dossier to implicate Mr. Dolan despite the Indictment providing no basis for him to do so.   Nor does the Dossier even mention Mr. Dolan. The allegation about Mr. Dolan being the source of this allegation is conclusory and inconsistent with ¶¶23, 26, 30, 31, 32, and 35 of the Indictment.   Also, there were multiple rumors and reports regarding the Plaintiff's sexual activity, including from the Plaintiff himself.

The Indictment confirms only that Mr. Dolan coordinated with Mr. Danchenko and hotel staff to organize a conference in Moscow and that Russian officials may have attended that conference. "On a motion to dismiss, conclusory allegations and unwarranted deductions of fact are not admitted as true. This is particularly true when the conclusory allegations contradict the other facts alleged in the complaint." *Berry v. Coleman*, 172 F. App'x 929, 932 (11th Cir. 2006).

12

The Complaint also discusses an allegation regarding Mr. Manafort's departure from Plaintiff's presidential campaign as being something that originated with Mr. Dolan. Complaint at ¶94-96. Mr. Manafort's leaving the Trump campaign and the possible reasons, therefore, do not appear to have any relevance to the claims of Plaintiff. This was public information. Indictment at ¶49 and ¶52.

As stated in the Indictment Plaintiff references throughout his Complaint, Mr. Dolan was not aware at the time of the specifics of Danchenko's project against Trump, or that Danchenko's reporting would be provided to the FBI. Indictment at ¶52.

There are no specific allegations that Mr. Dolan was involved in any unlawful conspiracy. Based on the lack of allegations as to Mr. Dolan, Counts II, IV and VI against him should be dismissed with prejudice.

## V.    VENUE IS IMPROPER

Defendant Dolan also, pursuant to Fed. R. Civ. P. 12(b)(3), raises an objection to venue, under 28 U.S.C. §1391. The allegations do not reflect that any actions relating to this Complaint took place in Florida.   The statute requires that a claim be brought where "a substantial part of the events or omissions giving rise to the claim occurred." That a newspaper may publish information in Florida does not merit dragging Defendants to Florida from all over the country or even the world.

## CONCLUSION

There is no allegation that Mr. Dolan had contact with any other defendant besides Mr. Danchenko. Mr. Dolan was working in his consulting and public relations business during the relevant time period, and met Mr. Danchenko through that work.   There is no allegation that he had any paid or formal or even informal role in the Clinton Presidential campaign, or worked with

13

any of the other Defendants, other than doing volunteer work for a Presidential campaign.   Mr. Dolan is at most tied tenuously to two bits of information that he allegedly relayed to Mr. Danchenko. That is insufficient for conspiracy.

If gossiping with a business associate about politics in Washington, D.C. during a Presidential election year could subject a person to liability, even if the gossip involves adverse information regarding a candidate, courts would be flooded with lawsuits.

There is no allegation supporting that Mr. Dolan agreed to a plan or conspiracy to undertake anything unlawful with anyone.

The claims against Mr. Dolan should be dismissed with prejudice.

Respectfully submitted,

/s/ George R. A. Doumar
George R.A. Doumar
*Admitted Pro Hac Vice*
Jonathan E. Levine, Esquire
Florida Bar No. 937711
Mahdavi Bacon Halfhill & Young, PLLC
11350 Random Hills Road, Suite 700
Fairfax, Virginia, 22030
Tel: (703) 352-1300
Fax: (703) 352-1301
Email: gdoumar@doumarmartin.com

Attorneys for Charles H. Dolan

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 23, 2022, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing on all

counsel of record.

Respectfully submitted,

<u>/s/ George R. A. Doumar</u>
George R.A. Doumar
*Admitted Pro Hac Vice*
Jonathan E. Levine, Esquire
Florida Bar No. 937711
Mahdavi Bacon Halfhill & Young, PLLC
11350 Random Hills Road, Suite 700
Fairfax, Virginia, 22030
Tel: (703) 352-1300
Fax: (703) 352-1301
Email: gdoumar@doumarmartin.com

Attorneys for Charles H. Dolan