UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

DONALD J. TRUMP,

                Plaintiff,

   v.

HILLARY R. CLINTON, et al.,

                Defendants.

Case No. 2:22-cv-14102-DMM

**MOTION TO DISMISS UNDER RULE 12(B)(6) AND
MEMORANDUM OF LAW IN SUPPORT**

**WILKINSON STEKLOFF LLP**

Brian L. Stekloff*
Sarah E. Neuman*

2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000
bstekloff@wilkinsonstekloff.com
sneuman@wilkinsonstekloff.com

    *Appearance *pro hac vice*

**BARZEE FLORES**

William R. Barzee (Florida Bar No. 158720)

Courthouse Center, Penthouse One
40 NW Third Street
Miami, FL 33128
Tel: (305) 374–3998
williambarzee@barzeeflores.com

*Counsel for Defendant Jake Sullivan*

# TABLE OF CONTENTS

ARGUMENT ........................................................................................................................... 1

    I.    Count II, Count III, Count IV, and Count VI Are Incurably Time-Barred
        And Must Be Dismissed. ........................................................................................... 1

    II.    Count II Must Be Dismissed. .................................................................................... 2

        A.    Count II Is Incurably Time-Barred. ............................................................... 2

        B.    Plaintiff Fails To Plead Numerous Elements Of Count II. ........................... 3

    III.    Count III Must Be Dismissed. .................................................................................. 4

        A.    The Statute Of Limitations On Count III Ran Years Ago. ........................... 4

        B.    Plaintiff Fails To Plead Numerous Elements Of Count III. .......................... 4

        C.    Count III Is Barred By The First Amendment. ............................................. 5

    IV.    Count IV Must Be Dismissed. .................................................................................. 8

    V.    Count VI Must Be Dismissed. .................................................................................. 9

CONCLUSION ...................................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

Cases

*ADT LLC v. Vivint, Inc.*, No. 17-cv-80432,
  2017 WL 5640725 (S.D. Fla. Aug. 3, 2017) ................................................................. 4

*Alhassid v. Bank of Am., N.A.*,
  60 F. Supp. 3d 1302 (S.D. Fla. 2014) ..................................................................... 8, 9

*Am. Dental Ass'n v. Cigna Corp.*,
  605 F.3d 1283 (11th Cir. 2010) ................................................................................ 3

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................ 1, 8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................ 8

*Chaparro v. Carnival Corp.*,
  693 F.3d 1333 (11th Cir. 2012) ............................................................................ 1, 5

*Donald J. Trump For President, Inc. v. N.Y. Times Co.*, No. 152099/2020,
  2021 WL 938979 (N.Y. Sup. Ct. Mar. 9, 2021) ........................................................ 7

*Fortson, v. Colangelo*,
  434 F. Supp. 2d 1369 (S.D. Fla. 2006) ..................................................................... 7

*From v. Tallahassee Democrat, Inc.*,
  400 So. 2d 52 (Fla. Dist. Ct. App. 1981) .................................................................. 6

*Ganske v. Mensch*,
  480 F. Supp. 3d 542 (S.D.N.Y. 2020) ....................................................................... 6

*Honig v. Kornfeld*,
  339 F. Supp. 3d 1323 (S.D. Fla. 2018) ................................................................. 8, 9

*Jackson v. BellSouth Telecomms.*,
  372 F.3d 1250 (11th Cir. 2004) ................................................................................ 3

*Jacoby v. Cable News Network, Inc.*, No. 21-12030,
  2021 WL 5858569 (11th Cir. Dec. 10, 2021) ........................................................... 8

*Kanarick v. GE Credit Retail Bank Care Credit*, No. 13-cv-80039,
  2013 WL 12092479 (S.D. Fla. Sept. 6, 2013) .......................................................... 4

*La Grasta v. First Union Sec., Inc.*,
  358 F.3d 840 (11th Cir. 2004) .................................................................................. 2

*Lehman v. Lucom*,
  727 F.3d 1326 (11th Cir. 2013) ................................................................................ 2

*Masson v. New Yorker Mag., Inc.*,
  501 U.S. 496 (1991) ................................................................................................. 8

Page(s)

