UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-14102-MIDDLEBROOKS

DONALD J. TRUMP,

    Plaintiff,

V.

HILLARY R. CLINTON, et al.,

    Defendants.

**MOTION TO RECONSIDER JUDGE MIDDLEBROOKS' ORDER**

Non-party Jimmy Smith has filed a motion to INTERVENE in this cause of action. While it is true that my motion quotes language from Federal Rule of Civil Procedure 24, it *does* state who Jimmy Smith is or why he has an interest in this litigation. Accordingly, it cannot be is **ORDERED**, **ADJUDGED** or **STRICKEN** on those grounds. If Mr. Smith did not state who he is, he apologies and does will do so below. Additionally there is no Iqbal or Twombly in regards to a Rule 24 motion so any mention of reciting a legal standard cannot be enough to strike this motion. Furthermore, the standard to strike a pleading or other paper has not been met. Smith, a United States Citizen, clearly has articulated that he may have a claim against one or more of the litigants. In fact, he has a probable claim against the United States of America as we speak in The United States District Court for The District of Rhode Island. (21cv133) Also, he has a pending 12(B)(6) motion.

## **THE MOTION TO STRIKE STANDARD HAS NOT BEEN MET**

Jimmy Smith's motion is not "repetitive, immaterial, impertinent or scandalous" as described in Rule 12(f). In fact none of the Rule 12(f) criteria are present. Judge Middlebrooks has not put forth a compelling reason why the entire document should be stricken or why this pro se litigant should not have an opportunity to amend his motion. As such, this touches on the liberality with which a pro se pleading should be interpreted.

### **Standard**

Generally, the moving party bears the burden on a motion to strike and to succeed the movant must demonstrate that no evidence in support of allegations would be admissible, that allegations have no bearing on issues in case, and that to permit allegations to stand would result in prejudice to movant. See Berke v. Presstek, Inc., 188 F.R.D. 179 (D.N.H. 1998). In addition to construing the pleadings of a pro se party liberally, any doubt as to striking of matter in a pleading should be resolved in favor of pleading. See Hanley v. Volpe, 305 F. Supp. 977, 1969 U.S. Dist. LEXIS 10875 (E.D. Wis. 1969). See also McCormick v. Wood, 156 F. Supp. 483, 1957 U.S. Dist. LEXIS 2809 (D.N.Y. 1957); Wohl v. Blair & Co., 50 F.R.D. 89, Fed. Sec. L. Rep. (CCH) ¶ 92619, Fed. Sec. L. Rep. (CCH) ¶ 92619, 1970 U.S. Dist. LEXIS 12346 (S.D.N.Y. 1970). (in ruling upon motion to strike, court views pleading under attack most favorably to pleader.)

As other Courts have been, this Court should be reluctant to strike Mr. Smith's pleading. See Rosenblatt v. United Air Lines, Inc., 21 F.R.D. 110, 1957 U.S. Dist. LEXIS 4440 (D.N.Y. 1957). (Courts are reluctant to grant motions to strike unless clearly warranted.) See also Velez v. Lisi, 164 F.R.D. 165, 1995 U.S. Dist. LEXIS 19116 (S.D.N.Y.

1995). (Motion to strike is an extraordinary remedy which will not be granted unless it is clear that allegations in question can have no possible bearing on the subject matter of litigation.)

Finally, if my complaints have merit, I should be granted leave to amend. Judge Middlebrooks has complained that my submission fails to comply and the Court decided my entire "pleading" should be stricken, I should be able to replead it as cases have said. See Hardin v. American Elec. Power, 188 F.R.D. 509, 1999 U.S. Dist. LEXIS 15087 (S.D. Ind. 1999).(ordinarily, proper response in face of motion to strike pleading is to strike only offending parts of it; however, if complaint violates FRCP 8(a)(2) and (e)(1) such that great deal of judicial energy would have to be devoted to eliminating unnecessary matter and restructuring pleading, court may strike entire pleading while granting leave to replead.)

