\UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 22-14102-CV-MIDDLEBROOKS

DONALD J. TRUMP,

    Plaintiff,

v.

HILLARY R. CLINTON, et al.,

    Defendants.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS CAUSE comes before the Court upon *pro se* non-party Jimmy Smith's Motion for Reconsideration, filed on June 3, 2022. (DE 171). On May 5, 2022, I entered an order striking Mr. Smith's Motion to Intervene because he did not explain who he is or why he has any *legally significant* interest in this litigation. (DE 126). Mr. Smith now requests that I reconsider that Order. (DE 171). For the reasons explained below, his Motion is denied.

Under Rule 59(e), reconsideration is proper when there is: (1) newly discovered evidence, (2) an intervening change in controlling law, or (3) a need to correct a clear error of law or fact or prevent manifest injustice. *See Bd. of Trs. of Bay Med. Ctr. v. Humana Military Healthcare Servs., Inc.*, 447 F.3d 1370, 1377 (11th Cir. 2006) (citations omitted). To prevail on a motion to reconsider, the moving party must demonstrate why the court should reverse its prior decision by setting forth facts or law of a strongly convincing nature. A motion to reconsider should not be used as a vehicle "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

1

Here, the Motion for Reconsideration fails to acknowledge the applicable legal standard, and also fails to present any arguments or evidence that establish that the standard is met. As such, reconsideration is not proper. Rather than addressing the standard for reconsideration, Mr. Smith argues that he has an interest in this case as "a voting United States citizen" and "[a]s a future Presidential candidate." (DE 77 at 7). He also argues that he has an interest because he "has made political phone calls for Hillary Clinton and the Defendants" and "donated the very little money he has to Donald Trump and Act Blue." (*Id.* at 9). None of these facts provide Mr. Smith with a basis to intervene in this litigation under Federal Rule of Civil Procedure 24. Accordingly, it is hereby **ORDERED AND ADJUDGED** that Mr. Smith's Motion for Reconsideration (DE 171) is **DENIED.**

**SIGNED** in Chambers in West Palm Beach, Florida on this 6th day of June, 2022.

Donald M. Middlebrooks
United States District Judge

cc:   Counsel of Record