UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 2:22-cv-14102-DMM

DONALD J. TRUMP,

    Plaintiff

v.

HILLARY R. CLINTON, *et al.*,

    Defendants.

_____/

**NON-PARTY UNITED STATES' MOTION FOR ENLARGEMENT OF TIME FOR FORMER AND CURRENT FEDERAL EMPLOYEES COMEY, McCABE, STRZOK, PAGE, CLINESMITH, OHR, ROSENSTEIN, AND SCHIFF**

Non-party United States hereby requests, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and Local Rule 7.1(a)(1)(J), an enlargement of time of 63 days (to, and including, September 6, 2022), or to the date of the individual defendants' latest responsive pleading deadline per Rule 12(a)(3)[1], whichever is later, for current and former federal employee defendants James Comey, Andrew McCabe, Peter Strzok, Lisa Page, Kevin Clinesmith, Bruce Ohr, Rod Rosenstein, and Adam Schiff, to respond to plaintiff's Amended Complaint (ECF No. 177). The requested enlargement of time would align these individual defendants' responsive pleading deadlines to the same date.

The Court may extend the deadline to respond to the Amended Complaint upon a showing of good cause. Fed. R. Civ. P. 6(b)(1). Here, good cause exists to provide the current and former federal employee defendants additional time to respond to the Amended Complaint

---

[1] Which is the latter of 60 days after personal service on the employee or proper service on the United States Attorney's Office per Rule 4(i)(1)(A)(i).

(which also added defendants Rosenstein and Schiff) because all have requested, or will likely request, through their employing agency, a certification from the Attorney General's delegate under the Federal Tort Claims Act ("FTCA"), as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988 ("Westfall Act"), that they were acting within the scope of their offices or employment at the time out of which the claims asserted against them arose. 28 U.S.C. § 2679(d)(1). The Department of Justice requires additional time to review Westfall Act certification requests it has received from some former employees, and to review anticipated future requests by other employee defendants. *See* 28 C.F.R. Part 15 (setting forth procedures for employees to notify their employing Agencies of claims, for Agencies to submit reports to the Department of Justice, and authorizing the United States Attorneys and Directors of the Torts Branch to issue certifications). This process will require longer than July 5 to complete.

Further, the requested extension will "secure the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. Insofar as the current and former federal employee defendants were acting within the scope of their office or employment at the time of the acts or omissions on which plaintiff's claims are based, the FTCA is plaintiff's exclusive remedy and any other action for money damages against the current and former employees is precluded. *See* 28 U.S.C. § 2679(b)(1).[2] Thus, permitting the Department of Justice time to complete its review of the employee defendants' Westfall Act certification requests will advance judicial efficiency and would enable the potential filing of a single brief on behalf of the United

---

[2] The cited exclusivity provision does not apply to actions for damages which are brought for violations of the Constitution of the United States or for violations of statutes of the United States under which an action may otherwise be brought against an individual for damages. 28 U.S.C. § 2679(b)(2)(A) & (B).

States in lieu of multiple briefs with respect to any employee who is certified under the Westfall Act. Further, not all current and former federal employees have retained private counsel, and the extension may save them expenses they may not need to incur.

Stephen R. Terrell and Anthony Erickson-Pogorzelski, counsel for the United States, conferred with counsel for plaintiff and certify that plaintiff will not oppose this request. Local Rule 7.1(a)(3).

                                        Respectfully submitted,

                                        JUAN ANTONIO GONZALEZ
                                        United States Attorney

                                        **Anthony Erickson-Pogorzelski**
                                        ANTHONY ERICKSON-POGORZELSKI
                                        Assistant U.S. Attorney

                                        JAMES G. TOUHEY, JR.
                                        Director, Torts Branch

                                        STEPHEN R. TERRELL
                                        Trial Attorney
                                        Torts Branch, Civil Division
                                        United States Department of Justice
                                        P.O. Box 888
                                        Washington, DC 20044
                                        Stephen.Terrell2@usdoj.gov
                                        (202) 353-1651