UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 2:22-cv-14102-DMM

DONALD J. TRUMP,

    Plaintiff

v.

HILLARY R. CLINTON, *et al.*,

    Defendants.

_____/

**UNITED STATES' MOTION TO SUBSTITUTE AND DISMISS**

    The United States hereby moves, pursuant to 28 U.S.C. § 2679(d)(1), to substitute itself as defendant for James Comey, Andrew McCabe, Peter Strzok, Lisa Page, and Kevin Clinesmith. Further, as substituted defendant, the United States hereby moves, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and Local Rule 7.1, to dismiss the United States for lack of subject matter jurisdiction. The grounds for this motion are more fully set forth in the incorporated memorandum of law, submitted exhibits, all arguments advanced in reply, and any additional arguments or evidence submitted with leave of court.

**I.    INTRODUCTION**

    Plaintiff advances tort claims against James Comey, Andrew McCabe, Peter Strzok, Lisa Page, and Kevin Clinesmith, who are all former Federal Bureau of Investigation ("FBI") employees, based on their involvement in an "investigation of the Plaintiff and his alleged collusion with Russia." Am. Compl. ¶ 668 (ECF No. 177). Because plaintiff's tort claims are based upon conduct within the scope of these former FBI employees' employment with the government, the United States is the sole and exclusive defendant for those claims. 28 U.S.C.

§ 2679(b)(1).  The Attorney General's delegate, acting pursuant to 28 C.F.R. § 15.4(b), so certified.  Touhey Certification, Exhibit A.  Accordingly, this action "shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1).  The Court should substitute the United States as defendant for James Comey, Andrew McCabe, Peter Strzok, Lisa Page, and Kevin Clinesmith.

Upon substitution, the Court should dismiss the United States for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  To invoke the limited waiver of sovereign immunity contained in the Federal Tort Claims Act ("FTCA"), plaintiff must first administratively present his claim to the appropriate federal agency—here, the FBI.  28 U.S.C. §§ 1346(b)(1), 2675(a). Plaintiff does not allege that he administratively presented his tort claims, and the FBI affirms that it has not received any such claims.  Because plaintiff has not exhausted his administrative remedies, this Court lacks subject matter jurisdiction over his tort claims against the United States, and it should dismiss the United States after substituting the United States as defendant.

## II.     STANDARD OF REVIEW

### A.     Westfall Act Substitution

"The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007).  When a litigant sues a federal employee for wrongful conduct, the statute empowers the Attorney General or his delegate to certify that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose."  28 U.S.C. § 2679(d)(1).  Upon such certification, the United States is substituted as defendant in place of the employee and the litigation is thereafter

governed by the FTCA.  *Osborn*, 549 U.S. at 230.

The Westfall Act requires substitution of the United States "unless and until the district court determines that the federal officer originally named as defendant was acting outside the scope of his employment."  *Osborn*, 549 U.S. at 252; *see also Matsushita Elec. Co. v. Zeigler*, 158 F.3d 1167, 1169 (11th Cir. 1998) ("[U]nder § 2679(d)(1), the district court was required to substitute the United States as a defendant for Zeigler once the United States Attorney had certified that Ziegler's actions occurred within the scope of his employment.").  "The Attorney General's certification that the defendant was [acting in the scope of his employment] is prima facie evidence of that fact."  *Jacobs v. Vrobel*, 724 F.3d 217, 220 (D.C. Cir. 2013) (citation omitted).  A litigant challenging the validity of the Attorney General's delegate's certification "has the burden of proving that the employee's conduct was not encompassed by the scope of his employment."  *S.J. & W. Ranch, Inc. v. Lehtinen*, 913 F.2d 1538, 1543 (11th Cir. 1990), amended, 924 F.2d 1555 (11th Cir. 1991); *accord Omnipol, A.S. v. Multinational Def. Servs., LLC*, 32 F.4th 1298, 1305 (11th Cir. 2022) (quoting *S.J. & W. Ranch, Inc.*); *Flohr v. Mackovjak*, 84 F.3d 386 (11th Cir. 1996) (same).  To rebut the prima facie evidence that the defendants acted within the scope of their employment, the plaintiff must allege specific facts establishing that the defendants exceeded the scope of their employment.  *Jacobs*, 724 F.3d at 220; *accord Davric Marine Corp. v. U.S. Postal Serv.*, 238 F.3d 58, 67 (1st Cir. 2001); *Gutierrez de Martinez v. DEA*, 111 F.3d 1148, 1155 (4th Cir. 1997); *Ezekiel v. Michel*, 66 F.3d 894, 899 (7th Cir. 1995).

