## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DONALD J. TRUMP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 2:22-cv-14102-DMM |
| | ) |
| HILLARY R. CLINTON, ET AL., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

### CHARLES DOLAN'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND MEMORNDUM IN SUPPORT

Defendant Charles Dolan, by and through counsel, files this Motion to Dismiss Plaintiff's Amended Complaint, pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure, in relation to Counts II, IV, and VI of Plaintiff Donald J. Trump's Complaint, which are the counts pled against Mr. Dolan.

### MEMORANDUM IN SUPPORT

### SUMMARY

Regarding Mr. Dolan, Plaintiff's Amended Complaint presents no new material allegations. Given the similarity of Plaintiff's Complaint and Amended Complaint, Mr. Dolan adopts the argument raised in his initial motion to dismiss. Docket entries 162 and 163. As to arguments for statutes of limitations and failure to state a claim, Mr. Dolan has joined Defendants' consolidated motion to dismiss. This short memorandum addresses issues unique to Mr. Dolan.

1

## NEW ERRONEOUS FACTS ALLEGED
## <u>CONCERNING MR. DOLAN CONFIRM THIS MATTER SHOULD BE DISMISSED</u>

As an initial matter, Plaintiff now alleges for the first time that Mr. Dolan is a resident of New York. Amended Complaint at ¶20. That is a new allegation, but is absolutely not true and could have been easily checked.

Plaintiff also attempts to redress a false allegation made in the initial Complaint (which undersigned counsel brought to Plaintiff counsel's attention) that Mr. Dolan was the former Chairman of the DNC, by now claiming that Mr. Dolan served as "chairman of national Democratic political organization[.]" *Compare* Amended Complaint at ¶96 with Complaint at ¶78. Mr. Dolan was never Chairman of the DNC or of any national Democratic political organization. The factual statement is still untrue. Mr. Dolan is also again described as a senior Hillary Clinton campaign official from 2016, when in fact his role in 2016 was as a volunteer who knocked on doors the last week of the campaign. A declaration from Mr. Dolan addressing these issues is attached.

Plaintiff alleges that Mr. Danchenko arranged for Mr. Dolan to meet with an individual identified as "Galinka," that Mr. Dolan and Galinka exchanged political views, and that Galinka speculated that Mr. Dolan would help make her an advisor at the U.S. State Department. *Id* at ¶112. These facts do not seem relevant to the allegations but seem gleaned from news articles.

Besides these allegations above, there are no new assertions that are material for the causes of action Plaintiff raises against Mr. Dolan.

## ARGUMENT

### A. Mr. Dolan Has Signed On to the Consolidated Motion to Dismiss

Given that Plaintiff Trump raises no new material facts and does not assert new theories that support his cause of action, Mr. Dolan adopts the same argument he raised in his prior motion to dismiss, as permitted by the Court's June 23 Order. *See* Dckt no. 162 and 163. Mr. Dolan also adopts the arguments made in the consolidated Defendants' memorandum as to Rule 12(b)(6), and has signed on to that motion.

### B. There Are No Minimum Contacts and No Prima Facie Case of Personal Jurisdiction Alleged

In addition to the arguments in the consolidated Motion To Dismiss, Mr. Dolan has neither minimum contacts related to the claim nor regular contacts sufficient for a Florida court to exercise jurisdiction over him. Mr. Dolan incorporates the facts and authorities in is initial motion and supporting memorandum. Nor is venue in South Florida proper as to any claim against Mr. Dolan.

### C. Plaintiff' and Plaintiff's Counsel Did Not Confirm the Most Basic Facts as to Mr. Dolan, Confirming That There Was No Reasonable Inquiry

Mr. Dolan also notes Plaintiff's lack of diligence in ascertaining Mr. Dolan's state of residence and past activities. Mr. Dolan is a resident of the Commonwealth of Virginia, and not the State of New York, as alleged anew by Plaintiff. Amended Complaint at ¶20. Mr. Dolan's residence is readily ascertainable with a simple internet search and was also affirmed by Mr. Dolan in his prior motion to dismiss. *See* Dckt no. 162 and 163. Undersigned counsel previously brough to Plaintiff counsel's attention that Mr. Dolan was never Chairman of the DNC. So Plaintiff's counsel now calls him a past Chairman of a national political organization. Mr. Dolan's biography is available on the internet and would have confirmed this assertions was false.

### D. Even Accepting the Facts Pled, Mr. Dolan's Negligible Role Confirms There Are No Cognizable Causes of Action Against Him

As stated in Mr. Dolan's prior motion, there is no allegation that Mr. Dolan had contact with any other defendant besides Mr. Danchenko. Mr. Dolan was working in his consulting and public relations business during the relevant time period, and met Mr. Danchenko through that work. There is simply no allegation that Mr. Dolan agreed to help with any scheme to involve the FBI or concoct false information, and there is nothing to suggest he was aware of any such plan (even assuming such a plan is actionable). There is no allegation that he had any paid or formal or even informal role in the Clinton Presidential campaign, or worked with any of the other Defendants, other than doing volunteer work. Mr. Dolan is at most tied tenuously to two bits of information that he allegedly relayed to Mr. Danchenko. That is insufficient for conspiracy.

If gossiping with a business associate about political intelligence in Washington, D.C. during a Presidential election year could subject a person to liability, especially if the gossip involves information regarding a presidential candidate, and originates form sources like Politico and Fox News, courts would be flooded with lawsuits.

There is no factual allegation supporting that Mr. Dolan agreed to a plan or conspiracy to undertake anything unlawful with anyone.

Mr. Dolan incorporates the arguments in his prior motion, and adopts the arguments made in the Defendants' consolidated motion, in response to the allegations in the Amended Complaint.

The claims against Mr. Dolan should be dismissed with prejudice.

Respectfully submitted,

/s/ George R. A. Doumar
George R.A. Doumar

*Admitted Pro Hac Vice*
Jonathan E. Levine, Esquire
Florida Bar No. 937711
Mahdavi Bacon Halfhill & Young, PLLC
11350 Random Hills Road, Suite 700
Fairfax, Virginia, 22030
Tel: (703) 352-1300
Fax: (703) 352-1301
Email: gdoumar@doumarmartin.com

Attorneys for Charles H. Dolan

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing on all counsel of record.

Respectfully submitted,

/s/ George R. A. Doumar
George R.A. Doumar
*Admitted Pro Hac Vice*
Jonathan E. Levine, Esquire
Florida Bar No. 937711
Mahdavi Bacon Halfhill & Young, PLLC
11350 Random Hills Road, Suite 700
Fairfax, Virginia, 22030
Tel: (703) 352-1300
Fax: (703) 352-1301
Email: gdoumar@doumarmartin.com

Attorneys for Charles H. Dolan