UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:22-cv-14102-DMM

DONALD J. TRUMP,

       Plaintiff,

v.

RODNEY JOFFE, et al.,

       Defendants.

**DEFENDANT RODNEY JOFFE'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Rodney Joffe respectfully submits this Motion to Dismiss for lack of personal jurisdiction.[1]

### A.  Plaintiff's Basis for Personal Jurisdiction Hinges on His Flawed RICO Claims

Plaintiff's Amended Complaint expands upon his rambling list of political grievances, but still fails to allege facts sufficient to sustain his claims. With respect to Rodney Joffe, the Amended Complaint adds inconsequential factual allegations which, even if true, are insufficient to establish a connection to Florida, let alone one that would support the exercise of personal jurisdiction over Joffe.[2]

Yet again, Plaintiff's only plausible basis for personal jurisdiction over Joffe is the statutory personal jurisdiction under Section 1962(d)'s nationwide service of process provision. *Rep. of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997). But, "Plaintiff['s] RICO claim must survive a 12(b)(6) analysis if it is to serve as the basis for the Court's personal jurisdiction." *Leon v. Continental AG*, 301 F. Supp. 3d 1203, 1231-32 (S.D. Fla. 2017). For the reasons explained in the Joint Motion, the new factual allegations do little to support any of Plaintiff's claims, and Counts I and II must still fail. *See* Joint Motion. Without RICO as a basis for personal jurisdiction, all the remaining claims should be dismissed because this Court lacks personal jurisdiction over Joffe, a Virginia resident whose actions relating to this case involved no targeted connection to Florida (and the Amended Complaint does not add any allegation of a connection to Florida).

---

[1] Joffe also joins in the Defendants' forthcoming Joint Motion to Dismiss ("Joint Motion"), which addresses the bases for dismissal under Rule 12(b)(6).

[2] The Amended Complaint also adds Joffe to the substantive RICO count in Count I which, for the reasons set forth in the Defendants' Joint Motion to Dismiss, is deficient, and should be dismissed.

### B. There is No Remaining Basis for Personal Jurisdiction Over Joffe

Absent a statutory basis, Plaintiff must establish that this Court has general or specific jurisdiction over Joffe in order to proceed on his remaining claims. *See Prou v. Giarla*, 62 F. Supp. 3d 1365, 1375-76 (S.D. Fla. 2014).[3] He cannot; so the remaining claims should be dismissed under Rule 12(b)(2).

As an initial matter, Plaintiff has not asserted that general jurisdiction over Joffe is appropriate. This concession is well-taken, as Joffe is not domiciled in Florida. *See Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017).

Further, Plaintiff does not adequately allege specific jurisdiction over Joffe. Although he tries to do so by asserting that "Joffe's acts and omissions . . . arise out of or relate to his conduct in and/or affecting, among other jurisdictions, Florida," *see* Amended Compl. ¶ 37, these generalized, conclusory jurisdictional allegations fail to satisfy Plaintiff's burden of alleging "sufficient facts to make out a *prima facie* case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). Thus, the exercise of specific jurisdiction over Joffe would violate the Due Process Clause of the U.S. Constitution. *See Melgarejo v. Pysca Panama, S.A.*, 537 F. App'x 852, 860 (11th Cir. 2013).

It is axiomatic that a forum state's exercise of jurisdiction over an out-of-state defendant "must be based on intentional conduct by the defendant that creates the necessary contacts with

---

[3] Like Plaintiff's state law claims (Counts IV-VI), his federal claims under the Computer Fraud and Abuse Act, Defend Trade Secrets Act and the Stored Communications Act (Counts VII-IX) do not have nationwide service of process provisions. *See Sears Authorized Hometown Stores, LLC v. Nationwide Mktg. Grp., LLC*, 2019 WL 5064731, at *1 (N.D. Ill. Oct. 9, 2019) ("[T]he CFAA and DTSA do not have nationwide service of process," and plaintiff "must establish personal jurisdiction under state law."); *Medici v. Lifespan Corp.*, 239 F. Supp. 3d 355, 367 (D. Mass. 2017) ("Stored Communications Act does not authorize nationwide jurisdiction.").

