UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

DONALD J. TRUMP,

        Plaintiff,

v.

HILLARY R. CLINTON, et al.,

        Defendants.

Case No. 2:22-cv-14102-DMM

**DEFENDANT NEUSTAR, INC.'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)
AND INCORPORATED MEMORANDUM OF LAW**

Samantha L. Southall (admitted *pro hac vice*)
Pennsylvania Bar No. 80709
BUCHANAN INGERSOLL & ROONEY PC
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
Tel: (215) 665-8700
Fax (215) 667-8760
Email: samantha.southall@bipc.com

Jennifer Olmedo-Rodriguez
Florida Bar No. 605158
BUCHANAN INGERSOLL & ROONEY PC
2 South Biscayne Blvd., Suite 1500
Miami, Florida 33131
Tel: (305) 347-4080
Fax: (305) 347-4089
Email: jennifer.olmedo-rodriguez@bipc.com

*Attorneys for Defendant Neustar, Inc.*

Defendant Neustar, Inc. ("Neustar"), by and through its undersigned counsel, respectfully submits this Motion pursuant to Fed. R. Civ. P. 12(b)(6) and 21 to dismiss Counts II, IV, VII, VIII, IX, and XVI of the Amended Complaint as to it together with this accompanying memorandum of law. In support of this Motion, and in accordance with Fed. R. Civ. P. 10(c) and this Court's Orders of June 23, 2022, DE 188, July 1, 2022, DE 200, and July 11, 2022, DE 216, Neustar incorporates its arguments in support of dismissal set forth in its Motion to Dismiss the original Complaint, DE 160, and the non-federal Defendants Joint Motion to Dismiss, DE 226, as if set forth fully herein. Pursuant to this Court's July 11 Order, DE 216, Neustar submits this brief supplemental memorandum of law to address the issues unique to Neustar, an improperly named defendant.

**ARGUMENT**

I.  **NEUSTAR IS NOT A PROPER PARTY TO THIS LITIGATION**

Neustar is differently situated from the other Defendants in this action. Simply put, it is not a proper party. TransUnion, LLC ("TransUnion") acquired Neustar's marketing, fraud and communications solutions business in December, 2021.[1] *See, e.g.*, Securities Purchase Agreement at Section 2.1, a copy of which is attached to Exhibit 2.1 to TransUnion's Form 8-K filed on Sept. 11, 2021; TransUnion's Form 8-K filed on December 1, 2021; *Neustar Security Services Spins Out with Focused Investment to Foster Accelerated Growth* (Dec. 1, 2021), https://www.home.neustar/about-us/news-room/press-releases/2021/neustar-security-services-spins-out-with-focused-investment-to-foster-accelerated-growth.

---

[1] This Court may take judicial notice of publicly available agency records. *See, e.g.*, *K.T. v. Royal Caribbean Cruises, Ltd.*, 931 F.3d 1041, 1047 (11th Cir. 2019).

1

TransUnion did *not* acquire Neustar's security business, Neustar Security Services, LLC ("NSS"), which includes Domain Name System ("DNS") resolution services, and was excluded from the transaction. NSS now operates as a standalone company. *See* DE 177 at ¶¶ 35-36. Each and every one of Plaintiff's allegations in the Amended Complaint that refer to Neustar relate to the former security business, now known as NSS. *See, e.g.*, DE 177 at ¶¶ 126, 140, 142-45. They do *not* relate to Neustar's marketing, fraud and communications solutions business. Thus, to the extent Plaintiff can state any claims for relief (which he cannot), those claims should be asserted only against the newly added Defendant NSS, not Neustar.

### A. The Amended Complaint is An Improper Shotgun Pleading as to Neustar

Despite adding NSS as a defendant in this Amended Complaint, Plaintiff does not delineate between Neustar and NSS in it. Plaintiff instead refers to Neustar collectively with NSS as a single entity, identified as "Neustar," while simultaneously averring that Neustar and NSS are separate entities. DE 177 at ¶¶ 35-36. As explained in the Joint Motion, DE 226, at Section III(G), the Amended Complaint is a shotgun pleading which this Court should dismiss with prejudice. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015).

Neustar cannot respond to Plaintiff's allegations where Neustar and NSS cannot "discern what [Plaintiff] is claiming and frame a responsive pleading." *Weiland*, 792 F.3d at 1320 (quotation omitted). For example, Plaintiff alleges that Defendant Rodney Joffe "is a former executive of Neustar and, at all relevant times herein, was acting within the scope of his employment with Neustar." DE 177 at ¶ 37. Similarly, Plaintiff alleges "Joffe, Neustar, and their associates queried their holdings of non-public internet data against a lengthy list of more than 9,000 IP addresses, 3,000 internet domains, and 60 e-mail addresses and domains that related to Donald J. Trump, the Trump Organization, and numerous Trump Associates, in their search for

2

derogatory information." DE 177 at ¶ 145. Neustar cannot respond to these allegations because it is impossible to determine which separate entity allegedly did what. *See Sanchez Sifonte v. Fonseca*, No. 21-CV-20543, 2021 WL 5086297, at *3 (S.D. Fla. Nov. 1, 2021) (dismissing the complaint because plaintiff "repeatedly allege[d] that all defendants engaged in certain conduct without distinguishing which of the more than 100 allegedly defamatory statements at issue is attributed to and was published by which defendant…"). This Court should therefore dismiss the Amended Complaint with prejudice.

### B. This Court Should Drop Neustar as an Improper Party

This Court also should exercise its inherent authority to drop Neustar from this action pursuant to Fed. R. Civ. P. 21. *See also Lampliter Dinner Theater, Inc. v. Liberty Mut. Ins. Co.*, 792 F.2d 1036, 1045-46 (11th Cir. 1986) (stressing the "great discretion" district courts have when using Rule 21 to drop a party). "The decision of whether to drop a party from a case pursuant to Rule 21 is left to the sound discretion of the trial court." *Garcia v. Chapman*, 911 F. Supp. 2d 1222, 1245 (S.D. Fla. 2012) (citations omitted).

Plaintiff here would not be prejudiced by dropping the improperly named party Neustar, particularly because Plaintiff has joined NSS as a defendant. *See, e.g.*, *Oginsky v. Paragon Properties of Costa Rica, LLC*, 282 F.R.D. 681, 682–83 (S.D. Fla. 2012) (dropping misjoined parties and severing misjoined claims pursuant to Rule 21); *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 277 F.R.D. 669, 672 (S.D. Fla. 2011) (ordering multiple defendants be dismissed pursuant to Rule 21).

3

## **CONCLUSION**

For all of the foregoing reasons and those set forth in the non-federal Defendants' Joint Motion, DE 226, Neustar respectfully requests that this Court dismiss Plaintiff's Amended Complaint as against Neustar, an improperly named party, with prejudice.

Dated: July 14, 2022          Respectfully submitted,

By: */s/ Samantha L. Southall*
Samantha L. Southall (admitted *pro hac vice*)
**BUCHANAN INGERSOLL & ROONEY PC**
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
Tel: (215) 665-8700
Fax (215) 667-8760

Jennifer Olmedo-Rodriguez (FBN 605158)
**BUCHANAN INGERSOLL & ROONEY PC**
2 South Biscayne Blvd., Suite 1500
Miami, Florida 33131
Tel: (305) 347-4080
Fax: (305) 347-4089

*Attorneys for Defendant Neustar, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 14, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*/s/Jennifer Olmedo-Rodriguez*
BUCHANAN INGERSOLL & ROONEY PC

4890-1956-1767, v. 3