UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-14102-MIDDLEBROOKS

DONALD J. TRUMP,

     Plaintiff,

v.

HILLARY R. CLINTON, et al.,

     Defendants.

_____/

## ORDER DENYING MOTION TO EXTEND TRIAL DATE

THIS CAUSE comes before the Court on Plaintiff's Motion to Extend Trial Date and to Enter Scheduling Order, filed on July 21, 2022. (DE 233). The certificate of conferral indicates that Defendants oppose the Motion.

Plaintiff initiated this action on March 24, 2022. (DE 1). On April 15, 2022, I entered an Order setting the case for trial on May 8, 2023. (DE 39). Plaintiff now seeks a continuance of the trial date until November 2023. (DE 233). The Motion fails to set forth good cause for the broad relief requested, and it is therefore denied.

Rule 16 of the Federal Rules of Civil Procedure requires the Court to issue an order setting forth the schedule upon which the case will proceed. Fed. R. Civ. P. 16(b). This schedule will be modified "only for good cause." Fed. R. Civ. P. 16(b)(4). The good cause standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16 advisory committee's note). "If a party was not diligent, the good cause inquiry should end." *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992)). Further,

"[a] continuance of any trial . . . will be granted only on exceptional circumstances." S.D. Fla. L.R. 7.6.

Here, Plaintiff attributes the need for the requested six-month extension to the perceived complexity of the case and the generalized need for additional time to complete discovery. (DE 233 ¶ 9). These representations are vague, and do not constitute good cause for an extension. Plaintiff fails to offer any specific details about the discovery he anticipates needing or why he will be unable to obtain that discovery before the trial date that I have set. As to the two foreign Defendants who have not yet been served, and the two former federal employees who are not required to respond until September 6, 2022, if Plaintiff requires additional time for discovery as to these Defendants, he may file an appropriate motion supported by specific facts at a later time. But I am not persuaded that granting the broad relief requested here—a six-month continuance—is appropriate at this juncture, before the Scheduling Order has been entered and before the Parties have endeavored to comply with anticipated deadlines. The Court will enter a Scheduling Order in due course. For now, I expect the Parties to prepare this case for trial in accordance with the date that I have set.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Defendant's Motion to Extend Trial Date (DE 233) is **DENIED**.

**SIGNED**, in Chambers, at West Palm Beach, Florida, this 22 day of July, 2022.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:    Counsel of Record