IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 2:22-cv-14102-DMM

DONALD J. TRUMP,

        Plaintiff,

v.

HILLARY R. CLINTON, et al.,

        Defendant.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT, NEUSTAR'S MOTION TO DISMISS AMENDED COMPLAINT**

        The Plaintiff, DONALD J. TRUMP, by and through his undersigned attorneys, hereby submits his Response in Opposition to the Defendant, NEUSTAR, INC's Motion to Dismiss, and states as follows:

        1.     At this time, the Motion to Dismiss filed by Neustar should be denied in its entirety, and Neustar should be required to file an Answer to the Amended Complaint. The reason being is that the Amended Complaint raises a viable cause of action against Neustar, related to the actions of its officers and/or employees. This Response specifically incorporates the arguments raised in Plaintiff's opposition to the Defendants consolidated motion to dismiss, which is being filed simultaneously herewith.

        2.     Neustar in its Motion to Dismiss is attempting to "hide the ball" or in essence create a "shell game", attempting to avoid liability for the acts of its employees and/or officers, specifically its Senior Vice President, Rodney Joffe, by hiding behind an alleged prior division of Neustar, called Neustar Security Services (hereinafter referred to as "NSS").

3.      Neustar is seeking to avoid responsibility for the actions of its Vice President, Rodney Joffe, who while employed by Neustar, exploited his access to Neustar's systems, to hack into personal and private information of Plaintiff and his associates, attempting to tie Plaintiff to a Russia Bank (Alfa Bank), to fabricate claims of collusion. The allegations against Joffe are well-detailed in the Amended Complaint, as well as his actions in the scope of his employment with Neustar.  For the purposes of this Motion to Dismiss all of the allegations contained in the four corners of the Amended Complaint should be treated as true.

4.      In particular, Neustar attempts to shield itself from any liability, by pointing the finger at NSS, a supposed prior division of Neustar, claiming that "[e]ach and every one of Plaintiff's allegations in the Amended Complaint that refer to Neustar relate to the former security business, now known as NSS." Def. Mem. at 3.

5.      Astonishingly, Neustar makes this assertion without any factual support whatsoever. It fails to attach any documentation describing NSS's role as a supposed division of Neustar, its corporate structure, or any evidence as to how it operated separately from Neustar, or what role Joffe had with NSS, vis-à-vis. Nor does it explain why NSS, as opposed to Neustar, is the sole party that can be subject to liability for the acts alleged in the Complaint. Instead, Neustar merely states that NSS's services included the "Domain Name System (DNS) resolution services and that, unlike Neustar's "marketing, fraud, and communications solution business," NSS was not part of the TransUnion acquisition.

6.      Simply put, this information does not provide any basis whatsoever for dismissing of Neustar as a party, particularly at the motion to dismiss stage.

7.      Further, the scant information that can be gleaned from Neustar's barebones brief actually tends to show that Neustar is *precisely* the correct party, since it seemingly admits that acts alleged in the Complaint were, in fact, carried out through a subdivision of Neustar.

8.      A significant amount of the actions alleged in the Complaint, as they relate to Neustar and Joffe, occurred in 2016 and early 2017.

9.      Notably, according to corporate filing records, NSS was not incorporated until April 2017, meaning it could not have been a separate corporate entity during the time that much of this conduct occurred.[1]

10.      As a result, Neustar has unintentionally substantiated Plaintiff's contention that— at least prior to April 2017—all of the actions committed by Joffe where done within the scope of his position as Senior Vice President for Neustar, as is alleged in the Amended Complaint filed by the Plaintiff.

11.      Looking at the LinkedIn page of Joffe, it reflects that he was a "Senior VP, Senior Technologist, and Fellow" for Neustar, Inc. from 2006 to 2019, before becoming a "Senior Vice-President, Security CTO, and Fellow from 2019 to 2021.   There is no mention of NSS, and it an undisputed fact that Joffe was employed as a Senior Vice President for Neustar in 2016, when the alleged unlawful acts were committed by him.

