IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 2:22-cv-14102-DMM

DONALD J. TRUMP,

    Plaintiff,

v.

HILLARY R. CLINTON, et al.,

    Defendant.

_____/

## PLAINTIFFS' RESPONSE TO DEFENDANT, CHARLES HALLIDAY DOLAN JR.'S MOTION TO DISMISS AMENDED COMPLAINT

The Plaintiff, DONALD J. TRUMP, (hereinafter referred to as "Plaintiff"), by and through their undersigned attorneys hereby submit this Response to Defendant, CHARLES HALLIDAY DOLAN, JR.'s (hereinafter referred to as "Dolan") Motion to Dismiss the Amended Complaint, and in support, state as follows:

1. The Motion to Dismiss should be denied in its entirety, and Dolan should be required to file an Answer, as the Amended Complaint raised a viable cause of action against Dolan. This Response specifically incorporates the arguments raised in Plaintiff's opposition to the Defendants consolidated motion to dismiss, which is being filed simultaneously herewith.

2. Dolan attempts to escape liability by arguing, among other things, a lack of contact with Florida and that there is no actionable claim against him.

3. As a threshold matter, Dolan's personal jurisdiction analysis misses the mark entirely as he ignores the relevant provisions of the RICO statute as they pertain to service. Section 1965(d) of the RICO statute provides for service in any judicial district in which the defendant is found. The Eleventh Circuit has found that "[w]hen a federal statute provides for

nationwide service of process, it becomes the statutory basis for personal jurisdiction." *See Republic of Panama v. BCCI Holdings (Lux.) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997). Here, Section 1965(d) is the controlling, statutory source of personal jurisdiction over Dolan.

4. In *Republic of Panama*, the Eleventh Circuit reversed a trial court's Rule 12(b)(2) dismissal of a RICO civil lawsuit holding that personal jurisdiction could be exercised over defendants even if they did not have significant contacts with the forum state under RICO's nationwide service provision. 119 F.3d at 948. District courts in this circuit have repeatedly ruled consistently with the holding of Republic of Panama and broadly construed 18 U.S.C. § 1965(d). *See Prou v. Giarla*, 62 F. Supp. 3d 1365, 1373 (S.D. Fla. 2014) (holding that the nationwide service of process provision can be used to exercise personal jurisdiction over claims brought pursuant to the federal RICO statute); *BankAtlantic v. Coast to Coast Contractors*, 947 F. Supp. 480, 484 (S.D. Fla. 1996) (holding that because RICO provides for nationwide service of process, it is the statutory basis for personal jurisdiction in a RICO action, not Florida's long-arm statute).

5. Under RICO's nationwide service provision, a defendant is only required to have minimum contacts with the United States as whole in order to satisfy due process and enable a court to exercise personal jurisdiction over such defendant. *See Prou*, 62 F. Supp. 3d at 1372–73. In other words, there is no requirement that a defendant establish minimum contacts with the forum district itself, but rather, a defendant's presence within the United States satisfies any due process concerns where nationwide service of process is authorized—unless the defendant satisfies its "burden of demonstrating that assertion of jurisdiction in this forum will make litigation 'so gravely difficult and inconvenient' that he will be at a 'severe disadvantage' in comparison [to Plaintiff]," which Dolan has not attempted to do and cannot do here. *Id*.

6. Here, Plaintiff has established a prima facie case of personal jurisdiction against Dolan. Dolan plainly admits in his moving papers that he is a resident of New York. (D.E. 177 ¶ 20). The Amended Complaint seeks relief from Dolan's wrongful conduct under the RICO statute, which is outlined both below and in Plaintiff's Opposition to Defendants' consolidated motion. Pursuant to RICO's nationwide service of process provision, Dolan, as an individual residing in the United States, has sufficient minimum contacts with the United States to satisfy constitutional due process requirements and thus is subject to the personal jurisdiction of this Court. *See generally* 18 U.S.C. § 1965(d); see also *BankAtlantic*, 947 F. Supp. at 488 ("[A] defendant's mere presence within the United States establishes 'minimum contacts' and satisfies any due process concerns that may exist where nationwide service of process is authorized.")

7. Therefore, Dolan has not identified any viable legal impediment to this Court's exercise of personal jurisdiction over him as a defendant in this action.

8. While inapplicable, Dolan's argument similarly fails under the "minimum contacts" analysis. However, his argument fails as the alleged actions against Dolan relate to information which he provided to Igor Danchenko, knowing that it would used to cause a dossier or similar release to harm the Plaintiff. As it was, his information was, in turn, provided that information to Christopher Steele for the purpose of including within the Steele dossier.

