UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:22-cv-14102-DMM

DONALD J. TRUMP,

       Plaintiff,

v.

HILLARY R. CLINTON, et al.,

       Defendants.

**DEFENDANT RODNEY JOFFE'S REPLY IN SUPPORT OF HIS
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .......................................................................................................................... 2

I.    PLAINTIFF FAILS TO IDENTIFY ANY ACTION BY JOFFE TO TARGET OR PURPOSEFULLY CONDUCT ACTIVITIES IN FLORIDA ............................................ 2

II.   PLAINTIFF CANNOT RELY ON SUPPLEMENTAL JURISDICTION TO ESTABLISH PERSONAL JURISDICTION ..................................................................... 6

III.  THERE IS NO GENUINE DISPUTE OF FACT TO WARRANT JURISDICTIONAL DISCOVERY ................................................................................................................. 7

CONCLUSION ....................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ACLU v. City of Sarasota*,
  859 F.3d 1337 (11th Cir. 2017) ...................................................................................................8

*Brown v. Carnival Corp.*,
  202 F. Supp. 3d 1332 (S.D. Fla. 2016) ........................................................................................7

*Calder v. Jones*,
  465 U.S. 783 (1984)..................................................................................................................4, 5

*Carter v. Ford Motor Co.*,
  No. 19-62646-CIV, 2021 WL 1165248 (S.D. Fla. Mar. 26, 2021) ..............................................6

*CCTV Outlet, Corp. v. Desert Sec. Sys. L.L.C.*,
  No. 17-60928-CIV, 2017 WL 5640717 (S.D. Fla. Aug. 7, 2017) ...............................................8

*Culverhouse v. Paulson & Co. Inc.*,
  813 F.3d 991 (11th Cir. 2016) .....................................................................................................8

*Farrell v. Royal Caribbean Cruises, Ltd.*,
  917 F. Supp. 2d 1248 (S.D. Fla. 2013) ........................................................................................8

*FR Tax Grp., LLC v. Kassover*,
  No. 17-80386-CIV, 2017 WL 6346051 (S.D. Fla. Aug. 2, 2017), *aff'd*, 723 F.
  App'x 977 (11th Cir. 2018) .........................................................................................................6

*Keeton v. Hustler Magazine, Inc.*,
  465 U.S. 770 (1984) (Plaintiff's Response )............................................................................4, 5

*Leon v. Continental AG*,
  301 F. Supp. 3d 1203 (S.D. Fla. 2017) ........................................................................................1

*Miller v. Gizmodo Media Grp., LLC*,
  383 F. Supp. 3d 1365 (S.D. Fla. 2019) ....................................................................................3, 4

*Peruyero v. Airbus S.A.S.*,
  83 F. Supp. 3d 1283 (S.D. Fla. 2014) ..........................................................................................7

*Riley v. Cardozo*,
  No. 3:16-cv-961-J-34MCR, 2017 WL 2799900 (M.D. Fla. June 28, 2017) ...............................4

*Sovereign Offshore Servs., LLC v. Shames*,
  No. 17-CV-80172, 2017 WL 7798664 (S.D. Fla. Aug. 3, 2017)
  (Middlebrooks, J.)....................................................................................................................2, 5

*Tarasewicz v. Royal Caribbean Cruises Ltd.*,
  No. 14-CIV-60885, 2015 WL 3970546 (S.D. Fla. June 30, 2015) ........................................... 2

*Vision Media TV Grp., LLC v. Forte*,
  724 F. Supp. 2d 1260 (S.D. Fla. 2010) .................................................................................. 5

*Walden v. Fiore*,
  571 U.S. 277 (2014) ..................................................................................................... 2, 3, 4

*Wolf v. Celebrity Cruises, Inc.*,
  683 F. App'x 786 (11th Cir. 2017) ........................................................................................ 7

*Zamora Radio, LLC v. Last.fm LTD.*,
  No. 09-20940-CIV, 2011 WL 2580401 (S.D. Fla. June 28, 2011) ........................................... 7

**Statutes**

28 U.S.C. § 1367(a) .................................................................................................................. 6

**Other Authorities**

4 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure Civil
  § 1067.6 (4th ed.) .................................................................................................................. 7

Fed. R. Civ. P. 12(b)(2) ............................................................................................................ 2

Fed. R. Civ. P. 12(b)(6) ......................................................................................................... 1, 2

**PRELIMINARY STATEMENT**

Plaintiff's Response to Rodney Joffe's Motion to Dismiss the Amended Complaint for lack of personal jurisdiction (Dkt. 239 or "Plaintiff's Response") fails to explain how the Amended Complaint, on its face, provides a legal basis for this Court to hold that Joffe is subject to personal jurisdiction under the traditional "minimum contacts" analysis. Plaintiff does nothing to establish how his allegations prove that Joffe "targeted" Florida or "purposively availed" himself of a Florida forum. Indeed, the Amended Complaint fails to identify any action by Joffe conducted in Florida or directed at Florida; rather, it wholly relies on Plaintiff's alleged injury in Florida. This is plainly insufficient to establish personal jurisdiction under the minimum contacts analysis.

