**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| DONALD J. TRUMP, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HILLARY R. CLINTON, ET AL., ) <br> Defendants. ) <br> ) | Case No. 2:22-cv-14102-DMM |

**CHARLES DOLAN'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT, CHARLES HALLIDAY DOLAN JR.'S MOTION TO DISMISS AMENDED COMPLAINT**

Defendant Charles Dolan, by and through counsel, files this Reply to Plaintiff's Response to his Motion to Dismiss the Amended Complaint.

Plaintiff's Amended Complaint is riddled with inaccuracies on the most basic matters, which carry over to his arguments opposing Mr. Dolan's motion to dismiss. As Plaintiff argues in his Response, "Plaintiff has established a prima facie case of personal jurisdiction against Dolan. Dolan plainly admits in his moving papers that he is a resident of New York." D.E. 241, ¶ 6, citing his own Amended Complaint, at ¶20. Mr. Dolan never states that he is a resident of New York in any papers; instead, Mr. Dolan has repeatedly affirmed that he is a Virginia resident. Plaintiff cites his own pleading to claim Mr. Dolan is not. This exemplifies Plaintiff's pleading deficiencies.

**SUMMARY**

This memorandum addresses issues within Plaintiff's Response to Mr. Dolan's Motion to Dismiss the Amended Complaint (hereinafter "Response"). D.E. 241. The Response inexplicably continues to restate obvious legal and factual inaccuracies. As to arguments for statute of limitations and failure to state a claim, Mr. Dolan joins with and adopts the consolidated reply. This memorandum addresses issues unique to Mr. Dolan within Plaintiff's Response.

1

**Plaintiff Continues to Make False Claims Despite Knowledge of Their Falsity**

a.  **Mr. Dolan is Not a Resident of New York**

Plaintiff now claims in his Amended Complaint ("AC") and Response without a basis and despite evidence to the contrary that Mr. Dolan is a resident of New York. AC at ¶ 20 and Response at ¶ 6. Plaintiff first makes this baseless claim in his AC in ¶ 20 despite Mr. Dolan confirming otherwise. *See* D.E. 163, Ex. 1 at ¶1. Then, Mr. Dolan, through counsel, informed Plaintiff of his error and other false statements by a Rule 11 letter and subsequent motion that was served on Plaintiff's counsel. Mr. Dolan has lived in Arlington, Virginia for many years. Despite this notice, Plaintiff chooses to continue alleging this false statement.

b.  **The Indictment Does Not Support the Claim that Mr. Dolan Met with Danchenko to "create a dossier"**

Plaintiff asserts that he "relied upon the Indictment to provide the basic facts that apply to Dolan." Response at ¶ 23, citing Indictment, *United States v. Danchenko*, case no. 1:21-cr-00245-AJT, Eastern District of Virginia (Nov. 3, 2021) (hereinafter, "Indictment"). However, the Indictment does not support what Plaintiff asserts in his Response. For example, Response ¶ 31 cites the Amended Complaint which in turn cites as authority the Indictment at ¶ 23 to assert that "[i]n late April 2016, Danchenko began having discussions with Dolan about a potential business collaboration between Orbis Ltd. and Kglobal *to create a 'dossier' to smear Donald J. Trump and to disseminate the false accusations to the media*." The italicized portion is false and is not in the Indictment.

The Indictment does not support that Mr. Dolan met with Mr. Danchenko "to create a dossier," just that Mr. Dolan and Mr. Danchenko pursued business opportunities, and exchanged gossip. The activities include planning a conference, assisting with logistics and translation services, and meetings at the Russian embassy without Danchenko present. Indictment ¶¶ 23-31.

Mr. Dolan regularly consulted with Russian entities and Mr. Danchenko was also interested in this area and they worked on business together.

