# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DONALD J. TRUMP,<br><br>    Plaintiff,<br><br>v.<br><br>HILLARY R. CLINTON, et al.,<br><br>    Defendants. | Case No. 2:22-cv-14102-DMM |

**DEFENDANT NEUSTAR, INC.'S REPLY MEMORANDUM IN FURTHER SUPPORT
OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Samantha L. Southall (admitted *pro hac vice*)
Pennsylvania Bar No. 80709
BUCHANAN INGERSOLL & ROONEY PC
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
Tel: (215) 665-8700
Fax (215) 667-8760
Email: samantha.southall@bipc.com

Jennifer Olmedo-Rodriguez
Florida Bar No. 605158
BUCHANAN INGERSOLL & ROONEY PC
2 South Biscayne Blvd., Suite 1500
Miami, Florida 33131
Tel: (305) 347-4080
Fax: (305) 347-4089
Email: jennifer.olmedo-rodriguez@bipc.com

*Attorneys for Defendant Neustar, Inc.*

Defendant Neustar, Inc. ("Neustar"), by and through its undersigned counsel, hereby submits this reply memorandum of law in further support of its Motion to Dismiss Plaintiff's Amended Complaint (DE 228).

## ARGUMENT

In this untimely litigation, Neustar individually moved to dismiss Plaintiff's Amended Complaint because, in addition to the reasons set forth in the non-federal Defendants' Joint Motion to Dismiss, DE 226, this Court should dismiss Plaintiff's claims with prejudice as Neustar is not a proper party.

TransUnion, LLC ("TransUnion") acquired Neustar's marketing, fraud and communications solutions business in December, 2021, months before Plaintiff filed this litigation. TransUnion did *not* acquire Neustar's security business, Neustar Security Services, LLC ("NSS"), which now operates as a standalone company. Plaintiff's opposition makes plain that his purported claims against Neustar arise from the alleged actions of Rodney Joffe, a former employee of the security business. (*See, e.g.*, DE 240 at ¶¶ 2, 3, 10, 11, 17). They do not arise from any alleged actions by Neustar's marketing, fraud and communications business and Mr. Joffe did work for Neustar's marketing, fraud and communications business. This Court should therefore drop Neustar from this litigation.

Despite this and Plaintiff's addition of NSS as a defendant in his Amended Complaint, Plaintiff argues, without citation to any legal support, that this Court should not drop Neustar because it is attempting to "hide the ball" or "create a 'shell game,'" while "attempting to avoid liability for the acts of its employees and/or officers . . . ." (DE 240 at ¶ 2). On the contrary, TransUnion's Form 8-K filed with the United States Securities and Exchange Commission ("SEC") on December 1, 2021 (the "SEC Filing"), identified precisely what TransUnion purchased

1

when it acquired Neustar.[1]  The Securities Purchase Agreement, attached as Exhibit 2.1 to the SEC Filing unequivocally states that TransUnion did *not* acquire "the business of providing cloud security solutions and services, comprising Application & Network Security (BoT Management, DDoS Protection, Web Application Firewall), DNS Services, Threat Data Feeds (UltraThreat Feeds and custom security data feeds) and Web Performance Management as operated by Security Services, LLC and its Subsidiaries." (Ex. 2.1 to SEC Filing at 2, 10); *see Neustar Security Services Spins Out with Focused Investment to Foster Accelerated Growth* (Dec. 1, 2021, https://www.home.neustar/about-us/news-room/press- releases/2021/neustar-security-services-spins-out-with-focused-investment-to-foster-accelerated-growth).  Neustar therefore is not and cannot be liable for any claims that allegedly stem from the cloud security solutions and services business, including DNS Services.

Plaintiff also utterly fails to address Neustar's argument that his Amended Complaint is an improper shotgun pleading which this Court should dismiss with prejudice. *Weiland v. Palm Beach Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015).  "[W]hen a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case." *Barboza v. Drummond Co.*, No. 06-61527-CIV, 2007 WL 9701028, at *2 (S.D. Fla. Nov. 20, 2007).

Having failed to take advantage of the multiple opportunities to remedy the defects in his Amended Complaint, this Court should not provide Plaintiff with another opportunity. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) ("[W]hat matters is function,

---

[1]  This Court may take judicial notice of publicly available agency records. *See, e.g., K.T. v. Royal Caribbean Cruises, Ltd.*, 931 F.3d 1041, 1047 (11th Cir. 2019).

not form: the key is whether the plaintiff had fair notice of the defects and a meaningful chance to fix them. If that chance is afforded and the plaintiff fails to remedy the defects, the district court does not abuse its discretion in dismissing the case with prejudice on shotgun pleading grounds.").

## CONCLUSION

For all of the foregoing reasons as well as those set forth in its opening brief, DE 228, and those set forth in the non-Federal Defendants' Joint Motion, DE 226, and their Joint Reply, which is being concurrently filed, Neustar, Inc. respectfully requests that this Court dismiss Plaintiff's Amended Complaint as against it with prejudice, together with such other and further relief the Court deems just and proper..

Dated: August 11, 2022                          Respectfully submitted,


By: */s/ Samantha L. Southall*
   Samantha L. Southall (admitted *pro hac vice*)
   **BUCHANAN INGERSOLL & ROONEY PC**
   50 S. 16th Street, Suite 3200
   Philadelphia, PA 19102
   Tel: (215) 665-8700
   Fax (215) 667-8760

   */s/ Jennifer Olmedo-Rodriguez*
   Jennifer Olmedo-Rodriguez (FBN 605158)
   **BUCHANAN INGERSOLL & ROONEY PC**
   2 South Biscayne Blvd., Suite 1500
   Miami, Florida 33131
   Tel: (305) 347-4080
   Fax: (305) 347-4089

   *Attorneys for Defendant Neustar, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 11, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*/s/ Jennifer Olmedo-Rodriguez*
BUCHANAN INGERSOLL & ROONEY PC