**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 2:22-CV-14102-DMM

DONALD J. TRUMP,

      Plaintiff,

v.

HILLARY R. CLINTON, et al.,

      Defendants.

_____/

**DEFENDANT ORBIS BUSINESS INTELLIGENCE LTD.'S**
**MOTION TO DISMISS THE AMENDED COMPLAINT**
**AND INCORPORATED MEMORANDUM OF LAW**

ENJOLIQUÉ AYTCH LETT, ESQ.
Florida Bar No. 0104881
Email: lette@gtlaw.com
AKIESHA GILCRIST SAINVIL, ESQ.
Florida Bar No. 1003260
Email: sainvila@gtlaw.com
**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

*Attorneys for Defendant*
*Orbis Business Intelligence Ltd.*

## TABLE OF CONTENTS

INTRODUCTION ...........................................................................................................1

FACTS RELEVANT TO THIS MOTION TO DISMISS.................................................2

     I.     The Allegations Against Orbis In the Amended Complaint Are Sparse. ...............2
     II.    Orbis Has No Meaningful Contact With Florida....................................................2
     III.   Orbis Has Not Been Properly Served. ....................................................................3

LEGAL STANDARD.......................................................................................................4

     I.     Rule 12(b)(2): Lack of Personal Jurisdiction.........................................................4
     II.    Rule 12(b)(4) & (5): Insufficient Process & Service of Process. ...........................5
     III.   Rule 12(b)(6): Failure to State a Claim Upon Which Relief Can Be
            Granted.....................................................................................................................6

ARGUMENT ...................................................................................................................7

     I.     The Amended Complaint Should Be Dismissed As To Orbis For Lack of
           Personal Jurisdiction. ..............................................................................................7

           A.    *No general jurisdiction exists over Orbis.* ..................................................7
           B.    *No specific jurisdiction exists over Orbis.*..................................................9
           C.    *Federal due process considerations require dismissal.*.............................13

     II.    The Amended Complaint Should Be Dismissed As Against Orbis For
           Insufficient Process and Service of Process...........................................................13

           A.    *Plaintiff must show that service was properly effected against*
                 *Orbis under the Convention.*....................................................................13
            B.    *Orbis should be dismissed from this action, with prejudice, due to*
                 *insufficient process and service of process.* .............................................14
            C.    *Any further service attempts as to Orbis should be rejected.* ...................15

     III.   The Amended Complaint Is Procedurally And Substantively Deficient As
           Against Orbis. ........................................................................................................16

CONCLUSION...............................................................................................................19

REQUEST FOR HEARING...........................................................................................19

i

## **TABLE OF AUTHORITIES**

**Federal Cases**

*Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*,
    483 U.S. 143 (1987)....................................................................................................17

*Am. Dental Ass'n v. Cigna Corp.*,
    605 F.3d 1283 (11th Cir. 2010) ....................................................................................6

*Ashcroft v. Iqbal*,
    556 U.S. 678 (2009)..........................................................................................6, 7, 18

*Auf v. Howard Univ. et al.*,
    No. 19-cv-22065, 2020 U.S. Dist. LEXIS 53226 (S.D. Fla. Mar. 25, 2020)...........................13

*Barabe v. Apax Partners Eur. Managers, Ltd.*,
    359 F. App'x 82 (11th Cir. 2009) ................................................................................18

*Barmapov v. Amuial*,
    986 F .3d 1321,1325-26 (11th Cir. 2021) ...................................................................18

*Beck v. Prupis*,
    529 U.S. 494 (2000)...................................................................................................18

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)..........................................................................................6, 7, 18

*Birmingham v. RoFx.net*,
    No. 21-23472-Civ-Scola, 2022 U.S. Dist. LEXIS 94981 (S.D. Fla. May 26, 2022).......5, 8, 11

*Bristol-Myers Squibb Co. v. Superior Court*,
    137 S. Ct. 1773 (2017).....................................................................................5, 7, 9, 10

*Bulpit, LLC v. DeCanio*,
    No. 2:13-cv-14119-KMM, 2013 U.S. Dist. LEXIS 202893 (S.D. Fla. June 7, 2013) ..........8, 9

*Callaway v. Kittler*,
    No. 6:13-cv-1561-Orl-22TBS, 2013 U.S. Dist. LEXIS 163700 (M.D. Fla. Oct.
    29, 2013) ...................................................................................................................6

*Carmouche v. Carnival Corp.*,
    36 F. Supp. 3d 1335 (S.D. Fla. 2014), *aff'd*, 789 F.3d 1201 (11th Cir. 2015)........................13

*Castillo v. Allegro Resort Mktg.*,
    603 F. App'x 913 (11th Cir. 2015) ..........................................................................4, 11

*Catalyst Pharms., Inc. v. Fullerton*,
    748 F. App'x 944 (11th Cir. 2018) ...............................................................................4

*Colite Int'l Inc. v. Robert L. Lipton, Inc.*,
    No. 05-cv-60046, 2006 WL 8431505 (S.D. Fla. Jan. 20, 2006)............................................18

*Corsello v. Lincare, Inc.*,
    428 F.3d 1008 (11th Cir. 2005) ..................................................................................19

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) ................................................................................7, 8, 9

*DeLuca v. Royal Caribbean Cruises, Ltd.*,
    244 F. Supp. 3d 1342 (S.D. Fla. 2017) ...................................................7

*easyGroup Ltd. v. Skyscanner, Inc.*,
    No. 20-20062-CIV-Altonaga/Goodman, 2020 WL 5500695 (S.D. Fla. Sept. 11, 2020) ..........5

*Energy Smart Indus., LLC v. Big R of Lamar, Inc.*,
    No. 11-23627-CIV-O'SULLIVAN, 2012 U.S. Dist. LEXIS 103991 (S.D. Fla.
    July 26, 2012) ................................................................................8

*Envt'l Mfg. Sols., LLC v. Fluid Grp., Ltd.*,
    No. 6:18-cv-156-Orl-40KRS, 2018 WL 3635112 (M.D. Fla. May 9, 2018) ..........................5

*Flexsteel Pipeline Techs., Inc. v. Bin Chen & Changchun Gaoxiang Special Pipe Co.*,
    No. 5:16cv239-MCR/GRJ, 2018 U.S. Dist. LEXIS 245865 (N.D. Fla. Feb. 27, 2018) ..........14

*Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*,
    141 S. Ct. 1017 (2021) ................................................................7, 9

*Foreign Imported Prods. & Publ'g, Inc. v. Grupo Indus. Hotelero, S.A.*,
    No. 07-22066-CIV, 2008 U.S. Dist. LEXIS 108705 (S.D. Fla. Oct. 24, 2008) ...............10, 12

*Glen v. Club Mediterranee, S.A.*,
    359 F. Supp. 2d 1352 (S.D. Fla. 2005) ...................................................14

*Goforit Entm't LLC, v. Digimedia.com L.P.*,
    513 F. Supp. 2d 1325 (M.D. Fla. 2007) ...................................................9, 12

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011) ................................................................7, 9, 10

*Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*,
    553 F.3d 1351 (11th Cir. 2007) ...................................................5

*Hollander v. Wolf*,
    No. 09-80587-CIV-RYSKAMP/VITUNAC, 2009 U.S. Dist. LEXIS 101446
    (S.D. Fla. Oct. 14, 2009) ................................................................6

*Internet Sols. Corp. v. Marshall*,
    557 F.3d 1293 (11th Cir. 2005) ...................................................5

*Jackson v. Bank of Am., N.A.*,
    898 F.3d 1348 (11th Cir. 2018) ...................................................18

*La Grasta v. First Union Sec., Inc.*,
    358 F.3d 840 (11th Cir. 2004) ...................................................17

*Lehman v. Lucom*,
    727 F.3d 1326 (11th Cir. 2013) ...................................................17

*Leon v. Cont'l AG*,
    301 F. Supp. 3d 1203 (S.D. Fla. 2017) ...................................................11

*Louis Vuitton Malletier, S.A. v. Mosseri*,
  736 F.3d 1339 (11th Cir. 2013) ....................................................................4

*McGregor v. In Tune Music Group*,
  No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190586 (S.D. Fla. Feb.
  10, 2016) ..........................................................................................14, 15, 16

*Micro v. Shabanets*,
  No. 15-cv-80999, 2015 WL 11438937 (S.D. Fla. Dec. 4, 2015)...........................17

*Miller v. Berman*,
  289 F. Supp. 2d 1327 (M. D. Fla. 2003) ..............................................................12

*Orient Holding v. Assicurazioni Generali SpA*,
  No. 18-80899-CIV-ROSENBERG/REINHART, 2018 U.S. Dist. LEXIS
  140892 (S.D. Fla. Aug. 17, 2018)..........................................................................6

*Pardazi v. Cullman Med. Ctr.*,
  896 F.2d 1313 (11th Cir. 1990) ..............................................................................5

*Performance Indus. Mfg., Inc. v. Vortex Performance Pty Ltd.*,
  No. 8:18-cv-00510-T-02AAS, 2019 U.S. Dist. LEXIS 476 (M.D. Fla. Jan. 2, 2019) .........8, 9

*Posner v. Essex Ins. Co.*,
  178 F.3d 1209 (11th Cir. 1999) ............................................................................11

*R & R Games, Inc. v. Fundex Games, Ltd.*,
  No. 8:12-cv-01957-JDW-TBM, 2013 U.S. Dist. LEXIS 97621 (M.D. Fla. July
  12, 2013) ..............................................................................................................11

*RG Martin Invs., LLC v. Virtual Tech. Licensing, LLC*,
  No. 17-cv-80338-BLOOM/Valle, 2017 U.S. Dist. LEXIS 231300 (S.D. Fla.
  July 7, 2017)..........................................................................................................10

*Roberts v. Benson*,
  No. 20-82383-CV-MIDDLEBROOKS/Brannon, 2021 U.S. Dist. LEXIS
  65917 (S.D. Fla. Apr. 2, 2021) ..............................................................................4

*Snow v. DirecTV, Inc.*,
  450 F.3d 1314 (11th Cir. 2006) ........................................................................4, 11

*Steinberg v. Barclay's Nominees (Braches), Ltd.*,
  No. 04-60897-CIV-MARRA/JOHNSON, 2008 U.S. Dist. LEXIS 123948
  (S.D. Fla. Sept. 30, 20)........................................................................................16

*Super Vision Int'l v. Mega Int'l Com. Bank*,
  534 F. Supp. 2d 1326 (S.D. Fla. 2008) ................................................................17

*In re Takata Airbag Prod. Liab. Litig.*,
  396 F. Supp. 3d 1101 (S.D. Fla. 2019) ....................................................5, 9, 11, 13

*Taylor v. Royal Caribbean Cruises Ltd.*,
  No. 20-CV-22161-SCOLA, 2020 WL 6826486 (S.D. Fla. Nov. 20, 2020),
  *aff'd*, 2021 WL 3502626 (11th Cir. Aug. 10, 2021)..........................................6, 7

*Turi v. Stacey*,
    No. 5:13-cv-248-Oc-22PRL, 2014 U.S. Dist. LEXIS 202401 (M.D. Fla. 2014) ...................14

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
    486 U.S. 694, 108 S. Ct. 2104 (1988) ..................................................................................14

*Walden v. Fiore*,
    571 U.S. 277 (2014) ..............................................................................................................11

*Wilder v. JP. Morgan Chase Bank, N.A.*,
    No. 18-cv-20820, 2018 U.S. Dist. LEXIS 186778 (S.D. Fla. Oct. 30, 2018) .................17, 18

*Zippo Mfg. Co. v. Zippo Dot Com, Inc.*,
    952 F. Supp. 1119 (W.D. Pa. 1997) ......................................................................................12

**State Cases**

*Davis v. Monahan*,
    832 So. 2d 708 (Fla. 2002) ...................................................................................................17

*Westwind Limousine, inc. v. Shorter*,
    932 So. 2d 571 (Fla. 5th DCA 2006) ...................................................................................12

**State Statutes**

Fla. Stat. § 48.193 .........................................................................................................................4

Fla. Stat.§ 95.1l(p) ......................................................................................................................17

**Rules**

Fed. R. Civ. P. 4 ..........................................................................................................................14

Fed. R. Civ. P. 4(f)(1) .................................................................................................................14

Fed. R. Civ. P. 4(h) .....................................................................................................................14

Fed. R. Civ. P. 4(k) ........................................................................................................................4

