UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:22-CV-14102-DMM

DONALD J. TRUMP,

    Plaintiff,

v.

HILLARY R. CLINTON, et al.,

    Defendants.

_____/

**DEFENDANT ORBIS BUSINESS INTELLIGENCE LTD.'S REPLY
IN SUPPORT OF THE MOTION TO DISMISS THE AMENDED COMPLAINT**

ENJOLIQUÉ AYTCH LETT, ESQ.
Florida Bar No. 0104881
Email: lette@gtlaw.com
AKIESHA GILCRIST SAINVIL, ESQ.
Florida Bar No. 1003260
Email: sainvila@gtlaw.com
**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

*Attorneys for Defendant
Orbis Business Intelligence Ltd.*

## **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................1

ARGUMENT ...........................................................................................................................1

    I.       The Amended Complaint Should Be Dismissed As To Orbis For Lack of Personal Jurisdiction. ..............................................................................................1

            A.      No personal jurisdiction exists over Orbis under the federal RICO statute. ......................................................................................................2

            B.      No jurisdiction exists over Orbis under Florida's long-arm statute.............3

    II.      The Amended Complaint Should Be Dismissed As Against Orbis For Insufficient Process and Service of Process...............................................................7

            A.      Plaintiff has not carried his initial burden of proving valid service of process because the return of service is defective on its face...................7

            B.      Plaintiff's request for alternative service should be rejected. .....................9

    III.     The Amended Complaint Is Procedurally And Substantively Deficient As Against Orbis. ...........................................................................................................10

CONCLUSION.....................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Ahern v. Pac. Gulf Marine, Inc.*,
   No. 8:06-CV-2068-T-27MSS, 2008 U.S. Dist. LEXIS 20078 (M.D. Fla. Mar. 13, 2008) ...........................................................................................................................3

*Birmingham v. RoFx.net*,
   No. 21-23472-Civ, 2022 U.S. Dist. LEXIS 94981 (S.D. Fla. May 26, 2022) ................5, 6, 7

*Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*,
   230 F.3d 934 (7th Cir. 2000) .....................................................................................................2

*Courboin v. Scott*,
   596 F. App'x 729 (11th Cir. 2014) ............................................................................................3

*De Gazelle Grp., Inc. v. Tamaz Trading Establishment*,
   817 F.3d 747 (11th Cir. 2016) .................................................................................................10

*Don't Look Media Ltd. Liab. Co. v. Fly Victor Ltd.*,
   999 F.3d 1284 (11th Cir. 2021) .............................................................................................2, 3

*Foreign Imported Prods. & Publ'g, Inc. v. Grupo Indus. Hotelero, S.A.*,
   No. 07-22066-CIV, 2008 U.S. Dist. LEXIS 108705 (S.D. Fla. Oct. 24, 2008) ........................5

*International Designs Corp., LLC v. Qingdao SeaForest Hair Prod. Co.*,
   No. 17-60431-CIV-MORENO, 2018 U.S. Dist. LEXIS 3038 (S.D. Fla. Jan. 4, 2018) ......................................................................................................................................9, 10

*Iraheta v. Linebarger, Goggan, Blair & Sampson, LLP*,
   No. 5:14-cv-413 (CAR), 2015 U.S. Dist. LEXIS 102246 (M.D. Ga. Aug. 5, 2015) ........................................................................................................................................3

*Posner v. Essex Ins. Co.*,
   178 F.3d 1209 (11th Cir. 1999) (per curiam) ............................................................................5

*Republic of Pan. v. BCCI Holdings (Luxembourg) S.A.*,
   119 F.3d 935 (11th Cir. 1997) ...................................................................................................3

*Sale v. Jumbleberry Enters. United States*,
   No. 20-20716-Civ-WILLIAMS/TORRES, 2021 U.S. Dist. LEXIS 32491 (S.D. Fla. Feb. 19, 2021) ..........................................................................................................9

*Snow v. DirecTV, Inc.*,
   450 F.3d 1314 (11th Cir. 2006) .................................................................................................4

*Tavakoli v. Doronin*,
   No. 18-CV-21592-CIV-ALTONAGA/Goodman, 2019 U.S. Dist. LEXIS 43188 (S.D. Fla. Mar. 18, 2019) .............................................................................................5, 6

*Verdejo v. HP Inc.*,
   No. 21-20431-Civ, 2021 U.S. Dist. LEXIS 215726 (S.D. Fla. Nov. 7, 2021) .......................2, 4

