**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| DONALD J. TRUMP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 2:22-cv-14102-DMM |
| ) | |
| HILLARY R. CLINTON, ET AL., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

**CHARLES DOLAN'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**

Defendant Charles Halliday Dolan, Jr hereby moves this Court, by and through counsel, for entry of an Order of sanctions against the Plaintiff, Donald Trump pursuant to Fed. R. Civ. P. 11(b), and in support thereof, states as follows:

**I.    INTRODUCTION**

Defendant Charles Halliday Dolan, Jr has been dragged into this lawsuit via speculation, rumor and innuendo. Large and small matters are falsely and cavalierly presented in Plaintiff's pleadings; any one of these false statements is grounds for sanction.

The original complaint falsely presented Mr. Dolan as a former Chairman of the DNC. Complaint, ¶96. Undersigned counsel sent a Rule 11 letter to Plaintiff's counsel noting, among other things, that statement was false. See Exhibit A. The Amended Complaint now describes Mr. Dolan as the former Chairman of a "national democratic political organization." Amended Complaint, ¶96. That does not fix the problem, as Mr. Dolan was never the Chairman of any such organization. Mr. Dolan's resume is available online and could have been easily checked.

1

The new, Amended Complaint further complicates its prior error by now identifying Mr. Dolan for the first time as a citizen and resident of New York, Amended Complaint, ¶20. This is a new allegation that is not true at all, and again could have been easily checked. Mr. Dolan lives and has lived for most of his adult life in Virginia. Mr. Dolan already submitted a declaration identifying himself as an Arlington, Virginia resident.

Mr. Dolan is alleged to be the ultimate source of a rumor that Mr. Trump engaged in salacious sexual activity at a Moscow hotel. This is also not true, and there is no basis for this rumor. It is true that Mr. Dolan stayed in a Moscow hotel, and relayed information based on public sources, including the publication Politico and Fox News, about Paul Manafort's resignation none of which were related to the Plaintiff and are considered accurate by most media reports, but that does not make him the source of any rumor as to the Plaintiff's sexual activities. Plaintiff depicts Mr. Dolan as intimately involved in the 2016 Clinton campaign. Actually, Mr. Dolan's involvement was limited to knocking on doors in New Hampshire as a volunteer. See Declaration at Exhibit B. There is no evidence or allegation that he talked to any other defendant, during this period except Mr. Danchenko. In fact, in the indictment of Mr. Danchenko, the Special Prosecutor specifically stated that "according to PR Executive-I, individuals affiliated with the Clinton Campaign did not direct, and were not aware of, the aforementioned meetings and activities with **DANCHENKO** and other Russian nationals."

Given this limited involvement, there is no basis to think that Mr. Dolan knew about any plot to bring false information to the FBI, even assuming that action might conceivably lead to a cognizable cause of action. Again, in the indictment of Mr. Danchenko, the Special Prosecutor stated that "According to PR Executive- I, he (PR Executive- I) was not aware at the time of the specifics of **DANCHENKO's** "project against Trump," or that **DANCHENKO's** reporting would

be provided to the FBI." If a plaintiff wants to file a large complaint dragging parties in from all over the world, Plaintiff needs to undertake at least minimal diligence to confirm its alternative facts.

Essentially, Plaintiff's lawsuit seeks to settle political scores via the judicial system. Plaintiff's 193-page Amended Complaint alleges a flurry of claims that rely on conjecture and speculation to concoct various causes of actions, which Plaintiff asserts injured his presidency. But Plaintiff admits that his injury was political, e.g. "[Plaintiff] seeks damages for the cost of dealing with legal issues and **political issues**…" Amended Complaint at ¶118 (Emphasis added). Dealing with political issues is part and parcel of running for President and being President in the United States. Plaintiff does not get to sue for the rigors of a job he campaigned for.

Plaintiff fails to allege a particular agreement between Mr. Dolan and any of the Defendants tortiously to injure him or his presidency. Rather, he relies on an indictment of Mr. Danchenko that relays certain conversations and then fills in the gaps with conjecture and speculation, despite objective investigations and publicity that disprove Plaintiff's claims.

