IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Donald J. Trump,

        Plaintiff,

v.

Hillary R. Clinton *et al.*,

        Defendants.

Civil Action No. 2:22-14102-DMM

# REPLY IN SUPPORT OF CHARLES DOLAN'S MOTION FOR SANCTIONS

Defendant Charles Dolan, by and through counsel, files his reply in support of his motion for sanctions. Material factual allegations as to Mr. Dolan in Plaintiff's Complaint were and are unsupported, meriting sanctions. Legal theories proffered are objectively unreasonable, as this Court's opinion on Defendants' motion to dismiss makes clear, also meriting sanctions. This action was brought for an improper purpose of trying to settle political scores, also meriting sanctions. Any one of the foregoing three factors is sufficient to award Mr. Dolan sanctions under Rule 11.

**A. Plaintiff's Counsel Claims That They Undertook Diligence as to Mr. Dolan's Residence, But Apparently Did Not Perform Any Background Check and Did Not Even Read the Prior Filings in the Case**

Mr. Dolan, in his motion to dismiss, submitted a declaration confirming his residence in Virginia since 1986. *See* Exhibit 1 of Docket entry 163, May 23, 2022, at ¶1. Despite Mr. Dolan's declaration, Plaintiff's counsel later asserted in his Amended Complaint that Mr. Dolan was a New York resident. Amended Complaint at ¶20. Plaintiff nevertheless bizarrely argues as to their residence search that "Charles Dolan is an incredibly common name," and Plaintiff's counsel made a reasonable inquiry because he used traditional search methods and news articles. DE 270 ("Plaintiff's Opposition to Sanctions") at 10.  Mr. Dolan had already submitted a declaration of Virginia residence and has lived in Virginia since 1986, as set forth in the declaration.  Reading

the motions and pleadings filed by Mr. Dolan would have been sufficient, but any basic skip-locate or background check service would have revealed this fact. If Dolan were that common a name, Plaintiff and Plaintiff's counsel would not have known if they had even sued the right Dolan. Also, new articles, cited by Plaintiff, are not a basis on which to make allegations in a lawsuit (Plaintiff himself has derided CNN and other news outlets as fake news). Plaintiff's and Plaintiff's counsel's failure even to review filings in their own lawsuit confirms the frivolous nature of Plaintiff's lawsuit and a lack of diligence and reasonable inquiry.

### B. Mr. Dolan Had No Contacts With Florida

Regardless of whether Virginia or New York was the alleged residence, there were no contacts with Florida alleged by Plaintiff, and there were in fact no contacts with Florida sufficient for personal jurisdiction under any theory. Mr. Dolan should never have been sued in Florida. As this Court recognized generally, "Plaintiff has not alleged that Defendants 'aimed' any conduct at Florida." Opinion of September 8, 2022 ("Op."), at 20. Plaintiff himself was a New York resident until recently. A Plaintiff cannot move to a different state and then claim jurisdiction there over a multitude of defendants from other states. There was no basis to drag Mr. Dolan to Florida.

### C. There Is No Basis for the Most Outrageous Claim – That Mr. Dolan Was the Source of a Rumor of Salacious Sexual Activity

Plaintiff with irritating tenacity and no evidence has maintained that Mr. Dolan was the source of a rumor of salacious sexual activity involving Mr. Trump. Plaintiff and his counsel appear to have relied on the Danchenko Indictment as a basis to propound this allegation, but the indictment makes no such allegation. Again, there is no evidence or support for citing Mr. Dolan as a source of this rumor.

### D. Plaintiff's Attorneys Misleadingly Cite the Indictment To Allege Mr. Dolan's Agreement to Create A Dossier to Smear Trump, When the Indictment Says No Such Thing

Plaintiff's Opposition argues that allegations relating to Mr. Dolan were "sourced directly from the Indictment[.]" But the Indictment does not say what Plaintiff's counsel says it does. The Court observed in page 27 of its Opinion that Plaintiff places misleading citations concerning the case law it relies upon, but Plaintiff also misleads the Court with its references to the Danchenko Indictment in respect of Dolan.

Among those "directly sourced allegations" was that Danchenko and Dolan wanted to "create a 'dossier' to smear Donald J. Trump and to disseminate false accusations to the media." Am. Compl. At ¶96(c) and Plaintiff's Opposition to Sanctions at 6, bullet point 3. Plaintiff and his counsel must be relying on some alternate version of the Indictment, because the actual Indictment, even the portions they cite, makes no such allegation. Id. Plaintiff in its Opposition to Sanctions on page 6 at bullet point 3 refers to the Indictment at ¶23 but that paragraph simply confirms that Dolan and Danchenko were business associates networking on business related to Russia.

Plaintiff's counsel repeatedly argues that, based on such paragraph 23, the Indictment supports an allegation that Dolan agreed to engage in a smear campaign to create a dossier and spread false information, but then cites language that supports that Dolan and Danchenko exchanged businesss information.   Plaintiff's Opposition to Sanctions at 6, bullet point 3. The Indictment supports no such allegation of conspiracy or agreement to smear Mr. Trump and spread false rumors in the media. The Indictment suggests that Dolan and Danchenko were networking:

> In or about late April 2016, Danchenko and [Mr. Dolan] engaged in discussions regarding potential business collaboration between PR Firm-1 and U.K. Investigative Firm-1 on issues relating to Russia. These discussions reflected that Danchenko and PR Executive-1 had exchanged information regarding each other's backgrounds and professional activities, including Danchenko's work for U.K. Investigative Firm-1 and U.K. Person-1.

