IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Donald J. Trump,

            Plaintiff,

   v.

Hillary R. Clinton, *et al.*,

            Defendants.

Civil Action No. 2:22-14102-DMM

**HILLARY CLINTON'S, HFACC, INC.'S, JOHN PODESTA'S, ROBERT MOOK'S, DNC'S, DNC SERVICES CORPORATION'S, DEBBIE WASSERMAN SCHULTZ'S, CHARLES HALLIDAY DOLAN, JR.'S, FUSION GPS'S, GLENN SIMPSON'S, PETER FRITSCH'S, NELLIE OHR'S, BRUCE OHR'S, IGOR DANCHENKO'S, RODNEY JOFFE'S, NEUSTAR SECURITY SERVICES'S, NEUSTAR INC.'S, AND ORBIS BUSINESS INTELLIGENCE LTD.'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS**

## TABLE OF CONTENTS

 Page

INTRODUCTION ...................................................................................................................1

ARGUMENT...........................................................................................................................1

I.      SANCTIONS ARE APPROPRIATE. ........................................................................1

        A.      Sanctions Are Warranted Under Section 1927. ............................................1

              1.      Plaintiff's counsel engaged in unreasonable and vexatious conduct. ...........1

              2.      Plaintiff's counsel multiplied the proceedings.............................................5

              3.      The Court should award sanctions under Section 1927 for the fees
                    associated with the Amended Complaint and sanctions motion..................6

        B.      Sanctions Are Warranted Under the Court's Inherent Power.................7

        C.      Sanctions Are warranted Under the Defend Trade Secrets Act...............9

II.     DEFENDANTS' FEES ARE APPROPRIATE AND WELL SUPPORTED. ...................10

CONCLUSION.......................................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Celsius Holdings, Inc. v. A SHOC Beverage, LLC*,
   2022 WL 3568042 (S.D. Fla. July 19, 2022)..................................................................10

*Donald J. Trump for President, Inc. v. CNN Broad., Inc.*,
   500 F. Supp. 3d 1349 (N.D. Ga. 2020)............................................................................8

*Donald J. Trump for President, Inc. v. N.Y. Times Co.*,
   No. 152099/2020, 2021 WL 938979 (N.Y. Sup. Ct. Mar. 09, 2021) ........................8

*Franklin v. Hartford Life Ins. Co.*, 2010 WL 916682 (M.D. Fla. Mar. 10, 2010).........................10

*Gray v. Lockheed Aero. Sys.*, 125 F.3d 1387 (11th Cir. 1997).......................................................10

*Harvey v. Cable News Network, Inc.*, 48 F.4th 257 (4th Cir. 2022)..................................................6

*Jackson v. Bank of America*, 898 F.3d 1348 (11th Cir. 2018)......................................................3, 4

*Jenkins v. Tatem*, 795 F.2d 112 (D.C. Cir. 1986) ..............................................................................9

*Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369 (M.D. Fla. 2010)..................................10

*Lacayo v. Puerta de Palmas Condo. Ass'n Inc.*, 842 F. App'x 378 (11th Cir. 2021) .....................6

*Malautea v. Suzuki Motor Co.*, 987 F.2d 1536 (11th Cir. 1993) ......................................................9

*Nollner v. S. Baptist Convention, Inc.*, 628 F. App'x 944 (6th Cir. 2015) ......................................5

*Peer v. Lewis*, 606 F.3d 1306 (11th Cir. 2010)................................................................................7

*Reynolds v. Roberts*, 207 F.3d 1288 (11th Cir. 2000)......................................................................7

*Riddle v. Egensperger*, 266 F.3d 542 (6th Cir. 2001)......................................................................6

*Trump v. James*, 2022 WL 1718951 (N.D.N.Y. May 27, 2022) ......................................................8

*Trump v. Twitter Inc.*, 2022 WL 1443233 (N.D. Cal. May 6, 2022)...............................................8

### STATUTES

18 U.S.C. § 1836................................................................................................................................9

28 U.S.C. § 1927....................................................................................................................1, 4, 6, 7

## TABLE OF AUTHORITIES
(continued)

Page(s)

