UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14102-CV-MIDDLEBROOKS

DONALD J. TRUMP,

    Plaintiff,

v.

HILLARY R. CLINTON, et al.,

    Defendants.

_____/

## ORDER GRANTING UNOPPOSED MOTION FOR STAY OF FINAL ORDER AND TO APPROVE BOND TO BE PAID TO REGISTRY OF COURT

THIS CAUSE comes before the Court upon Plaintiff's attorneys, Alina Habba, Michael Madaio, Peter Ticktin, and Jamie Sasson's Unopposed Motion for Stay of Final Order and to Approve Bond to be Paid to Registry of Court, filed on November 28, 2022. (DE 288). For the following reasons, the Motion is granted.

On November 10, 2022, I entered an Order Granting Defendant Dolan's Motion for Rule 11 Sanctions. (DE 284). The sanctions totaled $66,274.23. Plaintiff's attorneys now move to post a supersedeas bond to stay execution of that Order pending appeal.[1] (DE 288). The motion is unopposed. (DE 288 at 2).

"The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *See Poplar Grove Planting and Refining Co.,*

---

[1] Given that the sanctions Order made each party "jointly and severally" liable, I read Plaintiff's attorneys as also moving on behalf of their respective law firms, Habba Madaio & Associates and The Ticktin Law Group.

*Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979).[2] Fed. R. Civ. P. 63(a) states, "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." The Local Rules further specify a party may motion for a "supersedeas bond or other security staying execution of a money judgment . . . in the amount of 110% of the judgment, to provide security for interest, costs, and any award of damages for delay." S.D. Fla. Local Rule 62.1.

Accordingly, to post a supersedeas bond in this case, Plaintiff's attorneys are required to deposit a sum of $72,901.67 into the Court's registry. Plaintiff's attorneys properly request to do so here. (DE 288 at 1). Plaintiff's attorneys further request that this Court grant a stay—upon their deposit of a supersedeas bond—"until the Eleventh Circuit Court of Appeals issues a mandate or the equivalent . . . ." (DE 288 at 2). This request is consistent with the purpose of a supersedeas bond. *See Poplar Grove Planting and Refining Co.*, 600 F.2d at 1190-91.

For the forgoing reasons, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiff's attorneys' Unopposed Motion for Stay of Final Order and to Approve Bond to be Paid to Registry of Court (DE 288) is **GRANTED**.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2. Upon Plaintiff's attorneys' deposit of $72,901.67 into the Court's Registry, enforcement of this Court's Order Granting Defendant Dolan's Motion for Rule 11 Sanctions is **STAYED** pending a mandate or the equivalent from the Eleventh Circuit Court of Appeals.

**SIGNED** in chambers at West Palm Beach, Florida this 29 day of November, 2022.

Donald M. Middlebrooks
United States District Judge

cc: Counsel of record