UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 22-14102-CV-MIDDLEBROOKS

DONALD J. TRUMP,

      Plaintiff,

v.

HILLARY R. CLINTON et al.,

      Defendants.

                                    /

## ORDER

THIS CAUSE comes before the Court on non-party John J. McCarthy's Motion to Reconsider, filed November 9, 2022 (DE 281). For reasons set forth below, the Motion is DENIED.

## I. BACKGROUND

On October 6, 2022, non-party McCarthy filed an Omnibus Motion for "Many Things Motion Herein, Motion Nunc Pro Tunc" (DE 271), which I struck in my Order on October 20, 2022. (DE 278). In my previous order, I informed McCarthy that the Motion would be stricken as it did not state who McCarthy is or why he has any interest in this litigation. (DE 278). Now, McCarthy filed this "Rule 59(e); 60(b)" motion. McCarthy has also, on November 8, 2022, filed a Notice of Appeal of my Order striking McCarthy's Motion. (DE 282). Most recently, on February 15, 2023, McCarthy has also filed a Notice of Appeal on my Order (DE 302) granting Defendant's Motion for Sanctions. (DE 312).

## II. APPLICABLE LAW

A litigant may move for reconsideration pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Under Rule 59(e), reconsideration is proper when there is: (1) newly

discovered evidence; (2) an intervening change in controlling law; or, (3) a need to correct a clear

error of law or fact or prevent manifest injustice. *See Bd. of Trs. of Bay Med. Ctr. v. Humana Mil.*

*Healthcare Servs., Inc.*, 447 F.3d 1370, 1377 (11th Cir. 2006) (citation omitted). Similarly, under

Rule 60(b), relief from a final order is appropriate when made within a reasonable time based on:

(1)     mistake, inadvertence, surprise, or excusable neglect;

(2)     newly discovered evidence that, with reasonable diligence, could not have
been discovered in time to move for a new trial under Rule 59(b);

(3)     fraud . . . misrepresentation, or other misconduct by an opposing party;

(4)     the judgment is void;

(5)     the judgment has been satisfied, released, or discharged; it is based on the
earlier judgment that has been reversed or vacated; or applying it prospectively is
no longer equitable; or

(6)     any other reason that justifies relief.

To prevail on a motion to reconsider, the moving party must demonstrate why the court

should reverse its prior decision by setting forth facts or law of a strongly convincing nature. A

motion to reconsider should not be used as a vehicle "to relitigate old matters, raise argument or

present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc.*

*v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

## III. DISCUSSION

First, McCarthy filed this Motion before filing two notices of appeal. Generally, a notice

of appeal "'confers jurisdiction on the court of appeals and divests the district court of its control

over the aspects of the case involved in the appeal.'" *See United States v. Cabezas*, No. 19-12117-

HH, 2019 WL 11666248, at *1 (11th Cir. Oct. 30, 2019, *cert. denied sub nom. Fernando Cabezas*

*v. United States*, 140 S. Ct. 2836 (2020), *reh'g denied*, 141 S. Ct. 214 (2020) (quoting *United*

*States v. Tovar-Rico*, 61 F.3d 1529, 1532 (11th Cir. 1995)). Consequently, the filing of a notice of

appeal divests the district court "'of jurisdiction to take any action with regard to the matter except in the aid of the appeal.'" *Id.* (quoting *Shewchun v. United States*, 797 F.2d 941, 942 (11th Cir. 1986) (quotation omitted)). The district court "does not regain jurisdiction until a mandate has issued on appeal." *Id.* (quoting *Zaklama v. Mount Sinai Med. Ctr.*, 906 F.2d 645, 649 (11th Cir. 1990)). "[T]his rule 'serves two important interests: judicial economy, for it spares the trial court from passing on questions that may well be rendered moot by the decision of the Court of Appeals; and considerations of fairness to parties who might otherwise be forced, as a matter of tactics, to fight a 'two front war' for no good reason.'" *Id.* (quoting *Shewchun*, 797 F.2d at 943).

However, this Court retains jurisdiction to deny McCarthy's Motion under either Rule 59 or Rule 60 notwithstanding the filing of his notices of appeal. *See Beepot v. JP Morgan Chase Nat. Corp. Servs., Inc.*, 628 Fed. Appx. 1008, 1010 (11th Cir. 2015) (citing *e.g., Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir.2003) (district courts retain jurisdiction after the filing of a notice of appeal to entertain and deny, but not grant, a Rule 60(b) motion)); *see also* Fed. R. Civ. P. 62.1(a)(1)-(3); *but see United States v. Reed*, 522 F. App'x 673, 674 (11th Cir. 2013) (finding district court did not err in concluding it lacked jurisdiction over motion for reconsideration filed simultaneously with a notice of appeal).

McCarthy appears to seek reconsideration of the Order I entered striking his Motion for Miscellaneous Relief. McCarthy does not provide reasons for reconsideration that come within any of the above-enumerated Rule 59 or Rule 60(b) grounds. McCarthy does not offer any new evidence or new arguments not previously considered, and merely seeks reconsideration of my conclusion that McCarthy did not make any valid arguments and did not express who he is or why he would have an interest in this case.

Accordingly, it is **ORDERED AND ADJUDGED** that McCarthy's Motion for Rule 59(e);

60(b) (DE 281) is **DENIED.**

       **SIGNED** in Chambers at West Palm Beach, Florida, this _12_ day of February, 2023.

Donald M. Middlebrooks
United States District Judge

cc:    Counsel of Record