IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Donald J. Trump,

        Plaintiff,

  v.

Hillary R. Clinton *et al.*,

        Defendants.

Civil Action No. 2:22-cv-14102-DMM

**CHARLES DOLAN'S OPPOSITION TO PLAINTIFF AND PLAINTIFF'S ATTORNEYS' MOTION FOR INDICATIVE RULING**

Charles Dolan opposes the motion for an indicative ruling, for the following reasons.

## I.    Judicial Notice Is Inappropriate

Judicial notice is inappropriate on multiple independent grounds. The Court cannot not take judicial notice of the Durham Report under the applicable rules and case authority, as it is not a fact subject to notice, but consists of hearsay, conclusions and speculation. See Fed. R. Evid. 201(B). That should end the inquiry, right there.

## II.    The Durham Report Retreads the Same Ground Extensively Plowed in the Danchenko Indictment

Even if the Court could conceivably take notice of the report as a preliminary matter, the standards for taking judicial notice are woefully absent. Plaintiff's counsel already treads over the same information extensively in their briefing before this Court, previously inferring facts from the Danchenko Indictment in attempting to smear Dolan as a conspirator who hatched the Steele Dossier with Danchenko and other defendants with whom Dolan never spoke. Even if the Court could still take notice of the report despite the utter groundlessness of his Amended Complaint, and the rehashing of facts extensively discussed, nothing in such report could resurrect Plaintiff's claims against Dolan, or save Plaintiff's counsel from any sanctions order.

1

### III.     Plaintiff's Counsel Was Transparent About Improper Political Motives

Many of Plaintiff's claims (and Plaintiff's counsel's opposition to sanctions) were undermined by Plaintiff and Plaintiff's counsel' s own statements, arguing that the lawsuit served political purposes. Nothing in the Durham Report can change that. Plaintiff, through this lawsuit, openly launched a political attack on Dolan attempting to tie him to efforts of the 2016 Clinton campaign's alleged attempt to use the Steele Dossier to attack Trump, though Dolan was nothing more than a volunteer, and nothing is unusual about one presidential campaign attacking another. Vigorous campaigning using aggressive tactics is commonplace, and Plaintiff himself campaigns as aggressively as anyone in the arena.

Plaintiff admits and counsel has even bragged that this lawsuit is being pursued at least in part to correct political issues: "[Plaintiff] seeks damages for the cost of dealing with legal issues and **political issues**…" Amended Complaint at ¶ 525 (emphasis added), DE 177. Plaintiff's counsel doubled down on Plaintiff's improper political motives after the lawsuit was filed -- on national television.  Courts regularly decry such acts as subject to sanctions. *See, e.g., Collins v. Daniels*, 916 F.3d 1302, 1320-22 (10th Cir. 2019) (adding parties for political reasons and without legal basis is an improper purpose under Rule 11); *Knipe v. Skinner*, 19 F.3d 72, 77 (2d Cir. 1994) (filing action without good-faith legal basis to "pursue a personal agenda against [a government entity]" violates Rule 11); *Scott v. Sanders*, 789 F. Supp. 2d 773, 776 (E.D. Ky. 2011) (pursuing "personal vendetta" against persons not involved in a lawsuit by submitting an affidavit attacking them is an improper purpose under Rule 11(b)(1)). *Teno v. Iwanski*, 464 F. Supp. 3d 924, 953-954 (E.D. Tenn 2020).

### IV. The Court Addressed the Factual Issues Already

Defendant Dolan's Motion for Rule 11 Sanctions alerted the Plaintiff and his counsel to contradictions between the allegations in the Amended Complaint, their briefing, and the Danchenko Indictment on which they relied. *See* DE 268 at 5. The Danchenko Indictment covers the same nexus of facts as the Durham Report. Allegations in the Amended Complaint supposedly "sourced" from the Danchenko Indictment were mostly unsupported allegations that metastasized wildly from some underlying mundane fact. Dolan and Danchenko were networking, and both had some interest in business in Russia. The Danchenko Indictment and the Durham Report cover this same narrative. Nothing is new that would change the result. These facts do not support that Dolan was part of a scheme with multiple other people with whom he had no contact to smear Donald Trump. As the Court noted, "Plaintiff cherry-picked portions which supported his narrative while ignoring those that undermined or contradicted it." *See* DE 284, Rule 11 Sanctions Order at 6. This Court previously noted how counsel contorted the Danchenko Indictment and manufactured through leaps of logic and innuendo the magical concoction of Dolan conspiring with the Clinton campaign specifically to smear President Trump.

