UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:22-CV-14102-DMM

DONALD J. TRUMP,

    Plaintiff,

v.

HILLARY R. CLINTON, et al.,

    Defendants.

_____/

**DEFENDANT ORBIS BUSINESS INTELLIGENCE LTD.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S AND PLAINTIFF'S ATTORNEYS' MOTION FOR <u>INDICATIVE RULING BASED UPON NEW EVIDENCE</u>**

ENJOLIQUÉ AYTCH LETT, ESQ.
Florida Bar No. 0104881
Email: lette@gtlaw.com
AKIESHA GILCRIST SAINVIL, ESQ.
Florida Bar No. 1003260
Email: sainvila@gtlaw.com
**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

*Attorneys for Defendant*
*Orbis Business Intelligence Ltd.*

**TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................................1

BACKGROUND .............................................................................................................................2

ARGUMENT ...................................................................................................................................3

    I.       Standard for Relief Under Rule 60(b) ......................................................................3
    II.      Movants Cannot Satisfy Rule 201(b)'s Requirements for Judicial Notice .............4
    III.     Movants Fail to Show Relief Under Rule 60(b)(2) Is Warranted ...........................4

           A.     The Durham Report fails to present facts that would confer
                personal jurisdiction over Orbis under the federal RICO statute .................5
           B.     The Durham Report fails to present facts that would confer
                personal jurisdiction over Orbis under Florida's long-arm statute. .............6

CONCLUSION ................................................................................................................................7

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Birmingham v. RoFx.net*,
  No. 21-23472-Civ, 2022 U.S. Dist. LEXIS 94981 (S.D. Fla. May 26, 2022) ........................... 6

*Carmouche v. Tamborlee Mgmt., Inc.*,
  789 F.3d 1201 (11th Cir. 2015) ........................................................................................... 1

*Cavaliere v. Allstate Ins. Co.*,
  996 F.2d 1111 (11th Cir. 1993) ........................................................................................... 3

*Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*,
  230 F.3d 934 (7th Cir. 2000) ............................................................................................... 5

*Don't Look Media Ltd. Liab. Co. v. Fly Victor Ltd.*,
  999 F.3d 1284 (11th Cir. 2021) ....................................................................................... 5, 6

*Imperato v. Hartford Ins. Co.*,
  803 F. App'x 229 (11th Cir. 2020) .................................................................................. 4, 5

*Iraheta v. Linebarger, Goggan, Blair & Sampson, LLP*,
  No. 5:14-cv-413 (CAR), 2015 U.S. Dist. LEXIS 102246 (M.D. Ga. Aug. 5, 2015) ........................................................................................................................... 6

*Jones v. Hugine*,
  No. 22-13366, 2023 U.S. App. LEXIS 16877 (11th Cir. July 5, 2023) ............................... 4

*Republic of Pan. v. BCCI Holdings (Luxembourg) S.A.*,
  119 F.3d 935 (11th Cir. 1997) ............................................................................................. 6

*Rice v. Ford Motor Co.*,
  88 F.3d 914 (11th Cir. 1996) ............................................................................................... 4

*Sapuppo v. Allstate Floridian Ins. Co.*,
  739 F.3d 678 (11th Cir. 2014) ............................................................................................. 3

*Toole v. Baxter Healthcare Corp.*,
  235 F.3d 1307 (11th Cir. 2000) ........................................................................................... 4

*Verdejo v. HP Inc.*,
  No. 21-20431-Civ, 2021 U.S. Dist. LEXIS 215726 (S.D. Fla. Nov. 7, 2021) ..................... 5

*Waddell v. Hendry Cnty. Sheriff's Off.*,
  329 F.3d 1300 (11th Cir. 2003) ........................................................................................... 4

*Willard v. Fairfield S. Co.*,
  472 F.3d 817 (11th Cir. 2006) ............................................................................................. 4

**Federal Statutes**

18 U.S.C. § 1965 ........................................................................................................................ 6

.