<u>Cases cont'd</u>

*Miccosukee Tribe of Indians of Fla. v. Cypress*,
   814 F.3d 1202 (11th Cir. 2015) .................................................................................. 1

*N.Y. Times Co. v. Sullivan*,
   376 U.S. 254 (1964) ..................................................................................................... 5

*Rinker v. Carnival Corp.*,
   753 F. Supp. 2d 1237 (S.D. Fla. 2010) ........................................................................ 9

*Scanz Techs., Inc. v. JewMon Enters., LLC*, No. 20-22957-CIV,
   2021 WL 65466 (S.D. Fla. Jan. 7, 2021) .................................................................... 6

*Sream, Inc. v. PB Grocery, Inc.*,
   No. 16-cv-81584, 2017 WL 6409006 (S.D. Fla. Mar. 1, 2017) .................................. 6

*U.S. ex rel. Osheroff v. Humana Inc.*,
   776 F.3d 805 (11th Cir. 2015) .................................................................................... 6

*Viridis Corp. v. TCA Glob. Credit Master Fund, LP*,
   155 F. Supp. 3d 1344 (S.D. Fla. 2015) ....................................................................... 3

*Wardak v. Goolden*, No. 1:19-CV-21121-RAR,
   2020 WL 9718811 (S.D. Fla. May 22, 2020) ............................................................ 7

<u>Rules</u>

Fed. R. Civ. P. 9(b) ............................................................................................................ 1

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 1, 2

Fed. R. Evid. 201(b)(2) ...................................................................................................... 6

Defendant Jake Sullivan respectfully moves to dismiss the Complaint filed by Plaintiff Donald J. Trump ("Plaintiff"), ECF No. 1, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Even if Plaintiff's baseless allegations were accepted as true for purposes of this Motion (and they are not), they are insufficient to make out any of the four Counts in which Mr. Sullivan is named.[1]  Because Plaintiff has not come close to establishing "more than a sheer possibility" of unlawful conduct, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the claims against Mr. Sullivan should be dismissed in their entirety with prejudice.

## ARGUMENT

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (*per curiam*) (internal quotation marks and citation omitted). "A complaint that provides labels and conclusions or a formulaic recitation of the elements of a cause of action is not adequate." *Id.* (internal quotation marks and citation omitted). Further, Rule 9(b)'s heightened pleading standard applies given the Complaint's allegations about a fraudulent scheme, and Plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see also Miccosukee Tribe of Indians of Fla. v. Cypress*, 814 F.3d 1202, 1212 (11th Cir. 2015).

### I. Count II, Count III, Count IV, and Count VI Are Incurably Time-Barred And Must Be Dismissed.

All claims in which Mr. Sullivan is named—Count II (RICO Conspiracy); Count III (Injurious Falsehood); Count IV (Conspiracy to Commit Injurious Falsehood); and Count VI

---

[1] Mr. Sullivan is named in Count II (RICO Conspiracy); Count III (Injurious Falsehood); Count IV (Conspiracy to Commit Injurious Falsehood); and Count VI (Conspiracy to Commit Malicious Prosecution).

1

(Conspiracy to Commit Malicious Prosecution)—must be dismissed because they are incurably time-barred on the face of the Complaint.

"[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate . . . if it is apparent from the face of the complaint that the claim is time-barred." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845–46 (11th Cir. 2004). Mr. Sullivan joins in, adopts, and incorporates arguments by other Defendants as to why the Counts in which Mr. Sullivan is named are incurably time-barred. *See* Clinton Mot., ECF No. 52 at 1–4; Podesta Mot., ECF No. 124 at 1–3; DNC Mot., ECF No. 141 at 2–4; Perkins Coie Mot., ECF No. 143 at 2; Mook Mot., ECF No. 145 at 2; Elias Mot., ECF No. 147 at 4–5. Mr. Sullivan also demonstrates below why the injurious falsehood claim predicated on a particular statement attributed to Mr. Sullivan is barred by the applicable statute of limitations.

## II. Count II Must Be Dismissed.

Count II should be dismissed because it is time-barred and because Plaintiff fails to allege various elements of the alleged RICO conspiracy.