Since Mr. Smith's actions contain no clearly immaterial, impertinent or scandalous matter and clarifies what claims I have the right to raise or will be raising, Judge Middlebrook's sua sponte motion should be denied. See Lamoureux v. AnazaoHealth Corp., 250 F.R.D. 100, 2008 U.S. Dist. LEXIS 32422 (D. Conn. 2008). (corporation's Fed. R. Civ. P. 12(f) motion to strike plaintiffs' amended reply to its counterclaim was denied because amended answer served purpose of clarifying what responses and defenses were being asserted by plaintiffs, it did not contain any immaterial, impertinent, or scandalous matters, and contrary to company's general protestations, additional affirmative defenses raised in amended reply were directly responsive to various claims raised by company's counterclaim and did not expand scope of litigation; company had failed to carry its burden of showing how it was prejudiced by amended pleading.)

### JUDGE MIDDLEBROOKS HAS FAILED TO PROVE CLEARLY REDUNDANT, IMMATERIAL, IMPERTINENT AND SCANDALOUS

## MATTER IN A PLEADING

As an initial matter, Mr. Smith's non-party motion is not a pleading and therefore cannot be attacked in a Rule 12(f) motion. See <u>Lowery v. Hoffman,</u> 188 F.R.D. 651, 1999 U.S. Dist. LEXIS 13251 (M.D. Ala. 1999). (terms of <u>FRCP 12(f)</u> make clear that only material included in "pleading" may be subject of motion to strike; thus, motions, briefs, memoranda, objections or affidavits may not be attacked by motion to strike.) However, if the Court rules my action was a pleading, I have submitted my argument below.

### Assuming The Court can Attack my Motion

By the most liberal definition of words referred to in Rule 12(f), "redundant" means statement of facts which are wholly foreign to an issue intended to be denied or needless repetition of immaterial averments; "immaterial" means having no essential or important relationship to the averment intended to be denied, and statement of unnecessary particulars in connection with and as descriptive of what is material; "impertinent" means statement of matters applied to facts which do not belong to matter in question, and which is not necessary to matters in question; and "scandalous" means unnecessary matter or facts criminatory of a party referred to in pleading. See <u>Burke v. Mesta Mach. Co.,</u> 5 F.R.D. 134, 10 Lab. Cas. (CCH) ¶ 62970, 5 Wage & Hour Cas. (BNA) 843, 1946 U.S. Dist. LEXIS 1522 (D. Pa. 1946). This Court has not met its burden in showing these by the preponderance of the evidence.

### Mr. Smith's Motion is Not Clearly Redundant

This is because redundant matter consists of allegations that constitute

needless repetition of other averments or which are wholly foreign to issue to be denied. See <u>Garcia v. Hilton Hotels International, Inc.</u>, 97 F. Supp. 5, 1951 U.S. Dist. LEXIS 4235 (D.P.R. 1951);In this situation my allegations are supplemental and are arguably compulsory.

**Mr. Smith's Motion is Not Clearly Scandalous**

Matter is deemed scandalous when it improperly casts derogatory light on someone, usually a party to an action. See <u>Martin v. Hunt</u>, 28 F.R.D. 35, 5 Fed. R. Serv. 2d (Callaghan) 27, 1961 U.S. Dist. LEXIS 5282 (D. Mass. 1961); <u>Gilbert v. Eli Lilly & Co.</u>, 56 F.R.D. 116, 16 Fed. R. Serv. 2d (Callaghan) 1096, 1972 U.S. Dist. LEXIS 13680 (D.P.R. 1972). Here,my allegations do not improperly shed derogatory light. If accusing someone of an act is derogatory then we would never be able to charge serious crimes.