**B.     Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Federal courts have limited subject matter jurisdiction, leaving district courts the power to decide only certain types of cases.  *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000).  The burden for establishing subject matter jurisdiction rests with the party

bringing the claim. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). That party "has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085–86 (11th Cir. 2010) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)). When faced with a challenge to the Court's subject matter jurisdiction, "the presumption of truthfulness afforded a plaintiff under Federal Rule of Civil Procedure 12(b)(6) does not attach, and the court is free to weigh the evidence." *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1997); *see also Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (the Court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.") (citing *Williamson v. Tucker*, 645 F.2d 404, 415–16 (5th Cir. 1981)). In these circumstances, no presumptive truthfulness attaches to the plaintiff's allegations, and a factual dispute does not preclude the court from evaluating the merits of jurisdictional claims. *Id.*

### III. RELEVANT ALLEGATIONS IN THE AMENDED COMPLAINT

In this action, plaintiff, former President Trump, seeks damages because defendants allegedly "falsif[ied] evidence, deceiv[ed] law enforcement, spread[] disinformation through the media, and exploit[ed] access to highly-sensitive data sources" to the detriment of his reputation. Am. Compl. ¶ 1. He further alleges that these acts led to "legal issues and political issues," and that he incurred "substantial economic harm" responding to those issues. *Id.* ¶ 525. He seeks damages for his costs associated with responding to numerous investigations and his impeachment.

Amongst many other defendants, plaintiff sues James Comey as "7th Director of the Federal Bureau of Investigation," Peter Strzok as "an agent of the Federal Bureau of

Investigation," Lisa Page as "an attorney for the Federal Bureau of Investigation," Kevin Clinesmith as "an attorney for the Federal Bureau of Investigation," and Andrew McCabe as "the Deputy Director of the Federal Bureau of Investigation." *Id.* 38–42. As FBI employees, plaintiff alleges that the foregoing defendants "opened a full field investigation," "falsely accuse[d General] Flynn of colluding with Russia," kept open its investigation after General Flynn withdrew from consideration for the position of National Security Advisor, leaked information about the investigation to the press, expanded its investigation to include other individuals aside from General Flynn, and engaged in the Foreign Intelligence Surveillance Act ("FISA") application processes during the investigation. *Id.* ¶¶ 342–448. This conduct, plaintiff alleges, amounted to malicious prosecution and, in collaboration with other defendants' alleged acts, conspiracy to commit malicious prosecution. *Id.* ¶¶ 667–692.

IV.   **ARGUMENT**

   A.   **The Court Should Substitute the United States as Defendant for Comey, McCabe, Strzok, Page, and Clinesmith.**

As the Supreme Court explained, "[w]hen a federal employee is sued for wrongful or negligent conduct, the [Westfall] Act empowers the Attorney General to certify that the employee 'was acting within the scope of his office or employment at the time of the incident out of which the claim arose.'" *Osborn*, 549 U.S. at 229–30 (quoting 28 U.S.C. § 2679(d)(2)). Once the Attorney General certifies that the defendant federal officer was acting within the scope of his office at the relevant time, the statute itself provides that the United States "shall" be substituted as the sole defendant in the action. 28 U.S.C. § 2679(d)(2); *see also Osborn,* 549 U.S. at 230 ("Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee.") *accord Matsushita Elec. Co.*, 158 F.3d at 1169 (same). "[T]he Westfall Act certification must be respected unless

- 5 -

and until the District Court determines that [the federal officer], in fact, engaged in conduct beyond the scope of his employment." *Osborn*, 549 U.S. at 251 (original italics omitted).