2

the forum." *Walden v. Fiore*, 571 U.S. 277, 286 (2014).  It is "insufficient to rely on a defendant's random, fortuitous, or attenuated contacts or on the unilateral activity of a plaintiff." *Id*.  For long-arm jurisdiction in Florida to comport with due process, the plaintiff must show that the defendant engaged in conduct tied to the asserted causes of action by which he "purposively avail[ed himself of] the privilege of conducting activities within Florida" such that he "should reasonably anticipate being haled into court there."  *Tarasewicz v. Royal Caribbean Cruises Ltd.*, 2015 WL 3970546, at *19 (S.D. Fla. June 30, 2015).

This standard is not met here.  The Amended Complaint alleges only one attenuated link between the events in question and Florida, and it does not involve conduct by Joffe.  In that regard, Plaintiff alleges that "Clinton appeared on MSNBC's *Morning Joe* . . . when she stated to MSNBC's audience, **which included the general public of the State of Florida** and the rest of the United States: 'We don't have Trump as spokesperson for Putin, anymore'" (Amended Compl. ¶ 520) (emphasis added).  This is not an act by Joffe, let alone one allegedly causing injury specifically in Florida, and it therefore does not support the exercise of personal jurisdiction over Joffe.  *See Walden*, 571 U.S. at 286.

The Amended Complaint does not allege—nor could it—that Joffe engaged in intentional conduct in Florida, or conduct that was targeted at Florida.  As in *Walden*, "[i]t is undisputed that no part of [defendant's] course of conduct occurred in [Florida]."  571 U.S. at 288.  Here, Joffe never "traveled to, conducted activities within, contacted anyone in, or sent anything or anyone to [Florida]," *id*. at 289, in connection with the events at issue.  Instead, Joffe's actions are all alleged to have occurred or been targeted at locations *outside* of Florida. Indeed, according to the Amended Complaint, the servers in question relate to the Trump Organization in New York, Trump Tower in New York, and the Executive Office of the President in Washington, D.C., and concern alleged

3

contacts with Alfa Bank in Russia (*e.g.* Amended Compl. ¶ 142). Moreover, there is no basis to assert that Joffe intentionally harmed Plaintiff in Florida because Plaintiff did not live there at the time of Joffe's alleged tortious conduct. At the time of the alleged conduct (2016-2017), Plaintiff resided in New York and did not become a Florida resident until September 27, 2019. *See* Declaration of Domicile, Recorded 10/04/2019 Palm Beach County, Florida. CFN 20190364271 (ECF No. 157-1). Plaintiff's later-acquired residence (and purported injury) in Florida is merely a "random, fortuitous" contact that is insufficient to satisfy due process. *See Walden*, 571 U.S. at 286; *see also Riley v. Cardozo*, No. 3:16-cv-961-J-34MCR, 2017 WL 2799900, at *6 (M.D. Fla. June 28, 2017). And, even if Plaintiff did reside in Florida at the time, it would not permit the exercise of specific jurisdiction over Joffe because "the plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285. "[M]ere injury to a forum resident is not a sufficient connection to the forum" to establish specific jurisdiction. *Id*. at 290.

      Nor can Plaintiff rely on the *Calder* effects test to establish jurisdiction. *See Calder v. Jones*, 465 U.S. 783 (1984). It is not enough that the information was accessible in Florida. There is no credible allegation that Joffe "targeted" Florida, and no evidence that Joffe had "reason to believe the 'brunt' of Plaintiff's injury would be felt in Florida." *Miller v. Gizmodo Media Grp. LLC*, 383 F. Supp. 3d 1365, 1373 (S.D. Fla. 2019). For these reasons, the remaining claims against Joffe should be dismissed because this Court lacks personal jurisdiction over him.

## CONCLUSION

Based on the foregoing, this Court should dismiss Plaintiff's claims against Joffe for lack of personal jurisdiction.

Dated:  July 14, 2022                                         Respectfully submitted,

*/s/ Edward Soto*
Edward Soto (FBN 0265144)
**WEIL GOTSHAL & MANGES LLP**
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Telephone: (305) 577-3100

Steven A. Tyrrell, *admitted pro hac vice*
**WEIL GOTSHAL & MANGES LLP**
2001 M Street, N.W., Suite 600
Washington, D.C. 20036
Telephone: (202) 682-7000

*Counsel for Rodney Joffe*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 14, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                                  */s/ Edward Soto*
                                                  Edward Soto (FBN 0265144)
                                                  **WEIL GOTSHAL & MANGES LLP**
                                                  1395 Brickell Avenue, Suite 1200
                                                  Miami, FL 33131
                                                  Telephone: (305) 577-3100
                                                  Facsimile: (305) 374-7159

                                                  *Counsel for Rodney Joffe*