12.       "A motion to dismiss is designed to test the legal sufficiency of the complaint, not to determine factual issues, and the allegations of the complaint must be taken as true, and all reasonable inferences therefrom construed in favor of the nonmoving party. *See, e.g.*, *Ralph v. City of Daytona Beach*, 471 So. 2d 1, 2 (Fla. 1983) ("For the purposes of a motion to dismiss . . .

---

[1]https://cis.scc.virginia.gov/EntitySearch/BusinessInformation?businessId=11296562&source=FromEntityResult&isSeries%20=%20false

3

allegations of the complaint are assumed to be true and all reasonable inferences arising therefrom are allowed in favor of the plaintiff.").” <u>Fla. Bar v. Greene</u>, 926 So. 2d 1195, 1199 (Fla. 2006).

13.    Neustar  argues that it should not be sued by the Plaintiff, as it not a proper party to this action based on a Securities Purchase Agreement, executed in 2021, in which Neustar was sold to TransUnion.   Neustar claims that the sale did not include Neustar's previous security business, NSS, and therefore TransUnion is not liable for the actions of NSS, but NSS should be held liable, itself.

14.    The Securities Purchase Agreement upon which Neustar relies upon, was executed, and filed on September 11, 2021, however, the allegations which are raised within the Amended Complaint are all for events which occurred in 2016.

15.    In 2016, Neustar was one corporate entity, with a division, NSS.   However, the Plaintiff is not able to tell exactly when NSS was formed, or what role did it really have in the actions complained of within the Amended Complaint, and/or what role did Joffee have with NSS, as opposed to his role with his actual employer, Neustar.

16.    In 2016, Neustar would have shared the same lines of business, employees, managers, and shareholders all operating under one corporate entity. Now, conveniently, Neustar claims it has split up its businesses, parceling out the security business.  As a result, Neustar argues it and should not be held liable for the actions of NSS, based on a corporate sale that occurred more than five years after the acts giving rise to liability are alleged to have started to occur.

17.    In the instant matter, Joffee was Senior Vice President of Neustar, and his acts were done within the scope of his employment with Neustar.  Even in the event Joffee was using

a division of Neustar, NSS, to hack into the computers and commit the unlawful acts, Neustar would still be liable for these acts, as the acts were done under their supervision and by one of their officers.

18.   The Amended Complaint which the Plaintiff has filed is for actions which occurred, at least in part, prior to Neustar being split into two corporate entities.   Regardless of whether Neustar no longer retains or operates the business of NSS is irrelevant in determining whether Neustar should be liable for its actions.

19.   Additionally, NSS has now been added as a party to the Amended Complaint for the purpose of determining the liability of the two parties.

20.   As Neustar is claiming that NSS is proper party to bring a claim against, the Plaintiff, is well within his rights to add this party, as well as keep the underling parent company. With both Neustar and NSS being brought into this case, the case can now properly be brought before a jury, and a jury may determine which company is at fault.

21.   At an absolute minimum, Plaintiff is entitled to discovery on this issue since Neustar has failed to offer even a scintilla of evidence in support of its argument that it is not the proper party.

22.   Dismissing the Amended Complaint against Neustar at the Motion to Dismiss stage, would cause unfair prejudice against the Plaintiff and would prevent the discovery of necessary evidence in this case.

23.   Additionally, a jury may determine that Neustar and NSS are both liable and may determine the percentage of liability that each company should face, in the event that NSS was the mechanism of which Joffe was committing his unlawful acts.

24.     A motion to dismiss is scrutinized under a standard which takes all allegations included in the complaint as true and all reasonable inferences are construed in favor of the nonmoving party.

25.     The Amended Complaint alleges that Joffe, used Neustar's software and infrastructure to hack and access secure databases, and mine DNS traffic for the purpose of obtaining derogatory information regarding Donald J. Trump. For the purpose of a motion to dismiss, these allegations must be considered as true, and all reasonable inferences should be construed in favor of the nonmoving party. These claims are sufficient and specific enough for the Defendant, Neustar, to respond to, and the motion to dismiss should be denied.

26.     Within the Amended Complaint, Donald J. Trump makes allegations against both Neustar and NSS, as a collective, because Neustar has made pursuing a complaint against Neustar convoluted, by in 2021, separating its business practices into two separate entities. However, during the time of the events that occurred in 2016, Neustar was only one corporation, which employed Joffe.