9. "[I]n order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945).

10. Where one state is the focal point both of the story and of the harm suffered, jurisdiction over defendants is proper in that same state based on the "effects" of the defendants

conduct in that state even though the conduct occurs in another state. *See Calder v. Jones*, 465 U.S. 783, 789, 104 S. Ct. 1482, 1486 (1984). Both a writer and an editor for a publication should reasonably expect to be hauled into court within the state where an article is circulated and published. *Id.* at 789-90. Similarly, one that directly provides a writer and an editor with the information that is used within the published article should also reasonably expect to be sued in the court of the state where the article is distributed and published. A plaintiff, who is injured in Florida, should not have to go to the defendant's home state to seek redress from the individual who knowingly caused the injury within Florida. *Id.* at 790.

11.     In judging minimum contacts, a court properly focuses on "the relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). *See also Rush v. Savchuk*, 444 U.S. 320, 332 (1980). Thus, it is certainly relevant to the jurisdictional inquiry that petitioner is seeking to recover damages suffered in all States in this one suit. The contacts between respondent and the forum must be judged in the light of that claim, rather than a claim only for damages sustained in New Hampshire. That is, the contacts between respondent and New Hampshire must be such that it is "fair" to compel respondent to defend a multistate lawsuit in New Hampshire seeking nationwide damages for all copies of the five issues in question, even though only a small portion of those copies were distributed in New Hampshire. *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 775, 104 S. Ct. 1473, 1478-79 (1984) (establishing that the minimum contacts required for personal jurisdiction can be met for a plaintiff that is seeking to recover damages suffered in all States in one suit even when only a small number of the offending copies were distributed within that State.)

12.     "A state has an especial interest in exercising judicial jurisdiction over those who commit torts within its territory… False statements of fact harm both the subject of the

falsehood and the readers of the statement." *Hustler Mag, id.* (1984) (explaining that false statements harm readers of the statement within the forum state and that one can be liable for those false statements within the state readers are in.)

13. By providing false information to Igor Danchenko, which information was subsequently used in the Steele dossier, Dolan assisted his co-conspirators in creating a document which was published throughout the world. That document was subsequently read and published within the State of Florida. The false dossier has harmed both the Plaintiff, Donald J. Trump, and residents of the State of Florida. The minimum contacts necessary to establish personal jurisdiction have been met by the Plaintiff to survive a Motion to Dismiss.

14. Florida is also able to establish jurisdiction under Florida's long-arm statute. Under § 48.193(1)(a)(2) Florida Statutes, an individual may be subjected to the jurisdiction of courts in Florida if he, whether or not a citizen of Florida, commits a tortious act within the State of Florida. As the harm was incurred in the State of Florida, the tortious acts averred in the Amended Complaint, were committed in the State of Florida.

15. Moreover, the federal courts are permitted to establish supplemental jurisdiction over claims that "form part of the same case or controversy." 28 U.S.C. § 1367(a). Dolan's acts and omissions in this lawsuit arise out of or relate to his conduct which affects, among other jurisdictions, Florida. Dolan is a major part of this case and not including him as a party within this case would be immensely prejudicial to the Plaintiff.

16. Although based on *Calder* and *Keeton* there is clearly enough for this Court to deny Defendant's motion, should the Court consider otherwise, it is respectfully requested that the Court deny Dolan's motion to dismiss for lack of personal jurisdiction without prejudice, and

Plaintiff be granted jurisdictional discovery into the relationship between Defendant and Florida with the scope to be set by the Court.

17. "Although the plaintiff bears the burden of proving the court's jurisdiction, the plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction." *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984); *see also Jessop v. Penn Nat'l Gaming, Inc.*, No. 618CV1741ORL37DCI, 2019 WL 960031, at *2 (M.D. Fla. Jan. 25, 2019) ("Jurisdictional discovery is appropriate when there is a dispute about the 'facts that would support [the plaintiff's] allegations of jurisdiction.'").

18. The Eleventh Circuit has also held that "federal courts should order limited jurisdictional discovery where the information the plaintiff seeks, if it exists, would give rise to jurisdiction." *RMS Titanic, Inc. v. Kingsmen Creatives*, Ltd., 579 F. App'x 779, 790 (11th Cir. 2014). The Eleventh Circuit also held that a plaintiff has a qualified right to conduct jurisdictional discovery when the facts are intertwined with the merits of the case:

> The upshot of these hydraulic pressures is that, when facts that go to the merits and the court's jurisdiction are intertwined and genuinely in dispute, parties have a "qualified right to jurisdictional discovery," meaning that a district court abuses its discretion if it completely denies a party jurisdictional discovery, unless that party unduly delayed in propounding discovery or seeking leave to initiate discovery.