Plaintiff's Response inexplicably starts with the contention that Joffe's Motion to Dismiss (Dkt. 227) should be denied because personal jurisdiction is appropriate under Section 1962(d)'s nationwide service of process provision. Plaintiff's Response at ¶¶ 4-7. But Plaintiff's argument simply misunderstands Joffe's Motion, which acknowledged that the "only plausible basis for personal jurisdiction over Joffe is" under Section 1962(d), Dkt. 227 at 1, *if and only if* his RICO claim survives Rule 12(b)(6) scrutiny. *See Leon v. Continental AG*, 301 F. Supp. 3d 1203, 1231-32 (S.D. Fla. 2017). For the reasons detailed in the Defendants' *Joint Motion to Dismiss Under Federal Rule 12(B)(6) and Incorporated Memorandum of Law*, filed on July 14, 2022 at Dkt. 226 (the "Joint Motion"), and Defendants' forthcoming Joint Reply,[1] the RICO claims cannot survive a Rule 12(b)(6) motion. Accordingly, absent a viable RICO claim, this Court should dismiss the

---

[1] Joffe joined in the Joint Motion and likewise joins in the Defendants' forthcoming response ("Joint Reply") to *Plaintiff's [sic] Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Complaint* [Dkt. 237], which further addresses the bases for dismissal under Rule 12(b)(6).

remaining claims against Joffe under Rule 12(b)(2) because the court lacks personal jurisdiction over him.[2]

# ARGUMENT

## I. PLAINTIFF FAILS TO IDENTIFY ANY ACTION BY JOFFE TO TARGET OR PURPOSEFULLY CONDUCT ACTIVITIES IN FLORIDA

Plaintiff's minimum-contacts analysis is grounded on the erroneous assumption that the location of Plaintiff's alleged injury is a sufficient basis to establish jurisdiction over a defendant. Plaintiff's argument, however, cannot be reconciled with governing law, as "[t]he proper focus of the 'minimum contacts' inquiry in intentional-tort cases is 'the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore*, 571 U.S. 277, 291 (2014) (citing *Calder v. Jones*, 465 U.S. 783, 788 (1984)); *see also Sovereign Offshore Servs., LLC v. Shames*, No. 17-CV-80172, 2017 WL 7798664, at *3 (S.D. Fla. Aug. 3, 2017) (Middlebrooks, J.) (detailing *Walden* minimum contacts standard). It is axiomatic that a forum state's exercise of jurisdiction over an out-of-state defendant "must be based on intentional conduct by the defendant that creates the necessary contacts with the forum." *Walden*, 571 U.S. at 286. The "plaintiff cannot be the only link between the defendant and the forum." *Id*. at 285-86. Moreover, "a defendant's random, fortuitous, or attenuated contacts or . . . unilateral activity of a plaintiff" are likewise insufficient to support the exercise of personal jurisdiction. *Id*. For long-arm jurisdiction in Florida to comport with due process, the plaintiff must show that the defendant "purposively avail[ed himself of] the privilege of conducting activities within Florida" such that he "should reasonably anticipate being haled into court there," *Tarasewicz v. Royal Caribbean Cruises Ltd.*, No. 14-CIV-60885, 2015 WL 3970546,

---

[2] Plaintiff's remaining claims are likewise without merit and should be dismissed under Rule 12(b)(6) for the reasons detailed in the Joint Motion and Joint Reply.

at *36 (S.D. Fla. June 30, 2015) (quoting *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1546 (11th Cir. 1993)), or that he "'targeted Florida'" or "'acted to aim [his] conduct at a Florida audience,'" *Miller v. Gizmodo Media Grp., LLC*, 383 F. Supp. 3d 1365, 1374 (S.D. Fla. 2019) (quoting *Vision Media TV Grp., LLC v. Forte*, 724 F. Supp. 2d 1260, 1266 (S.D. Fla. 2010)).