Throughout the Indictment and the Amended Complaint, there is no mention of Mr. Dolan having participated in an agreement with any other Defendants to do anything relating to a dossier, report, memorandum, or any other document. Mr. Dolan made Plaintiff aware of this inaccuracy in its Rule 11 letter and served motion, but Plaintiff chooses to continue alleging this false statement about the Indictment.

### c. Mr. Dolan Was Never a Chairman of A National Democratic Organization

Plaintiff insists upon asserting that Mr. Dolan was a past Chairman of the DNC or some other national political organization and again relies upon the Indictment for support. Again, just as Mr. Dolan is not a resident of New York, Mr. Dolan was never the Chairman of a national Democratic political organization. Mr. Dolan has repeatedly informed Plaintiff that he has never been Chairman of any national political organization. Plaintiff has decided to ignore any information available to him through basic searches and information provided to him by Mr. Dolan and instead limits himself to contrary facts in the Indictment.

Mr. Dolan made Plaintiff aware of this inaccuracy in its Rule 11 letter and served motion, but Plaintiff chooses to continue alleging this false statement.

## ARGUMENT

### A. Mr. Dolan Has Signed on to the Consolidated Reply to Plaintiff's Motion to Dismiss

Mr. Dolan adopts the arguments made in the consolidated Defendants' Joint Reply and has signed on to that motion.

### B. Plaintiff Cannot Adequately Plead Jurisdiction or State a Claim Because He Relies on Exaggerated and False Allegations

Plaintiff focuses the beginning of his response on the personal jurisdiction requirements under the RICO statute. The key shortcoming in Plaintiff's analysis is his inability to plead true facts. Plaintiff begins his analysis on personal jurisdiction under the RICO statute by claiming that "Plaintiff has established a prima facie case of personal jurisdiction against Dolan. Dolan plainly admits in his moving papers that he is a resident of New York." Response ¶ 6. As stated above this statement is false and Plaintiff's continued use of false information to make his claim should not be tolerated.

Plaintiff then alleges jurisdiction under Florida's long-arm statute and the due process requirement of minimum contacts. As with his supplemental jurisdiction argument, addressed below, Plaintiff's entire long-arm statute argument is contained in a single sentence which states: "As the harm was incurred in the State of Florida, the tortious acts averred in the Amended Complaint, were committed in the State of Florida." Response ¶ 14. Even if true (which it is not), and this was sufficient to satisfy Florida's long-arm statute, any proper analysis must satisfy the requirements of Due Process, which Mr. Dolan's lack of contact with Florida does not do.

As to Plaintiff's argument on minimum contacts, he relies chiefly on *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770 (1984) to assert that a plaintiff can recover for nationwide damages in one suit even if the distribution of the libelous material was limited in the forum state. The facts of *Keeton* bear no resemblance to Mr. Dolan's case. Mr. Dolan is not a national publisher of any kind, did not publish or disseminate any information, or take part in any conspiracy to do so, Plaintiff does not even allege that Mr. Dolan made any defamatory publication. Plaintiff's attempt to compare Mr. Dolan to Hustler Magazine falls short.

Finally, Plaintiff asserts in a single paragraph and almost without explanation that "federal courts are permitted to establish supplemental jurisdiction over claims that 'form part of the same case or controversy.'" Response at ¶ 15 (citing 28 U.S.C. § 1367(a)). To this point, Plaintiff's argument in its entirety is that "Dolan's acts and omissions in this lawsuit arise out of or relate to his conduct which affects, among other jurisdictions, Florida." *Id*. This analysis does not reflect the law as it relates to supplemental jurisdiction though does reflect the care Plaintiff has shown in the pursuit of its claim.

As an initial matter, "§ 1367 concerns subject-matter—not personal—jurisdiction." Carter v. Ford Motor Co., No. 19-62646-CIV, 2021 WL 1165248, at *6 n.6 (S.D. Fla. Mar. 26, 2021). In that regard, Plaintiff appears to be "confusing supplemental jurisdiction with pendent personal jurisdiction." FR Tax Grp., LLC v. Kassover, No. 17-80386-CIV, 2017 WL 6346051, at *5 (S.D. Fla. Aug. 2, 2017), aff'd, 723 F. App'x 977 (11th Cir. 2018).