Fed. R. Civ. P. 4(l)(1) ..................................................................................................................15

Fed. R. Civ. P. 12(b) ......................................................................................................................1

Fed. R. Civ. P. 12(b)(4) .................................................................................................................6

Fed. R. Civ. P. 12(b)(5) .................................................................................................................6

Defendant Orbis Business Intelligence Ltd. ("Orbis"), by and through its undersigned counsel and pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, respectfully moves to dismiss, with prejudice, the Amended Complaint for Damages [DE No. 177] (the "Amended Complaint" or "AC") filed by Plaintiff Donald J. Trump, as against Orbis, for insufficient process and service of process, lack of personal jurisdiction, and failure to state a claim. In support of the Motion, Orbis states as follows:

## INTRODUCTION

While the nearly 185-page Amended Complaint is robust in form, it is woefully lacking in substance and falls well short of the federal pleading standards. It must be dismissed as to Orbis for the following reasons. *First*, the Amended Complaint lacks any jurisdictional allegations whatsoever, much less allegations sufficient to adequately plead personal jurisdiction against Orbis, a nonresident defendant. *Second*, the Amended Complaint must be dismissed for insufficient service of process. Orbis, an England-based foreign defendant, must be served under the Hague Convention (the "Convention") and there is no proof that such service has occurred. Nor has Plaintiff sought assistance from the Court concerning such service, despite having ample time and resources to do so. *Third*, the Amended Complaint is procedurally and substantively deficient, including with respect to Counts II, IV, and XV of the Amended Complaint, as detailed in the Joint Motion to Dismiss and Incorporated Memorandum of Law, [*see* DE 226], and the Joint Reply in Support of the Motion to Dismiss, [*see* DE 250], filed by the Defendants in this action on July 14, 2022 and August 11, 2022, respectively.[1] The Amended Complaint should be dismissed, with prejudice, for each of these independent, straightforward reasons.

---

[1] Defendant Orbis was not a party to this litigation at the time of the filing of the Joint Motion to Dismiss and Incorporated Memorandum of Law filed by the Defendants in this action on July 14, 2022 and had only entered the case two days prior to the filing of Defendants' Joint Reply

1

## FACTS RELEVANT TO THIS MOTION TO DISMISS

### I.   The Allegations Against Orbis In the Amended Complaint Are Sparse.

The original Complaint in this action was filed on March 24, 2022. (DE 1). Plaintiff filed the Amended Complaint thereafter on June 21, 2022. (DE 177). Both the Complaint and the Amended Complaint named Orbis as a defendant. (DE 1; DE 177).

In the Amended Complaint, Plaintiff alleges that, "in or about May 2016," (AC, ¶ 97), Orbis was retained by Fusion GPS "to gather intelligence regarding Russia's [efforts] to influence the US Presidential election process and the links between Russia and Trump," (AC, ¶¶ 94, 97, 292, 293). The culmination of this information, according to Plaintiff, was set forth in "a series of reports," known as the "Steele Dossier." (AC, ¶ 4). Plaintiff alleges that, in or about November or December 2016, a series of leaks by third-party individuals and media outlets caused the dossier to be disseminated publicly. (AC, ¶¶ 291, 292, 294). He does not allege that Orbis was involved in the alleged dissemination. (*See generally*, AC). Plaintiff alleges that these "acts and omissions" identified in the lawsuit "arise out of or relate to [Orbis'] conduct in and/or affecting, among other jurisdictions, Florida." (AC, ¶ 32).

### II.   Orbis Has No Meaningful Contact With Florida.

Orbis is a private limited company formed under the laws of England that specializes in corporate intelligence consultancy. (*See Declaration of Christopher Burrows in Support of*

---

in Support of the Motion to Dismiss. [DE 226 and 250]. Nevertheless, without waiving any of its arguments regarding the sufficiency of the Amended Complaint and the lack of jurisdiction this Court has over Defendant Orbis, in accordance with the Court's directive on June 23, 2022 for the defendants in this action to "consolidate . . . responses where appropriate," [*see* DE 188; *see also* DE 247], Orbis hereby adopts and fully incorporates by reference the facts, law, and arguments set forth in the Joint Motion and Joint Reply as they pertain to Counts II, IV, and XV of the Amended Complaint, along with all facts, law, and argument that the causes of action asserted in the Amended Complaint are time-barred and insufficient, and the substantive claims contained therein fail to state any cognizable cause of action.

*Defendant Orbis Business Intelligence Ltd.'s Motion to Dismiss* ("*Burrows Decl.*"), ¶ 10, *attached hereto as* **Exhibit A**). Orbis was incorporated on March 16, 2009 in London, England. (*Id.*) Orbis' sole place of business is in London, England. (*Id.*) Orbis has no offices, no employees, and no business representatives in Florida. (*Id.*, ¶ 9). Orbis does not conduct, engage in, or carry on any business or business venture in Florida, and it is not authorized or registered to carry on any business in Florida. (*Id.*) Orbis owns no real or other property in Florida nor leases any real property in Florida. (*Id.*, ¶ 12). Orbis does not have a mailing address, telephone number, or bank account in Florida. (*Id.*, ¶ 13). Orbis pays no taxes in Florida. (*Id.*, ¶ 9).

Orbis' business is generated by personal contacts and referrals, which takes place in the United Kingdom—not in the United States. (*Id.*, ¶ 11). Orbis does not advertise or conduct marketing in Florida, nor does it target Florida in any way with respect to any advertising or marketing, whether online or otherwise. (*Id.*, ¶ 14). Orbis does not provide any services in or to Florida, and does not derive any revenue or otherwise receive any income or proceeds from any services in or to Florida. (*Id.*, ¶ 15). No acts involving or relating to the creation of the dossier occurred in Florida. (*Id.*, ¶ 8). In sum, Orbis has no meaningful contact with Florida.