*Walden v. Fiore*,
 571 U.S. 277 (2014) ............................................................................................................. 5

*Winston v. Walsh*,
 No. 5:19-cv-00070-TES, 2020 U.S. Dist. LEXIS 54377 (M.D. Ga. Mar. 27,
 2020) .................................................................................................................................... 8

**State Cases**

*Re-Employment Servs. v. Nat'l Loan Acquisitions Co.*,
 969 So. 2d 467 (Fla. Dist. Ct. App. 2007) .......................................................................... 8

**Federal Statutes**

18 U.S.C. § 1965 ........................................................................................................................ 1, 3

**State Statutes**

Fla. Stat. § 48.193 ............................................................................................................................ 1

Defendant Orbis Business Intelligence Ltd. ("Orbis"), by and through its undersigned counsel, respectfully submits this Reply in Support of its Motion to Dismiss the Amended Complaint for Damages filed by Plaintiff Donald J. Trump, as against Orbis. In support thereof, Orbis states as follows:

## INTRODUCTION

In its Motion to Dismiss the Amended Complaint (the "Motion") [DE No. 260], Orbis demonstrates that Plaintiff's Amended Complaint for Damages [DE No. 177] (the "Amended Complaint" or "AC") warrants dismissal as against it because (1) Plaintiff failed to carry his burden of pleading sufficient material facts to establish a *prima facie* case of personal jurisdiction under Florida's long-arm statute and the Due Process clause, which is the only manner by which personal jurisdiction may be gained over Orbis on these facts; (2) Plaintiff failed to perfect service of correct process as to Orbis; and (3) the Amended Complaint is otherwise procedurally and substantively deficient. Plaintiff's Memorandum of Law in Opposition (the "Opposition") [DE No. 262] does not overcome these deficiencies as the arguments it proffers are legally unsound when tested against the facts as pled and the evidence offered in this case, and the Opposition suffers from the same fatal flaw as the Amended Complaint – it is riddled with conclusory and unsubstantiated statements. For the reasons previously briefed and as further explained herein, Plaintiff's Amended Complaint should be dismissed.

## ARGUMENT

**I.     The Amended Complaint Should Be Dismissed As To Orbis For Lack of Personal Jurisdiction.**

Plaintiff argues that his burden to demonstrate this Court's personal jurisdiction over Orbis is satisfied via the federal RICO statute, 18 U.S.C. § 1965, and in the alternative, jurisdiction is nevertheless conferred under Florida's long-arm statute, Fla. Stat. § 48.193. However, neither can

serve as a basis for the exercise of jurisdiction over Orbis and, therefore, the Amended Complaint must be dismissed due to lack of personal jurisdiction.

  **A.**   <u>*No personal jurisdiction exists over Orbis under the federal RICO statute.*</u>

  Plaintiff's argument for personal jurisdiction under the federal RICO statute is incorrect and any reliance Plaintiff places in the federal RICO statute is mistaken. Indeed, Plaintiff's entire argument suffers a fatal flaw—***Plaintiff never served Orbis according to RICO's nationwide service of process provision***. *See Don't Look Media Ltd. Liab. Co. v. Fly Victor Ltd.*, 999 F.3d 1284, 1292 (11th Cir. 2021) ("The problem in this case is that RICO does not provide for personal jurisdiction because [the plaintiff] did not serve any party 'according to' RICO's nationwide service of process provision."). The federal RICO statute only authorizes **nationwide** service of process. *Id.* at 1293 (quoting *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 941 (7th Cir. 2000)) ("The RICO service of process provision states that service may be made in any judicial district, which indicates that Congress authorized service only in the judicial districts of the United States and not worldwide."). It "does not authorize international service of process and, as such, cannot be the basis for the assertion of personal jurisdiction over a corporation or individual served abroad." *Verdejo v. HP Inc.*, No. 21-20431-Civ, 2021 U.S. Dist. LEXIS 215726, at *11 (S.D. Fla. Nov. 7, 2021); *see also Don't Look Media Ltd. Liab. Co.*, 999 F.3d at 1293 ("Section 1965(d)'s authorization of service in any judicial district plainly does not authorize service outside the United States.").