## II.     LEGAL STANDARD

Rule 11 allows a court to impose sanctions on a party who has presented a pleading, motion, or other paper to the court with facts that lack evidentiary support or for "any improper purpose." *See* Fed. R. Civ. P. 11(b). Specifically, all factual contentions must have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. *Id*. "The purpose of Rule 11 is to deter frivolous and baseless filings in district court and thus streamline the administration and procedure of federal courts." *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010). "When an attorney files a pleading in federal court, the attorney signs the pleading to certify that, among other things, (1) the pleading is not being presented for an

improper purpose; (2) the legal contentions are warranted by existing law or a nonfrivolous argument to change existing law; and (3) the factual contentions have evidentiary support or will likely have evidentiary support after discovery." *Peer*, 606 F.3d at 1311 (citing Fed. R. Civ. P. 11(b)).

Initially, there is no way Plaintiff will ever show that Mr. Dolan is a New York resident or former chairman of a national political organization. Plaintiff apparently did not bother with an internet search or background check.

In assessing the propriety of Rule 11 sanctions for allegations lacking a factual basis, this Court asks whether the party's claims lacked a factual basis, and whether the lawyer should have been aware that the claims were frivolous. *Latele Prods. v. Tv Azteca*, No. 16-CV-25347-MORE, 2021 U.S. Dist. LEXIS 23431, at *32 (S.D. Fla. Feb. 5, 2021); *Latele Prods. v. Tv Azteca*, No. 16-CV-25347-MORE, 2021 U.S. Dist. LEXIS 23431, at *32 (S.D. Fla. Feb. 5, 2021). Under the test established by Eleventh Circuit law, the court must now consider whether, despite facts that lack a reasonable basis, Plaintiff's counsel conducted a reasonable inquiry to determine the propriety of the claim. *Jones v. Int'l Riding Helmets, Ltd.*, 145 F.R.D. 120, 124 (N.D. Ga. 1992), aff'd, 49 F.3d 692 (11th Cir. 1995). If Plaintiff's attorney failed to make a reasonable inquiry as to whether Plaintiff's claims were objectively frivolous, then the Court must impose sanctions despite the attorney's good faith belief that the claims were sound. *Worldwide Primates v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) at 1254.

### III.     ARGUMENT

#### A. Plaintiff and His Attorneys Should Be Sanctioned for the Obvious Factual Errors and Unfounded Accusations as to Mr. Dolan

There was no factual basis to allege that Mr. Dolan was ever Chairman of the DNC, or former Chairman of any national democratic political organization, and no basis to allege he has

4

ever been a resident of New York. There apparently was not a scintilla of due diligence on the part of the plaintiff's attorneys. These false statements alone merit sanction, especially since undersigned counsel warned Plaintiff's counsel of a potential Rule 11 motion via letter. These false facts are indicative of a lack of reasonable diligence generally.

### B. Plaintiff Does Not Allege an Agreement, and Therefore There is No Conspiracy

#### 1. Plaintiff Exaggerates Mr. Dolan's Credentials

Plaintiff's claims are utterly deficient because they do not allege an agreement concerning Mr. Dolan, and therefore are without merit, and this lawsuit is for the improper legal purpose of settling political scores. All of Mr. Trump's claims against Mr. Dolan are based on unfounded speculation and appear to be supported because they wrongly thought Mr. Dolan was a former Chairman of the DNC and was "intimately" involved with the Clinton campaign (which he was not), therefore, he must have spread a rumor knowing that this rumor would make its way into a report that was destined for the FBI. There is just no basis for that fallacious leap of logic.

#### 2. The Danchenko Indictment Does Not Allege That Dolan Was the Source of Any Salacious Sexual Activity Rumor

The other issue is that Mr. Dolan is identified as the source of an allegation regarding Mr. Trump engaging in salacious sexual activity in a Moscow hotel. The Complaint and Amended Complaint seem to rely on the Danchenko Indictment for that allegation, but nowhere does that document identify Mr. Dolan as the source of such allegation. Mr. Dolan is identified as the source of rumors about Mr. Manafort's resignation, but that political analysis, though recounted in the Amended Complaint, is not relevant to any defamation of the Plaintiff or conspiracy to have Plaintiff investigated.

### 3. There Is No Agreement Alleged to Concoct a Report to Take to the FBI

Plaintiff's allegations rely on extrapolation and unfounded speculation to concoct a cause of action against Mr. Dolan. Plaintiff fails to allege an agreement by Mr. Dolan with any other Defendant to fabricate information to induce the FBI to investigate. This is an issue as to lack of factual basis for a claim, but also the lack of legal basis. Throughout Plaintiff's 193-page Amended Complaint, Plaintiff does not allege any agreement with any Defendant, however all of his claims against Mr. Dolan are based on conspiracy theories: Count II (RICO Conspiracy); Count IV (Conspiracy to Commit Injurious Falsehood); Count IV (Conspiracy to commit Malicious Prosecution).