<div style="padding-left:2em">See Danchenko indictment at ¶23.</div>

There is absolutely nothing in this paragraph or in the Danchenko Indictment to support any conspiracy or agreement to "create a 'dossier' to smear Donald J. Trump and to disseminate the false accusations to the media." Rumors of sexual activity by Plaintiff in Russia garnered publicity but there is no factual basis or evidence to attribute those rumors to Mr. Dolan. Plaintiff injects his own inaccurate alternative facts into the discussion of the Danchenko Indictment. This is yet another example of Plaintiff and his counsel asserting unsupported and indefensible positions with ferocious tenacity.

### E. Even If Plaintiff's Counsel Had Not Mangled Its Reliance on the Indictment, Plaintiff Cannot Rely on Indictments as Evidence for Their Allegations

As noted above, Plaintiff and his counsel miscite and misconstrue the Indictment to attempt to smear Dolan. Plaintiff relies almost exclusively on the Danchenko Indictment to present a basis for the allegations of his Complaint and Amended Complaint, but the Indictment itself is a flimsy and inappropriate basis to make allegations in a civil suit. "Indictments cannot be considered as evidence… especially in a civil case… and even more so where the defendant is not the person indicted." Fujisawa Pharm. Co. v. Kapoor, No. 92 C 5508, 1999 U.S. Dist. LEXIS 11381, at *34 (N.D. Ill. July 20, 1999).

### F. Plaintiff's Opposition Effectively Confirms That This Lawsuit's Purpose Is To Settle Political Scores, Not Redress Valid Legal Claims

Mr. Dolan argued in his Sanctions Motion that this lawsuit was filed for the improper purposes of settling political scores. Plaintiff fails to address this argument throughout his Opposition, effectively confirming that this purpose likely is true. Indeed, Plaintiff admits that this lawsuit is being pursued at least in part to correct political issues: "[Plaintiff] seeks damages for the cost of dealing with legal issues and **political issues**…" Amended Complaint at ¶118 (emphasis added). Political issues are part and parcel of running for and holding the office of President. Every

successful politician is the subject of criticism, and sometimes even of scorn and ridicule. This suit is not to redress a harm, but to settle political grievances. As noted by this Court, Plaintiff is "seeking to flaunt a two-hundred page political manifesto[.]" Op at 64.

### G. Plaintiff's Legal Claims Are Objectively Unreasonable

Plaintiff's claims are objectively and legally unreasonable. This Court held that "the claims presented in the Amended Complaint are not warranted under existing law. In fact, they are foreclosed by existing precedent, including decisions of the Supreme Court." Op. at 4. Because the Plaintiff was the President, the Plaintiff's counsel argued that he should be given special consideration -- a personal exemption for the statute of limitations, for example. But the President is bound by the law, and has to play by the rules, as was made clear in United States v. Nixon, 418 U.S. 683 (1974)("[N]either the doctrine of separation of powers, nor the need for confidentiality of high-level communications, without more, can sustain an absolute, unqualified Presidential privilege of immunity from judicial process under all circumstances.") as well as in Clinton v. Jones, 520 U.S. 681 (1997)(holding the President subject to civil suit while in office).

President Trump's attorneys, in arguing for his claims, paint him as a victim while at the same time seeking special rules and benefits that would apply only to him.

### H. Sanctions Are Especially Appropriate Precisely Because the Plaintiff Is a Former President and a Prominent Public Figure

Donald Trump and his lawyers have the same rights as other litigants and lawyers, but also the same obligation to play by the rules. Plaintiff asks for special rules because he is Donald Trump, when in fact as a former President he is bound by the same rules as everyone else, to the same extent as everyone else. Donald Trump is entitled to fight his political fights in the political arena, sling mud on people on social media, and pursue vendettas online, but once he is in court,

the rules of court apply. Because the rules apply to President Trump just the same as everyone else, sanctions are appropriate here.

Charles Dolan had nothing to do with any smear campaign. There is no basis for him to have been dragged into this lawsuit, or into a court in Florida. It is Mr. Dolan who has been smeared and lost potential business and reputation, as a result of this lawsuit.

## **CONCLUSION**

Mr. Dolan deserves a measure of justice, which a sanctions order against Donald Trump and his attorneys, and their law firms, jointly and severally, would provide.

                                          Respectfully submitted,

                                          /s/ George R. A. Doumar
                                          George R.A. Doumar
                                          *Pro Hac Vice*
                                          Jonathan E. Levine, Esquire
                                          Florida Bar No. 937711
                                          Mahdavi Bacon Halfhill & Young, PLLC
                                          11350 Random Hills Road, Suite 700
                                          Fairfax, Virginia, 22030
                                          Tel: (703) 352-1300
                                          Fax: (703) 352-1301
                                          Email: gdoumar@doumarmartin.com

                                          Counsel for Charles H. Dolan

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of October, 2022, I caused a copy of the foregoing to be served on all counsel of record via CM/ECF. All parties required to be served have been served.

/s/ George R. A. Doumar
George R.A. Doumar
*Pro Hac Vice*
Jonathan E. Levine, Esquire
Florida Bar No. 937711
Mahdavi Bacon Halfhill & Young, PLLC
11350 Random Hills Road, Suite 700
Fairfax, Virginia, 22030
Tel: (703) 352-1300
Fax: (703) 352-1301
Email: gdoumar@doumarmartin.com

Counsel for Charles H. Dolan