**OTHER CITATIONS**

Erik Larson, *Trump Used CNN Lawsuit To Raise Money*, Bloomberg (Oct. 4, 2022),
 https://tinyurl.com/3keruass ................................................................................................... 8

## INTRODUCTION

Plaintiff begins his brief opposing sanctions by asserting that sanctions are a "drastic remedy." But drastic remedies are warranted in cases of drastic wrongs. Here, Plaintiff and his counsel pursued a sprawling and costly suit for millions of dollars against dozens of Defendants. Plaintiff's two complaints were from the start entirely unfounded on both fact and law. Many of the allegations were contradicted by documents Plaintiff himself cited, or by readily available and judicially noticeable sources, including Plaintiff's own tweets. Separately, Plaintiff's legal theories were fundamentally flawed or foreclosed by binding precedent. Indeed, every one of Plaintiff's claims was facially deficient in multiple independent respects, as outlined thoroughly in this Court's September 8, 2022 order dismissing the suit with prejudice.

Plaintiff sought, and was given, the opportunity to cure the deficiencies in his initial complaint. Instead, he compounded them, and clung to these defective theories in opposing another round of motions. Counsel's conduct in pursuing these claims was objectively unreasonable. Moreover, the pervasive flaws and provocative rhetoric indicate that the suit was pursued to harass Plaintiff's perceived enemies—and thus, for an improper purpose and in bad faith. This is a strategy Plaintiff has used in the past, and continues to pursue.

Sanctions are plainly warranted here.

## ARGUMENT

### I.   SANCTIONS ARE APPROPRIATE.

#### A.   Sanctions Are Warranted Under Section 1927.

##### 1.   Plaintiff's counsel engaged in unreasonable and vexatious conduct.

In evaluating whether counsel engaged in unreasonable and vexatious conduct, the question is whether counsel was objectively reckless, comparing counsel's conduct with that of a reasonable attorney. DE 280 ("Sanctions Mot.") at 4–5.

1

a. Plaintiff's counsel did not behave reasonably in bringing and continuing to press this case. Reasonable attorneys carefully investigate the bases for their suit and file claims (1) supported by well-pleaded factual allegations that (2) add up to cognizable legal causes of action. Whatever the allegations may be, a reasonable attorney must confirm they fit within a cognizable legal claim. And, even in the presence of a slam-dunk legal theory, a reasonable attorney must investigate their allegations to confirm they have a good-faith basis in fact and plausibly establish the necessary elements. In several places in the sprawling Complaint and Amended Complaint, Plaintiff's counsel failed to do one of these; often, they failed to do *both*.

Plaintiff's counsel argues that "Plaintiff's lawsuit had a sound legal basis," DE 285 ("Sanctions Opp'n") at 4, or that they cannot be sanctioned "merely for making reasonable arguments for interpreting the law," *id.* at 3. But their opposition to sanctions is notable for what it omits—they respond to only a handful of issues, but ignore many other indefensible gaps in the factual and legal underpinning of the suit. For example, Plaintiff offers no defense of the fact that his counts for "Agency" or "Respondeat Superior" were foreclosed by binding Florida precedent. DE 226 ("MTD") at 29–30. He never defends his decision to bring a "malicious prosecution" claim despite never being prosecuted. MTD at 23–25. He offers no justification for his allegations that Defendants provoked the Crossfire Hurricane investigation, despite citing documents to the contrary. MTD at 24. He never explains how his allegations of unspecified lost business opportunities comply with the most basic pleading requirements, nor how his suspension from Twitter could be the result of Hillary Clinton's "misinformation campaign," when Twitter's own statement is to the contrary. MTD at 18.

What Plaintiff does defend, he does so incompletely. To take only the first example: Plaintiff defends (at 4–5) his decision to seek equitable or statutory tolling of the statute of

limitations, based on an interpretation of case law that the Court has already rejected. Moreover, he is completely silent as to his *other* timeliness arguments, which were at odds with facts and law—and therefore never should have been advanced. Indeed, Plaintiff argued for tolling due to "fraudulent concealment," and claimed Defendants "prevented Plaintiff from discovering his RICO cause of action." DE 237 ("MTD Opp'n") at 13. Plaintiff's own contemporaneous statements contradict this assertion. Plaintiff also argued for delayed accrual under the "discovery rule." MTD Opp'n 14–16. But his own allegations contradicted the statements he advanced in support of delayed discovery, and contravened binding precedent. DE 250 ("MTD Reply") at 6.