### V. Legal Infirmities In Bringing a RICO Action, As One Example, Are Beyond Repair

As regards RICO in particular, "plaintiffs must stop and think before filing them. …. When used improperly, as in this case, those provisions allow a complainant to shake down his opponent and, given the expense of defending a RICO charge, to extort a settlement." *Pelletier v. Zweifel*, 921 F.2d 1465, 1522 (11th Cir. 1991).

### VI. The Plaintiff Is Bound to the Same Standards as Others in Bringing Civil Claims

President Trump and his attorneys took the position that because Donald Trump was President, and because his cause was an important political and personal mission of the utmost national interest, the rules applicable to litigants and in the courts did not apply to him -- or them. For example, Plaintiff's counsel argued for a "Donald Trump" exception to the RICO statute of limitations.

The Court has no basis to take judicial notice of the Durham Report, nor any basis to retread through the same allegations that the attorneys previously "sourced" from the Danchenko Indictment and elsewhere, nor does any of this information, nor does any such information make any difference, given the gravity of the transgressions, factually, legally, and from the standpoint of having a proper purpose.

### VII. Charles Dolan In Particular Should Never Have Been Sued

Charles Dolan had nothing to do with any purported, alleged smear campaign, even if such political campaign was improper. He never communicated with any Defendant except Danchenko, with whom he shared some common business interests. There was never any basis for him to have been dragged into this lawsuit in the first place, or into a court in Florida. There were no predicate RICO acts as to Mr. Dolan even after all the exaggerations. Plaintiff's counsel could not even get his state of residence right, or basic facts regarding his background. "An attorney's intentional misrepresentation to a court is sanctionable conduct and a recurrence of such conduct will not be disregarded lightly." *Bonnie & Co. Fashions v. Bankers Trust Co.*, 170 F.R.D. 111, 112 (S.D.N.Y. 1997).

Defendant Dolan agrees with and joins the opposition filed by other Defendants.

## CONCLUSION

Any one of three factors -- lack of a good faith legal basis, lack of a good faith factual basis, an improper purpose -- supports Rule 11 sanctions in favor of Dolan. The Durham Report changes none of these factors, and would have to change all three to make a difference. Plaintiff's counsel undermined the integrity of our judicial system by taking Donald Trump's aggressive political tactics and claims, and turning them into a lengthy and sanctionable lawsuit.

Mr. Dolan deserves a measure of justice, which a sanctions order against Donald Trump and his attorneys, and their law firms, jointly and severally, provided. The continuation of this matter against Mr. Dolan is improper, and itself is an abuse of the legal system. The motion should be denied.

Respectfully submitted,

/s/George R.A. Doumar
George R.A. Doumar
*Pro Hac Vice*
Jonathan E. Levine, Esquire
Florida Bar No. 937711
Mahdavi Bacon Halfhill & Young, PLLC
11350 Random Hills Road, Suite 700
Fairfax, Virginia, 22030
Tel: (703) 352-1300
Fax: (703) 352-1301
Email: gdoumar@doumarmartin.com

*Counsel for Charles H. Dolan*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2023, I caused a copy of the foregoing to be served on all counsel of record via CM/ECF. All parties required to be served have been served.

/s/George R.A. Doumar
George R.A. Doumar
*Pro Hac Vice*
Jonathan E. Levine, Esquire
Florida Bar No. 937711
Mahdavi Bacon Halfhill & Young, PLLC
11350 Random Hills Road, Suite 700
Fairfax, Virginia, 22030
Tel: (703) 352-1300
Fax: (703) 352-1301
Email: gdoumar@doumarmartin.com

*Counsel for Charles H. Dolan*