18 U.S.C. § 1965(b) ...................................................................................................................1, 5

**Rules**

Fed. R. Civ. Proc. 60(b) ............................................................................................................2, 3

Fed. R. Civ. Proc. 60(b)(2) .......................................................................................................4, 5

Fed. R. Civ. Proc. 62.1 ..................................................................................................................2

Fed. R. Evid. 201(b) ......................................................................................................................4

**Other Authorities**

*Report on Matters Related to Intelligence Activities and Investigations Arising Out of the 2016 Presidential Campaigns* authored by Special Counsel John H. Durham (May 12, 2023) ("Durham Report") .................................................................1

Defendant Orbis Business Intelligence Ltd. ("Orbis"), by and through its undersigned counsel, respectfully submits this Response in Opposition to Plaintiff's and Plaintiff's Attorneys' Motion for Indicative Ruling Based Upon New Evidence (the "Motion") (ECF No. 331), as it relates to Orbis. In support thereof, Orbis states as follows:

## INTRODUCTION

As more fully detailed in the Joint Opposition to Plaintiff's and Plaintiff's Counsel's Motion for an Indicative Ruling filed concurrently herewith (ECF No. 333) ("Joint Opposition") and adopted in its entirety by Orbis, the *Report on Matters Related to Intelligence Activities and Investigations Arising Out of the 2016 Presidential Campaigns* authored by Special Counsel John H. Durham (May 12, 2023) ("Durham Report") cannot and does not "seismically alter" any result in this case. Mot. at 1. This is especially true for Orbis as nothing in the Motion even suggests that the existence of the Durham Report – judicially noticed or not – somehow confers personal jurisdiction over Orbis where, as a matter of law, such jurisdiction is absent.

There are only two conceivable ways in which this Court could acquire personal jurisdiction over Orbis: first, there exists sufficient material facts to establish a prima facie case of personal jurisdiction under Florida's long-arm statute and the Due Process clause, *see Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203 (11th Cir. 2015); or second, through 18 U.S.C. § 1965(b)'s authorization for nationwide service of process for RICO. Both manners are legally untenable on these facts. It remains unrefuted that Orbis had *no*, let alone minimal, contact with Florida. Accordingly, there cannot be personal jurisdiction through Florida's long-arm statute and the U.S. Constitution. Moreover, Orbis was purportedly served in London, United Kingdom, not in the United States, which is statutorily required by the RICO statute. Nothing contained in the Durham Report provides new information bearing on these facts, and certainly nothing about the

1

Durham Report alters these facts in order to confer personal jurisdiction over Orbis.

For the reasons previously briefed in Orbis' Motion to Dismiss the Amended Complaint (ECF Nos. 260, 266) and as further explained herein, the Court's original conclusion that personal jurisdiction is lacking over Orbis requiring dismissal of the suit against it remains sound and should not be disturbed. Given that Plaintiff Donald J. Trump and Plaintiff's Counsel ("Movants") were aware of the lack of basis for personal jurisdiction over Orbis from the outset – prior to filing the Complaint and Amended Complaint – this Court's sanctions order likewise remains proper. Accordingly, this Court should decline the invitation to indicate, pursuant to Federal Rules of Civil Procedure 62.1 and 60(b), that it would grant relief from judgment and its sanction orders, and deny Plaintiff's and Plaintiff's Attorneys' Motion for Indicative Ruling Based Upon New Evidence.

## BACKGROUND

Plaintiff Donald J. Trump brought suit against Hillary Clinton and numerous other defendants alleging a grand conspiracy to smear him, derail his candidacy, and prevent him from winning the presidency. This Court dismissed the claims against the private-party defendants ("Defendants") with prejudice and imposed nearly $1 million in sanctions on Plaintiff and his counsel. (ECF Nos. 267, 302). As to Orbis specifically, the Court held, "[b]ecause . . . Plaintiff has failed to state a claim under RICO. . . Plaintiff may not rely on § 1965(b) to establish personal jurisdiction . . .," ECF No. 267 at 17; and, because no part of Orbis' alleged conduct occurred in Florida nor did Orbis "'aim[]' any conduct at Florida or could reasonably have anticipated that Plaintiff would be harmed in Florida, particularly in light of the fact that Plaintiff was a resident of New York at the time of the occurrences giving rise to Plaintiff's claims," *id.* at 20, "this Court

2

may not exercise personal jurisdiction over Defendant[] . . . Orbis consistent with the Florida long-arm statute." *Id.* at 21. Consequently, the Court dismissed Orbis. *Id.* at 22.

Movants appealed the judgment of dismissal along with this Court's two sanctions orders. However, in his appeal, Plaintiff did not meaningfully address, and therefore abandoned, any argument that the Court's order dismissing Orbis for lack of personal jurisdiction was improper and the sanctions order flowing from such a result was inappropriate. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (holding that appellants abandon any argument not briefed before the Court, made only in passing, or raised briefly without supporting arguments or authority).