### A. Count II Is Incurably Time-Barred.

Count II—Plaintiff's RICO conspiracy claim—must be dismissed because it is incurably time-barred on the face of the Complaint. The statute of limitations for a RICO conspiracy is four years and runs from the date the injury was or should have been discovered. *Lehman v. Lucom*, 727 F.3d 1326, 1330 (11th Cir. 2013). As explained in Secretary Clinton's Motion, Plaintiff's own public statements make clear that he was aware of Defendants' alleged conspiracy to "weave a false narrative" that Plaintiff was colluding with Russia, Compl. ¶ 1, as of no later than October 29, 2017. Clinton Mot., ECF No. 52 at 1–3. The statute of limitations for Count II thus ran no later than October 29, 2021.

### B. Plaintiff Fails To Plead Numerous Elements Of Count II.

In addition to being time-barred, Plaintiff's RICO conspiracy claim against Mr. Sullivan should be dismissed because Plaintiff fails to adequately plead numerous elements of the underlying RICO claim, and the Complaint lacks sufficient allegations that Mr. Sullivan entered an agreement with other Defendants to commit a RICO conspiracy.

As set out in more detail in Secretary Clinton's Motion, Plaintiff's substantive RICO claim fails because the Complaint does not properly plead a cognizable RICO enterprise, predicate acts, a pattern of racketeering activity, or the basic elements of RICO standing. *Id.* at 6–14. Because the substantive RICO offense is inadequately pleaded, the RICO conspiracy claim also necessarily fails. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1269 (11th Cir. 2004); *see also* Mook Mot., ECF No. 145 at 3. Mr. Sullivan joins in and incorporates Secretary Clinton's arguments demonstrating additional fatal flaws in Plaintiff's RICO conspiracy claim. Clinton Mot., ECF No. 52 at 14–15.

Count II is further defective as to Mr. Sullivan because Plaintiff fails to allege that Mr. Sullivan agreed to "the overall objective of the conspiracy" or "to commit two predicate acts." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1293 (11th Cir. 2010). The Complaint alleges generally and vaguely that Mr. Sullivan and other Defendants conspired to injure Plaintiff's political career and to impede his ability to govern. *See* Compl. ¶ 319. But Plaintiff offers no factual allegations to substantiate the alleged conspiracy or Mr. Sullivan's agreement to participate in it. This "glaring deficiency" dooms Plaintiff's RICO conspiracy claim as to Mr. Sullivan. *Viridis Corp. v. TCA Glob. Credit Master Fund, LP*, 155 F. Supp. 3d 1344, 1366 (S.D. Fla. 2015).

For each of these reasons, the RICO conspiracy claim must be dismissed.

### III. Count III Must Be Dismissed.

Count III—Plaintiff's injurious falsehood claim—fails at the threshold because it is time-barred on the face of the Complaint.  In addition, Count III must be dismissed due to a slew of pleading deficiencies and because it is barred by the First Amendment.

#### A. The Statute Of Limitations On Count III Ran Years Ago.

Under Florida law, the statute of limitations for Plaintiff's injurious falsehood claim is two years from publication.  *ADT LLC v. Vivint, Inc.*, No. 17-cv-80432, 2017 WL 5640725, at *6 & n.8 (S.D. Fla. Aug. 3, 2017) (Middlebrooks, J.).[2]  The alleged falsehood Mr. Sullivan is accused of propagating is an October 31, 2016 campaign statement commenting on an article in *Slate* discussing Plaintiff's ties to Russia.  Compl. ¶¶ 185–86, 332.  Accordingly, the injurious falsehood claim based on this statement ran on October 31, 2018.

#### B. Plaintiff Fails To Plead Numerous Elements Of Count III.

In addition to being time-barred, Count III must be dismissed on account of various pleading deficiencies.  To state a claim for injurious falsehood, Plaintiff must allege "(1) a falsehood; (2) published or communicated to a third party; (3) the Defendant kn[e]w that the falsehood would likely induce others not to deal with the Plaintiff; (4) the falsehood did play a material and substantial part in inducing others not to deal with the Plaintiff; and (5) special damages."  *Kanarick v. GE Credit Retail Bank Care Credit*, No. 13-cv-80039, 2013 WL 12092479, at *4 (S.D. Fla. Sept. 6, 2013) (Middlebrooks, J.).  The "gist" of an injurious falsehood claim is a defendant's "intentional interference with another's *economic* relations."  *Id.* (emphasis added).  Plaintiff's claim for injurious falsehood stumbles at every turn.