Furthermore, saying persons are conspiring is not derogatory. See <u>Thomas v. Penn Supply & Metal Corp.</u>, 35 F.R.D. 17, 55 L.R.R.M. (BNA) 2861, 49 Lab. Cas. (CCH) ¶ 18924, 1964 U.S. Dist. LEXIS 7480 (D. Pa. 1964). (complaint which characterizes certain officials of union as "faction" is not scandalous within meaning of Rule 12(f) and that portion of complaint will not be ordered struck.) See also <u>Gateway Bottling, Inc. v. Dad's Rootbeer Co.</u>, 53 F.R.D. 585, 1971 U.S. Dist. LEXIS 10795 (D. Pa. 1971). (with respect to striking scandalous matter, while facts in case might be unpleasant for plaintiff to have on record, and they certainly contained charges of reprehensible conduct, same was true of many facts of life which were entitled to be pleaded as relevant to cause of action or defense, such for example as facts concerning divorce for adultery which may be scandalous and annoying and

prejudicial to accused party, but plaintiff or defendant is entitled to plead them.)

## Mr. Smith's Motion is Not Clearly Immaterial or Impertinent

My allegations were sufficient to require a response and should not be stricken. See Mott v. Flora, 3 F.R.D. 232, 1943 U.S. Dist. LEXIS 1579 (D. Ill. 1943). (if allegations set forth in complaint are sufficient to require an answer, motion to strike should be denied.) In order to succeed on motion to strike surplus matter from answer, it must be shown that allegations being challenged are so unrelated to plaintiff's claim as to be unworthy of any consideration as defense and that their presence in pleading throughout proceeding will be prejudicial to moving party. See Morell v. United States, 185 F.R.D.116, 1999 U.S. Dist. LEXIS 3695 (D.P.R. 1999). In this case, the information I sought to supplement clearly relate to the actions of Defendants and/or the Plaintiff.

## If Mr. Smith's Actions are Treated as a Motion for More Definite Statement I Should Have 21 Days to Amend

The crux of This Court's beef is that it cannot possibly understand the complaint and other parties or the Court have to respond to it. As such This Court's objections are basically in the realm of a motion for a more definite statement. In that case though, under federal law failure to have stated a claim under Rule 8(a)(2) is no impediment. See Davis v. Piper Aircraft Corp., 615 F.2d 606, 15 Av. Cas. (CCH) ¶ 17907, 28 Fed. R. Serv. 2d (Callaghan) 862, 1980 U.S. App. LEXIS 21704 (4th Cir.), cert. dismissed, 448 U.S. 911, 101 S. Ct. 25, 65 L. Ed. 2d

1141, 1980 U.S. LEXIS 2486 (1980).

Additionally a "complaint" should not be dismissed for insufficiency if the defect consists of failure to plead matters which might be furnished on motion for a more definite statement, but I should be required to amend my "complaint". See Keasbey & Mattison Co. v. Rothensies, 1 F.R.D. 626, 29 A.F.T.R. (P-H) 645, 1941-1 U.S. Tax Cas. (CCH) ¶ 9396, 1941 U.S. Dist. LEXIS 2008 (E.D. Pa. 1941).

## MR. SMITH CLAIMS AN INTEREST RELATING TO THE TRANSACTION THAT IS THE SUBJECT OF THE ACTION

As described below, Mr. Smith is a voting United States Citizen and the crux of this case involves collusion and an attempt to "steal" the election. Clearly this would defraud the United States voting public. Additionally, anything that undermines our democracy clearly has an effect on the voting public. Furthermore, Mr. Smith just recently turned 35 years old and may run for President in the future. As a future Presidential candidate, I clearly have standing in this case as this case involves former and/ or future Presidential candidates. Here, the "transaction" is a Presidential election.

As Mr. Smith reads the complaint, he clearly has an interest in Paragraphs 1-5 as Paragraph 1 states issues that are subversive to Democracy. Indeed if it is true that "Defendants maliciously conspired to weave a false narrative that their Republican opponent, Donald J. Trump was colluding with a hostile foreign sovereignty", I have been misled and so has the American people. As a consumer of the media, paragraph 2 describes "ignit(ing) a media frenzy". If our time was indeed wasted, the American people deserve a refund of that time. Paragraph 3 talks about "misleading evidence" clearly given to the American people through media outlets. Paragraph 4 describes an attempt to "discredit Donald J. Trump and his

campaign". As on air time is limited, if the airwaves were full of unnecessary and untruthful political ads, then those who put them there are full of air as well. Paragraph 5 talks about alarming conduct to clearly privately owned entities at the time. For instance, "truly subversive measures – hacking servers at Trump Tower, Trump's private apartment, and, most alarmingly, the White House." It is not known if these actions were done only when Mr. Trump was President or when he was President elect.