Here, the Director of the Torts Branch of the Civil Division of the United States Department of Justice, acting pursuant to 28 C.F.R. § 15.4(a), issued a Westfall Act certification that James Comey, Andrew McCabe, Peter Strzok, Lisa Page, and Kevin Clinesmith were acting within the scope of their employment with the FBI at the time of the incidents out of which plaintiff's malicious prosecution (Count V) and conspiracy to commit malicious prosecution (Count VI) claims arose.[1]  Touhey Certification, Ex. A.  The Westfall Act accordingly requires the substitution of the United States as defendant in this action.

If plaintiff challenges the Attorney General's delegate's certification, the Court should reject any such challenge.  Plaintiff himself acknowledges that Comey, McCabe, Strzok, Page, and Clinesmith are former FBI employees and that he sues them in their capacity as former employees.  *See* Am. Compl. ¶¶ 38 ("Comey was the 7th Director of the Federal Bureau of Investigation"); 39 ("Strzok was an agent of the Federal Bureau of Investigation"); 40 ("Page was an attorney for the Federal Bureau of Investigation"); 41 ("Clinesmith was an attorney for the Federal Bureau of Investigation"); 42 ("McCabe was the Deputy Director of the Federal Bureau of Investigation").  Thus, each is an "employee of the government."  28 U.S.C. § 2671.

To assess whether each employee was acting within the scope of his or her employment, the FTCA instructs the district court to apply "the law of the place where the act or omission occurred," 28 U.S.C. § 1346(b)(1), not the law of the state where the alleged tort had its "operative effect," *Richards v. United States*, 369 U.S. 1, 10, 82 S. Ct. 585, 591 (1962).  As

---

[1] Comey, McCabe, Strzok, Page, and Clinesmith are only defendants in these two counts of plaintiff's 16-count Amended Complaint.

noted by the Eleventh Circuit, the issue is "governed by the law of the state where the incident occurred." *S.J. & W. Ranch, Inc.*, 913 F.2d at 1542. The FTCA does not define "scope of employment," but rather asks the district court, as in the case of tort claims generally, to look to "the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b); *see also Williams v. United States*, 350 U.S. 857, (1955) (per curiam) (finding a tort case "controlled by the California doctrine of respondeat superior").

Here, plaintiff's claims against the former FBI employees all stem from their involvement in the counterintelligence investigation named Crossfire Hurricane and the FISA application processes undertaken during that investigation. Am. Compl. ¶¶ 342–448; *see also* 670 ("FBI's investigation into the Plaintiff"); 671 (Crossfire Hurricane operation); 674 ("FISA applications"); 680 ("commencing an unfounded investigation into the Plaintiff's alleged collusion with the Russian government"); 682 ("FBI to commence an investigation"); 686 ("FISA applications"). The FBI is headquartered in the District of Columbia and the United States Foreign Intelligence Surveillance Court is located in the District of Columbia. Thus, District of Columbia respondeat superior law applies to the scope of employment analysis here.

Under District of Columbia law, an employee's conduct falls within the scope of his employment if: (1) "'it is of the kind he is employed to perform'"; (2) "'it occurs substantially within the authorized time and space limits'"; and (3) "'it is actuated, at least in part, by a purpose to serve" the employer. *Jacobs*, 724 F.3d at 221 (quoting Restatement (Second) of Agency § 228 (1958)).[2] In applying District of Columbia law to challenges to Westfall Act

---

[2] This test includes a fourth factor to be considered if an employee intentionally uses force against another. Plaintiff does not allege that any of the former employees used force against him; "therefore that factor is not relevant here." *Kelley v. FBI*, 67 F. Supp. 3d 240, 285 n.34 (D.D.C. 2014).