27.     Neustar performed the alleged acts as one corporation, and they are now attempting to escape potential liability by claiming that another company, NSS, which is a split-up of their corporation is the offending party. Neustar would have made decisions, performed business, and operated as one corporation at the time that they committed the alleged acts, and they cannot be permitted to dismiss the Amended Complaint because it later split into two corporate entities. Rather, both corporations must now be listed within the complaint in order to determine which is at fault, and the Plaintiff is allowed to plead his causes of actions against both, in the alternative.

28.     It is necessary to plead the allegations against both entities, because the acts occurred in 2016, by Neustar, by and through its employees and officers, and now Neustar is claiming those same officers worked for another division of Neustar, NSS.  As such, it is necessary to include both Defendants, to avoid the shell-game that is occurring in this matter.

29.     Neustar claims that it is "impossible to determine which separate entity allegedly did what."  This is a nonsensical proposition. The two entities filed their notice of the company splitting apart less than a year ago. Neustar and NSS are more than capable of determining whether or not they had any involvement in the allegations made against them. Neustar merely needs to identify, whether its employees or officers, such as Joffee, committed any of the alleged acts, and to state what role did Joffe have with Neustar, and what was the involvement overall by Neustar.

30.     In the event this Court was to dismiss Neustar from the case, this would create a dangerous precedent, in which corporations, or their officers, could commit unlawful acts, and then avoid liability for their actions, by simply creating a new corporate entity and moving the offending line of business to the new corporation after the act for which they could be liable had occurred, and claiming that the original corporation is no longer liable.

31.     To summarize, the Amended Complaint states a valid cause of action against Neustar, which was the entity which employed Joffee as its Senior Vice President.  In the event that Joffe was committing the unlawful acts in the scope of his work at NSS, a supposed division of Neustar, then the Plaintiff is well-within his rights to sue both entities, in the alternative, for the wrongful acts that were done to him and allow a jury to determine which entity was at fault. For these reasons, the Neustar's Motion to Dismiss should be denied, and it be required to Answer the Amended Complaint filed by the Plaintiff.

32.     For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' motion in its entirety.


**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (561) 232-2222


 /s/ Pete*r Ticktin*
PETER TICKTIN, ESQUIRE
Florida Bar No. 887935
JAMIE ALAN SASSON, ESQUIRE
Florida Bar No. 10802
Our Matter No.: 22-0062

and

**HABBA MADAIO & ASSOCIATES LLP**
1430 US Highway 206
Suite 240
Bedminster, New Jersey 07921
ALINA HABBA, ESQUIRE (*Pro Hac Vice*)
New Jersey Bar No. 018592010
MICHAEL T. MADAIO, ESQUIRE (*Pro Hac Vice*)
New Jersey Bar No. 070752013
Our Matter No.: 4500-74

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically

filed this 4th day of August, 2022, with the Clerk of Court using CM/ECF, which will send a

notice of electronic filing to all Parties listed on the Service List.


_____/s/ Peter Ticktin_____

**THE TICKTIN LAW GROUP**
Peter Ticktin, Esquire
Florida Bar No.: 887935
Serv512@LegalBrains.com
Jamie Alan Sasson, Esquire
Florida Bar No.: 10802
Serv513@LegalBrains.com
270 SW Natura Avenue
Deerfield Beach, Florida 33441-1610
Telephone: (954) 570-6757
*Attorneys for the Plaintiff*

**HABBA MADAIO & ASSOCIATES**
Alina Habba, Esquire
ahabba@habbalaw.com
Michael T. Madaio, Esquire
mmadaio@habbalaw.com
1430 US Highway 206 Suite 240
Bedminster, New Jersey 07921
Telephone: (908) 869-1188
*Attorneys for the Plaintiff*

**SERVICE LIST**

Anthony Erickson-Pogorzelski, Esquire
Fla. Bar No. 619884
Anthony.Pogorzelski@usdoj.gov
**Assistant U.S. Attorney**
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Telephone: 305- 961-9296
*Attorneys for Defendant*
*United States of America*