*Am. C.L. Union of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017)

19. Because resolution of the issues presented before the Court goes to the merits as well as to personal jurisdiction, jurisdictional discovery would be appropriate under the controlling Eleventh Circuit precedent. *Id.*

20. Dolan further attempts to mislead the Court by stating that Plaintiff failed to exercise diligence in the Amended Complaint. On the contrary, Plaintiff gathered and

6

incorporated the facts which were contained in the indictment of Igor Danchenko which was filed by the United States Government (the "Indictment[1]").

21. The Indictment refers to Dolan as "PR Executive-1" repeatedly throughout, and Plaintiff relied on the facts alleged in the Indictment in good faith.

22. With respect to Dolan, the Indictment proves that he "served as (1) chairman of a *national Democratic political organization*, (2) state chairman of former President Clinton's 1992 and 1996 presidential campaigns, and (3) an advisor to Hillary Clinton's 2008 Presidential campaign. *See id.*, ¶18, 19.

23. As demonstrated above, Plaintiff relied upon the Indictment to provide the basic facts that apply to Dolan. It is particularly telling the Dolan does not expressly dispute that he provided false information (which he dismissively characterizes as "gossip") to Danchenko, but takes great offense at the purported mistakes relating to Dolan's background. This argument is therefore frivolous and should not be countenanced by this Court.

24. "A motion to dismiss is designed to test the legal sufficiency of the complaint, not to determine factual issues, and the allegations of the complaint must be taken as true and all reasonable inferences therefrom construed in favor of the nonmoving party. *See, e.g.*, *Ralph v. City of Daytona Beach*, 471 So. 2d 1, 2 (Fla. 1983) ("For the purposes of a motion to dismiss . . . allegations of the complaint are assumed to be true and all reasonable inferences arising therefrom are allowed in favor of the plaintiff.")." Fla. Bar v. Greene, 926 So. 2d 1195, 1199 (Fla. 2006).

---

[1] This Court may take judicial notice of the indictment filed in Case No. CR No. 1:21-CR-245, as it is a public record "not subject to reasonable dispute." *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (quoting Fed. R. Evid. 201(b)) (quotation marks omitted).

7

25. The Defendant argues that no factual allegations are made within the amended complaint to support that Dolan agreed to a conspiracy for an unlawful undertaking, however, the Amended Complaint alleges specific facts throughout that are sufficient to plead a case against Dolan.

26. Dolan "knowingly provided false information to Danchenko, who relayed it to Steele, who reported it in the Steele Dossier and eagerly fed the deceptions to both the media and the FBI." (DE 177 ¶ 4).

27. "Dolan actively campaigned and participated in calls and events as a volunteer on behalf of Hillary Clinton." (DE 177 ¶ 20).

28. Dolan served as executive director of the Democratic Governors' Association, where he supported the election of Democratic governors throughout the United States and served as an advisor to Senator Hillary Clinton's 2008 Presidential campaign in Iowa and New Hampshire.[2]

29. Dolan has been "a longtime participant in Democratic politics." (DE 177 ¶ 96(b)).

30. Danchenko was a contractor/analyst for Orbis Ltd., and Dolan was an employee for a public relations firm, Kglobal. (DE 177 ¶ 96 (a)-(b)).

31. "In late April 2016, Danchenko began having discussions with Dolan about a potential business collaboration between Orbis Ltd. and Kglobal to create a "dossier" to smear Donald J. Trump and to disseminate the false accusations to the media. Those discussions reflected that Danchenko and Dolan had exchanged information regarding each other's

---

[2] See image with Dolan's past work experience. D.E. 177 ¶ 96(b)

backgrounds and professional activities, including Danchenko's work for Orbis Ltd, and Steele." (DE 177 ¶ 96(c)).

32. "On or about April 29, 2016, Danchenko sent an e-mail to Dolan indicating that Danchenko had passed a letter to Steele and his business partner at Orbis Ltd. on behalf of Dolan and intended to set up a meeting between the two." (DE 177 ¶ 96(d)).

33. Danchenko sent an email to Dolan outlining work that Danchenko was conducting with Orbis Ltd. (DE 177 ¶ 96(e)). On or about June 10, 2016, Dolan sent an email to an acquaintance which reflected that Dolan and Danchenko had become colleagues and were exchanging information. (DE 177 ¶ 96(f)).