While Plaintiff's Response (at ¶¶13-15, 24-47) regurgitates rambling allegations from the Amended Complaint, he fails to allege or identify any act by Joffe targeting Florida. The only allegations regarding acts by Joffe concern (1) his work outside Florida for his then-employer Neustar (which was not based in Florida), (2) his interactions outside Florida with his then attorney Mr. Sussmann (who was not based in Florida), and (3) his alleged actions outside of Florida to access DNS data held by certain entities (all of which are outside of Florida). Based on these alleged out-of-state acts, involving non-Florida entities and individuals, Plaintiff futilely attempts to tie Joffe to Florida based on the alleged "effects" of the FBI investigation and published dossier which Plaintiff claims were "felt within the State of Florida" (*id.* at ¶ 15). Specifically, Plaintiff alleges that "document[s], newspaper articles, online publications, and information about the FBI investigation", which Joffe allegedly helped instigate, were read and published within the State of Florida (*Id.*), that the investigation harmed Plaintiff as a resident of Florida, and that it also harmed "residents of the State of Florida" (*Id.*). At bottom, these allegations fall short of establishing that Joffe engaged in intentional conduct in Florida, or conduct that was aimed at Florida. Indeed, as in *Walden*, "[i]t is undisputed that no part of [defendant's] course of conduct occurred in [Florida]." 571 U.S. at 288. Thus, Plaintiff cannot satisfy the minimum contacts standard.

Plaintiff's arguments relating to his alleged injury in Florida similarly are insufficient as a matter of law. As an initial matter, there is no basis to assert that Joffe intentionally harmed Plaintiff in Florida because Plaintiff did not live there at the time of Joffe's alleged tortious

3

conduct. At the time of the alleged conduct (2016-2017), Plaintiff resided in New York and did not become a Florida resident until September 27, 2019. *See* Declaration of Domicile, Recorded 10/04/2019 Palm Beach County, Florida. CFN 20190364271 (ECF No. 157-1). Plaintiff's Response fails to dispute this fact. Moreover, Plaintiff's later-acquired residence (and purported injury) in Florida is merely a "'random, fortuitous'" contact that is insufficient to satisfy due process. *See Walden*, 571 U.S. at 286; *see also Riley v. Cardozo*, No. 3:16-cv-961-J-34MCR, 2017 WL 2799900, at *6 (M.D. Fla. June 28, 2017). But, even if Plaintiff did reside in Florida at the time in question (he did not), it would not permit the exercise of specific jurisdiction over Joffe because "the plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285. "[M]ere injury to a forum resident is not a sufficient connection to the forum" to establish specific jurisdiction. *Id*. at 289-290.

In that regard, Plaintiff's reliance on *Calder v. Jones*, 465 U.S. 783, 789 (1984), and *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984) (Plaintiff's Response at ¶¶ 10-11), is unavailing. Plaintiff contends that *Calder* establishes that "where one state is the focal point both of the story and of the harm suffered, jurisdiction over defendants is proper in that same state based on the 'effects' of the defendants (sic) conduct in that state even though the conduct occurs in another state." Plaintiff's Response at ¶ 10. As courts within this Circuit have explained, but Plaintiff seemingly fails to recognize, the "effects" test requires that a plaintiff establish that a tort was: "(1) intentional; (2) aimed at the forum state; and (3) caused harm that the defendant should have anticipated would be suffered in the forum state." *Miller*, 383 F. Supp. 3d at 1373 (citing *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1356 (11th Cir. 2013)). Here, there is no credible suggestion that Joffe "aimed" any conduct at Florida, or should have anticipated that harm would be suffered in Florida. Indeed, as explained above, Plaintiff did not even live in Florida at

4

the time. *See Miller*, 383 F. Supp. 3d at 1373-1374 (dismissing complaint where there was no allegation that the defendant "targeted" Florida or had "reason to believe the 'brunt' of Plaintiff's injury would be felt in Florida").

Regarding Joffe's knowledge that his alleged actions would have an effect in Florida, Plaintiff's only response is that Joffe "knew that the . . . injurious falsehoods" would be "published throughout the United States," and "knew that Florida is a state in the United States." Plaintiff's Response at ¶ 24. This alone is insufficient to meet *Calder*'s requirements. As this Court explained in addressing a similar issue, and applying *Calder*, "mere awareness that a product will eventually enter the forum state is not enough to support the exercise of personal jurisdiction." *Sovereign Offshore Servs., LLC*, 2017 WL 7798664, at *3 (Middlebrooks, J.) (alterations adopted). This statement is equally applicable here.