In short, "the doctrine of supplemental jurisdiction . . . permits 'federal courts to decide certain state-law claims involved in cases raising federal questions' when doing so would promote judicial economy. *United States ex rel. Brown v. BankUnited Tr. 2005-1*, 235 F. Supp. 3d 1343, 1361 (S.D. Fla. 2017) (citing *Ameritax, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 530 (11th Cir. 2015). Because Plaintiff cannot adequately plead jurisdiction over the RICO claims it cannot utilize the doctrine of supplemental jurisdiction to bring its other conspiracy claims against Mr. Dolan in this Court.

### C. Plaintiff Cannot State a Claim for Conspiracy Because Mr. Dolan Communicated With No Defendant Besides Mr. Danchenko

Plaintiff's allegations rely on extrapolation and unfounded speculation to concoct a cause of action against Mr. Dolan. Plaintiff fails to allege an agreement by Mr. Dolan with any other Defendant to fabricate information to induce the FBI to investigate. Mr. Dolan only had

5

conversations or e-mail exchanges with Defendant Danchenko, with whom he was networking and trying to do business unrelated to the issues in this case. Plaintiff's claims lack a factual basis.

For a civil conspiracy to exist, there must be some specific, concrete allegation of an agreement between two or more parties to act unlawfully. *EMI Sun Village, Inc. v. Catledge*, 779 Fed. Appx. 627, 637 (11th Cir. 2019) ("A civil conspiracy requires: (1) an agreement between two or more parties; (2) to do an unlawful act or to do a lawful act by unlawful means; (3) the doing of some overt act in pursuance of the conspiracy; and (4) damage to plaintiff as a result of the acts done under the conspiracy.")

Here, there are no allegations that Mr. Dolan communicated with any other Defendant besides Mr. Danchenko, and no allegation with any reasonable basis that Mr. Dolan and Mr. Danchenko entered into an agreement to do anything unlawful. Plaintiff's laundry list of claims about Dolan does not even attempt to connect Mr. Dolan to any alleged conspiracy; for example: that Dolan volunteered for the Clinton Campaign in 2016 and served as an advisor to the Clinton Campaign in Iowa and New Hampshire in 2008 or that "Dolan has been "a longtime participant in Democratic politics,'" could implicate lots of people in conspiracies for volunteering in the political process. *See* Response at ¶¶ 27-29. These types of allegations could implicate thousands if not millions of citizens. Mr. Dolan's lack of contact with Florida, and absence of contact with other Defendants, supports his individualized motion to dismiss.

The consolidated briefing by Defendants, which Mr. Dolan adopts amply confirms that this matter should be dismissed in its entirety. If that motion is granted Mr. Dolan's motion becomes moot.

                     Respectfully submitted,

                     /s/ George R. A. Doumar
                     George R.A. Doumar

*Admitted Pro Hac Vice*
Jonathan E. Levine, Esquire
Florida Bar No. 937711
Mahdavi Bacon Halfhill & Young, PLLC
11350 Random Hills Road, Suite 700
Fairfax, Virginia, 22030
Tel: (703) 352-1300
Fax: (703) 352-1301
Email: gdoumar@doumarmartin.com

Attorneys for Charles H. Dolan

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

/s/ George R. A. Doumar
George R.A. Doumar
*Admitted Pro Hac Vice*
Jonathan E. Levine, Esquire
Florida Bar No. 937711
Mahdavi Bacon Halfhill & Young, PLLC
11350 Random Hills Road, Suite 700
Fairfax, Virginia, 22030
Tel: (703) 352-1300
Fax: (703) 352-1301
Email: gdoumar@doumarmartin.com

Attorneys for Charles H. Dolan