## III.    Orbis Has Not Been Properly Served.

On July 19, 2022, an unidentified individual arrived at Orbis' registered office located at Hopper, Williams and Bell (HWB), Highland House Mayflower Close, Chandlers Ford, Eastleigh, Hampshire SO53 4AR, UK, and indicated that he wanted to serve some documents. (*Id.*, ¶ 3; *see also* **Exhibit B** (the purported "service documents")). The individual was greeted by an office receptionist. (*Id.*) The individual did not indicate what the documents pertained to. (*Id.*) The receptionist informed the individual that she was not authorized to accept service of any documents, and that the persons authorized to accept service—Richard Hurst and Christopher

Wignall—were unavailable. (*Id.*, ¶ 4). The individual dropped the documents on the floor of Orbis'

registered office and exited the premises. (*Id.*, ¶ 5). To date, the documents in question have never

been served on those individuals registered and authorized to accept service for Orbis. (*Id.*, ¶ 6).

Plaintiff has neither filed a proof of service nor sought assistance from this Court regarding service

of process on Orbis. (*See generally Trump v. Clinton et al.*, No. 2:22-cv-14102-DMM).

## LEGAL STANDARD

The Amended Complaint should be dismissed as to Orbis on any one of three alternative

grounds—lack of personal jurisdiction, insufficient process and service of process, and failure to

state a claim.

## I.      Rule 12(b)(2): Lack of Personal Jurisdiction.

A federal district court has personal jurisdiction over a nonresident defendant only if (1)

the forum state's long-arm statute authorizes such jurisdiction under Fla. Stat. § 48.193 and (2) the

exercise of personal jurisdiction satisfies the Due Process Clause of the Fourteenth

Amendment. *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir.

2013); see also Fed. R. Civ. P. 4(k). "Only if both prongs of the analysis are satisfied may a federal

or state court exercise personal jurisdiction over a nonresident defendant." *Roberts v. Benson*, No.

20-82383-CV-MIDDLEBROOKS/Brannon, 2021 U.S. Dist. LEXIS 65917, at *5 (S.D. Fla. Apr.

2, 2021). Thus, where jurisdictional allegations as to nonresidents are entirely lacking or

impermissibly conclusory, the claims against them must be dismissed. *Snow v. DirecTV, Inc.*, 450

F.3d 1314, 1318 (11th Cir. 2006) (finding "vague and conclusory allegations . . . insufficient to

establish a prima facie case of personal jurisdiction"); *see also Catalyst Pharms., Inc. v. Fullerton*,

748 F. App'x 944, 946 (11th Cir. 2018) ("Vague and conclusory allegations do not satisfy" a

plaintiff's burden to "make out a prima facie case of jurisdiction"); *Castillo v. Allegro Resort*

*Mktg.*, 603 F. App'x 913, 916 (11th Cir. 2015) (affirming dismissal where plaintiff "made no specific factual allegations" as to jurisdiction) (per curiam).

The plaintiff has the burden of pleading sufficient material facts to establish a *prima facie* case of personal jurisdiction. *Birmingham v. RoFx.net*, No. 21-23472-Civ-Scola, 2022 U.S. Dist. LEXIS 94981, *3 (S.D. Fla. May 26, 2022); *Envt'l Mfg. Sols., LLC v. Fluid Grp., Ltd.*, No. 6:18-cv-156-Orl-40KRS, 2018 WL 3635112, at *4 (M.D. Fla. May 9, 2018). If, but only if, the plaintiff satisfies this threshold burden, the burden then shifts to the defendant to "raise[ ], through affidavits, documents or testimony, a meritorious challenge to personal jurisdiction." *Internet Sols. Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2005). If the defendant successfully rebuts the plaintiff's prima facie showing of personal jurisdiction, "the burden shifts back to the plaintiff, this time requiring the plaintiff to prove-not merely allege-jurisdiction by affidavits, testimony, or other documents." *easyGroup Ltd. v. Skyscanner, Inc.*, No. 20-20062-CIV-Altonaga/Goodman, 2020 WL 5500695, at *5 (S.D. Fla. Sept. 11, 2020). Florida's "long-arm statute must be strictly construed with any doubts about applicability of the statute [being] resolved in favor of the defendant and against a conclusion that personal jurisdiction exists." *In re Takata Airbag Prod. Liab. Litig.*, 396 F. Supp. 3d 1101, 1140 (S.D. Fla. 2019) (internal quotation marks omitted); *see also Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780 ("[T]he primary concern is the burden on the defendant." (internal quotation marks omitted)).

## II.   Rule 12(b)(4) & (5): Insufficient Process & Service of Process.

"Service of process is a jurisdictional requirement." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2007) . Thus, in the absence of proper service of process, a court "may not exercise power over a party the complaint names as a defendant." *Id.* at 350; *see also Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir.

1990) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served.").

The Federal Rules of Civil Procedure allow a defendant to move for dismissal based on insufficient process and insufficient service of process. *See* Fed. R. Civ. P. 12(b)(4) and (5); *see also Callaway v. Kittler*, No: 6:13-cv-1561-Orl-22TBS, 2013 U.S. Dist. LEXIS 163700, at *4 (M.D. Fla. Oct. 29, 2013) ("A party may seek dismissal under Rule 12 for insufficient service of process."). Once a defendant challenges the sufficiency of process, the plaintiff has the burden to establish proper service of process. *Orient Holding v. Assicurazioni Generali SpA*, No. 18-80899-CIV-ROSENBERG/REINHART, 2018 U.S. Dist. LEXIS 140892, *3-4 (S.D. Fla. Aug. 17, 2018) (citing *Hollander v. Wolf*, No. 09-80587-CIV-RYSKAMP/VITUNAC, 2009 U.S. Dist. LEXIS 101446 (S.D. Fla. Oct. 14, 2009)).

## III.     Rule 12(b)(6): Failure to State a Claim Upon Which Relief Can Be Granted.

To survive a motion to dismiss, a complaint "'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Taylor v. Royal Caribbean Cruises Ltd.*, No. 20-CV-22161-SCOLA, 2020 U.S. Dist. LEXIS 217347, at *4 (S.D. Fla. Nov. 20, 2020) (quoting *Iqbal*, 556 U.S. at 678), *aff'd*, 2021 U.S. App. LEXIS 23650 (11th Cir. Aug. 10, 2021). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). Although "the Court must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff," *id.*, "'allegations absent supporting facts are not entitled to

6

this presumption of veracity,'" *DeLuca v. Royal Caribbean Cruises, Ltd.*, 244 F. Supp. 3d 1342,

1345 (S.D. Fla. 2017) (citing *Iqbal*, 556 U.S. at 663). "[A] pleading that offers mere 'labels and

conclusion' or 'a formulaic recitations of the elements of a cause of action' will not survive

dismissal." *Taylor*, 2020 WL 6826486, at *2 (quoting *Twombly*, 550 U.S. at 555).