  Here, Plaintiff does not dispute that Orbis is an England-based entity. Nor does he dispute any of the facts set forth in Orbis' Motion concerning Orbis' place and nature of its business, (*see* Motion at 2-3), or allege that he has found and/or served Orbis, or any registered agent of Orbis, within a judicial district of the United States. (*See generally* Pl.'s Opp'n). In fact, in the Opposition,

2

Plaintiff explicitly states that service was attempted via The Hague in London, England, not in the United States. (*See* Pl.'s Opp'n at 7-9). Accordingly, "the nationwide service of process provision in RICO cannot provide for personal jurisdiction in this case." *Don't Look Media Ltd. Liab. Co.*, 999 F.3d at 1293.[1]

Moreover, "[d]espite the fact that RICO contains a nationwide service-of-process provision, [a plaintiff] is entitled to take advantage of it only if his 'asserted federal claim is not wholly immaterial or insubstantial.'" *Courboin v. Scott*, 596 F. App'x 729, 730 (11th Cir. 2014) (*quoting Republic of Pan. v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997)). "In other words, whether a basis exists for exercising personal jurisdiction under RICO depends on whether [a plaintiff] has stated a 'colorable' RICO claim." *Id.* As previously set forth in detail in Orbis' Motion, Plaintiff ***does not*** have a colorable RICO claim against Orbis, (*see* DE 260 at 16-19), providing yet another basis for rejecting Plaintiff's attempts to confer jurisdiction over Orbis utilizing the federal RICO statute.

### B.    *No jurisdiction exists over Orbis under Florida's long-arm statute.*

Where, as here, Plaintiff cannot attain personal jurisdiction over a defendant utilizing a federal statute, it must rely on the forum state's long-arm statute. *See Iraheta v. Linebarger, Goggan, Blair & Sampson, LLP*, No. 5:14-cv-413 (CAR), 2015 U.S. Dist. LEXIS 102246, at *10 (M.D. Ga. Aug. 5, 2015) ("Jurisdiction over a non-resident defendant may be based upon a federal statute or a state long-arm statute.") (citing *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997)); *Ahern v. Pac. Gulf Marine, Inc.*, No. 8:06-CV-2068-T-

---

[1] As noted by the *Don't Look Media Ltd. Liab. Co.* Court, Plaintiff's assertion of personal jurisdiction over Orbis based on 18 U.S.C. § 1965 additionally fails because Orbis is neither at home, nor has an agent, in any United States judicial district. Further it does not transact its affairs in any United States judicial district. *See Don't Look Media Ltd. Liab. Co.*, 999 F.3d at 1294 ("Even setting aside that no defendant was served in the United States, § 1965(d)'s remaining terms do not apply. None of the Individual Defendants resides or has an agent in any United States judicial district. Nor do they "transact [their] affairs" in any such district.").

3

27MSS, 2008 U.S. Dist. LEXIS 20078, at *4-5 (M.D. Fla. Mar. 13, 2008) ("A federal district court employs a two-part analysis to determine whether it has personal jurisdiction over a nonresident defendant. First, the Court determines whether the exercise of jurisdiction … is appropriate under a federal statute or Florida's long-arm statute.") (citations omitted); *Verdejo*, 2021 U.S. Dist. LEXIS 215726, at *11-12 ("The individual Defendants, including Campos and Blanco, are residents of Argentina, and it is not apparent that they were served in *any* district within the United States. Thus, the Plaintiffs must rely on Florida's long-arm statute to establish personal jurisdiction over Campos and Blanco."). In the Motion, Orbis establishes why there is no personal jurisdiction over it via Florida's long-arm statute, and in doing so identifies numerous glaring deficiencies in the Amended Complaint concerning Orbis's lack of contacts with the state of Florida. (*See* Motion at 9-12). Plaintiff wholly ignores and fails to counter these arguments and has thus tacitly conceded this point. (*See* Pl.'s Opp'n at 4-7). Instead, Plaintiff chooses to construct an argument that personal jurisdiction can somehow be conferred over Orbis through his insufficiently pleaded RICO and conspiracy claims, and third parties. (*Id.* at 4-5). Plaintiff's attempt at doing so serves only to highlight the flaws in his argument.