For a civil conspiracy to exist, there must be some specific, concrete allegation of an agreement between two or more parties to act unlawfully. *EMI Sun Village, Inc. v. Catledge*, 779 Fed. Appx. 627, 637 (11th Cir. 2019) ("A civil conspiracy requires: (1) an agreement between two or more parties; (2) to do an unlawful act or to do a lawful act by unlawful means; (3) the doing of some overt act in pursuance of the conspiracy; and (4) damage to plaintiff as a result of the acts done under the conspiracy.") Here, there are no allegations tying Mr. Dolan to any other Defendant besides Mr. Danchenko, and no allegation that Mr. Dolan and Mr. Danchenko entered into an agreement to do anything unlawful.

Plaintiff's counsel has verbally cited the Danchenko Indictment, referenced throughout the Amended Complaint, as a source of their allegations as to Mr. Dolan, but neither the Amended Complaint nor the Indictment allege that there was an agreement between Mr. Dolan and any Defendants to instigate criminal proceedings against Plaintiff. For example, the Amended Complaint states that Mr. Dolan sought to create a "dossier to smear Donald J. Trump" but that allegation relies and cites the Danchenko Indictment, which states that Mr. Dolan engaged Mr.

Danchenko "in discussions regarding potential business collaboration…on issues relating to Russia…" in addition to their generally trying to develop business together and staying at the same hotel in Moscow. There is no mention of a dossier, report, memorandum or any other document, nor any particular allegation, throughout the indictment nor the Amended Complaint, that Mr. Dolan participated in an agreement with other Defendants to smear Plaintiff and start criminal proceedings. Plaintiff makes no reference or allegation to any agreement between Mr. Dolan and Mr. Danchenko to implicate Plaintiff in criminal proceedings.

As noted previously, and in an effort to save judicial economy and unwarranted costs, counsel for Mr. Dolan advised Plaintiff's counsel of these deficiencies and put Plaintiff's counsel on notice that Plaintiff's frivolous conduct warrants rule 11 sanctions. *See* Exhibit A ("Rule 11 letter"). As part of that communication, Mr. Dolan also provided Plaintiff's counsel with an investigative media report noting that Mr. Dolan himself considered the allegations of the Steele Dossier "fake news." See news report attached to Exhibit A.

### C. **Plaintiff's Complaint's Sloppiness Confirms a Lack of Reasonable Diligence**

Plaintiff makes other allegations confirming that Plaintiff failed to make a reasonable inquiry as required by Fed. R. Civ. P. 11(b). For example, Plaintiff alleges that Mr. Dolan is a resident of New York. Amended Complaint at ¶20. However, a simple Google search would reveal that Mr. Dolan is based in Arlington, Virginia. Mr. Dolan's residency is further emphasized in this lawsuit, where Mr. Dolan readily declared that he is a resident of the Commonwealth of Virginia. *See* Exhibit 1 of Docket entry 163 at ¶1.

### IV.   CONCLUSION

As a preliminary matter, Plaintiff's Complaint against Mr. Dolan should be dismissed with prejudice. However, sanctions are also warranted, and the Court should grant this motion and

7

assess legal fees to be determined based on undersigned's time records against both Plaintiff and counsel.

Respectfully submitted,

/s/ George R. A. Doumar
George R.A. Doumar
*Admitted Pro Hac Vice*
Jonathan E. Levine, Esquire
Florida Bar No. 937711
Mahdavi Bacon Halfhill & Young, PLLC
11350 Random Hills Road, Suite 700
Fairfax, Virginia, 22030
Tel: (703) 352-1300
Fax: (703) 352-1301
Email: gdoumar@doumarmartin.com

Attorneys for Charles H. Dolan

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2022, I electronically served the foregoing on counsel of record for the Plaintiff.

Respectfully submitted,

/s/ George R. A. Doumar
George R.A. Doumar
*Admitted Pro Hac Vice*
Jonathan E. Levine, Esquire
Florida Bar No. 937711
Mahdavi Bacon Halfhill & Young, PLLC
11350 Random Hills Road, Suite 700
Fairfax, Virginia, 22030
Tel: (703) 352-1300
Fax: (703) 352-1301
Email: gdoumar@doumarmartin.com

Attorneys for Charles H. Dolan