After more cherry-picked examples, Plaintiff (at 8) incorporates by reference the arguments in his Opposition to the Motion to Dismiss—arguments already considered and rejected by this Court. Defendants therefore similarly incorporate the Court's dismissal order, and their motion and reply, which catalog the defects in Plaintiff's claims. *See* DE 226, DE 250, DE 267.

b. Plaintiff argues (at 8) that it was "irrelevant" that the 193-page, 819-paragraph Amended Complaint was a shotgun pleading because there was never a repleading order. But Plaintiff's authorities are beside the point, because this Court did not dismiss the Amended Complaint because it was a shotgun pleading—it dismissed on the merits, evaluating each of the fatally deficient claims. Moreover, Plaintiff was on notice from both rounds of motions to dismiss his pleadings were shotgun filings forbidden under well-settled law. *See* DE 160 at 7 n.8; MTD at 46–47. Here, that the form of the pleading falls so far from what a reasonable attorney would have done plainly supports sanctions under the first element of Section 1927, and illustrates how the Amended Complaint "multiplied the proceedings" under the second.

*Jackson v. Bank of America* is instructive, though not for the reasons Plaintiff hopes. There, the Eleventh Circuit found it significant that "after being put on notice by Defendants of the

specific defects in their complaint, the [Plaintiff] filed an amended complaint afflicted with the same defects." 898 F.3d 1348, 1358–59 (11th Cir. 2018). It concluded that the plaintiff should have been on notice that Circuit precedent forbade shotgun pleadings, and issued an order to show cause as to why the plaintiff should not pay fees for his "frivolous" appeal. *Id.* at 1360.

  c. Plaintiff next (at 8–10) argues that he did not misstate facts in citing documents in the Amended Complaint. To take his first example, he asserts (at 8–9) that it was fair to allege in the Amended Complaint that the "scheme was conceived, coordinated and carried out by top level officials at the Clinton Campaigns and the DNC—including 'the candidate' herself"—because the IG Report found that "'the candidate' was aware of Steele's reporting." Plaintiff now claims the footnote is read as a citation *only* to the language "the candidate." No reasonable reader would understand the footnote to be that limited, given Plaintiff's extraordinary factual allegations. And the assertion that Clinton was supposedly "aware" of Steele's reporting is far from a finding that she personally "conceived, coordinated, and carried out" a "scheme" to smear Trump. The IG Report simply does not support the allegations as written.

  Nor does Plaintiff's excuse for this single citation to the IG Report address the glaring issue with his entire suit, which is premised on the allegation that Defendants were responsible for the Crossfire Hurricane investigation. DE 177 ("Am. Compl.") ¶ 3. The IG Report—cited in the Amended Complaint's *very first footnote*—conclusively refutes the core of Plaintiff's claims, finding that the FBI opened the investigation "for an authorized purpose" and "with adequate factual predication" that had nothing to do with Defendants or the Steele Dossier. IG Rpt. at 346–47. Plaintiff's own incorporated documents undercut his claim—further supporting sanctions under Section 1927. Sanctions Mot. at 7–8.

Indeed, Plaintiff's excuse here is emblematic of the problem with this suit as a whole, and why sanctions are warranted. The statement that "the candidate" was "aware" is transmuted into an allegation that she "conceived, coordinated, and carried out" a "scheme." Am. Compl. ¶ 3. That leads to unsupported allegations of *all* Defendants' liability for more than 24 million dollars for orchestrating a "false narrative . . . so outrageous, subversive and incendiary that even the events of Watergate pale in comparison," *id.* ¶ 1. This is not careful and fact-based lawyering, particularly when paired with legal theories that are poor—indeed, impossible—fits for the facts.