Concurrently with Movants' Opening Brief filed in the Eleventh Circuit appeals matter, Case No. 22-13410, Dkt. 83 (11th Cir.), the Movants filed a Motion for Judicial Notice, or in the Alternative, Motion to Stay, which requested that the Eleventh Circuit take judicial notice of the Durham Report, or alternatively, to stay proceedings in order to seek an indicative ruling from this Court pursuant to 62.1. 11th Cir Dkt. 81. Without addressing the arguments that the Defendants/appellees raised in opposition to the Motion for Judicial Notice, the Eleventh Circuit stayed the appeal to permit the Movants to request an indicative ruling from this Court.

The parties are now before this Court on the Motion which seeks "to allow this Court to make an indicative ruling and regain jurisdiction over this case to consider the Durham Report in connection with President Trump's Amended Complaint." Mot. at 2.

## ARGUMENT

### I.   Standard for Relief Under Rule 60(b)

Movants are incapable of meeting the standard to be granted relief from the judgment against them under Federal Rule 60(b). Relief under Rule 60(b) "is an extraordinary remedy which

3

may be invoked only upon a showing of exceptional circumstances." *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993). "Because this is 'an extraordinary remedy,' [the movant] must establish 'a justification for relief so compelling that the district court was *required* to grant [his] motion.'" *Jones v. Hugine*, No. 22-13366, 2023 U.S. App. LEXIS 16877, at *13 (11th Cir. July 5, 2023) (quoting *Rice v. Ford Motor Co.*, 88 F.3d 914, 919 (11th Cir. 1996)) (emphasis in original). "Even then, whether to grant the requested relief is a matter for the district court's sound discretion." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000) (ellipsis omitted).

A party seeking relief under Rule 60(b)(2) must demonstrate that "(1) the evidence is newly discovered since the trial; (2) he exercised due diligence to discover the new evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that a new trial would probably produce a new result." *Waddell v. Hendry Cnty. Sheriff's Off.*, 329 F.3d 1300, 1309 (11th Cir. 2003). "Evidence that would not produce a new result cannot merit relief under Rule 60(b)(2)." *Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 231 (11th Cir. 2020) (citing *Willard v. Fairfield S. Co.*, 472 F.3d 817, 824 (11th Cir. 2006)). Because "[f]inality is a virtue in the law," each of these requirements "must be strictly met." *Waddell*, 329 F.3d at 1309. Movants fail to satisfy those strict criteria.

## II. Movants Cannot Satisfy Rule 201(b)'s Requirements for Judicial Notice.

As thoroughly set forth in the Joint Opposition, as an initial matter, Movants fail to show that the Durham Report may even be considered by this Court because it fails to meet the "indisputability" requirement set forth under Federal Rule of Evidence 201(b). Rather than restate the arguments supporting this proposition, Orbis expressly joins and adopts the Joint Opposition.

## III. Movants Fail to Show Relief Under Rule 60(b)(2) Is Warranted.

Even if this Court could judicially notice the Durham Report, which it cannot, the Durham

4

Report does not provide a basis for relief under Rule 60(b)(2). Again, "[e]vidence that would not produce a new result cannot merit relief under Rule 60(b)(2)." *Imperato*, 803 F. App'x at 231.

    A.    ***The Durham Report fails to present facts that would confer personal jurisdiction over Orbis under the federal RICO statute.***

The Joint Opposition demonstrates why Plaintiff still fails to state a claim under RICO. Importantly, the Motion completely fails to set forth any new fact that the Durham Report raises, or any legal basis that the presence of the Durham Report provides, that would alter the Court's conclusion that Plaintiff may not rely on § 1965(b) to establish personal jurisdiction. This is especially true where neither Christopher Steele nor Orbis is alleged to have been a RICO Defendant. *See* ECF No. 267 at 32 n.8.