---

[2] For purposes of this motion, Mr. Sullivan assumes that Florida law governs Plaintiff's common law claims.

4

As noted, Plaintiff's injurious falsehood claim against Mr. Sullivan is predicated on a campaign statement issued in October 2016 about reported ties between Plaintiff and a Russian bank. Compl. ¶¶ 185–86, 332. Plaintiff repeatedly asserts in summary fashion that the multi-paragraph statement is "false," *e.g.*, Compl. ¶¶ 186, 332–33, but never offers any factual allegations to support this "formulaic recitation of [an] element[]" of his claim. *Chaparro*, 693 F.3d at 1337. The Complaint does not even do the minimum work of identifying which portion of the statement is supposedly false.³ Plaintiff's vague and conclusory allegations about falsity are "not adequate." *Id.* Further, the Complaint is devoid of *any* non-conclusory factual allegation that Mr. Sullivan knew that the campaign statement likely would induce others not to engage in business dealings with Plaintiff, that the statement played a material part in inducing others not to deal with Plaintiff, or that Plaintiff suffered special damages as a result of the statement. *See* DNC Mot., ECF No. 141 at 7–8; Perkins Coie Mot., ECF No. 143 at 6–8. Each of these defects provides an independent basis for dismissal of the injurious falsehood claim as to Mr. Sullivan.

### C. Count III Is Barred By The First Amendment.

Plaintiff's injurious falsehood claim runs headlong into the First Amendment to the U.S. Constitution. *See N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 269–70 (1964) (noting "profound national commitment" to "uninhibited, robust, and wide-open" debate on public issues, and long-settled principle that "freedom of expression upon public questions is secured by the First Amendment"). "[W]hen [a] defendant makes a comment or opinion based on facts which are set

---

³ To the extent Plaintiff challenges the concluding sentence about a federal investigation, he has misconstrued the statement. Specifically, whereas the statement says "**[w]e can only assume** that federal authorities will now explore this direct connection between Trump and Russia as part of their existing probe into Russia's meddling in our elections," Plaintiff alleges that the statement says that "federal authorities **were investigating**" the connection. Compl. ¶ 185 (emphases added). Plaintiff cannot make out a claim by transforming an "assum[ption]" into a definitive statement.

forth in the article or which are otherwise known or available to the reader or listener as a member of the public," the statement in question is constitutionally protected "pure opinion." *From v. Tallahassee Democrat, Inc.*, 400 So. 2d 52, 57 (Fla. Dist. Ct. App. 1981). Whether something is pure opinion requires "examin[ation of] the statement in its totality and the context in which it was uttered or published," and "the court must give weight to cautionary terms used by the person publishing the statement." *Id.*

Here, Mr. Sullivan's statement is expressly "[i]n response to" facts set out in a "report from *Slate*," which was and remains available to the public.[4] Mr. Sullivan's "cautionary" language confirms that his statement qualifies as pure opinion:

> This **could be** the most direct link yet between Donald Trump and Moscow. Computer scientists have **apparently** uncovered a covert server linking the Trump Organization to a Russian-based bank. This secret hotline **may be** the key to unlocking the mystery of Trump's ties to Russia. It certainly **seems** the Trump Organization felt it had something to hide, given that it