Mr. Smith also has an interest in Paragraphs 6, 7, and 9. Paragraph 6 details that "Defendants seized on the opportunity to publicly malign Donald J. Trump by instigating a full-blown media frenzy". If this is true, and at this point we must assume it is, this is no different than receiving spam but in a visual form without the ability to filter it. Perhaps the rest of Paragraph 6 needs a connection to be shown but it is clear that "repeatedly (feeding) disinformation to the media and shamelessly promot(ing) their false narratives" would eventually affect the mental health of the American people.

Paragraph 7 describes actions taken by the FBI while our inner cities and suburbs deteriorated. Indeed, "following a two-year investigation, Special Counsel Mueller went on to exonerate Donald J. Trump and his campaign with his finding that there was no evidence of collusion with Russia". Now that Russia may be planning to initiate probably the third and final World War, the American people deserve answers. If the FBI wasted their time on meaningless and fruitless investigations, this also harmed the American people.

Paragraph 9 points to precisely why my motion should not be stricken. We must take Paragraph 9 as completely true. Indeed if it is true that, "(t)he deception, malice, and treachery perpetrated by the Defendants has caused significant harm to the American people, and to the Plaintiff, Donald J. Trump, and they must be held accountable for their heinous acts" This

Court cannot possibly strike Mr. Smith's motion.

## MR. SMITH, AS A VOTING UNITED STATES CITIZEN, IS SO SITUATED THAT DISPOSING OF THIS MATTER AS A PRACTIAL MATTER IMPAIRS AND/OR IMPEDES ON HIS ABILITY TO PROTECT HIS INTERESTS AND NO OTHER PARTY ON THE PLAINTIFF AND/OR DEFENDANTS SIDE REPRESENTS THAT INTEREST

Mr. Smith has made political phone calls for Hillary Clinton and the Defendants and raised money for individually named Defendants. Mr. Smith has also donated the very little money he has to Donald Trump and Act Blue. If his efforts were meaningless because of corporate and/or foreign influence then he demands a refund for his time, money and efforts. In all honesty, if Mr. Smith's and other voting public's money has been used as a way to "subsidize" corporate influence then we should be reimbursed. No other party even comes close to sharing this interest. Put simply, there is no party tasked at protecting the interest of the voting public, I am that entity and/or representative.

## MR. SMITH'S CLAIMS AGAINST THE PLAINTIFF AND/OR THE DEFENDANTS

If Plaintiff did allow a foreign country to influence the election then clearly I would have a claim for reimbursement of the funds I contributed. Additionally, early in 2016 I was fired from raising money for Hillary Clinton after a donor complained. This would not have been done without approval from the Hillary Clinton campaign. Additionally, it is clear that if the statement of facts is true, that other Democratic committees pushed for Hillary

Clinton to be the nominee over other candidates without the consent of the donors.

## Conclusion

Even if my motion was a Pleading, since there are no clearly redundant, immaterial, impertinent and scandalous matters, The Sua Sponte motion should be reconsidered or treated as a 12(b)(6)or 12(e) Motion where Mr. Smith hereby requests leave to Amend/Correct.

Wherefore Plaintiff respectfully requests that this Honorable Court reconsider its motion to strike. Upon information and belief, I submit that the above is true.

/s/ Jimmy Smith

Pro Se

66 French Avenue

Brockton, MA 02301

(take notice of new address)

### Certificate Of Service

I certify that on this 28th day of May 2022, I caused a copy of the within to be docketed and therefore served upon the parties with e-service.

/s/ Jimmy Smith

**FROM:**
Jimmy Smith
66 French Avenue
Brockton, MA 02301

**TO:**
United States District Court For The
District of Southern Florida
Clerk's Office
400 N Miami Ave
Miami, FL 33128