certifications, the United States Court of Appeals for the District of Columbia Circuit "appl[ies] [this] test 'very expansively,' and in essence ask[s] 'whether the defendant merely was on duty or on the job when committing the alleged tort.'" *Allaithi v. Rumsfeld*, 753 F.3d 1327, 1330 (D.C. Cir. 2014) (quoting *Harbury v. Hayden*, 522 F.3d 413, 422 n.4 (D.C. Cir. 2008)). "[T]he District [of Columbia] has broadly interpreted the test." *Jacobs*, 724 F.3d at 221.

First, "[t]o qualify as conduct of the kind an employee was to perform, his or her actions must have either been of the same general nature as that authorized or incidental to the conduct authorized." *Allaithi*, 753 F.3d at 1332 (internal quotation and alteration marks omitted, emphasis omitted). Under this inquiry, a court must look broadly to "the type of act" the defendant undertook, rather than its alleged "wrongful character." *Jacobs*, 724 F.3d at 221-22; *see also Wilson v. Libby*, 535 F.3d 697, 711–12 (D.C. Cir. 2008) (explaining that courts must "look beyond alleged intentional torts themselves to the underlying conduct," and therefore, an "employee's scope of employment is broad enough to embrace any intentional tort arising out of a dispute that was originally undertaken on the employer's behalf") (internal quotation marks omitted). This test "is not a particularly rigorous one." *Allaithi*, 753 F.3d at 1332. Even criminal conduct can fall within the scope of a defendant's employment. *See generally* Restatement (Second) of Agency § 231 ("An act may be within the scope of employment although consciously criminal or tortious."). Indeed, the D.C. Circuit has repeatedly affirmed Westfall Act substitution in cases involving allegations of criminal or otherwise wrongful conduct. *See*, *e.g.*, *Jacobs*, 724 F.3d at 219 (defamation and interference with prospective employment); *Wilson*, 535 F.3d at 711–12 (public disclosure of covert CIA agent's identity); *Council on American Islamic Relations v. Ballenger*, 444 F.3d 659, 664–66 (D.C. Cir. 2006) (defamation).

Second, the challenged conduct needs to be "'substantially within the authorized time and space limits.'" *Jacobs*, 724 F.3d at 221 (quoting Restatement (Second) of Agency § 228). But many high-level government officials and staff members have no set "business hours," and can perform official conduct at all hours and locations. High-level officials and staff members do not "punch[] out of work at the end of the day or when [they] leave[]" government property. *Wilson*, 535 F.3d at 712 n.2.

Third, the employee's conduct should be "actuated, at least in part, by a purpose to serve the" United States. *Jacobs*, 724 F.3d at 221 (quoting Restatement (Second) of Agency § 228). To be outside of scope, District of Columbia law "requires [that] an employee be solely motivated by his own purposes for consequent conduct to fall outside the scope of employment." *Allaithi*, 753 F.3d at 1333 (emphasis omitted). "[T]he fact that an agent may be motivated by self-interest, or interests other than those of its principal, is not dispositive. The issue instead is whether there is a complete absence of a desire to serve the principal's interests . . . ." *Klayman v. Obama*, 125 F. Supp. 3d 67, 84 (D.D.C. 2015); *see also Kelley*, 67 F. Supp. 3d at 286 ("[D]efendant Joyce—in directing an investigation—acted with at least a partial desire to serve the FBI, even if, according to the plaintiffs, he did so in a manner that was insufficiently solicitous of their privacy or their rights as complainants.").