David E. Kendall, Esquire
dkendall@wc.com
**Williams & Connolly, LLP**
725 12th Street NW
Washington, DC 20005-3901
Telephone: 202-434-5000
*PRO HAC VICE*
*Attorney for the Defendant*
*Hillary R. Clinton*

David Oscar Markus, Esquire
dmarkus@markuslaw.com
**Markus/Moss, LLP**
40 N.W. Third Street
Penthouse 1
Miami, Florida 33128
Telephone: 305-379-6667
*Attorneys for the Defendant*
*Hillary R. Clinton*

Katherine M. Turner, Esquire
kturner@wc.com
**Williams & Connolly, LLP**
725 12th Street NW
Washington, DC 20005-3901
Telephone: 202-434-5000
*PRO HAC VICE*
*Attorney for the Defendant*
*Hillary R. Clinton*

Michael J. Mestitz, Esquire
mmestitz@wc.com
**Williams & Connolly, LLP**
725 12th Street NW
Washington, DC 20005-3901
Telephone: 202-434-5000
*PRO HAC VICE*
*Attorney for the Defendant*
*Hillary R. Clinton*

Jonathan Edward Levine, Esquire
Jonathan.levine@levinepllc.com
**Levine & Associates, PLLC**
5311 Lee Highway
Arlington, Virginia 22207
Telephone: 703-525-2668
*Attorney for Defendant*
*Charles Halliday Dolan, Jr.*

George R.A. Doumar, Esquire
gdoumar@doumarmartin.com
**Mahdavi, Bacon, Halfhill & Young, PLLC**
11350 Random Hills Road, Suite 700
Fairfax, Virginia 22030
Telephone: 703-352-1300
*PRO HAC VICE*
*Attorney for Defendant*
*Charles Halliday Dolan, Jr*

Franklin G. Monsour, Jr., Esquire
fmonsour@orrick.com
**Orrick, Herrington & Stcliffe, LLP**
51 West 52nd Street
New York, New York 10019
Telephone: 202-339-8533
*PRO HAC VICE*
*Attorney for Defendant*
*Igor Danchenko*

Diana Marie Fassbender, Esquire

dszego@orrick.com
**Orrick, Herrington & Stcliffe, LLP**
1152 15th Street NW
Washington, D.C. 20005
*PRO HAC VICE*
*Attorney for Defendant*
*Igor Danchenko*


Jennifer Olmedo-Rodriguez, Esquire
Florida Bar No.: 605158
Jennifer.olmedo@bipc.com
**Buchanan Ingersoll & Rooney, P.C.**
2 South Biscayne Boulevard, Suite 1500
Miami, Florida 33131
Telephone: 305-347-4080
*Attorney for the Defendant*
*Neustar, Inc.*


Samantha L. Southall, Esquire
Samantha.southall@bipc.com
**Buchanan Ingersoll & Rooney, P.C.**
50 South 16th Street, Suite 3200
Two Liberty Place
Philadelphia, PA 19102
Telephone: 215-665-3884
*PRO HAC VICE*
*Attorney for the Defendant*
*Neustar, Inc*


Adam Seth Fels, Esquire
afels@ffslawfirm.com
Florida Bar No.: 0114917
**Fridman Fels & Soto, PLLC**
2525 Ponce de Leon Blvd., Ste 750
Coral Gables, FL 33134
Telephone: 305-569-7701
*Attorney for the Defendant*
*Bruce Ohr and Nellie Ohr*
*Fusion GPS*
*Glenn Simpson*
*Peter Fritsch*


Kevin P. Crenny, Esquire
kcrenny@levyfirestone.com

**Levy Firestone Muse, LLP**
900 17th Street NW, Suite 1200
Washington, D.C., 20006
Telephone: 202-845-3215
*PRO HAC VICE*
*Attorney for the Defendant*
*Fusion GPS*
*Glenn Simpson*
*Peter Fritsch*


Joshua Levy, Esquire
jal@levyfirestone.com
**Levy Firestone Muse, LLP**
900 17th Street NW, Suite 1200
Washington, D.C., 20006
Telephone: 202-845-3215
*PRO HAC VICE*
*Attorney for the Defendant*
*Fusion GPS*
*Glenn Simpson*
*Peter Fritsch*