34. Fusion GPS eventually retained Orbis Ltd. to collect intelligence to interfere with the US presidential campaign on behalf of Democratic party associates and the leadership f the Clinton presidential campaign. (DE 177 ¶ 97-100).

35. After being retained, Orbis Ltd. and Christopher Steele, with the assistance of Dolan, and others, began preparing seventeen ant-Trump memoranda that became known as the "Steele Dossier." (DE 177 ¶ 103).

36. From May 2016 through December 2016, Danchenko assembled and provided information to Christopher Steele for the purpose of drafting the dossier, and Danchenko had numerous meetings, communications, and interactions with Dolan during that time. (DE 177 ¶ 110-111).

37. Danchenko also brokered meetings between Dolan, himself, and Olga Galinka. (DE 177 ¶ 112). Dolan and Galinka regularly communicated and discussed their political views and support for Clinton. (DE 177 ¶ 112(a)). Galinka viewed Dolan as an "advisor" to Clinton. (DE 177 ¶ 112(b)).

38. Information that Danchenko provided to Steele, which was contained in the dossier, reflects information that Dolan had conveyed to Danchenko. (DE 177 ¶ 113).

39. One example of such information has to do with a false claim that Donald J. Trump engaged in salacious sexual activity in the Presidential Suite of a Moscow hotel. (DE 177 ¶ 114). Dolan had stayed at the Moscow hotel in June 2016 and had allegedly learned from a hotel staffer about the activity, yet Dolan ultimately admitted that no one at the hotel had ever mentioned anything to him about this. (DE 177 ¶ 114(a)-(d)).

40. More information that Dolan received and subsequently transmitted to Danchenko is included and referenced within the Amended Complaint. (DE 177 ¶ 115-120.)

41. Danchenko and Dolan were in frequent communication since April 2016, had gone on a trip together, and attended numerous meetings and conferences together. (DE 177 ¶ 335). Dolan held deep ties to the Democratic Party and has been a close associate and advisor to Hillary Clinton. (DE 177 ¶ 336). Dolan frequently interacted with senior Russian leadership whose names would later appear in the dossier, and Russia later signed a deal with the PR firm where Dolan served as vice president for public affairs. (DE 177 ¶ 336(b)-(c)).

42. As detailed in the Amended Complaint, many of the allegations contained within the dossier came directly from Dolan, who had given the information to Danchenko, who reported to Christopher Steele. (DE 177 ¶ 337). Dolan played a highly relevant role as a contributor of information to the dossier because Dolan maintained pre-existing and ongoing relationships with numerous individuals named or described within the dossier, maintained historical and ongoing involvement in Democratic politics, and allowed Danchenko to gather information contained in the dossier at events in Moscow organized by Dolan and others that Danchenko attended at Dolan's invitation. (DE 177 ¶ 338(a)-(c)). Much of the information

contained in the dossier mirrored information that Dolan received through his interactions with Russian nationals. (DE 177 ¶ 338(c)).

43. Dolan has replied to emails regarding the dossier where he describes his client being accused of being hackers and individuals that knew Steele. (DE 177 ¶ 339). Additionally, while Danchenko denied speaking to Dolan, much information has been uncovered to evidence the contrary, and much of the information contained within the dossier came directly from Dolan communicating with Danchenko. (DE 177 ¶ 487).

44. Dolan was a part of the several different types of conspiracies to bring false accusations against the Plaintiff and attempts to claim his minimal or nominal role in the conspiracy are inherently misleading.

45. Therefore, it is abundantly clear that Plaintiff has satisfied the relevant elements to support a claim against Dolan. Dismissing Dolan from the Amended Complaint would be immensely prejudicial to the Plaintiff, and the Motion to Dismiss the Amended Complaint should be denied.

46. For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion in its entirety.

**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (561) 232-2222


 /s/ Pete*r Ticktin*
PETER TICKTIN, ESQUIRE
Florida Bar No. 887935
JAMIE ALAN SASSON, ESQUIRE
Florida Bar No. 10802
Our Matter No.: 22-0062

and

**HABBA MADAIO & ASSOCIATES LLP**
1430 US Highway 206
Suite 240
Bedminster, New Jersey 07921
ALINA HABBA, ESQUIRE (*Pro Hac Vice*)
New Jersey Bar No. 018592010
MICHAEL T. MADAIO, ESQUIRE (*Pro Hac Vice*)
New Jersey Bar No. 070752013
Our Matter No.: 4500-74

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed this 4th day of August, 2022, with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to all Parties listed on the Service List.