Plaintiff's reliance on *Keeton* fares no better. In *Keeton*, the Supreme Court applied the traditional minimum contacts test, holding that New Hampshire had jurisdiction over Hustler magazine in a libel suit where Hustler sold "some 10 to 15,000 copies of Hustler magazine in that State each month." *Keeton*, 465 U.S. at 772. The Supreme Court reasoned that through its repeated and ongoing sales of copies of its magazine, the defendant had "continuously and deliberately exploited the New Hampshire market," and it was therefore reasonable for the defendant to "anticipate being haled into court there in a libel action based on the contents of its magazine." *Id.* at 781 (citation omitted). In other words, the Supreme Court found minimum contacts sufficient to justify jurisdiction over the defendant because the defendant's deliberate, ongoing interaction with the forum state constituted exploitation of such state's market. Unlike the allegations in *Keeton*, the Amended Complaint utterly fails to allege ongoing, deliberate acts by Joffe in Florida. *See also Vision Media TV Grp., LLC v. Forte*, 724 F. Supp. 2d 1260, 1266 (S.D. Fla. 2010)

(dismissing libel suit for lack of personal jurisdiction where there was no evidence "showing that the website at issue targeted Florida or that Defendants acted to aim their conduct at a Florida audience"); *Sovereign Offshore*, 2017 WL 7798664, at *3 n.4 ("Defendant's awareness that consumers across the nation may access his blog posts is not enough to support the exercise of personal jurisdiction." (citation omitted)).

For these reasons, Plaintiff's Amended Complaint fails to plead a basis for personal jurisdiction over Joffe under the traditional minimum contacts analysis.

## II. PLAINTIFF CANNOT RELY ON SUPPLEMENTAL JURISDICTION TO ESTABLISH PERSONAL JURISDICTION

Plaintiff also contends that the Court should rely on the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), to establish personal jurisdiction because "Joffe is a major part of this case and not including him as a party . . . would be immensely prejudicial to the Plaintiff." Plaintiff's Response at ¶ 17.

As an initial matter, "§ 1367 concerns subject-matter—not personal—jurisdiction." *Carter v. Ford Motor Co.*, No. 19-62646-CIV, 2021 WL 1165248, at *6 n.6 (S.D. Fla. Mar. 26, 2021). In that regard, Plaintiff appears to be "confusing supplemental jurisdiction with pendent personal jurisdiction." *FR Tax Grp., LLC v. Kassover*, No. 17-80386-CIV, 2017 WL 6346051, at *5 (S.D. Fla. Aug. 2, 2017), *aff'd*, 723 F. App'x 977 (11th Cir. 2018). Moreover, Plaintiff provides no legal support for his request to find *personal jurisdiction* appropriate over Joffe simply because it may exist over other parties. As Judge Altman recently explained, "no federal circuit court of appeals has adopted this pendent-party variety of personal jurisdiction." *Carter*, 2021 WL 1165248, at *9; *see also id*. at *8 ("The Eleventh Circuit hasn't adopted the version of pendent personal jurisdiction (what we'll call pendent-party personal jurisdiction) the Plaintiffs espouse here.").

While courts have recognized that pendent personal jurisdiction permits a court to assert

6

personal jurisdiction over a defendant for multiple claims arising "out of the same nucleus of operative fact," they have only done so where the court also "possesse[d] personal jurisdiction over the first claim." *FR Tax Grp., LLC*, 2017 WL 6346051, at *5. Because Plaintiff's RICO claims fail here, he cannot bootstrap personal jurisdiction over Joffe with respect to any remaining claims. Accordingly, "the doctrine of pendent personal jurisdiction provides no basis to extend personal jurisdiction over" Joffe. *Id*.

### III. THERE IS NO GENUINE DISPUTE OF FACT TO WARRANT JURISDICTIONAL DISCOVERY

Without identifying any fact in dispute (there are none), or what discovery would be beneficial (none would), Plaintiff pleads for the opportunity to conduct jurisdictional discovery in the event this Court agrees that his RICO claims fail. Plaintiff's Response at ¶¶ 20-21. The Court should reject this request because Plaintiff has failed to meet the threshold requirement of showing that there is a genuine dispute regarding a "material jurisdictional fact." *See Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 792 (11th Cir. 2017) ("The right to jurisdictional discovery is a qualified one, available 'when a court's jurisdiction is genuinely in dispute.'" (quoting *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 730 n.7 (11th Cir. 1982)); *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1346 (S.D. Fla. 2016) ("The Court does not find it necessary to provide Plaintiff with an opportunity to engage in jurisdictional discovery because there is no genuine dispute on a material jurisdictional fact to warrant jurisdictional discovery.") (quotation marks omitted); *Zamora Radio, LLC v. Last.fm LTD.*, No. 09-20940-CIV, 2011 WL 2580401, at *12 (S.D. Fla. June 28, 2011) (denying request for jurisdictional discovery "in the absence of a 'genuine dispute' on a material jurisdictional fact").[3]