## ARGUMENT

I.   **The Amended Complaint Should Be Dismissed As To Orbis For Lack of Personal Jurisdiction.**

There are two types of personal jurisdiction: "general" jurisdiction and "specific"

jurisdiction. *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017, 1024-1025

(2021); *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779-80 (2017) ("Since our

seminal decision in *International Shoe*, our decisions have recognized two types of personal

jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes

called 'case-linked') jurisdiction." (*quoting Goodyear Dunlop Tires Operations, S.A. v. Brown*,

564 U.S. 915, 919 (2011))). Plaintiff does not and cannot allege either type of personal jurisdiction

as to Orbis.

### A.   *No general jurisdiction exists over Orbis.*

General jurisdiction over a corporation exists only where the corporation's "affiliations

with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum

State.'" *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780 (*quoting Goodyear Dunlop Tires Operations,

S.A.*, 564 U.S. at 919); *see also Ford Motor Co.*, 141 S. Ct. at 1024 ("A state court may exercise

general jurisdiction only when a defendant is essentially at home in the State" (internal quotation

marks omitted)); *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (same). The paradigm all-

purpose forums for general jurisdiction are a corporation's place of incorporation and principal

place of business. *Daimler*, 571 U.S. at 137. Only in an "exceptional case" will general jurisdiction

be available anywhere else. *Id.* ("It is one thing to hold a corporation answerable for operations in the forum State . . . [and] quite another to expose it to suit on claims having no connection whatever to the forum State.")

Orbis is not subject to general jurisdiction in Florida. Orbis was formed and incorporated under English law, and is headquartered in England with its principal place of business in England. (Burrows Decl., ¶ 10). Moreover, each one of the relevant factors show that Orbis did *not* "engage[] in a 'general course of business activity'" in Florida. Orbis (1) has no office in Florida, (*see id.*, ¶ 9); (2) is not licensed to do business in Florida, (*see id.*); (3) does not provide any services in or to Florida, (*id.*, ¶ 15).; and (4) does not derive any revenue, income, or proceeds from any services in or to Florida, (*id.*, ¶ 15). *See RoFx.net*, 2022 U.S. Dist. LEXIS 94981, *3 (finding no personal jurisdiction where "[a]bsent from the amended complaint is any mention of particular instances in which [defendant] purposefully targeted Florida consumers, communicated with persons in Florida, or otherwise 'purposefully availed' itself of the privilege of conducting business in the state); *Performance Indus. Mfg., Inc. v. Vortex Performance Pty Ltd.*, No. 8:18-cv-00510-T-02AAS, 2019 U.S. Dist. LEXIS 476, at *8 (M.D. Fla. Jan. 2, 2019) (no personal jurisdiction where defendant had no office or license to do business in Florida; "maintaining and operating a generally-accessible website that allows for shipments to" Florida was insufficient); *Bulpit, LLC v. DeCanio*, No. 2:13-cv-14119-KMM, 2013 U.S. Dist. LEXIS 202893, at *9-10 (S.D. Fla. June 7, 2013) (no personal jurisdiction where defendant had no offices in Florida, was not licensed to do business in Florida, and had no Florida customers); *Energy Smart Indus., LLC v. Big R of Lamar, Inc.*, No. 11-23627-CIV-O'SULLIVAN, 2012 U.S. Dist. LEXIS 103991, at *17 (S.D. Fla. July 26, 2012) (no personal jurisdiction where defendant's only connection to Florida was a website accessible in Florida and sales to Florida customers were de minimis).

Moreover, the fact that Orbis does not direct its marketing or advertising to, or generate

revenue from, Florida residents, (*see* Burrows Decl., ¶¶ 14-15), is yet "[a]nother important factor" that militates against personal jurisdiction. *Bulpit*, 2013 U.S. Dist. LEXIS 202893, at *9-10 (no personal jurisdiction where no directed advertising to Florida); *see also Performance Indus.*, 2019 U.S. Dist. LEXIS 476, at *12 n.5 (finding long-arm statute not satisfied where, although defendant maintained and operated a website that permitted purchase and delivery of goods by Florida consumers, there was no evidence of any significant sales in Florida); *Takata Airbag Prod. Liab. Litig.*, 396 F. Supp. 3d at 1141 (no personal jurisdiction where plaintiffs failed to allege defendants directed advertising and marketing of allegedly defective vehicles to Florida); *Goforit Entm't LLC, v. Digimedia.com L.P.*, 513 F. Supp. 2d 1325, 1330 (M.D. Fla. 2007) ("that Defendants' websites are equally accessible everywhere does not establish targeting of Florida").

At bottom, it cannot fairly be said, under any standard, that Orbis has the requisite "continuous and systematic" contacts with Florida that would "render [it] essentially at home" in Florida. *See Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780 (*quoting Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. at 919); *Ford Motor Co.*, 141 S. Ct. at 1024; *Daimler AG*, 571 U.S. at 137. There is, therefore, no basis for general jurisdiction over it. Accordingly, the Amended Complaint must be dismissed as against Orbis for lack of personal jurisdiction.

### B.     *No specific jurisdiction exists over Orbis.*

Nor has Plaintiff sufficiently alleged specific jurisdiction. Specific jurisdiction exists when the lawsuit arises out of the defendant's contacts with that forum. *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780; *see also Ford Motor Co.*, 141 S. Ct. at 1024 ("Specific jurisdiction is different: It covers defendants less intimately connected with a State, but only as to a narrower class of claims."). "In other words, there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is

therefore subject to the State's regulation.'" *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780 (*quoting Goodyear Dunlop Tires Operations, S. A.*, 564 U.S. at 919).

"The Eleventh Circuit has adopted a three-part test to decide whether the minimum contacts requirement for purposes of specific jurisdiction has been met" – (i) "First, the contacts must be related to the plaintiff's cause of action;" (ii) "Second, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum;" and (iii) "[T]hird, the defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there." *Foreign Imported Prods. & Publ'g, Inc. v. Grupo Indus. Hotelero, S.A.*, No. 07-22066-CIV, 2008 U.S. Dist. LEXIS 108705, at *21 (S.D. Fla. Oct. 24, 2008).