Plaintiff asserts that he has sufficiently pleaded Orbis' participation in a RICO conspiracy with other co-conspirators that caused harm in the state of Florida. (*Id.* at 10). However, like the Amended Complaint, he makes no effort at all to substantiate this statement for purposes of Florida's long-arm statute, whether for purposes of demonstrating the sufficiency of his pleadings or to demonstrate that Orbis purposefully availed itself of the privilege of conducting activities within Florida. *See Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006) (finding "conclusory allegations" that defendant "conspired" with parties that "committed tortious acts in

4

Florida" "insufficient to establish a prima facie case of personal jurisdiction"); *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1217-18 (11th Cir. 1999) (per curiam) (finding a plaintiff's vague allegations of a conspiracy insufficient to establish personal jurisdiction); *Birmingham v. RoFx.net*, No. 21-23472-Civ, 2022 U.S. Dist. LEXIS 94981, at *3 (S.D. Fla. May 26, 2022) ("Conclusory allegations concerning the existence of a conspiracy are 'insufficient to establish a prima facie case of personal jurisdiction.'"); *see also Walden v. Fiore*, 571 U.S. 277, 291 (2014) ("[I]t is the *defendant*, not the plaintiff or third parties, who must create contacts with the forum State." (emphasis added)). He does not do so because he cannot. The Amended Complaint speaks for itself—Plaintiff has baselessly accused Orbis of participating in some purported conspiracy, from England, with no alleged conduct or other activity on the part of Orbis **actually occurring** in Florida. (AC, ¶¶ 1, 9, 32, 70, 292, 294). Plaintiff also affirmatively alleges Orbis played no role in the alleged dissemination of the Dossier. (*Id.*, ¶¶ 292, 294); *see also Foreign Imported Prods. & Publ'g, Inc. v. Grupo Indus. Hotelero, S.A.*, No. 07-22066-CIV, 2008 U.S. Dist. LEXIS 108705, at *21 (S.D. Fla. Oct. 24, 2008) (passive information "that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction"). These allegations are insufficient to confer jurisdiction under any standard and cannot serve as the basis for jurisdiction over Orbis.

Plaintiff goes on to argue that, in addition to his nationwide conspiracy argument, he has also "alleged that certain [of Orbis' alleged] co-conspirators produced an injury within [*sic*] State of Florida," which is sufficient to confer jurisdiction over Orbis. (Pl.'s Opp'n at 5-6). To this end, Plaintiff asserts that because the DNC and Perkins Coie "maintain a continuous presence in the state of Florida, and these two entities commissioned the creation of the Dossier," Orbis "must be subject to personal jurisdiction in the state of Florida." (*Id.*) Plaintiff relies heavily on *Tavakoli v.*

5

*Doronin*, No. 18-CV-21592-CIV-ALTONAGA/Goodman, 2019 U.S. Dist. LEXIS 43188 (S.D. Fla. Mar. 18, 2019) in support of this argument. However, *Tavakoli* undermines Plaintiff's argument, and instead underscores the allegations necessary to adequately allege a conspiracy that are entirely lacking here.

In *Tavakoli*, the plaintiff specifically "describe[d] the existence of an agreement" between a nonresident defendant and a Florida resident with a specific purpose of which the nonresident defendant was aware: "to remove Plaintiff from [a joint venture entity] and tortiously interfere with Plaintiff's contracts." 2019 U.S. Dist. LEXIS 43188, at *22. Here, by contrast, Plaintiff fails to even allege, much less "describe" any agreement between Orbis and any other Defendant sufficient to adequately allege a conspiracy. Moreover, the defendants' conduct in *Tavakoli* at a significant board meeting ***in Florida*** constituted a tortious act in and of itself. 2019 U.S. Dist. LEXIS 43188, 2019 WL 1242669 at *28-29 ("Eliasch traveled to Miami for the April 22, 2014 Board meeting, stayed with Doronin at his Miami residence for three to four days around the date of the meeting, had dinner with Doronin in Miami to discuss matters related to Aman Resorts prior to the meeting, and then participated in the PHRGL Board meeting in Miami."). Plaintiff does not (and cannot) allege any concrete events involving Orbis that took place in Florida in furtherance of any purported conspiracy. *RoFx.net*, 2022 U.S. Dist. LEXIS 94981, at *9 ("[In *Tavakoli*], unlike here, the plaintiffs pled the relevant defendant's participation in concrete events that took place in Florida to further a conspiracy."). Finally, while the *Tavakoli* court imputed a third-party defendant's Florida contacts onto a foreign co-defendant corporate entity with no Florida contacts of its own, "there was an immediate connection between the corporate entity and the defendant with the Florida contacts—he owned 100% of it." *Rofx.net*, 2022 U.S. Dist. LEXIS 94981, at *10. There are no allegations in Plaintiff's Amended Complaint that allege the existence of Florida

6

contacts undertaken by Orbis to allow for the sort of imputed contacts found in *Tavakoli*.