### 2. Plaintiff's counsel multiplied the proceedings.

Plaintiff argues (at 11) that filing the Amended Complaint did not multiply the proceedings because "amending the Complaint, was *expressly authorized* by the Court." Plaintiff wholly misses the point: the opportunity to amend was not permission to file another meritless pleading. To the contrary, the pleading obligations of Plaintiff and his counsel—that the pleading be presented for a proper purpose and include only those legal contentions that were warranted by existing law or a nonfrivolous argument for extension, and only those factual contentions that have an evidentiary basis—remained unchanged. *See* DE 111 (granting leave to amend "in the interest of allowing Plaintiff to cure any deficiencies").

In Plaintiff's view, leave to amend should be a get-out-of-sanctions-free card regardless of the substance of the amended pleading. But the Court's leave was not carte blanche to amend as he did by "fail[ing] to cure any of the deficiencies" but "add[ing] eighty new pages of largely irrelevant allegations." DE 267 ("Opinion") at 63–64. Reasonable attorneys would have evaluated the law and the facts to determine whether the deficiencies were fixable and, realizing that they were not, concluded amendment was not appropriate.

Neither of the two cases that Plaintiff cites holds that courts cannot impose sanctions based on the filing of an amended complaint with leave of court. One case, *Nollner v. Southern Baptist*

5

*Convention, Inc.*, 628 F. App'x 944 (6th Cir. 2015), actually *affirmed* a sanctions award. It declined to impose sanctions based on the amended complaint, but awarded sanctions under Section 1927 based on the Plaintiff's subsequent opposition to dismissing that pleading. That same rationale—sanctioning not the filing, but the defense of the deficient pleading—supports sanctions here. Plaintiff's second case, *Harvey v. Cable News Network, Inc.*, 48 F.4th 257, 280 (4th Cir. 2022), was fact-specific, and concluded that the filing of the amended complaint in that case did not evidence bad faith. It never suggested a categorical bar on sanctions on these facts.

Indeed, contrary to Plaintiff's argument, the Eleventh Circuit *has* imposed Section 1927 sanctions based on an amended complaint, filed with the leave of court, that continued to pursue meritless theories and failed to fix glaring deficiencies. *See Lacayo v. Puerta de Palmas Condo. Ass'n*, 842 F. App'x 378, 383 (11th Cir. 2021) (per curiam). The same result is warranted here.

> 3. **The Court should award sanctions under Section 1927 for the fees associated with the Amended Complaint and sanctions motion.**

Plaintiff next argues (at 12) that the requested sanctions have no nexus to the "gratuitous" costs Defendants incurred, because Defendants supposedly failed to "mitigate their damages." On the contrary, the costs were required to respond to the even lengthier Amended Complaint. Indeed, to *minimize* their costs on the second round of briefing, Defendants reasonably and efficiently shared efforts and filed a joint motion to dismiss, rather than filing individual motions.

Although the Court's invitation to readopt the prior motions "if they so choose" was well-taken, Defendants exercised their reasonable discretion to carefully reevaluate the Amended Complaint—which had *grown by eighty pages*—and to ensure a consolidated motion to dismiss could completely address any new allegations and legal theories. Plaintiff's case, *Riddle v. Egensperger*, 266 F.3d 542, 556 (6th Cir. 2001), is not to the contrary. There, the defendants

6

pursued extensive document discovery and dozens of depositions. Here, Defendants did what they were required by the rules to do, and no more: file well-briefed motions to dismiss and replies.

Plaintiff can hardly sue dozens of Defendants for tens of millions of dollars and the threat of treble damages, publicize the suit on the national stage, file an Amended Complaint that is 185 pages and 819 paragraphs in length, and then complain when Defendants put in the time and effort to conduct the careful legal and factual analysis that Plaintiff had not. Indeed, because most of the moving Defendants took substantial reductions to their hourly rates based on this Court's lodestar rate, moving Defendants will still shoulder significant costs even if their motion is granted in full.

Plaintiff (at 13–14) requests an evidentiary hearing "[t]o the extent necessary," and in support purports to quote from *Reynolds v. Roberts*, 207 F.3d 1288, 1302 (11th Cir. 2000): "an attorney threatened with sanctions under § 1927 is entitled to a hearing." The supposed quote from *Reynolds* is nowhere found in that decision, which states only that "[c]ounsel subject to section 1927 sanctions *are entitled to be heard regarding the matter*," *id.* at 1302 (emphasis added). The *Reynolds* court remanded for entry of an order to show cause, and noted that "[t]he court's show cause order may instruct the defendant to file a response; depending on what the defendant says in his response, a hearing may be unnecessary." *Id.* at 1298 n.19. Here, Plaintiff has had a full opportunity to be heard, and an evidentiary hearing would be both unnecessary and burdensome.