Moreover, Plaintiff's initial argument for personal jurisdiction under the federal RICO statute remains incorrect because **Plaintiff never served Orbis according to RICO's nationwide service of process provision**. *See Don't Look Media Ltd. Liab. Co. v. Fly Victor Ltd.*, 999 F.3d 1284, 1292 (11th Cir. 2021) ("The problem in this case is that RICO does not provide for personal jurisdiction because [the plaintiff] did not serve any party 'according to' RICO's nationwide service of process provision."). The federal RICO statute only authorizes **nationwide** service of process – meaning service has to occur in this nation. *Id.* at 1293 (quoting *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 941 (7th Cir. 2000)) ("The RICO service of process provision states that service may be made in any judicial district, which indicates that Congress authorized service only in the judicial districts of the United States and not worldwide."). It "does not authorize international service of process and, as such, cannot be the basis for the assertion of personal jurisdiction over a corporation or individual served abroad." *Verdejo v. HP Inc.*, No. 21-20431-Civ, 2021 U.S. Dist. LEXIS 215726, at *11 (S.D. Fla. Nov. 7, 2021); *see also Don't Look Media Ltd. Liab. Co.*, 999 F.3d at 1293 ("Section 1965(d)'s

5

authorization of service in any judicial district plainly does not authorize service outside the United States.").

Here, Plaintiff does not dispute that Orbis is an England-based entity. Nor does he dispute that service upon Orbis was attempted via The Hague in London, England – not in the United States. Accordingly, "the nationwide service of process provision in RICO cannot provide for personal jurisdiction in this case." *Don't Look Media Ltd. Liab. Co.*, 999 F.3d at 1293.[1] The Durham Report changes none of these facts, and therefore cannot change the result.

> **B. *The Durham Report fails to present facts that would confer personal jurisdiction over Orbis under Florida's long-arm statute.***

It is indisputable that where, as here, Plaintiff cannot attain personal jurisdiction over a defendant utilizing a federal statute, it must rely on the forum state's long-arm statute. *See Iraheta v. Linebarger, Goggan, Blair & Sampson, LLP*, No. 5:14-cv-413 (CAR), 2015 U.S. Dist. LEXIS 102246, at *10 (M.D. Ga. Aug. 5, 2015) ("Jurisdiction over a non-resident defendant may be based upon a federal statute or a state long-arm statute.") (citing *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997)).

The Motion completely fails to assert that the Durham Report demonstrates that any of Orbis' alleged conduct occurred in Florida or that Orbis aimed any conduct at Florida in which Plaintiff would have been harmed. Plaintiff does not (and cannot) allege any concrete events involving Orbis that took place in Florida in furtherance of any purported conspiracy, which is required to attain personal jurisdiction in this case. *See Birmingham v. RoFx.net*, No. 21-23472-

---

[1] As noted by the *Don't Look Media Ltd. Liab. Co.* Court, Plaintiff's assertion of personal jurisdiction over Orbis based on 18 U.S.C. § 1965 additionally fails because Orbis is neither at home, nor has an agent, in any United States judicial district. Further it does not transact its affairs in any United States judicial district. *See Don't Look Media Ltd. Liab. Co.*, 999 F.3d at 1294 ("Even setting aside that no defendant was served in the United States, § 1965(d)'s remaining terms do not apply. None of the Individual Defendants resides or has an agent in any United States judicial district. Nor do they "transact [their] affairs" in any such district.").

Civ, 2022 U.S. Dist. LEXIS 94981, at *3 (S.D. Fla. May 26, 2022) ("Conclusory allegations concerning the existence of a conspiracy are 'insufficient to establish a prima facie case of personal jurisdiction.'"). Other than unproven allegations of a conspiracy, the Durham Report – like Plaintiff's Amended Complaint – does not establish any contacts that Orbis had with Florida. Therefore, the relief the Movants seek is unwarranted. a

## CONCLUSION

For the foregoing reasons, Plaintiff's and Plaintiff's Attorneys' Motion for Indicative Ruling Based Upon New Evidence (ECF No. 331) should be denied, and Plaintiff's Amended Complaint should remain dismissed.

Dated: August 10, 2023

Respectfully submitted,

*/s/ Enjoliqué Aytch Lett*
ENJOLIQUÉ AYTCH LETT, Esq.
Florida Bar No. 0104881
Email: lette@gtlaw.com
AKIESHA GILCRIST SAINVIL, Esq.
Florida Bar No. 1003260
Email: sainvila@gtlaw.com
**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

*Counsel for Defendant*
*Orbis Business Intelligence Ltd.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 10, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send a Notice of Electronic Filing to counsel of record or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Enjoliqué Aytch Lett*
ENJOLIQUÉ AYTCH LETT, ESQ.
Florida Bar No. 0104881
Email: lette@gtlaw.com