---

[4] The campaign statement excerpt included in the Complaint does not reflect the statement's introductory language that the statement was "[i]n response to a news report from *Slate*." https://twitter.com/HillaryClinton/status/793250312119263233/photo/1. A more complete statement is reflected in a tweet by Secretary Clinton, which Plaintiff relies on in his Complaint, ¶ 188 & n. 56, and incorporates by reference. The Court may judicially notice the campaign statement posted to Twitter. *See, e.g.*, *Ganske v. Mensch*, 480 F. Supp. 3d 542, 546 (S.D.N.Y. 2020) ("Because Defendant's two other July 27, 2018 tweets are integral to the allegations in the complaint and necessary to place her comments in context, the Court will take judicial notice of [those tweets]."); *Scanz Techs., Inc. v. JewMon Enters., LLC*, No. 20-22957-CIV, 2021 WL 65466, at *5 (S.D. Fla. Jan. 7, 2021) (explaining that courts often take judicial notice of social media posts where such posts are incorporated by reference in the complaint). Judicial notice may be taken without converting the motion to dismiss into a motion for summary judgment. *See* Fed. R. Evid. 201(b)(2); *Sream, Inc. v. PB Grocery, Inc.*, No. 16-cv-81584, 2017 WL 6409006, at *3 (S.D. Fla. Mar. 1, 2017) (Middlebrooks, J.). The Court also may judicially notice the October 31, 2016 *Slate* article on which Mr. Sullivan's statement was predicated for purposes of assessing whether Mr. Sullivan's statement relies upon facts in that article, without converting the motion to dismiss into a motion for summary judgment. *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 812 (11th Cir. 2015) ("[C]ourts may take judicial notice of documents such as the newspaper articles . . . for the limited purpose of determining which statements the documents contain (but not for determining the truth of those statements)."). The article is available at http://www.slate.com/articles/news_and_politics/cover_story/2016/10/was_a_server_registered_to_the_trump_organization_communicating_with_russia.html.

> **apparently** took steps to conceal the link when it was discovered by journalists. This line of communication **may help explain** Trump's bizarre adoration of Vladimir Putin and endorsement of so many pro-Kremlin positions throughout this campaign. It raises even more troubling questions in light of Russia's masterminding of hacking efforts that are clearly intended to hurt Hillary Clinton's campaign. **We can only assume** that federal authorities will now explore this direct connection between Trump and Russia as part of their existing probe into Russia's meddling in our elections.

Compl. ¶ 185 (emphases added). These hedgy words convey that Mr. Sullivan is formulating an opinion in real time and reacting to the facts reported by *Slate*.

The overall context also supports the pure-opinion conclusion. A "Hillary for America" campaign logo appears at the top of the statement, and Mr. Sullivan's commentary plainly was issued on behalf of the campaign. "Reasonable reader[s]" understand that statements on behalf of a candidate seeking office are advocacy pieces with a political bent. *Fortson*, *v. Colangelo*, 434 F. Supp. 2d 1369, 1381 (S.D. Fla. 2006) ("Because the challenged statements were made through a medium that fosters debate on basketball issues and that routinely uses figurative or hyperbolic language, a reasonable reader is more likely to regard its content as opinion . . . ."); *see also Wardak v. Goolden*, No. 1:19-CV-21121-RAR, 2020 WL 9718811, at *9 (S.D. Fla. May 22, 2020) (addressing defamation claim and noting "statements by a disgruntled ex-lover are often the kinds of statements that are taken with a grain, or more, of salt"). In sum, the totality of the circumstances surrounding the campaign statement makes clear that it is protected under the First Amendment as opinion. *See Donald J. Trump For President, Inc. v. N.Y. Times Co.*, No. 152099/2020, 2021 WL 938979, at *1 (N.Y. Sup. Ct. Mar. 9, 2021) (dismissing defamation claim brought by Plaintiff against *The New York Times* based on column describing ties between Plaintiff and Russia as "nonactionable opinion").

As a separate First Amendment basis for dismissal, Plaintiff fails to adequately plead that Mr. Sullivan issued the statement with "actual malice"—that is, "deliberate or reckless falsification." *Masson v. New Yorker Mag., Inc.*, 501 U.S. 496, 499 (1991). Plaintiff's only allegations on this front are, once again, formulaic. *See* Compl. ¶ 328 ("Defendants acted with actual malice, as they knew that the Plaintiff was not colluding with Russia . . . ."); *id.* ¶ 341 ("Defendants knew that the statements were false at the time they made then [*sic*] . . . ."). These threadbare "labels and conclusions" do not suffice to state a claim. *Iqbal*, 556 U.S. at 678; *see also Jacoby v. Cable News Network, Inc.*, No. 21-12030, 2021 WL 5858569, at *5–6 (11th Cir. Dec. 10, 2021) (affirming dismissal of defamation claim due to plaintiff's conclusory allegations about actual malice).