Here, Comey, McCabe, Strzok, Page, and Clinesmith all easily satisfy the District of Columbia's scope of employment test. Counterintelligence operations and FISA surveillance are activities of the FBI.[3] And the incidents out of which plaintiff's claims arose here relate to such

---

[3] *See* E.O. 12333 § 1.14 (Dec. 4, 1981), *amended by* E.O. 13284 (Jan. 23, 2003), E.O. 13355 (Aug. 27, 2004), and E.O. 13470 (July 30, 2008) (assigning to the Director of the FBI, under the Attorney General, oversight and supervision for conducting and coordinating counterintelligence activities within the United States); *see also* 28 C.F.R. § 0.85(d) (same).

activities. The employees easily pass the first prong of the District of Columbia's scope of employment test, which does not pose a high bar. *Allaithi*, 753 F.3d at 1332.

Second, plaintiff identifies the former FBI employees as high-level officials and staff members working on high-level matters. Am. Compl. ¶¶ 385 (FBI Director James Comey, FBI Deputy Director Andrew McCabe, FBI Deputy Assistant Director Peter Strzok), 358 ("Lisa Page, an attorney for the FBI, and special counsel to FBI Deputy Director"), 483 ("Clinesmith was . . . an Assistant General Counsel in the National Security Department."). As high-level FBI officials and staff members, they understandably had no set "business hours" and performed official conduct at varying hours and locations. The Amended Complaint contains no allegations that their acts or omissions occurred in any context other than during the FBI counterintelligence investigation or that they occurred outside the authorized time and space limits of their jobs. Thus, these employees acted "within the authorized time and space limits." *Jacobs*, 724 F.3d at 221.

Third, all alleged conduct was "actuated, at least in part, by a purpose to serve the" United States. *Jacobs*, 724 F.3d at 221. These FBI employees were acting in furtherance of an approved and authorized counterintelligence operation. That operation necessarily entailed FISA applications.

Thus, Comey, McCabe, Strzok, Page, and Clinesmith were all employees of the government and, at all material times, all of their acts or omissions alleged in the Amended Complaint occurred within the scope of their employment under District of Columbia respondeat superior law. The Court should reject any challenge to the certification of Comey, McCabe, Strzok, Page, and Clinesmith.

### B. The Court Should Dismiss the United States as Substituted Defendant for Lack of Subject Matter Jurisdiction.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)) (citations omitted, alteration in original). The FTCA contains a limited waiver of sovereign immunity, subject to numerous exceptions. *See* 28 U.S.C. § 2680 (exceptions). To advance a tort claim against the United States, plaintiff must establish that he complied with the administrative presentment requirements of the Act, 28 U.S.C. § 2675. *See Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008) (district court lacks subject matter jurisdiction over FTCA action where plaintiff failed to exhaust his administrative remedies). A "federal court may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency." *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006).

Where such a claim is not first presented to the appropriate agency, the district court must, pursuant to Fed. R. Civ. P. 12(b)(1), dismiss the action for want of subject matter jurisdiction. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Plaintiff does not allege he presented his malicious prosecution or conspiracy to commit malicious prosecutions claims to the FBI. Further, the FBI has confirmed that it has not received any such claims. Crum Decl. ¶ 7. Accordingly, the Court should dismiss the substituted United States for lack of subject matter jurisdiction.

## V. CONCLUSION

In light of the Attorney General's delegate's Westfall Act certification, the Court should

substitute the United States as defendant for James Comey, Andrew McCabe, Peter Strzok, Lisa Page, and Kevin Clinesmith. The Court should then dismiss the United States as defendant for lack of subject matter jurisdiction because plaintiff failed to exhaust his administrative remedies under the FTCA.

Dated: July 14, 2022

Respectfully submitted,

JUAN ANTONIO GONZALEZ
United States Attorney

ANTHONY ERICKSON-POGORZELSKI
Assistant U.S. Attorney

JAMES G. TOUHEY, JR.
Director, Torts Branch

 s/ Stephen R. Terrell
STEPHEN R. TERRELL
Trial Attorney
Torts Branch, Civil Division
United States Department of Justice
P.O. Box 888
Washington, DC 20044
Stephen.Terrell2@usdoj.gov
(202) 353-1651