Rachel Clattenburg, Esquire
rmc@levyfirestone.com
**Levy Firestone Muse, LLP**
900 17th Street NW, Suite 1200
Washington, D.C., 20006
Telephone: 202-845-3215
*PRO HAC VICE*
*Attorney for the Defendant*
*Fusion GPS*
*Glenn Simpson*
*Peter Fritsch*


Joshua Berman, Esquire
Joshua.Berman@cliffordChance.com
**Clifford Chance US, LLP**
2011 K. Street, NW
Washington, D.C., 20006-1001
Telephone: 202-912-5000
*PRO HAC VICE*
*Attorney for Defendants*
*Nellie Ohr and Bruce Ohr*


Benjamin Peacock, Esquire

Benjamin.Peacock@cliffordChance.com
**Clifford Chance US, LLP**
2011 K. Street, NW
Washington, D.C., 20006-1001
Telephone: 202-912-5000
*PRO HAC VICE*
*Attorney for Defendants*
*Nellie Ohr and Bruce Ohr*


Eugene K. Pettis, Esquire
cmarr@hpslegal.com
Service@hpslegal.com
**Haliczer Pettis & Schwamm P.A.**
100 SE 3rd Avenue, 7th Floor
Fort Lauderdale, FL 33394
Telephone: 954-523-9922
*Attorneys for Defendant*
*Marc Elias*


Debra P. Klauber, Esquire
dklauber@hpslegal.com
Service@hpslegal.com
**Haliczer Pettis & Schwamm P.A.**
100 SE 3rd Avenue, 7th Floor
Fort Lauderdale, FL 33394
Telephone: 954-523-9922
*Attorneys for Defendant*
*Marc Elias*

April A. Otterberg, Esquire
aotterberg@jenner.com
**Jenner & Block, LLP**
353 N. Clark Street
Chicago, Il 60654-3454
Telephone: 312-222-9350
*PRO HAC VICE*
*Attorney for the Defendant*
*Marc Elias*

Reid J. Schar, Esquire
rschar@jenner.com
**Jenner & Block, LLP**
353 N. Clark Street

Chicago, Il 60654-3454
Telephone: 312-222-9350
*PRO HAC VICE*
*Attorney for the Defendant*
*Marc Elias*

Roberto Martinez, Esquire
Bob@colson.com
becky@colson.com
Florida Bar No.: 305596
**Colson Hicks Eidson, P.A.,**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Telephone: 305-476-7400
*Attorney for the Defendant*
*Michael Sussmann*


Zachary Lipshultz, Esquire
zach@colson.com
Florida Bar No.: 123594
**Colson Hicks Eidson, P.A.,**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Telephone: 305-476-7400
*Attorney for the Defendant*
*Michael Sussmann*


Michael S. Bosworth, Esquire
Michael.Bosworth@lw.com
**Latham & Watkins, LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212-916-1221
*PRO HAC VICE*
*Attorney for the Defendant*
*Michael Sussmann*

Michael F. Houlihan, Esquire
Michael.Houlihan@lw.com
**Lathem & Watkins, LLP**
200 Clarendon Street
Boston, MA 02116
Telephone: 617-880-4642
*PRO HAC VICE*
*Attorney for the Defendant*

12

*Michael Sussmann*

Sean M. Berkowitz, Esquire
Sean.Berkowitz@lw.com
**Latham & Watkins, LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: 312-876-7700
*PRO HAC VICE*
*Attorney for the Defendant*
*Michael Sussmann*

Stephen P. Barry, Esquire
Stephen.Barry@lw.com
**Latham & Watkins, LLP**
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone: 202-637-2200
*PRO HAC VICE*
*Attorney for the Defendant*
*Michael Sussmann*

Eleni Kastrenakes Howard, Esquire
Eleni.kastrenakeshoward@akerman.com
Florida Bar No.: 73073
**Akerman, LLP**
777 S. Flagler Drive, Suite 1100, West
Tower
West Palm Beach, Florida 33401
Telephone: 561-653-5000
*Attorney for the Defendant*
*Perkins Coie, LLP*