　　/s/ *Peter Ticktin*　　

| | |
|---|---|
| **THE TICKTIN LAW GROUP** <br> Peter Ticktin, Esquire <br> Florida Bar No.: 887935 <br> Serv512@LegalBrains.com <br> Jamie Alan Sasson, Esquire <br> Florida Bar No.: 10802 <br> Serv513@LegalBrains.com <br> 270 SW Natura Avenue <br> Deerfield Beach, Florida 33441-1610 <br> Telephone: (954) 570-6757 <br> *Attorneys for the Plaintiff* | **HABBA MADAIO & ASSOCIATES** <br> Alina Habba, Esquire <br> ahabba@habbalaw.com <br> Michael T. Madaio, Esquire <br> mmadaio@habbalaw.com <br> 1430 US Highway 206 Suite 240 <br> Bedminster, New Jersey 07921 <br> Telephone: (908) 869-1188 <br> *Attorneys for the Plaintiff* |

## SERVICE LIST

| | |
|---|---|
| Anthony Erickson-Pogorzelski, Esquire <br> Fla. Bar No. 619884 <br> Anthony.Pogorzelski@usdoj.gov <br> **Assistant U.S. Attorney** <br> 99 N.E. 4th Street, Suite 300 <br> Miami, Florida 33132 <br> Telephone: 305- 961-9296 <br> *Attorneys for Defendant* <br> *United States of America* | 40 N.W. Third Street <br> Penthouse 1 <br> Miami, Florida 33128 <br> Telephone: 305-379-6667 <br> *Attorneys for the Defendant* <br> *Hillary R. Clinton* |
| David E. Kendall, Esquire <br> dkendall@wc.com <br> **Williams & Connolly, LLP** <br> 725 12th Street NW <br> Washington, DC 20005-3901 <br> Telephone: 202-434-5000 <br> *PRO HAC VICE* <br> *Attorney for the Defendant* <br> *Hillary R. Clinton* | Katherine M. Turner, Esquire <br> kturner@wc.com <br> **Williams & Connolly, LLP** <br> 725 12th Street NW <br> Washington, DC 20005-3901 <br> Telephone: 202-434-5000 <br> *PRO HAC VICE* <br> *Attorney for the Defendant* <br> *Hillary R. Clinton* |
| David Oscar Markus, Esquire <br> dmarkus@markuslaw.com <br> **Markus/Moss, LLP** | Michael J. Mestitz, Esquire <br> mmestitz@wc.com <br> **Williams & Connolly, LLP** <br> 725 12th Street NW <br> Washington, DC 20005-3901 |

Telephone: 202-434-5000
*PRO HAC VICE*
*Attorney for the Defendant*
*Hillary R. Clinton*

Jonathan Edward Levine, Esquire
Jonathan.levine@levinepllc.com
**Levine & Associates, PLLC**
5311 Lee Highway
Arlington, Virginia 22207
Telephone: 703-525-2668
*Attorney for Defendant*
*Charles Halliday Dolan, Jr.*

George R.A. Doumar, Esquire
gdoumar@doumarmartin.com
**Mahdavi, Bacon, Halfhill & Young, PLLC**
11350 Random Hills Road, Suite 700
Fairfax, Virginia 22030
Telephone: 703-352-1300
*PRO HAC VICE*
*Attorney for Defendant*
*Charles Halliday Dolan, Jr*

Franklin G. Monsour, Jr., Esquire
fmonsour@orrick.com
**Orrick, Herrington & Stcliffe, LLP**
51 West 52nd Street
New York, New York 10019
Telephone: 202-339-8533
*PRO HAC VICE*
*Attorney for Defendant*
*Igor Danchenko*

Diana Marie Fassbender, Esquire
dszego@orrick.com
**Orrick, Herrington & Stcliffe, LLP**
1152 15th Street NW
Washington, D.C. 20005
*PRO HAC VICE*
*Attorney for Defendant*
*Igor Danchenko*

Jennifer Olmedo-Rodriguez, Esquire
Florida Bar No.: 605158
Jennifer.olmedo@bipc.com
**Buchanan Ingersoll & Rooney, P.C.**
2 South Biscayne Boulevard, Suite 1500
Miami, Florida 33131
Telephone: 305-347-4080
*Attorney for the Defendant*
*Neustar, Inc.*

Samantha L. Southall, Esquire
Samantha.southall@bipc.com
**Buchanan Ingersoll & Rooney, P.C.**
50 South 16th Street, Suite 3200
Two Liberty Place
Philadelphia, PA 19102
Telephone: 215-665-3884
*PRO HAC VICE*
*Attorney for the Defendant*
*Neustar, Inc*