---

[3] *See also, e.g., Peruyero v. Airbus S.A.S.*, 83 F. Supp. 3d 1283, 1290 (S.D. Fla. 2014) ("[J]urisdictional discovery is 'not an unconditional right that permits a plaintiff to seek facts that

7

Quoting *ACLU v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017), Plaintiff suggests that this Court would "abuse[] its discretion if it completely denies [Plaintiff] jurisdictional discovery." Plaintiff's Response at ¶ 21.  But, his selective quotation tellingly omits a crucial limitation that eviscerates this argument:  As the Eleventh Circuit explained in *ACLU*, a qualified right to jurisdictional discovery exists only where jurisdictional facts are "genuinely in dispute." *ACLU*, 859 F.3d at 1340.  In that regard, "[a] 'jurisdictional question is genuinely in dispute when the court cannot resolve the issue' without additional evidence." *Farrell v. Royal Caribbean Cruises, Ltd.*, 917 F. Supp. 2d 1248, 1252 (S.D. Fla. 2013) (quoting *Eaton*, 692 F.2d at 730 n.7) (alteration adopted).  That simply is not the case here.

The Amended Complaint *on its face* fails to establish personal jurisdiction over Joffe. Moreover, in his Opposition, Plaintiff fails to identify any relevant fact relating to jurisdiction that is in dispute; instead he relies on the allegations of the Amended Complaint and claims that his alleged injury in Florida is sufficient to establish personal jurisdiction over Joffe even though Joffe had no contact with the forum.  Notably, Plaintiff also does not challenge (or even address) the fact that he *did not reside in Florida* at the time of the alleged conduct (2016-2017).  Under these undisputed facts, Joffe is not subject to personal jurisdiction. Because no jurisdictional discovery would alter this conclusion, none of it is material, and Plaintiff's request should be denied.  *See CCTV Outlet, Corp. v. Desert Sec. Sys. L.L.C.*, No. 17-60928-CIV, 2017 WL 5640717, at *4 (S.D. Fla. Aug. 7, 2017) ("Plaintiff's request for jurisdictional discovery is unavailing because further

---

would ultimately not support a showing [of] personal jurisdiction.'" (quoting *Bernardele v. Bonorino*, 608 F. Supp. 2d 1313, 1321 (S.D. Fla. 2009)); 4 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure Civil § 1067.6 (4th ed.) ("A court need not hold an evidentiary ruling to allow the plaintiff to present evidence supporting personal jurisdiction when the specific allegations of the plaintiff even if fully credited do not make a prima facie showing of jurisdiction.").

discovery is unlikely to change the Court's conclusion that personal jurisdiction is lacking.").[4]

## CONCLUSION

Assuming Plaintiff's RICO claims fail and statutory personal jurisdiction under Section 1962(d) is therefore unavailable, Plaintiff's remaining claims against Joffe should be dismissed because this Court otherwise lacks personal jurisdiction over him.

Dated: August 11, 2022                                     Respectfully submitted,

*/s/ Edward Soto*
Edward Soto (FBN 0265144)
**WEIL GOTSHAL & MANGES LLP**
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Telephone: (305) 577-3100

Steven A. Tyrrell, *admitted pro hac vice*
**WEIL GOTSHAL & MANGES LLP**
2001 M Street, N.W., Suite 600
Washington, D.C. 20036
Telephone: (202) 682-7000

*Counsel for Rodney Joffe*

---

[4] The Court also should deny Plaintiff's request for jurisdictional discovery in the event Defendants' Joint Motion to Dismiss on the merits is granted. *See Culverhouse v. Paulson & Co. Inc.*, 813 F.3d 991, 994 (11th Cir. 2016) ("Because the complaint fails to state a claim, Culverhouse was also not entitled to jurisdictional discovery.")

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 11, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Edward Soto*
Edward Soto (FBN 0265144)
**WEIL GOTSHAL & MANGES LLP**
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Telephone: (305) 577-3100
Facsimile: (305) 374-7159

*Counsel for Rodney Joffe*