Here, Plaintiff alleges "Orbis Ltd.'s acts and omissions, as identified in this lawsuit, arise out of or relate to its conduct in and/or affecting, among other jurisdictions, Florida." (AC, ¶ 32). The crux of those contacts, as it pertains to Orbis, is Orbis' involvement in a purported conspiracy "to weave a false narrative" that Plaintiff "was colluding with a hostile foreign sovereignty." (*Id.*, ¶ 1). Plaintiff alleges Orbis' role in said alleged conspiracy was its creation of "a fraudulent and incriminating dossier," (*see id.*, ¶ 70), which "disseminate[d] patently false and injurious information" about Plaintiff and his campaign, (*see id.*, ¶ 9). Plaintiff ultimately alleges that another individual leaked copies of the dossier to the internet and other media outlets, (*id.*, ¶ 292), and that those internet and other media outlets published the material, (*id.*, ¶ 294).

As a threshold matter, Plaintiff's "generalized and conclusory allegations," which are unsupported by any actual evidence or facts, cannot allege personal jurisdiction based on Florida's long-arm statute, regardless of the theory asserted. *See, e.g.*, *RG Martin Invs., LLC v. Virtual Tech. Licensing, LLC*, No. 17-cv-80338-BLOOM/Valle, 2017 U.S. Dist. LEXIS 231300, at *9-10 (S.D.

Fla. July 7, 2017) (conclusory allegation that defendants conducted business in Florida not a basis for personal jurisdiction); *Castillo v. Allegro Resort Mktg.*, 603 F. App'x 913, 916 (11th Cir. 2015) (*per curiam*) (no personal jurisdiction where plaintiff alleged defendant had contacts with Florida 24/7 and 365 days a year, but "made no specific factual allegations of these contacts"); *Leon v. Cont'l AG*, 301 F. Supp. 3d 1203, 1216 (S.D. Fla. 2017) (no personal jurisdiction because general allegations that defendant "conduct[ed] substantial business in this District" unsupported by facts); *R & R Games, Inc. v. Fundex Games, Ltd.*, No. 8:12-cv-01957-JDW-TBM, 2013 U.S. Dist. LEXIS 97621, at *15 (M.D. Fla. July 12, 2013) ("A conclusory allegation cannot serve as the basis for personal jurisdiction.").

Nor are Plaintiff's conclusory allegations that Orbis was part of a purported conspiracy sufficient. *See Snow*, 450 F.3d at 1318 (finding "conclusory allegations" that defendant "conspired" with parties that "committed tortious acts in Florida" "insufficient to establish a prima facie case of personal jurisdiction"); *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1217-18 (11th Cir. 1999) (per curiam) (finding a plaintiff's vague allegations of a conspiracy insufficient to establish personal jurisdiction); *Takata Airbag Prod. Liab. Litig.*, 396 F. Supp. 3d at 1142 ("Relying on *Snow*, courts in the Eleventh Circuit have repeatedly declined to exercise specific jurisdiction over a nonresident defendant on the basis of generalized and conclusory allegations."); *RoFx.net*, 2022 U.S. Dist. LEXIS 94981, *3 ("Conclusory allegations concerning the existence of a conspiracy are 'insufficient to establish a prima facie case of personal jurisdiction.'"); *see also Walden v. Fiore*, 571 U.S. 277, 291 (2014) ("[I]t is the *defendant*, not the plaintiff or third parties, who must create contacts with the forum State." (emphasis added)).

Even beyond these glaring deficiencies, the Amended Complaint fails to allege any specific facts which would bring Orbis within Florida's long-arm statute. Indeed, Plaintiff has not—and

cannot—allege any act on the part of Orbis whereby it purposefully availed itself of the privilege of conducting activities within Florida. Plaintiff fails to allege any facts which would suggest—and in fact his pleadings demonstrate otherwise—that any aspect of the dossier was created, formed, drafted, discussed, or otherwise prepared in Florida. And, critically, Plaintiff alleges that Orbis had no involvement whatsoever in the alleged dissemination of the dossier at all. Rather, Plaintiff alleges that other individuals leaked the information and third-party media outlets published the information. (AC, ¶¶ 292, 294).

Moreover, while the dossier may have been accessible to the general public in Florida once publicized, the Amended Complaint makes clear that it was passively accessible to anyone—whether in Florida, Canada, Europe or otherwise—with Internet access who was interested in viewing its contents. Florida law is clear that passive website information "that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction." *Foreign Imported Prods. & Publ'g, Inc.*, 2008 U.S. Dist. LEXIS 108705, at *21 ("[T]he exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site." (*quoting Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997))); *see also Goforit Entm't LLC*, 513 F. Supp. 2d at 1330 ("[F]act that Defendants' websites are equally accessible everywhere does not establish targeting of Florida."); *Miller v. Berman*, 289 F. Supp. 2d 1327 (M. D. Fla. 2003) (holding that website that posted information and allowed users to email company representatives is passive and does not confer general jurisdiction on defendant); *Westwind Limousine, Inc. v. Shorter*, 932 So. 2d 571, 571 (Fla. 5th DCA 2006 (holding that website that merely provided company background was passive)). There is simply no basis for the exercise of

12

jurisdiction over Orbis under Florida's long-arm statute.

C.     *Federal due process considerations require dismissal.*

Because Plaintiff fails to plead personal jurisdiction under Florida's long-arm statute, *a fortiori* he fails to satisfy the more stringent requirements of the Due Process Clause. *Auf v. Howard Univ. et al.*, No. 19-cv-22065, 2020 U.S. Dist. LEXIS 53226, at *28 (S.D. Fla. Mar. 25, 2020) ("[T]he Due Process Clause imposes a more restrictive requirement than does Florida's Long-Arm Statute."). Plaintiff has thus failed to meet his *prima facie* burden of pleading personal jurisdiction over Orbis. Therefore, the Amended Complaint must be dismissed as to Orbis. *See, e.g.*, *Carmouche v. Carnival Corp.*, 36 F. Supp. 3d 1335, 1338 (S.D. Fla. 2014) (the burden does not "shift[] to the defendant to challenge plaintiff's allegations by affidavits or other pleadings" unless "the plaintiff pleads sufficient material facts to form a basis for in personam jurisdiction"), *aff'd*, 789 F.3d 1201 (11th Cir. 2015); *Takata Airbag Prod. Liab. Litig.*, 396 F. Supp. 3d at 1156 (granting dismissal based on a finding "that Plaintiffs' allegations fail to establish a *prima facie* case of specific jurisdiction" despite "none of the parties submitt[ing] affidavits . . . in opposition to[] the exercise of personal jurisdiction").