Because Plaintiff has failed to adequately allege that Orbis took part in any conspiracy, the alleged acts of other purported conspirators cannot be "imputed" to Orbis, as Plaintiff argues. (DE 262 at 5-6). More critically, there are simply no allegations connecting Orbis to Florida. Both Florida's long-arm statute and the Due Process Clause are thus unsatisfied as a matter of law. *RoFx.net*, 2022 U.S. Dist. LEXIS 94981, at *9.

## II. The Amended Complaint Should Be Dismissed As Against Orbis For Insufficient Process and Service of Process.

### A. *Plaintiff has not carried his initial burden of proving valid service of process because the return of service is defective on its face.*

Plaintiff does not respond in any manner whatsoever to Orbis's extensive argument that Plaintiff's service attempt on July 19, 2022 was defective. (Motion at 3-4, 19-21). Instead, Plaintiff argues that his late-filed (and curiously timed) "certification" of service, [*see* DE 261-1], is prima facie evidence of service by England's central authority and, therefore, he must have obtained proper service of process upon Orbis. (Pl.'s Opp'n at 13-14). Plaintiff even goes a step further to conclude that Orbis' "proofs" to the contrary actually demonstrate proper service. (Pl.'s Opp'n at 14). Unfortunately, Plaintiff's certificate highlights a glaring discrepancy in what is authorized under the Convention and what actually occurred.

The certificate states, in pertinent part, that service of process can be obtained "by delivery to the addressee, who accepted it voluntarily," and then indicates that "[t]he documents referred to in the request have been delivered to: Receptionist." (*See* Certificate at 1.) As set forth in Orbis' Motion, the process documents were not delivered to Orbis' registered agents, let alone voluntarily accepted by them, or accepted voluntarily by anyone at all. To the contrary, the receptionist in question informed the unidentified individual that she was not authorized to accept service of any documents and that the persons authorized to accept service were unavailable. (*See* DE 260-1 at ¶

7

4, *Declaration of Christopher Burrows in Support of Defendant Orbis' Motion to Dismiss* ("Burrows Decl.")). The unidentified individual then simply dropped the documents on the floor and exited the premises. (*Id.* at ¶ 5). The documents were not delivered "to" anyone, and the receptionist definitively stated she was not authorized to accept the documents, whether voluntarily or otherwise. This is not proper service, according to the very certificate filed by Plaintiff. Moreover, the certificate lists the "identity and description of [the] person" served as "Unknown," even further corroborating the events described in Orbis' Motion. (*Compare* DE 261-1 *with* Motion at 3-4, 19-21).

The certificate also appears to be missing any information regarding the date and time the process came into hand and the time it was executed, both of which are statutory requirements of a proper return of execution of process. (*See* DE 261-1); *see also Re-Employment Servs. v. Nat'l Loan Acquisitions Co.*, 969 So. 2d 467, 471 (Fla. Dist. Ct. App. 2007) ("The affidavit of service filed on October 1, 1987[,] failed to note the time when the process came into hand and the time it was executed. Both are statutory requirements of a proper return of execution of process. Failure to state the times invalidates the service."). This is hardly proper service and Plaintiff's purported "prima facie evidence" of such service must be rejected. *Winston v. Walsh*, No. 5:19-cv-00070-TES, 2020 U.S. Dist. LEXIS 54377, at *13-14 (M.D. Ga. Mar. 27, 2020) ("[G]iven the nature of Walsh's arguments—that Plaintiffs used the wrong address to serve him—the Court must 'look behind' the Article 6 Certificate."); *Re-Employment Servs.*, 969 So. 2d at 471 ("When there is an error or omission in the return of service, personal jurisdiction is suspended and it lies dormant until proper proof of valid service is submitted." (internal quotation marks omitted)). In the end, the fact remains that Orbis has not been properly served. This case must be dismissed as against Orbis.