### B. Sanctions Are Warranted Under the Court's Inherent Power.

Here, there is ample evidence for the Court to conclude that Plaintiff himself pursued this case in bad faith or for an improper purpose, and therefore that the entire costs of the defense—from initial filing to dismissal—should be taxed against him personally. Sanctions Mot. at 12–13, 16–17. "[P]ursuing a frivolous claim for 'primarily political' purposes" constitutes sufficient bad faith to warrant sanctions under the court's inherent power. *Peer v. Lewis*, 606 F.3d 1306, 1316 (11th Cir. 2010) (remanding for determination of sanctions).

Plaintiff asserts (at 14) there is no evidence of bad faith. But as explained in the Motion, the deficiencies in the Complaint and Amended Complaint support that conclusion, as do the sweeping rhetorical attacks found in those pleadings. Sanctions Mot. at 13. Counsel's statements to media, too, are relevant because they underscore that this suit is primarily about scoring political points, not obtaining legal redress under any cognizable theory of legal harm. *Id.* at 14–15.

Indeed, Plaintiff largely ignores Defendants' argument that the suit was brought for an improper purpose. Plaintiff is a serial litigant who has brought several previous, dismissed lawsuits against his perceived foes. *See Trump v. James*, 2022 WL 1718951, at *1 (N.D.N.Y. May 27, 2022) (dismissing claims); *Trump v. Twitter Inc.*, 2022 WL 1443233, at *1 (N.D. Cal. May 6, 2022) (same).[1] Notably, Plaintiff's lawsuit against Twitter alleged that "Democrat legislators" pressured Twitter to "censor the Plaintiff" and that Twitter "permanently banned [Trump] for exercising his constitutional right of free speech." *Trump v. Twitter*, DE 1 (Compl.), at ¶¶ 6, 48, 3:21-cv-08378 (S.D. Fla.) (July 7, 2021). This is inconsistent with his allegation in this case that his removal from Twitter was due to the alleged (different) conspiracy here and "the misinformation campaign waged by Hillary Clinton." Am. Compl. ¶ 524 n.277.

Moreover, Plaintiff's political use of the courts continues unabated. On October 3, 2022, after this suit was dismissed, Plaintiff filed a $475 million defamation suit against CNN alleging that CNN defamed him for the "purpose of defeating him politically." *Trump v. Cable News Network*, DE 1 (Compl.) at ¶ 1, 22-cv-61842 (S.D. Fla.) (Oct. 3, 2022). The next day, he exhorted supporters to donate money to support the suit.[2]

---

[1] This is in addition to similar suits brought by Plaintiff's campaign. *See Donald J. Trump for President, Inc. v. N.Y. Times Co.*, No. 152099/2020, 2021 WL 938979, at *2 (N.Y. Sup. Ct. Mar. 09, 2021) (dismissing claims); *Donald J. Trump for President, Inc. v. CNN Broad., Inc.*, 500 F. Supp. 3d 1349, 1352 (N.D. Ga. 2020) (same).

[2] *See* Erik Larson, *Trump Used CNN Lawsuit To Raise Money*, Bloomberg (Oct. 4, 2022), https://tinyurl.com/3keruass.

8

Contrary to Plaintiff's suggestion that there is "no support" for a finding of bad faith, counsel's comments confirm that this suit was part of a political strategy to strike back at perceived opponents. Inherent power sanctions against a party are appropriate to "deter other litigants from engaging in similar activity." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1546 (11th Cir. 1993). Moreover, courts possess "the inherent power to enforce the standards of professional conduct and respect for the adjudicative process that it requires of its practitioners," including the "fundamental" precept that "the court's process be invoked only for a proper purpose." *Jenkins v. Tatem*, 795 F.2d 112, 114 (D.C. Cir. 1986).