### IV. Count IV Must Be Dismissed.

In addition to being time-barred, the conspiracy to commit injurious falsehood claim fails because Plaintiff fails to plead a substantive claim for injurious falsehood, as set out above. *See Honig v. Kornfeld*, 339 F. Supp. 3d 1323, 1345 (S.D. Fla. 2018) (Middlebrooks, J.) (actionable conspiracy requires actionable underlying cause of action).

Further, the Complaint is devoid of any factual allegations suggesting that Mr. Sullivan entered into an agreement to commit injurious falsehood. *Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1316 (S.D. Fla. 2014) (stating that civil conspiracy requires "an agreement between two or more parties . . . to do an unlawful act"). Plaintiff asserts in summary fashion that "Defendants had a meeting of minds to harm the Plaintiff by making false and damaging statements regarding the Plaintiff's alleged collusion with the Russian government." Compl. ¶ 347. This barebones allegation, simply a recitation of the legal standard, is insufficient to plead that Mr. Sullivan agreed to enter into a conspiracy to commit injurious falsehood. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Elsewhere in the Complaint, Plaintiff alleges that Mr. Elias "assisted" Mr. Sullivan with the October 31, 2016 campaign statement, and that Secretary Clinton tweeted a screenshot of the statement after it was issued. Compl. ¶¶ 187–88. These allegations do not establish a meeting of the minds between Mr. Sullivan and Mr. Elias or Secretary Clinton (or anyone else) to commit an injurious falsehood. The allegation about Mr. Elias offers no detail about what the assistance purportedly entailed, or how, when, or where the assistance was provided, and therefore is insufficient. *See Rinker v. Carnival Corp.*, 753 F. Supp. 2d 1237, 1244 (S.D. Fla. 2010) (allegation that a defendant "participated" in the allegedly unlawful act did not establish an agreement). Nor does Plaintiff allege that Mr. Sullivan and Secretary Clinton conferred about drafting or tweeting out the statement. "Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Alhassid*, 60 F. Supp. 3d at 1319.

The Court should dismiss Count IV.

## V. Count VI Must Be Dismissed.

In addition to being time-barred, Plaintiff's failure to make out a claim for malicious prosecution—as thoroughly demonstrated by other Defendants, *see* Clinton Mot., ECF No. 52 at 19–20; Podesta Mot., ECF No. 124 at 5–6; Perkins Coie Mot., ECF No. 143 at 9–13; Sussman Mot., ECF No. 146 at 9–10; Elias Mot., ECF No. 147 at 13–15—dooms his related conspiracy claim. *Honig*, 339 F. Supp. 3d at 1345.

What is more, Plaintiff again fails to allege any basic facts of conspiratorial agreement with respect to Mr. Sullivan. Aside from the conclusory allegation that Mr. Sullivan and 11 other Defendants "had a meeting of minds" and "conspired," Compl. ¶¶ 369–72, the Complaint provides no detail to support the conclusion that Mr. Sullivan individually agreed to join a conspiracy "to feed false and/or misleading information to the FBI and the DOJ," *id.* ¶ 371.

Count VI should be dismissed.

## CONCLUSION

For the foregoing reasons and those articulated by other Defendants incorporated herein, the Court should dismiss the claims against Mr. Sullivan with prejudice.

Dated:　　　May 25, 2022　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ Brian L. Stekloff

**WILKINSON STEKLOFF LLP**

Brian L. Stekloff*
Sarah E. Neuman*

2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4000
bstekloff@wilkinsonstekloff.com
sneuman@wilkinsonstekloff.com

　　　*Appearance *pro hac vice*

**BARZEE FLORES**

William R. Barzee (Florida Bar No. 158720)

Courthouse Center, Penthouse One
40 NW Third Street
Miami, FL 33128
Tel: (305) 374–3998
williambarzee@barzeeflores.com

*Counsel for Defendant Jake Sullivan*

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed using the CM/ECF system, which will provide notice to all counsel of record this 25th day of May, 2022.

*/s/ William R. Barzee*
William R. Barzee