Howard Jay Harrington, Esquire
Jay.harrington@akerman.com
Florida Bar No.: 0118719
**Akerman, LLP**
777 S. Flagler Drive, Suite 1100, West
Tower
West Palm Beach, Florida 33401
Telephone: 561-653-5000
*Attorney for the Defendant*
*Perkins Coie, LLP*

F. Joseph Warin, Esquire

fwarin@gibsondunn.com
**Gibson Dunn & Crutcher, LLP**
1050 Connecticut Avenue NW
Washington, D.C., 20036-5306
Telephone: 202-887-3609
*PRO HAC VICE*
*Attorney for the Defendant*
*Perkins Coie, LLP*

Geoffrey M. Sigler, Esquire
gsigler@gibsondunn.com
**Gibson Dunn & Crutcher, LLP**
1050 Connecticut Avenue NW
Washington, D.C., 20036-5306
Telephone: 202-887-3609
*PRO HAC VICE*
*Attorney for the Defendant*
*Perkins Coie, LLP*

Katherine M. Meeks, Esquire
kmeeks@gibsondunn.com
**Gibson Dunn & Crutcher, LLP**
1050 Connecticut Avenue NW
Washington, D.C., 20036-5306
Telephone: 202-887-3609
*PRO HAC VICE*
*Attorney for the Defendant*
*Perkins Coie, LLP*

Nancy E. Hart, Esquire
nhart@gibsondunn.com
**Gibson Dunn & Crutcher, LLP**
1050 Connecticut Avenue NW
Washington, D.C., 20036-5306
Telephone: 202-887-3609
*PRO HAC VICE*
*Attorney for the Defendant*
*Perkins Coie, LLP*

Gerald E. Greenberg, Esquire
ggreenberg@gsgpa.com
Florida Bar No.: 440094
**Gelber Schachther & Greenberg, P.A.**
One South East Third Avenue, Suite 2600

SunTrust International Center
Miami, Florida 33131
Telephone: 305-728-0950
*Attorney for the Defendant*
*Democratic National Committee*
*DNC Services Corporation*
*Debbie Wasserman Schultz*

Shawn G. Crowley, Esquire
scrowley@kaplanhecker.com
**Kaplan Hecker & Fink, LLP**
350 5th Avenue, 63rd Floor
New York, New York 10118
Telephone: 212-763-0883
*PRO HAC VICE*
*Attorney for the Defendants*
*Democratic National Committee*
*DNC Services Corporation*

Maximillian Feldman, Esquire
mfeldman@kaplanhecker.com
**Kaplan Hecker & Fink, LLP**
350 5th Avenue, 63rd Floor
New York, New York 10118
Telephone: 212-763-0883
*PRO HAC VICE*
*Attorney for the Defendants*
*Democratic National Committee*
*DNC Services Corporation*

Roberta A. Kaplan, Esquire
rkaplan@kaplanhecker.com
**Kaplan Hecker & Fink, LLP**
350 5th Avenue, 63rd Floor
New York, New York 10118
Telephone: 212-763-0883
*PRO HAC VICE*
*Attorney for the Defendants*
*Democratic National Committee*
*DNC Services Corporation*

Edward Soto, Esquire
Edward.soto@weil.com
Florida Bar No.: 0265144
**Weil Gotshal & Manges, LLP**

1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone: 305-577-3100
*PRO HAC VICE*
*Attorney for the Defendant*
*Rodney Joffee*

Steven Tyreell, Esquire
Steven.tyrell@weil.com
**Weil, Gotshal & Manges, LLP**
2001 M St. NW, Suite 600
Washington, D.C. 20063
Telephone:
*PRO HAC VICE*
*Attorney for the Defendant*
*Rodney Joffee*

Noah Brozinsky, Esquire
nbrozinsky@kaiserdillon.com
Florida Bar No.: 010470
**KaiserDillon, PLLC**
1099 14th Street NW, 8th Floor West
Washington, D.C. 20005
*Attorney for the Defendant*
*Kevin E. Clinesmith*

Christopher Muha, Esquire
CMuha@kaiserdillon.com
**KaiserDillon, PLLC**
1099 14th Street NW, 8th Floor West
Washington, D.C. 20005
Telephone: 202-640-2850
*PRO HAC VICE*
*Attorney for the Defendant*
*Kevin E. Clinesmith*