Adam Seth Fels, Esquire
afels@ffslawfirm.com
Florida Bar No.: 0114917
**Fridman Fels & Soto, PLLC**
2525 Ponce de Leon Blvd., Ste 750
Coral Gables, FL 33134
Telephone: 305-569-7701
*Attorney for the Defendant*
*Bruce Ohr and Nellie Ohr*
*Fusion GPS*
*Glenn Simpson*
*Peter Fritsch*

Kevin P. Crenny, Esquire
kcrenny@levyfirestone.com
**Levy Firestone Muse, LLP**
900 17th Street NW, Suite 1200
Washington, D.C., 20006
Telephone: 202-845-3215
*PRO HAC VICE*
*Attorney for the Defendant*
*Fusion GPS*
*Glenn Simpson*
*Peter Fritsch*

Joshua Levy, Esquire
jal@levyfirestone.com
**Levy Firestone Muse, LLP**
900 17th Street NW, Suite 1200
Washington, D.C., 20006
Telephone: 202-845-3215
*PRO HAC VICE*
*Attorney for the Defendant*
*Fusion GPS*
*Glenn Simpson*
*Peter Fritsch*

Rachel Clattenburg, Esquire
rmc@levyfirestone.com
**Levy Firestone Muse, LLP**
900 17th Street NW, Suite 1200
Washington, D.C., 20006
Telephone: 202-845-3215
*PRO HAC VICE*
*Attorney for the Defendant*
*Fusion GPS*
*Glenn Simpson*
*Peter Fritsch*

Joshua Berman, Esquire
Joshua.Berman@cliffordChance.com
**Clifford Chance US, LLP**
2011 K. Street, NW
Washington, D.C., 20006-1001
Telephone: 202-912-5000
*PRO HAC VICE*
*Attorney for Defendants*
*Nellie Ohr and Bruce Ohr*

Benjamin Peacock, Esquire
Benjamin.Peacock@cliffordChance.com
**Clifford Chance US, LLP**
2011 K. Street, NW
Washington, D.C., 20006-1001
Telephone: 202-912-5000
*PRO HAC VICE*
*Attorney for Defendants*
*Nellie Ohr and Bruce Ohr*

Eugene K. Pettis, Esquire
cmarr@hpslegal.com
Service@hpslegal.com
**Haliczer Pettis & Schwamm P.A.**
100 SE 3rd Avenue, 7th Floor
Fort Lauderdale, FL 33394
Telephone: 954-523-9922
*Attorneys for Defendant*
*Marc Elias*

Debra P. Klauber, Esquire
dklauber@hpslegal.com
Service@hpslegal.com
**Haliczer Pettis & Schwamm P.A.**
100 SE 3rd Avenue, 7th Floor
Fort Lauderdale, FL 33394
Telephone: 954-523-9922
*Attorneys for Defendant*
*Marc Elias*

April A. Otterberg, Esquire
aotterberg@jenner.com
**Jenner & Block, LLP**
353 N. Clark Street
Chicago, Il 60654-3454
Telephone: 312-222-9350
*PRO HAC VICE*
*Attorney for the Defendant*
*Marc Elias*

Reid J. Schar, Esquire
rschar@jenner.com
**Jenner & Block, LLP**
353 N. Clark Street
Chicago, Il 60654-3454
Telephone: 312-222-9350
*PRO HAC VICE*
*Attorney for the Defendant*
*Marc Elias*

Roberto Martinez, Esquire
Bob@colson.com
becky@colson.com

15

Florida Bar No.: 305596
**Colson Hicks Eidson, P.A.,**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Telephone: 305-476-7400
*Attorney for the Defendant*
*Michael Sussmann*

Zachary Lipshultz, Esquire
zach@colson.com
Florida Bar No.: 123594
**Colson Hicks Eidson, P.A.,**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Telephone: 305-476-7400
*Attorney for the Defendant*
*Michael Sussmann*

Michael S. Bosworth, Esquire
Michael.Bosworth@lw.com
**Latham & Watkins, LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212-916-1221
*PRO HAC VICE*
*Attorney for the Defendant*
*Michael Sussmann*

Michael F. Houlihan, Esquire
Michael.Houlihan@lw.com
**Lathem & Watkins, LLP**
200 Clarendon Street
Boston, MA 02116
Telephone: 617-880-4642
*PRO HAC VICE*
*Attorney for the Defendant*
*Michael Sussmann*