II.     **The Amended Complaint Should Be Dismissed As Against Orbis For Insufficient Process and Service of Process.**

As a foreign corporation defendant based out of England, Orbis was required to be served under the Convention. Plaintiff has not only failed to properly serve Orbis under the Convention, but has also failed to seek assistance from the Court in connection with same, despite having ample time and resources to do so. Accordingly, the Amended Complaint should be dismissed as against Orbis for insufficient process and service of process.

A.     *Plaintiff must show that service was properly effected against Orbis under the Convention.*

The permissible methods of service vary depending on the identity and location of the

defendant. *See* Fed. R. Civ. P. 4. As an England-based entity, Orbis must be served pursuant to Federal Rule of Civil Procedure 4(h). Fed. R. Civ. P. 4(h) (service on foreign corporations). Rule 4(h), by reference to Rule 4(f), requires that service upon a foreign entity shall be effected "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1); *see also McGregor v. In Tune Music Group*, No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190586, *6 (S.D. Fla. Feb. 10, 2016). "The primary means of service under the Hague Convention is through a receiving country's 'central authority,' which receives requests for service, arranges for service, and returns proofs of service." *Flexsteel Pipeline Techs., Inc. v. Bin Chen & Changchun Gaoxiang Special Pipe Co.*, No. 5:16cv239-MCR/GRJ, 2018 U.S. Dist. LEXIS 245865, * (N.D. Fla. Feb. 27, 2018); *see also McGregor* 2016 U.S. Dist. LEXIS 190586 at *6. Where service is to be made in a country that is a signatory to the Convention, compliance with the requirements of the Convention are mandatory. *Glen v. Club Mediterranee, S.A.*, 359 F. Supp. 2d 1352, 1356 (S.D. Fla. 2005); *see also Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699, 108 S. Ct. 2104 (1988); *Turi v. Stacey*, No: 5:13-cv-248-Oc-22PRL, 2014 U.S. Dist. LEXIS 202401, at *2 (M.D. Fla. 2014).

England is part of the United Kingdom, which is a signatory to the Convention. *See Turi*, 2014 U.S. Dist. LEXIS 202401, at *2 ("The United Kingdom is a signatory to the Hague Convention."). Orbis is based in England, with all of its offices, operations, officers, and employees located in England. Consequently, to demonstrate Orbis was properly served, Plaintiff must show that the service he effected complies with the Convention, and thus with Rule 4(f)(1).

**B.** **_Orbis should be dismissed from this action, with prejudice, due to insufficient process and service of process._**

Here, there is no evidence that Plaintiff has complied with any method of service authorized

by the Convention with respect to Orbis. The documents that were dropped at Orbis' accounting office on July 19, 2022 consisted only of a two-page, undated document titled "SUMMARY OF THE DOCUMENT TO BE SERVED" that lists the "requesting authority" as "Crowe Foreign Services" of Portland, Oregon, along with a copy of the summons to Orbis filed with this Court and the originally filed Complaint. *See* **Exhibit B** (the purported "service documents"). There is no evidence that Plaintiff provided this documentation to England's central authority designated for service, no certificate of service establishing that service was effected in England, no date or time stamp on the documentation indicating when it was served, and certainly no signature of a representative of Orbis or person authorized to receive or accept service on behalf of Orbis. Moreover, despite having filed affidavits of service of process on numerous other defendants in this action, Plaintiff has not filed such an affidavit or other proof of service with respect to Orbis. *See* Fed. R. Civ. Pro. 4(l)(1) ("Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."). Orbis has not waived service in this case. *McGregor*, 2016 U.S. Dist. LEXIS 190586 at *6 ("[S]ince service was never waived, Plaintiff is not exempt from his duty to establish proof of service to this Court.").

None of this exists—and none of the above has occurred—because, simply put, Orbis has not been properly served. Accordingly, Plaintiff's claims, as against Orbis, require dismissal.

**C.**     ***Any further service attempts as to Orbis should be rejected.***

Plaintiff should also not be afforded additional time to properly serve Orbis. There is no meaningful explanation for Plaintiff's failure to make a reasonable, good faith effort to effect proper service upon Orbis since commencing this lawsuit on March 24, 2022. Indeed, Plaintiff has been represented at all times by counsel who, as described above, has filed proofs of service

concerning various other parties to this lawsuit. *McGregor*, 2016 U.S. Dist. LEXIS 190586 at *9 (considering the plaintiff's *pro se* status when determining whether plaintiff deserves an extension of the service period). Plaintiff has made no such effort with respect to Orbis.

Moreover, Plaintiff has neither questioned Orbis' silence in this action nor sought the intervention or assistance of the Court with respect to same, notwithstanding having informed the Court that it needed more time for trial based, in part, on service not being perfected on defendants in the United Kingdom. [*See* DE 233]. Plaintiff has been content to proceed for more than four months without Orbis' participation and has paid no attention to its absence. Plaintiff's ignorance of, or indifference to, its burdens cannot be excused or condoned by permitting him additional time to attempt proper serve upon Orbis, particularly where his own delay, and confusing and improper attempt at "service"—to the extent it can even be referred to as such—has already caused Orbis prejudice insofar as it received significantly less notice and time to prepare the instant response to the Amended Complaint than other parties. The Court should, therefore, dismiss the claims in this action as against Orbis, with prejudice. *Steinberg v. Barclay's Nominees (Braches), Ltd.,* No: 04-60897-CIV-MARRA/JOHNSON, 2008 U.S. Dist. LEXIS 123948, at *19-20 (S.D. Fla. Sept. 30, 20) (recognizing that it is purely within the Court's discretion to extend, or not extend, the time for service of process).