      **B.**      *<u>Plaintiff's request for alternative service should be rejected.</u>*

Plaintiff has not properly served Orbis with the Complaint, as described above and despite his arguments to this contrary, and concedes that service of the Amended Complaint has also yet to be effectuated. (Pl.'s Opp'n at 15). Nevertheless, under the false premise that he has properly served the Complaint, which he has not, he argues that he should be able to circumvent the Hague Convention by serving the Amended Complaint utilizing an international courier "in light of the fact that [Orbis] has actual notice of the instant action, has already been joined as a party, and is well aware of the allegations contained in the Amended Complaint." (Pl.'s Opp'n at 17). He further argues that such alternative service is proper given the "extraordinary number of defendants in this action and the immense amount of discovery that will need to be completed in a limited amount of time." (*Id.*) Service through such means would be wholly improper given Plaintiff's dilatory attempt at service, (*see* Motion at 15-16), and these are not the considerations courts usually weigh when permitting alternative service on a foreign defendant outside of the Hague Convention. *See Sale v. Jumbleberry Enters. United States*, No. 20-20716-Civ-WILLIAMS/TORRES, 2021 U.S. Dist. LEXIS 32491, at *10 (S.D. Fla. Feb. 19, 2021). Plaintiff's request should be rejected.

"[C]ourts are reluctant to use their discretion to authorize alternate service when Hague Convention service is available" as courts believe "Plaintiffs should make an effort to effect Hague Convention service before seeking alternate service." *International Designs Corp., LLC v. Qingdao SeaForest Hair Prod. Co.*, No. 17-60431-CIV-MORENO, 2018 U.S. Dist. LEXIS 3038, at *6, 7 (S.D. Fla. Jan. 4, 2018). "Thus, before permitting alternate service, 'a district court, in exercising the discretionary power permitted by Rule 4(f)(3), may require the plaintiff to show that they have 'reasonably attempted to effectuate service on defendant and that the circumstances are such that the district court's intervention is necessary to obviate the need to undertake methods of service that are unduly burdensome or that are untried but likely futile.'" *Id.* at *8. Given this,

9

"courts permit such alternate service only where the defendant's foreign address is unknown; the defendant has successfully evaded service; failure to permit alternate service will result in unduly long delays in litigation; or where attempted Hague Convention service has failed." *Id.* Here, Plaintiff has made no showing that service under the Hague Convention is unduly burdensome or futile. Plaintiff has simply failed to comply with its directives. Accordingly, Plaintiff's request for alternative service should be denied.[2]

### III. The Amended Complaint Is Procedurally And Substantively Deficient As Against Orbis.

As set forth in the Motion, Orbis' arguments for dismissal concerning insufficient process and insufficient service of process, and lack of personal jurisdiction, are unique to Orbis and fully dispose of all of Plaintiff's claims against Orbis. Even still, Plaintiff's lawsuit should be dismissed, in its entirety, for the additional and independent reasons already set forth in detail in the Joint Defendants' Motion to Dismiss and Incorporated Memorandum of Law, [*see* DE 226], and the Joint Defendants' Reply in Support of the Motion to Dismiss, [*see* DE 250]. Orbis expressly joins in and adopts each of the grounds therein for dismissal as if fully set forth herein.

### CONCLUSION

For each of the foregoing independent reasons and those stated in Orbis' initial Motion—lack of personal jurisdiction, insufficient process and service of process, and for failure to state a claim upon which relief can be granted—the Amended Complaint should be dismissed, in its entirety and with prejudice, as to Defendant Orbis Business Intelligence Ltd.

---

[2] Moreover, it is of no consequence that Orbis has actual notice of the Amended Complaint as the Eleventh Circuit has stressed the need for formal service of process despite actual notice of an action by a defendant. *See De Gazelle Grp., Inc. v. Tamaz Trading Establishment*, 817 F.3d 747 (11th Cir. 2016).

10

| | |
|---|---|
| Dated: September 8, 2022 | Respectfully submitted,<br><br>*/s/ Enjoliqué Aytch Lett*<br>ENJOLIQUÉ AYTCH LETT, Esq.<br>Florida Bar No. 0104881<br>Email: lette@gtlaw.com<br>AKIESHA GILCRIST SAINVIL, Esq.<br>Florida Bar No. 1003260<br>Email: sainvila@gtlaw.com<br>**GREENBERG TRAURIG, P.A.**<br>333 S.E. 2nd Avenue, Suite 4400<br>Miami, Florida 33131<br>Telephone: (305) 579-0500<br>Facsimile: (305) 579-0717<br><br>*Counsel for Defendant*<br>*Orbis Business Intelligence Ltd.* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 8, 2022, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send a Notice of Electronic Filing to counsel of record or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Enjoliqué Aytch Lett*
ENJOLIQUÉ AYTCH LETT, ESQ.
Florida Bar No. 0104881
Email: lette@gtlaw.com