### C. Sanctions Are Warranted Under the Defend Trade Secrets Act.

Here, the same conduct that warrants sanctions under other sources of authority warrants sanctions to the DTSA Defendants under 18 U.S.C. § 1836. Sanctions Mot. at 17–19. Plaintiff argues (at 16) that none of the DTSA Defendants "identified which portion of their attorneys' fees were specifically accrued" in opposing the DTSA claim. But the statute contains no such requirement, and speaks only of awarding "reasonable" attorneys' fees when a claim is made in bad faith. It does not limit the award *only* to the fees incurred in responding to that particular claim, nor does Plaintiff cite any authority to that effect. Indeed, the DTSA claim was an alleged predicate for Plaintiff's RICO claim, so occupied a central place in his defective legal theories.

Plaintiff also argues (at 16) that Joffe is not a "prevailing party" entitled to collect fees because he was dismissed on jurisdictional grounds. But Plaintiff confuses subject matter jurisdiction and personal jurisdiction. The Court did *not* hold it lacked subject matter jurisdiction over the complaint, and it could accordingly enter a dismissal on the merits. It did so, analyzing the 12(b)(6) issues as to all defendants, including Joffe, and rejecting the RICO and DTSA claims regarding DNS information. The Court expressly dismissed with prejudice under 12(b)(6)—on the merits—as to all non-federal defendants. Joffe is a prevailing party under the statute.

## II. DEFENDANTS' FEES ARE APPROPRIATE AND WELL SUPPORTED.

Plaintiff offers no evidence to dispute Defendants' declarations or hourly rates. If the Court imposes sanctions, Plaintiff offers *no* objection to $621,043.83 of Defendants' requested fees.[3] He argues (at 16–18) that certain other time entries are block billing, unreasonable, or redundant. These assertions are conclusory and unsupported. The time entries here are akin to those found sufficient in *Celsius Holdings, Inc. v. A SHOC Beverage, LLC*, 2022 WL 3568042 (S.D. Fla. July 19, 2022). And just as in *Celsius*, the fees many Defendants seek have been substantially discounted, which "further supports their reasonableness." *Id.* at *4 n.4.

Plaintiff admits (at 17) that the Court has significant discretion as to any supposed "block billing," which is only impermissible if it renders the description of the work inadequate. *See Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1379 (M.D. Fla. 2010). When tasks are "intertwined," "the mere fact that an attorney includes more than one task in a single billing entry is not, in itself, evidence of block-billing," and may "clarif[y], rather than obscure[], the record." *Franklin v. Hartford Life Ins. Co.*, 2010 WL 916682, at *3 (M.D. Fla. Mar. 10, 2010).

Plaintiff's "[g]eneralized statements" that some time entries are excessive or redundant "are not particularly helpful and not entitled to much weight." *Gray v. Lockheed Aero. Sys.*, 125 F.3d 1387, 1389 (11th Cir. 1997) (citation omitted). Here, the time counsel spent was necessary due to the complexity of the pleading and the deficiencies in Plaintiff's claims.

## CONCLUSION

Defendants respectfully request that this Court impose sanctions against Plaintiff and his counsel for attorneys' fees and costs, and award any other relief the Court finds just.

---

[3] While Plaintiff points to purported discrepancies in certain of the Defendants' fee requests, see DE 285-1 at 1–4, his calculations are incorrect, fail to include costs, or ignore changes to certain draft declarations made after the parties' meet and confer. The supporting documentation makes each request's basis clear, but Defendants can furnish any clarifications the Court deems necessary.

10

November 21, 2022                                Respectfully submitted,

| /s/ David Oscar Markus | /s/ David E. Kendall |
|---|---|
| David Oscar Markus | David E. Kendall (pro hac vice) |
| MARKUS/MOSS PLLC | Katherine M. Turner (pro hac vice) |
| 40 NW 3rd Street, PH 1 | Michael J. Mestitz (pro hac vice) |
| Miami, FL 33128 | WILLIAMS & CONNOLLY LLP |
| Tel: (305) 379-6667 | 680 Maine Avenue, S.W. |
| | Washington, DC 20024 |
| | Tel: (202) 434-5000 |
| | Fax: (202) 434-5029 |
| | dkendall@wc.com |