William Pittard, Esquire
Wpittard@kaiserdillon.com
**KaiserDillon, PLLC**
1099 14th Street NW, 8th Floor West
Washington, D.C. 20005
Telephone: 202-640-2850
*PRO HAC VICE*
*Attorney for the Defendant*
*Kevin E. Clinesmith*

Paola Pinto, Esquire
ppinto@schertlerlaw.com
Florida Bar No.: 1013933
**Schertler Onorato Mead & Sears**
555 13th Street, N.W.
Suite 500 West
Washington, D.C. 20004
Telephone: 202-628-4155
*Attorney for the Defendants*
*John Podesta*
*HFACC, Inc.*

Robert P. Trout, Esquire
Rtrout@schertlerlaw.com
**Schertler Onorato Mead & Sears**
555 13th Street, N.W.
Suite 500 West
Washington, D.C. 20004
Telephone: 202-628-4155
*PRO HAC VICE*
*Attorney for the Defendants*
*John Podesta*
*HFACC, Inc.*

William R. Barzee, Esquire
williambarzee@barzeeflores.com
**Barzee Flores**
Courthouse Center, Penthouse One
40 NW Third Street
Miami, Florida 33128
Telephone: 3025-374-3998
*Counsel for the Defendants*
*Robert E. Mook*
*Jack Sullivan*

Andrew J. Ceresney, Esquire
aceresney@debevoise.com
**Debevoise & Plimpton, LLP**
919 Third Avenue
New York, NY 10022
Telephone: 212-909-6000
*PRO HAC VICE*
*Attorney for the Defendant*
*Robert E. Mook*

Isabela M. Garcez, Esquire
imgarcez@debevoise.com
**Debevoise & Plimpton, LLP**
919 Third Avenue
New York, NY 10022
Telephone: 212-909-6000
*PRO HAC VICE*
*Attorney for the Defendant*
*Robert E. Mook*

Wendy B. Reilly, Esquire
wbreilly@debevoise.com
**Debevoise & Plimpton, LLP**
919 Third Avenue
New York, NY 10022
Telephone: 212-909-6000
*PRO HAC VICE*
*Attorney for the Defendant*
*Robert E. Mook*

Brian L. Stekloff, Esquire
bstekloff@wilkinsonstekloff.com
**Wilkinson Stekloff, LLP**
2001 M. Street NW, 10th Floor
Washington, D.C. 20036
Telephone: 202-847-4030
*PRO HAC VICE*
*Attorney for the Defendant*
*Jake Sullivan*

Sarah E. Neuman, Esquire
sneuman@wilkinsonstekloff.com
**Wilkinson Stekloff, LLP**
2001 M. Street NW, 10th Floor
Washington, D.C. 20036
Telephone: 202-847-4030
*PRO HAC VICE*
*Attorney for the Defendant*
*Jake Sullivan*

James E. Gillenwater, Esquire
gillenwaterj@gtlaw.com,
**Greenberg Traurig, P.A.**
333 SE 2nd Avenue, Suite 4400

15

Miami, Florida 33131
Telephone: 305-579-0500
*Attorney for the Defendant*
*Neustar Security Services*

Allison S. Eisen, Esquire
aeisen@wc.com
**Williams & Connolly, LLP**
380 Maine Avenue, SW
Washington, D.C. 20024
Telephone: 202-434-5000
*PRO HAC VICE*
*Attorney for the Defendant*
*Neustar Security Services*

Kathryn E. Garza, Esquire
kgarza@wc.com
**Williams & Connolly, LLP**
380 Maine Avenue, SW
Washington, D.C. 20024
Telephone: 202-434-5000
*PRO HAC VICE*
*Attorney for the Defendant*
*Neustar Security Services*

John M. McNichols, Esquire
jmcnichols@wc.com
**Williams & Connolly, LLP**
380 Maine Avenue, SW
Washington, D.C. 20024
Telephone: 202-434-5000
*PRO HAC VICE*
*Attorney for the Defendant*
*Neustar Security Services*