Sean M. Berkowitz, Esquire
Sean.Berkowitz@lw.com
**Latham & Watkins, LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: 312-876-7700
*PRO HAC VICE*
*Attorney for the Defendant*
*Michael Sussmann*

Stephen P. Barry, Esquire
Stephen.Barry@lw.com
**Latham & Watkins, LLP**
555 Eleventh Street NW, Suite 1000
Washington, D.C. 20004
Telephone: 202-637-2200
*PRO HAC VICE*
*Attorney for the Defendant*
*Michael Sussmann*

Eleni Kastrenakes Howard, Esquire
Eleni.kastrenakeshoward@akerman.com
Florida Bar No.: 73073
**Akerman, LLP**
777 S. Flagler Drive, Suite 1100, West Tower
West Palm Beach, Florida 33401
Telephone: 561-653-5000
*Attorney for the Defendant*
*Perkins Coie, LLP*

Howard Jay Harrington, Esquire
Jay.harrington@akerman.com
Florida Bar No.: 0118719
**Akerman, LLP**
777 S. Flagler Drive, Suite 1100, West Tower
West Palm Beach, Florida 33401
Telephone: 561-653-5000
*Attorney for the Defendant*
*Perkins Coie, LLP*

F. Joseph Warin, Esquire
fwarin@gibsondunn.com
**Gibson Dunn & Crutcher, LLP**
1050 Connecticut Avenue NW
Washington, D.C., 20036-5306
Telephone: 202-887-3609
*PRO HAC VICE*
*Attorney for the Defendant*
*Perkins Coie, LLP*

Geoffrey M. Sigler, Esquire
gsigler@gibsondunn.com
**Gibson Dunn & Crutcher, LLP**
1050 Connecticut Avenue NW
Washington, D.C., 20036-5306
Telephone: 202-887-3609
*PRO HAC VICE*
*Attorney for the Defendant*
*Perkins Coie, LLP*

Katherine M. Meeks, Esquire
kmeeks@gibsondunn.com
**Gibson Dunn & Crutcher, LLP**
1050 Connecticut Avenue NW
Washington, D.C., 20036-5306
Telephone: 202-887-3609
*PRO HAC VICE*
*Attorney for the Defendant*
*Perkins Coie, LLP*

Nancy E. Hart, Esquire
nhart@gibsondunn.com
**Gibson Dunn & Crutcher, LLP**
1050 Connecticut Avenue NW
Washington, D.C., 20036-5306
Telephone: 202-887-3609
*PRO HAC VICE*
*Attorney for the Defendant*
*Perkins Coie, LLP*


Gerald E. Greenberg, Esquire
ggreenberg@gsgpa.com
Florida Bar No.: 440094
**Gelber Schachther & Greenberg, P.A.**
One South East Third Avenue, Suite 2600
SunTrust International Center
Miami, Florida 33131
Telephone: 305-728-0950
*Attorney for the Defendant*
*Democratic National Committee*
*DNC Services Corporation*
*Debbie Wasserman Schultz*

Shawn G. Crowley, Esquire

scrowley@kaplanhecker.com
**Kaplan Hecker & Fink, LLP**
350 5th Avenue, 63rd Floor
New York, New York 10118
Telephone: 212-763-0883
*PRO HAC VICE*
*Attorney for the Defendants*
*Democratic National Committee*
*DNC Services Corporation*

Maximillian Feldman, Esquire
mfeldman@kaplanhecker.com
**Kaplan Hecker & Fink, LLP**
350 5th Avenue, 63rd Floor
New York, New York 10118
Telephone: 212-763-0883
*PRO HAC VICE*
*Attorney for the Defendants*
*Democratic National Committee*
*DNC Services Corporation*

Roberta A. Kaplan, Esquire
rkaplan@kaplanhecker.com
**Kaplan Hecker & Fink, LLP**
350 5th Avenue, 63rd Floor
New York, New York 10118
Telephone: 212-763-0883
*PRO HAC VICE*
*Attorney for the Defendants*
*Democratic National Committee*
*DNC Services Corporation*

Edward Soto, Esquire
Edward.soto@weil.com
Florida Bar No.: 0265144
**Weil Gotshal & Manges, LLP**
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone: 305-577-3100
*PRO HAC VICE*
*Attorney for the Defendant*
*Rodney Dolane*

Steven Tyreell, Esquire
Steven.tyrrell@weil.com

**Weil, Gotshal & Manges, LLP**
2001 M St. NW, Suite 600
Washington, D.C. 20063
Telephone:
*PRO HAC VICE*
*Attorney for the Defendant*
*Rodney Dolane*