### III.    The Amended Complaint Is Procedurally And Substantively Deficient As Against Orbis.

The foregoing arguments for dismissal concerning insufficient process and service of process, and lack of personal jurisdiction, are unique to Orbis and fully dispose of all of Plaintiff's claims against Orbis. However, even if Plaintiff could establish proper service and personal jurisdiction, which he cannot, Plaintiff's lawsuit should be dismissed in its entirety for six additional reasons jointly applicable to the other Defendants in this lawsuit. These six grounds are

set forth in detail in the Joint Motion to Dismiss and Incorporated Memorandum of Law, [*see* DE 226], and the Joint Reply in Support of the Motion to Dismiss, [*see* DE 250], filed by the Defendants in this action on July 14, 2022 and August 11, 2022, respectively. Rather than repeat those arguments in similar detail here, Orbis expressly joins in and adopts each of those grounds for dismissal as if fully set forth herein, and summarizes them as follows:

*First*, this case should be dismissed because Plaintiff's claims are time-barred. *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845-46 (11th Cir. 2004) ("[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate ... if it is apparent from the face of the complaint that the claim is time-barred.") The statute of limitations for civil conspiracy to commit RICO violations (Count II) is four years, and begins running when the injury was or should have been discovered. *See Lehman v. Lucom,* 727 F.3d 1326, 1330 (11th Cir. 2013); *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.,* 483 U.S. 143 (1987). The statute of limitations for conspiracy to commit injurious falsehood (Count IV) is also four years from the date of injury. *Davis v. Monahan,* 832 So. 2d 708, 709 (Fla. 2002); *Wilder v. JP. Morgan Chase Bank, N.A.,* No. 18-cv-20820, 2018 U.S. Dist. LEXIS 186778, at *7 (S.D. Fla. Oct. 30, 2018); *see also* Fla. Stat.§ 95.1l(p). Plaintiff's own statements and allegations make clear he was aware of not only his alleged injury, but also the purported conspiracy and the Defendants' alleged role in it no later than October 29, 2017. Plaintiff's claims are therefore untimely.

*Second*, Plaintiff's conclusory allegations of conspiracy "unsupported by actual allegations of fact" do not plausibly alleged a RICO conspiracy. *Super Vision Int'l v. Mega Int'l Com. Bank,* 534 F. Supp. 2d 1326, 1343 (S.D. Fla. 2008); *see also Micro v. Shabanets,* No. 15-cv-80999, 2015 WL 11438937, at *8 (S.D. Fla. Dec. 4, 2015) (Middlebrooks, J.) (holding that conspiracy claim should be dismissed where "the underlying claims are not supported by factual allegations to state

17

a RICO violation"). Critically, Plaintiff has also not alleged a predicate act of racketeering or any injury from such an act, which is fatal to Plaintiff's RICO conspiracy claim. *Beck v. Prupis,* 529 U.S. 494, 495- 96 (2000).

*Third*, Plaintiff's claim against Orbis for conspiracy to commit injurious falsehood fails because the underlying tort claim asserted—at Count III for injurious falsehood—fails and because the conspiracy is inadequately pleaded.

*Fourth*, Plaintiff's claim against Orbis on a respondeat superior theory should be dismissed because "[it] is not an independent cause of action." *Colite Int'l Inc. v. Robert L. Lipton, Inc.,* No. 05-cv-60046, 2006 WL 8431505, at* 12 (S.D. Fla. Jan. 20, 2006); *see also Barabe v. Apax Partners Eur. Managers, Ltd.,* 359 F. App'x 82, 84 (11th Cir. 2009) *(per curiam)* (holding that plaintiff's agency claim was not an "independent cause[] of action"). Because the underlying substantive claims against Orbis each fail on the merits, Plaintiff cannot maintain standalone claims for respondeat superior or vicarious liability. *See, e.g., Wilder,* 2018 U.S. Dist. LEXIS 186778, at *14.

*Fifth*, Plaintiff's factual allegations as to Orbis are insufficient. The allegations regarding Orbis are conclusory and vague, which are the type of pleadings properly rejected by this Court under *Twombly* and *Iqbal. Twombly,* 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

*Sixth*, the Amended Complaint is an improper "shotgun pleading" that warrants dismissal with prejudice. *Barmapov v. Amuial,* 986 F .3d 1321,1325-26 (11th Cir. 2021). Plaintiff has already had an opportunity to correct this deficiency and failed to do so. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) ("[W]hat matters is function, not form: the key is whether the plaintiff had fair notice of the defects and a meaningful chance to fix them. If that chance is afforded and the plaintiff fails to remedy the defects, the district court does not abuse its

discretion in dismissing the case with prejudice on shotgun pleading grounds."). Therefore, any further amendment to the Amended Complaint would be futile. *See Corsello v. Lincare, Inc.,* 428 F.3d 1008, 1014 (11th Cir. 2005).

## CONCLUSION

For each of the foregoing independent reasons—lack of personal jurisdiction, insufficient process and service of process, and for failure to state a claim upon which relief can be granted— the Amended Complaint should be dismissed, in its entirety and with prejudice, as to Defendant Orbis Business Intelligence Ltd.

## REQUEST FOR HEARING

Pursuant to Local Rule 7.1(b), Orbis respectfully requests a hearing on its motion to dismiss because a hearing would benefit the parties and this Court in light of the length of the Amended Complaint, the bases for seeking dismissal, and the number of claims and defendants. Orbis estimates that a hearing on issues relating to it would last one hour.

Dated: August 18, 2022                     Respectfully submitted,

                                           */s/ Enjoliqué Aytch Lett*
                                           ENJOLIQUÉ AYTCH LETT, Esq.
                                           Florida Bar No. 0104881
                                           Email: lette@gtlaw.com
                                           AKIESHA GILCRIST SAINVIL, Esq.
                                           Florida Bar No. 1003260
                                           Email: sainvila@gtlaw.com
                                           **GREENBERG TRAURIG, P.A.**
                                           333 S.E. 2nd Avenue, Suite 4400
                                           Miami, Florida 33131
                                           Telephone: (305) 579-0500
                                           Facsimile: (305) 579-0717

                                           *Counsel for Defendant*
                                           *Orbis Business Intelligence Ltd.*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on August 18, 2022, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send a Notice of Electronic Filing to counsel of record or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<div style="margin-left:40%">

*/s/ Enjoliqué Aytch Lett*
ENJOLIQUÉ AYTCH LETT, ESQ.
Florida Bar No. 0104881
Email: lette@gtlaw.com

</div>

<div style="text-align:center">20</div>