*Attorneys for Defendant Hillary Rodham Clinton*

/s/ Robert P. Trout
Robert P. Trout (pro hac vice)
Paola Pinto (Florida Bar Number 1013933)
SCHERTLER ONORATO MEAD & SEARS
555 13th Street, N.W.
Suite 500 West
Washington, D.C. 20004
Phone: (202) 628-4155
rtrout@schertlerlaw.com
ppinto@schertlerlaw.com

*Attorneys for Defendants HFACC, Inc. and John Podesta*

| /s/ Gerald Edward Greenberg | /s/ Roberta A. Kaplan |
|---|---|
| Gerald Edward Greenberg | Roberta A. Kaplan (pro hac vice) |
| GELBER SCHACHTER & GREENBERG PA | Shawn G. Crowley (pro hac vice) |
| One Southeast Third Avenue | Maximillian L. Feldman (pro hac vice) |
| Suite 2600 | KAPLAN HECKER & FINK LLP |
| Miami, FL 33131-1715 | 350 Fifth Avenue, 63rd Floor |
| (305) 728-0950 | New York, NY 10118 |
| ggreenberg@gsgpa.com | 212.763.0883 |
| | rkaplan@kaplanhecker.com |
| | scrowley@kaplanhecker.com |
| | mfeldman@kaplanhecker.com |

*Attorneys for Defendants Democratic National Committee, DNC Services Corporation, and Debbie Wasserman Schultz*

/s/ Jonathan Edward Levine
Jonathan Edward Levine (FBN 937711)
Levine & Associates, PLLC
5311 Lee Highway
Arlington, VA 22207
Tel. (703) 525-2669

/s/ George R.A. Doumar
George R.A. Doumar (pro hac vice)
Mahdavi, Bacon, Halfhill & Young PLLC
11350 Random Hills Road, Suite 700
Fairfax, VA 22030
Tel. (703) 352-1300

*Attorneys for Charles Halliday Dolan, Jr.*

/s/ Andrew J. Ceresney
DEBEVOISE & PLIMPTON LLP
Andrew J. Ceresney (pro hac vice)
Wendy B. Reilly (pro hac vice)
Isabela M. Garcez (pro hac vice)
919 Third Avenue
New York, NY 10022
Tel: (212) 909-6000
aceresney@debevoise.com
wbreilly@debevoise.com
imgarcez@debevoise.com

/s/ William R. Barzee
William R. Barzee (Florida Bar No. 158720)
BARZEE FLORES
Courthouse Center, Penthouse One
40 NW Third Street
Miami, FL 33128
Tel: (305) 374–3998
williambarzee@barzeeflores.com

*Attorneys for Defendant Robert E. Mook*

/s/ Adam S. Fels
Adam S. Fels
FRIDMAN FELS & SOTO PLLC
2525 Ponce de Leon Blvd., Suite 750
Coral Gables, FL 33134
Tel: 305-569-7701
afels@ffslawfirm.com

/s/ Joshua A. Levy
Joshua A. Levy (pro hac vice)
Rachel Clattenburg (pro hac vice)
Kevin P. Crenny (pro hac vice)
LEVY FIRESTONE MUSE LLP
900 17th St. NW, Suite 1200
Washington, D.C. 20006
Tel: 202-845-3215
Fax: 202-595-8253
jal@levyfirestone.com
rmc@levyfirestone.com
kcrenny@levyfirestone.com

*Attorneys for Defendants Fusion GPS, Peter Fritsch, and Glenn Simpson*

12

/s/ Joshua Berman
Joshua Berman
CLIFFORD CHANCE US LLP
2011 K Street, NW
Washington, D.C. 20006
Tel. (202) 912-5000
Fax (202) 912-6000
Joshua.Berman@CliffordChance.com

/s/ Adam Fels
Adam Fels (Florida Bar No. 0114917)
FRIDMAN FELS & SOTO, PLLC
2525 Ponce de Leon Blvd., Suite 750
Coral Gables, FL 33134
Tel. (305) 569-7701
Afels@ffslawfirm.com