Noah Brozinsky, Esquire
nbrozinsky@kaiserDillon.com
Florida Bar No.: 010470
**KaiserDillon, PLLC**
1099 14th Street NW, 8th Floor West
Washington, D.C. 20005
*Attorney for the Defendant*
*Kevin E. Clinesmith*

Christopher Muha, Esquire
CMuha@kaiserdillon.com
**KaiserDillon, PLLC**
1099 14th Street NW, 8th Floor West
Washington, D.C. 20005
Telephone: 202-640-2850
*PRO HAC VICE*
*Attorney for the Defendant*
*Kevin E. Clinesmith*

William Pittard, Esquire
Wpittard@kaiserdillon.com
**KaiserDillon, PLLC**
1099 14th Street NW, 8th Floor West
Washington, D.C. 20005
Telephone: 202-640-2850
*PRO HAC VICE*
*Attorney for the Defendant*
*Kevin E. Clinesmith*

Paola Pinto, Esquire
ppinto@schertlerlaw.com
Florida Bar No.: 1013933
**Schertler Onorato Mead & Sears**
555 13th Street, N.W.
Suite 500 West
Washington, D.C. 20004
Telephone: 202-628-4155

*Attorney for the Defendants*
*John Podesta*
*HFACC, Inc.*

Robert P. Trout, Esquire
Rtrout@schertlerlaw.com
**Schertler Onorato Mead & Sears**
555 13th Street, N.W.
Suite 500 West
Washington, D.C. 20004
Telephone: 202-628-4155
*PRO HAC VICE*
*Attorney for the Defendants*
*John Podesta*
*HFACC, Inc.*

William R. Barzee, Esquire
williambarzee@barzeeflores.com
**Barzee Flores**
Courthouse Center, Penthouse One
40 NW Third Street
Miami, Florida 33128
Telephone: 3025-374-3998
*Counsel for the Defendants*
*Robert E. Mook*
*Jack Sullivan*

Andrew J. Ceresney, Esquire
aceresney@debevoise.com
**Debevoise & Plimpton, LLP**
919 Third Avenue
New York, NY 10022
Telephone: 212-909-6000
*PRO HAC VICE*
*Attorney for the Defendant*
*Robert E. Mook*

Isabela M. Garcez, Esquire
imgarcez@debevoise.com
**Debevoise & Plimpton, LLP**
919 Third Avenue
New York, NY 10022
Telephone: 212-909-6000
*PRO HAC VICE*
*Attorney for the Defendant*

*Robert E. Mook*

Wendy B. Reilly, Esquire
wbreilly@debevoise.com
**Debevoise & Plimpton, LLP**
919 Third Avenue
New York, NY 10022
Telephone: 212-909-6000
*PRO HAC VICE*
*Attorney for the Defendant*
*Robert E. Mook*

Brian L. Stekloff, Esquire
bstekloff@wilkinsonstekloff.com
**Wilkinson Stekloff, LLP**
2001 M. Street NW, 10th Floor
Washington, D.C. 20036
Telephone: 202-847-4030
*PRO HAC VICE*
*Attorney for the Defendant*
*Jake Sullivan*

Sarah E. Neuman, Esquire
sneuman@wilkinsonstekloff.com
**Wilkinson Stekloff, LLP**
2001 M. Street NW, 10th Floor
Washington, D.C. 20036
Telephone: 202-847-4030
*PRO HAC VICE*
*Attorney for the Defendant*
*Jake Sullivan*

James E. Gillenwater, Esquire
gillenwaterj@gtlaw.com,
**Greenberg Traurig, P.A.**
333 SE 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: 305-579-0500
*Attorney for the Defendant*
*Neustar Security Services*

Allison S. Eisen, Esquire
aeisen@wc.com
**Williams & Connolly, LLP**
380 Maine Avenue, SW
Washington, D.C. 20024
Telephone: 202-434-5000
*PRO HAC VICE*
*Attorney for the Defendant*
*Neustar Security Services*

Kathryn E. Garza, Esquire
kgarza@wc.com
**Williams & Connolly, LLP**
380 Maine Avenue, SW
Washington, D.C. 20024
Telephone: 202-434-5000
*PRO HAC VICE*
*Attorney for the Defendant*
*Neustar Security Services*

John M. McNichols, Esquire
jmcnichols@wc.com
**Williams & Connolly, LLP**
380 Maine Avenue, SW
Washington, D.C. 20024
Telephone: 202-434-5000
*PRO HAC VICE*
*Attorney for the Defendant*
*Neustar Security Services*