/s/ Benjamin Peacock
Benjamin Peacock
CLIFFORD CHANCE US LLP
New York, New York 10019
Tel. (212) 878-8000
Fax (212) 878-8375
Benjamin.Peacock@CliffordChance.com

*Attorneys for Bruce Ohr and Nellie Ohr*

/s/ Franklin Monsour Jr.
Franklin Monsour Jr. (pro hac vice)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Tel: (212) 506-3512
Fax: (212) 506-5151
fmonsour@orrick.com

/s/ Diana Marie Fassbender
Diana Marie Fassbender (Fla Bar ID #17095)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street N.W.
Washington, DC 20005-1706
Tel: (202) 339-88533
Fax: (202) 339-8500
dszego@orrick.com

*Attorneys for Igor Danchenko*

/s/ Samantha L. Southall
Samantha L. Southall (pro hac vice)
Pennsylvania Bar No. 80709
BUCHANAN INGERSOLL & ROONEY PC
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
Tel: (215) 665 8700
Fax (215) 667 8760
samantha.southall@bipc.com

/s/ Jennifer Olmedo Rodriguez
Jennifer Olmedo Rodriguez (Florida Bar No. 605158)
BUCHANAN INGERSOLL & ROONEY PC
2 South Biscayne Blvd., Suite 1500
Miami, Florida 33131
Tel: (305) 347 4080
Fax: (305) 347 4089
jennifer.olmedo-rodriguez@bipc.com

*Attorneys for Defendant Neustar, Inc.*

| | |
|---|---|
| /s/ John M. McNichols<br>John M. McNichols (pro hac vice)<br>Allison S. Eisen (pro hac vice)<br>Kathryn E. Garza (pro hac vice)<br>WILLIAMS & CONNOLLY LLP<br>680 Maine Ave, S.W.<br>Washington, D.C. 20024<br>Telephone:  (202) 434-5000<br>Fax:  (202) 434-5029<br>jmcnichols@wc.com | /s/ James E. Gillenwater<br>James E. Gillenwater (Bar No. 1013518)<br>GREENBERG TRAURIG P.A.<br>333 SE 2nd Ave., Suite 4400<br>Miami, FL 33131<br>Telephone:  (305) 579-0500<br>Fax:  (305) 579-0717<br>gillenwaterj@gtlaw.com |

*Attorneys for Neustar Security Services*

| | |
|---|---|
| /s/ Edward Soto<br>Edward Soto (FBN 0265144)<br>WEIL GOTSHAL & MANGES LLP<br>1395 Brickell Avenue, Suite 1200<br>Miami, FL 33131<br>Telephone:  (305) 577-3100<br>Facsimile:  (305) 374-7159 | /s/ Steven A. Tyrrell<br>Steven A. Tyrrell (pro hac vice)<br>WEIL GOTSHAL & MANGES LLP<br>2001 M Street, N.W., Suite 600<br>Washington, D.C. 20036<br>Telephone:  (202) 682-7000<br>Facsimile:  (202) 857-0940 |

*Attorneys for Rodney Joffe*

| | |
|---|---|
| /s/ Enjoliqué A. Lett<br>Enjoliqué A. Lett (FBN 0104881)<br>GREENBERG TRAURIG P.A.<br>333 S.E. 2nd Ave., Suite 4400<br>Miami, FL 33131<br>Telephone: (305) 579-0500<br>Fax: (305) 579-0717<br>enjolique.lett@gtlaw.com | /s/ Akiesha G. Sainvil<br>Akiesha G. Sainvil (FBN 1003260)<br>GREENBERG TRAURIG P.A.<br>333 S.E. 2nd Ave., Suite 4400<br>Miami, FL 33131<br>Telephone: (305) 579-0500<br>Fax: (305) 579-0717<br>akiesha.sainvil@gtlaw.com |

*Attorneys for Orbis Business Intelligence Ltd.*

## CERTIFICATE OF SERVICE

  I hereby certify that on this 21st day of November, 2022, I caused a copy of the foregoing Defendants' Reply in Support of Motion for Sanctions to be served on all counsel of record via CM/ECF. All parties required to be served have been served.

                 */s/ David Oscar Markus*
                 David Oscar Markus