IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Donald J. Trump,

               Plaintiff,

     v.

Hillary R. Clinton *et al.*,

               Defendants.

Civil Action No. 2:22-cv-14102-DMM

**HILLARY CLINTON'S, HFACC, INC.'S, JOHN PODESTA'S, ROBERT MOOK'S, JAKE SULLIVAN'S, DNC'S, DNC SERVICES CORPORATION'S, DEBBIE WASSERMAN SCHULTZ'S, PERKINS COIE LLP'S, MARC ELIAS'S, MICHAEL SUSSMANN'S, CHARLES HALLIDAY DOLAN, JR.'S, FUSION GPS'S, GLENN SIMPSON'S, PETER FRITSCH'S, NELLIE OHR'S, BRUCE OHR'S, IGOR DANCHENKO'S, RODNEY JOFFE'S, NEUSTAR SECURITY SERVICES'S, NEUSTAR, INC.'S AND ORBIS BUSINESS INTELLIGENCE LTD.'S OPPOSITION TO MOTION TO DISQUALIFY**

## TABLE OF CONTENTS

<u>Page</u>

INTRODUCTION ....................................................................................................................1

ARGUMENT ..........................................................................................................................3

I.     THE COURT LACKS JURISDICTION OVER THE MOTION. .....................................3

II.    THE MOTION IS UNTIMELY. .........................................................................5

III.   THE MOTION IS MERITLESS. .........................................................................7

      A.    The language in the Court's orders provides no basis for recusal. .........................8

      B.    The Court's observation of counsel's misconduct provides no basis for recusal. ....................................................................................................11

      C.    The Court's consideration of public material regarding Plaintiff's litigation conduct provides no basis for recusal. ................................................13

      D.    Movants' scant case citations provide no basis for recusal. ................................15

CONCLUSION ....................................................................................................................16

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Barnett v. City of Chicago*, 952 F. Supp. 1265 (N.D. Ill. 1997) ....................................................12

*Bivens Gardens Office Buildings v. Barnett Banks of Florida*,
140 F.3d 898 (11th Cir. 1998) ...........................................................................................7

*Christo v. Padgett*, 223 F.3d 1324 (11th Cir. 2000) ........................................................6

*Crowe v. Di Manno*, 225 F.2d 652 (1st Cir. 1955) ...............................................15, 16

*Dean v. Colvin*, 585 F. App'x 904 (7th Cir. 2014) .........................................................14

*Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647 (11th Cir. 1983) ..........8, 9, 11

*In re Cooper*, 821 F.2d 833 (1st Cir. 1987) ...................................................................12

*In re Kunstler*, 914 F.2d 505 (4th Cir. 1990) ................................................................13

*In re Lieb*, 112 B.R. 830 (Bkrtcy. W.D. Tex. 1990) .......................................................12

*In re Tri-State Ethanol Co., LLC*, 369 B.R. 481 (D.S.D. 2007),
*aff'd*, 525 F.3d 649 (8th Cir. 2008) ..................................................................................12

*Ivy v. Kimbrough*, 115 F.3d 550 (8th Cir. 1997) ...........................................................13

*Jaffe v. Grant*, 793 F.2d 1182 (11th Cir. 1986) .............................................................10

*Jallali v. U.S. Funds*, 573 F. App'x 915 (11th Cir. 2014) .............................5, 8, 10, 11

*Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300 (11th Cir. 2021) ...................................14

*Kramer v. Tribe*, 156 F.R.D. 96 (D.N.J. 1994), *aff'd*, 52 F.3d 315 (3rd Cir.) .............13

*Liteky v. United States*, 510 U.S. 540 (1994) ........................................................2, 3, 7, 9

*LoCascio v. United States*, 473 F.3d 493 (2d Cir. 2007) ...............................................12

*Lomax v. Ruvin*, 476 F. App'x 175 (11th Cir. 2012) .......................................................9

*Madura v. BAC Home Loans Servicing, LP*, 655 F. App'x 717 (11th Cir. 2016) ..........4

*Miccosukee Tribe of Indians of Florida v. Cypress*, 56 F. Supp. 3d 1324 (S.D. Fla. 2014) ..........10

*O'Neal v. Allstate Indem. Ins. Co. Inc.*,
No. 20-14712, 2021 WL 4852222 (11th Cir. Oct. 19, 2021) ...................................14

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Peer v. Lewis*, 606 F.3d 1306 (11th Cir. 2010)..............................................................12

*Sec. & Exch. Comm'n v. Complete Bus. Sols. Grp., Inc.*,
608 F. Supp. 3d 1231 (S.D. Fla. 2022) ....................................................................9

*Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n, Inc.*,
895 F.2d 711 (11th Cir. 1990) ...............................................................................3

*Summers v. Singletary*, 119 F.3d 917 (11th Cir. 1997).................................................5

*Tejero v. Portfolio Recovery Assocs., L.L.C.*, 955 F.3d 453 (5th Cir. 2020)................15

*Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306 (11th Cir. 2002).............................2

*United States v. Bailey*, 175 F.3d 966 (11th Cir. 1999) ................................................7

*United States v. Carey*, 929 F.3d 1092 (9th Cir. 2019) ...............................................14

*United States v. Chandler*, 996 F.2d 1073 (11th Cir. 1993) .........................................7

*United States v. Grinnell Corp.*, 384 U.S. 563 (1966)................................................11

*United States v. Mendoza*, 468 F.3d 1256 (10th Cir. 2006).....................................12, 15

*United States v. Perkins*, 787 F.3d 1329 (11th Cir. 2015)..........................................10

*United States v. South Florida Water Management District*,
290 F. Supp. 2d 1356 (S.D. Fla. 2003) ...................................................................15

*United States v. Wecht*, 484 F.3d 194 (3d Cir. 2007) .................................................12

*Whitehead v. Food Max of Mississippi, Inc.*, 332 F.3d 796 (5th Cir. 2003)..................13

**STATUTES AND RULES**

28 U.S.C. § 455.............................................................................................................5

Fed R. Civ. P. 11...........................................................................................................6

Fed. R. Civ. P. 60......................................................................................................4, 6

Fed. R. Civ. P. 62.1...................................................................................................4, 5

11th Cir. R. 12.1-1.......................................................................................................4

## INTRODUCTION

This is the second time that Plaintiff has moved for disqualification in this case, and this second motion is as meritless as the first.  To be sure, the motion fails on procedural grounds as well:  the motion is untimely and, moreover, the Court lacks jurisdiction because Movants never sought leave from the Eleventh Circuit to file it.

But at its core, the motion is devoid of any basis suggesting recusal is appropriate (much less that it is necessary).  Movants' renewed attempt to disqualify this Court focuses primarily on the Court's allegedly "politically charged language" (Mot. 1) in its orders dismissing the Amended Complaint and imposing sanctions.  But the Court's orders provide no basis for recusal.  Indeed, the language with which Movants take issue addressed the core of the dispute before the Court: Defendants' contentions that Plaintiff's suit was meritless, and brought for performative political reasons.  The Court agreed with Defendants' arguments after receiving briefs from both parties and analyzing the facts and the law.  It wrote well-reasoned and thorough opinions to that effect. That is not bias—it is litigation.

For example:  in connection with Defendants' motions to dismiss and motions for sanctions, this Court was called upon to decide whether Plaintiff's claims had any merit, whether his counsel acted "unreasonably and vexatiously" in pursuing "frivolous" claims, and whether Plaintiff and his counsel's conduct was "tantamount to bad faith" because the claims lacked any basis in fact or were brought for an improper purpose.  In seeking dismissal, Defendants argued that the complaint failed to allege almost every element of the supposed claims, and was instead a series of "disconnected political disputes" or "grievances," alloyed into a "political manifesto" that sought to "rehash tired rivalries from the 2016 election."  Dkt. No. 226 ("MTD") 1–2.  In seeking sanctions, the moving Defendants asserted that "Plaintiff's suit was unwarranted on the facts,

unsupported by the law," rife with "invective," and filled with "obviously and fatally defective" claims.  Dkt. No. 280 ("Sanctions Mot.") 1–2.  To support a finding of bad faith and improper purpose, the moving Defendants observed that counsel's statements in the press "make clear that this suit was filed as a political tool and in order to fight back at Plaintiff's perceived political enemies."  Sanctions Mot. 14.  In response to Movants' arguments that the suit was not brought for a political purpose, Defendants who sought sanctions emphasized that "Plaintiff is a serial litigant who has brought several previous, dismissed lawsuits against his perceived foes," specifically identifying prior suits against Leticia James, Twitter, CNN, and the New York Times, and observing that Plaintiff had fundraised off such suits.  Dkt. No. 287 ("Sanctions Reply") 8.

The Court considered these arguments and ultimately ruled in Defendants' favor on both dismissal and sanctions, resulting in the orders that Movants now argue supposedly demonstrate bias.  But under settled law, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'"  *Liteky v. United States*, 510 U.S. 540, 555 (1994).  "The general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources."  *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002).  Contrary to that rule, each of Movants' arguments for recusal stems from the contents of this Court's rulings on the motions to dismiss and the motions for sanctions.  Movants do not even attempt to identify any "extrajudicial" facts which "display a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Liteky*, 510 U.S. at 555.

In the words of the Supreme Court:  "Impartiality is not gullibility.  Disinterestedness does not mean child-like innocence.  If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions."  *Id.*, 510 U.S. at 551.  Here, the Court properly decided that Plaintiff's Amended Complaint was legally meritless, that Movants acted in

bad faith in bringing the suit, and that dismissal and sanctions were warranted under well-settled law.  The only basis for Movants' request for recusal is this Court's rulings on those issues.  But such rulings "are proper grounds for appeal, not for recusal."  *Id.* at 555.  For that reason—and because of the procedural defects in Movants' request—this Court should deny the motion.[1]

## ARGUMENT

### I.    THE COURT LACKS JURISDICTION OVER THE MOTION.

The Eleventh Circuit has jurisdiction over this matter, not this Court.  On June 16, 2023, Movants asked the Eleventh Circuit to take judicial notice of the Durham Report.  CA11 Dkt. No. 60.  In the alternative, Movants asked the Eleventh Circuit to "stay all proceedings so that Appellants may promptly make a Rule 62.1 motion in the district court for an indicative ruling" regarding judicial notice.  *Id.* at 12.  On July 13, 2023, the Eleventh Circuit granted the motion "to the extent this Court STAYS this appeal pending Appellant seeking an indicative ruling below." CA11 Dkt. 108 at 4.

Movants did not seek, and the Eleventh Circuit did not grant, permission to seek a ruling on disqualification.  But "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n, Inc.*, 895 F.2d 711, 713 (11th Cir. 1990) (citation omitted).  "The district court retains only the authority to act in aid of the appeal, to correct clerical mistakes or to aid in the execution of a judgment that has not been superseded."  *Id.*  This Court is therefore

---

[1] Ordinarily, it would be sufficient to pass on any one of these grounds in denying Movants' motion.  However, to avoid any ambiguity and prevent Movants from raising any subsequent, frivolous arguments on the merits of recusal, Defendants respectfully request that this Court address both the procedural issues and the substantive merits in denying the motion.

without jurisdiction over a motion for which Movants did not seek, and the Eleventh Circuit did not grant, permission to file.

True, Federal Rule of Civil Procedure 62.1 "provides a *limited* exception to the general jurisdictional rule." *Madura v. BAC Home Loans Servicing, LP*, 655 F. App'x 717, 723 (11th Cir. 2016) (emphasis added). But that limited exception does not apply here. Rule 62.1 provides that, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending," the district court may defer consideration, deny the motion, or indicate that it would grant the motion if the court of appeals remands for that purpose. Fed. R. Civ. P. 62.1(a). As the Advisory Committee explained, this rule adopted the practice that most courts followed when they received motions, like a Rule 60(b) motion to vacate a judgment, that would affect the judgment under appeal. *Madura*, 655 F. App'x at 723–24. A district court could not grant such a motion absent remand, but could deny the motion, defer consideration, or issue an indicative ruling.

In Eleventh Circuit Rule 12.1-1, the Eleventh Circuit has elaborated on the narrow jurisdictional exception of Rule 62.1. That Rule provides that, "if a motion filed in the district court requests substantive relief from the order or judgment . . . the district court may consider whether to grant or deny the motion without obtaining a remand" from the Eleventh Circuit. 11th Cir. R. 12.1-1(c). If, on the other hand, "the motion filed in the district court is one that does not request substantive relief from the order or judgment under appeal," a party "may file a motion [with the Eleventh Circuit] for a limited remand to give the district court authority to rule on the motion." 11th Cir. R. 12.1-1(b).

Here, the motion does not request substantive relief from any order or judgment on appeal: the motion's sole request is that the Court "disqualify itself from further proceedings in this

matter." Mot. 7. The motion therefore falls under Eleventh Circuit Rule 12.1-1(b), and Movants were required to "file a motion [with the Eleventh Circuit] for a limited remand to give the district court authority to rule on the motion." They did not do so. The motion is outside the narrow jurisdictional exception of Rule 62.1, and is therefore subject to the general rule that Plaintiff's and Movants' filing notices of appeal divested this court of jurisdiction.

## II.     THE MOTION IS UNTIMELY.

Even if this Court had jurisdiction over the motion, the motion is untimely under 28 U.S.C. § 455, which governs the disqualification of judges. "Although § 455 does not include an explicit timeliness requirement, a motion to disqualify a judge must nonetheless be 'filed within a reasonable time after the grounds for the motion are ascertained.'" *Jallali v. U.S. Funds*, 573 F. App'x 915, 916 (11th Cir. 2014) (quoting *Summers v. Singletary*, 119 F.3d 917, 921 (11th Cir. 1997)). Movants failed to do so.

As an initial matter, it bears mention that Plaintiff already sought recusal early in the case; at that time, he asserted that a reasonable observer might doubt the Court's impartiality because of Your Honor's appointment by President Clinton more than two decades ago. Dkt. No. 21. The Court denied the motion, because there was no relevant relationship with either President Clinton or Defendant Clinton and settled law did not warrant recusal from this matter based on supposed political bias. Dkt. No. 30.

Movants now repeat that disqualification effort on substantially the same ground, arguing that the Court is politically biased against them. This time, they assert recusal is required because of "the politically charged language in the Court's recent opinions and the extrajudicial factual research performed by the Court, at its own initiative, in coming to those decisions." Mot. 1. But even if these assertions were correct, or were a basis for recusal—and they are neither—Movants'

motion for recusal is untimely because they waited for the Court to issue not one, not two, but three supposedly biased opinions, instead of moving promptly for recusal.

Movants first assert that recusal is warranted by the Court's September 8, 2022 order dismissing the Amended Complaint, because "the language and tone of the order was unfortunate" and the Court characterized Plaintiff's claims as hyperbolic and political.  Mot. 2.  Movants argue that "the Court then went out of its way to reserve jurisdiction to impose sanctions."  Mot. 2.  Nevertheless, Plaintiff did not move for this Court's recusal before any sanctions motions were filed.  Indeed, although Plaintiff noticed an appeal from the dismissal order, he did not appeal the prior denial of his recusal motion.  *See* Dkt. No. 272 (notice of appeal); *Christo v. Padgett*, 223 F.3d 1324, 1333 n.10 (11th Cir. 2000) ("recusal orders . . . are reviewable on appeals from final judgment").

Movants next assert that recusal is warranted by this Court's November 10, 2022 order granting Defendant Dolan's request for sanctions under Rule 11.  Movants note that the November 10 order characterized Plaintiff's claim as political, and they assert that the order evinces bias. Mot. 2.  Surely, then, the claimed basis for disqualification was clear at that point.  But Movants did not move to recuse, nor seek relief from the sanctions order under Rule 60(b).  Movants noticed an appeal of the decision, but they again did not appeal denial of Plaintiff's prior recusal motion. *See* Dkt. No. 291.  Instead, Movants continued to litigate the remaining sanctions issue before the Court without any objection to the Court's hearing the motion.

Finally, as Movants recite, on January 19, 2023, the Court granted other Defendants' sanctions motion under its inherent authority.  Movants again failed to seek relief from judgment under Rule 60(b), and instead noticed a third appeal, but did not appeal the denial of the first recusal motion.  *See* Dkt. No. 308.  And they continued to litigate before this Court without

requesting recusal—for example, seeking bond and a stay of the ruling pending appeal, which this Court granted.  *See* Dkt. No. 307.

In sum, Movants repeatedly failed to seek promptly the Court's recusal for its supposedly inappropriate statements or factfinding.  Movants' own cases confirm that the motion now is too late.  As the Eleventh Circuit held in *Bivens Gardens Office Buildings v. Barnett Banks of Florida* (cited at Mot. 6), "[t]he recusal provision was intended to be a shield, not a sword.  An issue involving recusal cannot be used as an insurance policy to be cashed in if a party's assessment of his litigation risks turns out to be off and a loss occurs."  140 F.3d 898, 913 (11th Cir. 1998).  Even if Movants' motion were meritorious—and it is not—it comes far too late.

## III.    THE MOTION IS MERITLESS.

Under Section 455, the general rule is that any alleged bias warranting recusal "must stem from an extrajudicial source."  *Liteky v. United States,* 510 U.S. 540, 544–45 (1994).  In other words, to warrant recusal, the alleged bias, "must derive from something other than that which the judge learned by participating in the case."  *United States v. Chandler*, 996 F.2d 1073, 1104 (11th Cir. 1993).  Because bias generally requires an extrajudicial source, it follows logically that "[j]udicial rulings almost never constitute a valid basis" for recusal.  *Liteky*, 510 U.S. at 555.  When a request for recusal is based on a court's order, it must reveal bias "so extreme as to display clear inability to render fair judgment."  *Liteky*, 510 U.S. at 551.  This is a very high bar.  And, indeed, the Eleventh Circuit has observed that it will "affirm a district judge's refusal to recuse himself unless we conclude that the impropriety is clear and one which would be recognized by all objective, reasonable persons."  *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999).

The Eleventh Circuit has been equally clear that unfavorable rulings—and even sharp language—do not warrant recusal, including in the very same cases on which Movants rely.  "[A] judge's remarks in a judicial context" warrant recusal only when they "demonstrate such pervasive

bias and prejudice that it constitutes bias against a party," but "[n]either a trial judge's comments on lack of evidence, rulings adverse to a party, nor friction between the court and counsel constitute pervasive bias." *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983) (cited at Mot. 6) (affirming denial of recusal motion).

This is especially true when the expressions of judicial frustration arise from a party's own wrongdoing or misconduct, like that of the Movants' here. The Eleventh Circuit has recognized that if such comments from a judge warranted recusal, no court would be capable of policing its docket. In *Jallali v. U.S. Funds*, for example, the Eleventh Circuit affirmed the denial of a recusal motion and noted that "[t]he orders, language, and conduct [Plaintiff] complains of are the district court's descriptions of and attempts to address [Plaintiff] and [his] counsel's misconduct in the proceedings before it." 573 F. App'x at 916. "Were such actions sufficient to establish the pervasive bias and prejudice necessary to obtain recusal based on bias not stemming from extrajudicial sources," the court continued, "district judges would be powerless to address misconduct without subjecting themselves to recusal." *Id.*

Movants' motion rests on three sets of allegations of bias, all of which stem from statements or conclusions in the Court's orders, and none of which concerns allegations of "extrajudicial" bias.

## A.   The language in the Court's orders provides no basis for recusal.

First, Movants argue that the Court's stern language in various orders regarding Plaintiff's meritless claims or political motivation evinces bias that warrants recusal. *See* Mot. 2–5, 6. Movants are wrong: precedent is clear that harsh language in judicial opinions provides no basis for recusal. Indeed, the language to which Movants point merely reflects the Court's agreement with Defendants' arguments regarding the frivolity of (and improper motivation underlying) this suit. *See supra*, pp. 1–2.

Movants acknowledge that *Liteky v. United States*, 510 U.S. 540 (1994) (cited at Mot. 1, 6) is the controlling precedent on judicial recusal, and posit (at 6) that "[t]he Supreme Court has been clear."  Defendants agree.  *Liteky* is extraordinarily clear on several points.  "First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" because they "can only in the rarest circumstances evidence the degree of favoritism or antagonism required" under the statute.  510 U.S. at 555.  "Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Id.*  "Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."  *Id.*  As the Supreme Court has held, statements that do not "establish bias or partiality" include "expressions of impatience, dissatisfaction, annoyance, and even anger."  *Id.* at 555–56.  Thus, neither an "alleged 'anti-defendant tone'" nor "ordinary admonishments . . . to counsel" in the course of a judicial proceeding warrant recusal.  *Id.* at 556.

The Eleventh Circuit has been equally clear on this point, including in the very same cases on which Movants rely.  *See Hamm*, 708 F.2d at 651 (cited at Mot. 6).  "Under § 455(a), challenges to a judge's 'ordinary efforts at courtroom administration,' including 'judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel and to witnesses,' are not sufficient to require a judge to recuse herself."  *Lomax v. Ruvin*, 476 F. App'x 175, 176 (11th Cir. 2012) (cited at Mot. 6) (affirming denial of recusal motion).[2]

---

[2] Ample other authority not cited by Movants stands for the same proposition:  a court's adverse rulings do not give rise to the charge of bias or prejudice.  *See, e.g.*, *Sec. & Exch. Comm'n v. Complete Bus. Sols. Grp., Inc.*, 608 F. Supp. 3d 1231, 1245 (S.D. Fla. 2022).

Plainly, a party before the Court cannot commit misconduct, then complain when the Court calls it what it is. In *Jallali*, the Eleventh Circuit recognized that such judicial comments on party misconduct do not warrant recusal. *See supra*, p. 8. The same result pertained in *United States v. Perkins*, 787 F.3d 1329 (11th Cir. 2015). There, the Eleventh Circuit concluded that no "objective, fully informed lay observer would entertain significant doubt about the district judge's impartiality" where, "[t]o the extent that some of the district judge's comments evince frustration with [a party], that frustration stems solely from judicial sources"—that is, the party's conduct in the litigation at issue. *Id.* at 1342.

So, too, in *Jaffe v. Grant*, 793 F.2d 1182 (11th Cir. 1986). There, the district court imposed sanctions and, on appeal, the plaintiff argued that the court should have recused itself based on bias and supposed statements evincing prejudice. But the Eleventh Circuit squarely rejected that suggestion, observing that "the court's statements reflect its perception of the underlying facts of the case" and the plaintiff's "litigation tactics," and were "based on knowledge the court had gained in a purely judicial context by presiding over this action." *Id.* at 1189.

And in *Miccosukee Tribe of Indians of Florida v. Cypress*, 56 F. Supp. 3d 1324, 1330 (S.D. Fla. 2014), a judge of this Court rejected a recusal motion levied at another judge who had presided over proceedings and imposed sanctions on one party. In the process, the judge in question made statements that one party viewed as either evincing bias, or abdicating impartiality and advocating for one side. The Court rejected this assertion in no uncertain terms: "If the Court determines that one side is pulling our leg or misstating the law or facts of the case, we express that opinion. However, just because our opinion is adverse to one side does not mean that we are advocating for the other." *Id.* at 1330.

Here, the snippets of language Movants identify from the Court's orders in no way demonstrate that the Court "took on the role of an advocate for the Defendants," Mot. 6. Instead, they show that the Court agreed with Defendants' well-founded legal positions after considering the parties' extensive briefing on the issues. This language explained the Court's legal conclusion that Plaintiff's claims were not merely meritless, but frivolous several times over. *See* supra, p. 1–2. That Defendants prevailed on these points, and Plaintiff did not, does not indicate any bias on the part of the Court. Indeed, Plaintiff has not even appealed the Court's dismissal of thirteen of the sixteen claims in the Amended Complaint. Moreover, many of the statements Movants highlight regarding the political nature of the case were made in the course of this Court's findings of bad faith and improper purpose.

In sum, "any adverse attitudes that [the Court] evinced towards the [movants] were based on his study of the" pleadings, the briefs, and the relevant law, "which the parties had requested him to make. What he said reflected no more than his view that, if the facts were as [Defendants argued], stringent relief was called for." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) (affirming denial of motion to recuse).

### B. The Court's observation of counsel's misconduct provides no basis for recusal.

Second, Movants argue that recusal is necessary because of the Court's suggestion that counsel's conduct might warrant sanctions or professional discipline. Many of the same cases above reject this notion, too. *See, e.g.*, *Jallali*, 573 F. App'x at 916. Thus, "friction between the court and counsel"—even expressed in remarks counsel believes are "intemperate or impatient"—is not enough to show pervasive bias. *Hamm*, 708 F.2d at 651.

It is no wonder, then, that trial and appellate courts have universally rejected similar attempts by aggrieved counsel to compel judicial recusal. The rule remains the same: "judicial

remarks and comments that are critical or disapproving, or even hostile to, a party or counsel, or to a party's case, ordinarily do not support a motion to disqualify a judge for personal bias or prejudice." *In re Tri-State Ethanol Co., LLC*, 369 B.R. 481, 487 (D.S.D. 2007), *aff'd*, 525 F.3d 649 (8th Cir. 2008). Many decisions have so held. *See, e.g.*, *United States v. Wecht*, 484 F.3d 194 (3d Cir. 2007) (judge's characterization of counsel's arguments as "breathless accusations" did not warrant recusal); *LoCascio v. United States*, 473 F.3d 493, 496 (2d Cir. 2007) (holding defendant in contempt and threatening to institute disbarment proceedings against defendant's counsel did not warrant recusal); *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006) (referring counsel to disciplinary authorities did not warrant recusal); *In re Cooper*, 821 F.2d 833, 838 (1st Cir. 1987) ("Generally, clashes between court and counsel are an insufficient basis for disqualification."); *Barnett v. City of Chicago*, 952 F. Supp. 1265, 1273 (N.D. Ill. 1997) (judge's comments showing "annoyance at [counsel]'s comments in the media and his use of this case as a forum for making inappropriate comments" did not warrant recusal); *In re Lieb*, 112 B.R. 830, 834 (Bkrtcy. W.D. Tex. 1990) (judge's accusation that counsel engaged in "improper litigation tactics" was "insufficient" "as a matter of law" to warrant recusal).

Movants also take particular issue (Mot. 1, 2, 3) with the Court's acknowledgment of one counsel's remarks to the media, asserting that this, too, is evidence of supposed bias. As an initial matter, Defendants highlighted counsel's remarks in their sanctions motion, so those remarks were properly before the Court and were not the product of extrajudicial research. Sanctions Mot. 14–16. Defendants cited counsel's statements because "pursuing a frivolous claim for 'primarily political' purposes" constitutes sufficient bad faith to warrant sanctions under the court's inherent power. *Peer v. Lewis*, 606 F.3d 1306, 1316 (11th Cir. 2010) (remanding for determination of sanctions). In its sanctions order, the Court simply recited the comments from Defendants'

briefs—after Movants filed an opposition brief in which they not only did not object to the consideration of those comments, but argued affirmatively that the comments showed counsel's "good faith" in prosecuting the case.[3]

Nor is there anything inappropriate about using such statements in evaluating the propriety of sanctions. Courts of appeal routinely affirm sanctions where counsel's statements and conduct in the media supports the conclusion that the case was brought for an improper purpose. *See, e.g.*, *Whitehead v. Food Max of Mississippi, Inc.*, 332 F.3d 796, 807 (5th Cir. 2003) ("The media event orchestrated by [counsel], in particular, constitutes objective evidence of his improper purpose. . . ."); *Ivy v. Kimbrough*, 115 F.3d 550, 553 (8th Cir. 1997) (no abuse of discretion in imposing sanctions where conduct was "aimed at the media" and "primarily for local media consumption"); *Kramer v. Tribe*, 156 F.R.D. 96 (D.N.J. 1994) (imposing sanctions because, among other things, giving misleading reports to media demonstrated improper purpose), *aff'd*, 52 F.3d 315 (3rd Cir.); *In re Kunstler*, 914 F.2d 505, 520 (4th Cir. 1990) (affirming sanctions where the court considered "the circumstances surrounding the case," including "a quotation [by counsel] reported by the media").

**C.   The Court's consideration of public material regarding Plaintiff's litigation conduct provides no basis for recusal.**

Third (and relatedly), Movants argue that any reference in the Court's orders to material and information supposedly "outside the record" is improper or creates the appearance of bias. Mot. 3 n.2. But this is simply incorrect. In seeking sanctions, and rebutting Movants' argument that the case was not brought for an improper purpose, the moving Defendants emphasized that

---

[3] In all events, it is not clear whether the Court actually imposed sanctions based on counsel's comments; the Court recited them only in the factual background of its sanctions opinion, and went on to impose sanctions on several independent grounds, evaluating the totality of the circumstances, including the objective frivolity of Plaintiff's legal claims.

"Plaintiff is a serial litigant who has brought several previous, dismissed lawsuits against his perceived foes," specifically identifying prior, dismissed lawsuits against Leticia James, Twitter, CNN, and the New York Times, and observing that Plaintiff had fundraised off such suits. Sanctions Reply 8.  And on the very same page of the sanctions order that Movants cite (at 4), this Court explained why it had the authority to look to Plaintiff's conduct in other cases in assessing Defendants' allegations of bad faith:  "[W]hen the court is faced with a sanctions motion against a repeat offender, undeterred by admonitions, it has the authority to consider that litigant's outside conduct."  Dkt. 302 at 21 (citing *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1313–14 (11th Cir. 2021), and *O'Neal v. Allstate Indem. Ins. Co. Inc.*, No. 20-14712, 2021 WL 4852222, at *5 (11th Cir. Oct. 19, 2021)).

The law is clear that a court's taking notice of public information, including public court filings, does not give rise to the appearance of bias under Section 455.  Again, Movants' own citations betray them.  Movants rely solely on *United States v. Carey*, 929 F.3d 1092 (9th Cir. 2019).  But there, the Ninth Circuit affirmed the district court's denial of a motion to recuse premised on the court's citation to a press article outside the record, observing that "courts have regularly held that outside knowledge does not on its own prejudice judicial proceedings," and "[w]e cannot expect judges to live as moles, roving about the limited underground landscape of the official record but never perceiving the illuminated world at the surface.  In our modern, interconnected, endlessly broadcast world, complete blinders are impracticable, as a reasonable person would surely conclude."  *Id.* at 1105; *see also Dean v. Colvin*, 585 F. App'x 904, 904–05 (7th Cir. 2014) ("Judges do not violate the Constitution by consulting their own funds of knowledge about the world, or by augmenting that knowledge. . . .  No judge is required to approach a case in complete ignorance.  An open mind is required; an empty mind is not.").

14

This is especially true when the issues before the court warrant an evaluation of parties' or attorneys' pattern of conduct in other litigation.  In *Tejero v. Portfolio Recovery Assocs.*, *L.L.C.*, for example, the Fifth Circuit affirmed that a judge did not need to recuse himself after he reviewed the dockets in an attorney's other cases to conclude that the attorney had engaged in a pattern of frivolous behavior and referring him for discipline.  955 F.3d 453, 464 (5th Cir. 2020); *see also Mendoza*, 468 F.3d at 1262 (judge's docket search and review of related cases did not require recusal).  Here, the moving Defendants argued that the suit was brought for an improper purpose in part because "Plaintiff is a serial litigant who has brought several previous, dismissed lawsuits against his perceived foes."  Sanctions Reply 8.  That the Court noted this and similar conduct in evaluating Defendants' arguments regarding bad faith does not suggest any bias, much less require recusal.

### D.     Movants' scant case citations provide no basis for recusal.

As catalogued above, most of the authority Movants cite actually refutes their position and exemplifies why this second attempt at disqualification is meritless.  Movants (at 6–7) highlight two cases they claim are "similar" to this one.  Neither is.

*United States v. South Florida Water Management District* reaffirmed that recusal ordinarily cannot be based solely on judicial rulings.  290 F. Supp. 2d 1356, 1359–60 (S.D. Fla. 2003).  In that case, however, the judge had spoken about the subject of the suit, and his personal views on the issues, in five separate newspaper articles.  290 F. Supp. 2d at 1360.  Those extrajudicial statements on the subject matter of the case, and the parties at issue, warranted recusal.  Nothing remotely like the judicial conduct in that case occurred here.

In *Crowe v. Di Manno*, the judge presiding over a jury trial interjected so often in the proceedings that "relatively few pages of the nearly 800 printed pages of testimony in the record appendix are without some question to a witness, comment on the evidence, or remark by the

court." 225 F.2d 652, 655 (1st Cir. 1955). Moreover, "[a]ny attempt to catalogue every instance of prejudice to the defendants interjected into this case by the trial judge, either in his comments on the evidence, in his obviously hostile cross-examination of witnesses whose testimony was unfavorable to the plaintiff, but not of witnesses who testified in the plaintiff's favor, or in various other ways, would expand [the court's] opinion to inordinate length." *Id.* at 656. As a result, the First Circuit was forced merely to summarize a variety of prejudicial comments the judge made in front of the jury. *Id.* at 656–59. The Court here has done nothing even remotely resembling the conduct in *Crowe* (which, in any event, predated *Liteky*'s articulation of the governing legal standard by four decades).

That these are the two cases Movants cite as their nearest analogous precedent is telling. The facts here bear no resemblance to the rare cases in which courts have deemed recusal warranted. Movants' request for the Court to recuse itself is wholly meritless.

## CONCLUSION

For the reasons given above, the Court should deny Movants' motion.

Dated:  August 28, 2022                              Respectfully submitted,


/s/ David Oscar Markus                          /s/ David E. Kendall
David Oscar Markus                              David E. Kendall (pro hac vice)
MARKUS/MOSS PLLC                                Katherine M. Turner (pro hac vice)
40 NW 3rd Street, PH 1                           Michael J. Mestitz (pro hac vice)
Miami, FL 33128                                  WILLIAMS & CONNOLLY LLP
Tel:  (305) 379-6667                             680 Maine Avenue, S.W.
                                                 Washington, DC 20024
                                                 Tel:  (202) 434-5000
                                                 Fax:  (202) 434-5029
                                                 dkendall@wc.com
                                                 kturner@wc.com
                                                 mmestitz@wc.com

*Attorneys for Defendant Hillary Rodham Clinton*


/s/ Robert P. Trout
Robert P. Trout (pro hac vice)
Paola Pinto (Florida Bar Number 1013933)
SCHERTLER ONORATO MEAD & SEARS
555 13th Street, N.W.
Suite 500 West
Washington, D.C. 20004
Phone:  (202) 628-4155
rtrout@schertlerlaw.com
ppinto@schertlerlaw.com

*Attorneys for Defendants HFACC, Inc. and John Podesta*


/s/ Gerald Edward Greenberg                     /s/ Roberta A. Kaplan
Gerald Edward Greenberg                         Roberta A. Kaplan (pro hac vice)
GELBER SCHACHTER & GREENBERG PA                 Shawn G. Crowley (pro hac vice)
One Southeast Third Avenue                       Maximillian L. Feldman (pro hac vice)
Suite 2600                                       KAPLAN HECKER & FINK LLP
Miami, FL 33131-1715                             350 Fifth Avenue, 63rd Floor
Tel: (305) 728-0950                              New York, NY 10118
ggreenberg@gsgpa.com                             Tel: (212) 763-0883
                                                 rkaplan@kaplanhecker.com
                                                 scrowley@kaplanhecker.com
                                                 mfeldman@kaplanhecker.com


*Attorneys for Defendants Democratic National Committee, DNC Services Corporation, and*
*Debbie Wasserman Schultz*

/s/ Eleni Kastrenakes Howard
Eleni Kastrenakes Howard (Fla. Bar No.
0073073)
Howard J. Harrington (Fla. Bar No. 0118719)
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Tel:  (561) 653-5000
Fax:  (561) 659-6313
eleni.kastrenakeshoward@akerman.com
jay.harrington@akerman.com

/s/ F. Joseph Warin
F. Joseph Warin (pro hac vice)
Geoffrey M. Sigler (pro hac vice)
Katherine Moran Meeks (pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
fwarin@gibsondunn.com
gsigler@gibsondunn.com
kmeeks@gibsondunn.com

/s/ Nancy E. Hart
Nancy E. Hart (pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
nhart@gibsondunn.com

*Attorneys for Perkins Coie LLP*

/s/ Eugene K. Pettis
Eugene K. Pettis (Fla. Bar #508454)
Debbie P. Klauber (Fla. Bar #55646)
HALICZER, PETTIS & SCHWAMM
One Financial Plaza
100 S.E. 3rd Ave., Seventh Floor
Fort Lauderdale, FL 33394
Tel:  (954) 523-9922

/s/ Reid J. Schar
Reid J. Schar (pro hac vice)
April A. Otterberg (pro hac vice)
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
Tel:  (312) 222-9350

*Attorneys for Defendant Marc Elias*

/s/ Roberto Martinez
Roberto Martínez (Florida Bar No. 305596)
Zachary Lipschultz (Florida Bar No. 123594)
COLSON, HICKS, EIDSON, P.A.
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Tel:  (305) 476-7400
bob@colson.com
zach@colson.com

/s/ Sean M. Berkowitz
Sean M. Berkowitz (pro hac vice)
LATHAM & WATKINS LLP
330 N. Wabash, Suite 2800
Chicago, IL 60611
Tel:  (312) 876-7700
sean.berkowitz@lw.com

/s/ Stephen P. Barry
Stephen P. Barry (pro hac vice)
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Tel:  (202) 637-2200
stephen.barry@lw.com

/s/ Michael F. Houlihan
Michael F. Houlihan (pro hac vice)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Tel:  (617) 880-4642
michael.houlihan@lw.com

*Attorneys for Defendant Michael Sussmann*

/s/ Jonathan Edward Levine
Jonathan Edward Levine (FBN 937711)
Levine & Associates, PLLC
5311 Lee Highway
Arlington, VA 22207
Tel:  (703) 525-2669

/s/ George R.A. Doumar
George R.A. Doumar (pro hac vice)
Mahdavi, Bacon, Halfhill & Young PLLC
11350 Random Hills Road, Suite 700
Fairfax, VA 22030
Tel:  (703) 352-1300

*Attorneys for Charles Halliday Dolan, Jr.*

/s/ Brian L. Stekloff
Brian L. Stekloff (pro hac vice)
Sarah E. Neuman (pro hac vice)
WILKINSON STEKLOFF LLP
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:  (202) 847-4000
bstekloff@wilkinsonstekloff.com
sneuman@wilkinsonstekloff.com

/s/ John William Wylie, IV
John William Wylie, IV
John W. Wylie, P.A.
150 S.E. 2nd Avenue
Suite 602
Miami, FL 33131
Tel: (305) 586-1338
jww@johnwylielaw.com

*Attorneys for Defendant Jake Sullivan*

/s/ Andrew J. Ceresney
DEBEVOISE & PLIMPTON LLP
Andrew J. Ceresney (pro hac vice)
Wendy B. Reilly (pro hac vice)
Isabela M. Garcez (pro hac vice)
66 Hudson Blvd.
New York, NY 10001
Tel:  (212) 909-6000
aceresney@debevoise.com
wbreilly@debevoise.com
imgarcez@debevoise.com

/s/ John William Wylie, IV
John William Wylie, IV
John W. Wylie, P.A.
150 S.E. 2nd Avenue
Suite 602
Miami, FL 33131
Tel: (305) 586-1338
jww@johnwylielaw.com

*Attorneys for Defendant Robert E. Mook*

/s/ Adam S. Fels
Adam S. Fels
FRIDMAN FELS & SOTO PLLC
2525 Ponce de Leon Blvd., Suite 750
Coral Gables, FL 33134
Tel:  (305) 569-7701
afels@ffslawfirm.com

/s/ Joshua A. Levy
Joshua A. Levy (pro hac vice)
Rachel Clattenburg (pro hac vice)
Kevin P. Crenny (pro hac vice)
LEVY FIRESTONE MUSE LLP
900 17th St. NW, Suite 1200
Washington, D.C. 20006
Tel:  (202) 845-3215
Fax:  (202) 595-8253
jal@levyfirestone.com
rmc@levyfirestone.com
kcrenny@levyfirestone.com

*Attorneys for Defendants Fusion GPS, Peter Fritsch, and Glenn Simpson*

/s/ Joshua Berman
Joshua Berman
CLIFFORD CHANCE US LLP
2011 K Street, NW
Washington, D.C.  20006
Tel:  (202) 912-5000
Fax:  (202) 912-6000
Joshua.Berman@CliffordChance.com

/s/ Adam Fels
Adam Fels (Florida Bar No. 0114917)
FRIDMAN FELS & SOTO, PLLC
2525 Ponce de Leon Blvd., Suite 750
Coral Gables, FL  33134
Tel:  (305) 569-7701
Afels@ffslawfirm.com

/s/ Benjamin Peacock
Benjamin Peacock
CLIFFORD CHANCE US LLP
New York, New York 10019
Tel:  (212) 878-8000
Fax:  (212) 878-8375
Benjamin.Peacock@CliffordChance.com

*Attorneys for Bruce Ohr and Nellie Ohr*

/s/ Franklin Monsour Jr.
Franklin Monsour Jr. (pro hac vice)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Tel:  (212) 506-3512
Fax:  (212) 506-5151
fmonsour@orrick.com

/s/ Diana Marie Fassbender
Diana Marie Fassbender (Fla Bar ID #17095)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street N.W.
Washington, DC  20005-1706
Tel:  (202) 339-88533
Fax:  (202) 339-8500
dszego@orrick.com

*Attorneys for Igor Danchenko*

/s/ Samantha L. Southall
Samantha L. Southall (pro hac vice)
Pennsylvania Bar No. 80709
BUCHANAN INGERSOLL & ROONEY PC
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
Tel:  (215) 665 8700
Fax:  (215) 667 8760
samantha.southall@bipc.com

/s/ Jennifer Olmedo Rodriguez
Jennifer Olmedo Rodriguez (Florida Bar No. 605158)
BUCHANAN INGERSOLL & ROONEY PC
2 South Biscayne Blvd., Suite 1500
Miami, Florida 33131
Tel:  (305) 347 4080
Fax:  (305) 347 4089
jennifer.olmedo-rodriguez@bipc.com

*Attorneys for Defendant Neustar, Inc.*

/s/ John M. McNichols
John M. McNichols (pro hac vice)
Allison S. Eisen (pro hac vice)
Kathryn E. Garza (pro hac vice)
WILLIAMS & CONNOLLY LLP
680 Maine Ave, S.W.
Washington, D.C. 20024
Tel:  (202) 434-5000
Fax:  (202) 434-5029
jmcnichols@wc.com

/s/ James E. Gillenwater
James E. Gillenwater (Bar No. 1013518)
GREENBERG TRAURIG P.A.
333 SE 2nd Ave., Suite 4400
Miami, FL 33131
Tel:  (305) 579-0500
Fax:  (305) 579-0717
gillenwaterj@gtlaw.com

*Attorneys for Neustar Security Services*

/s/ Edward Soto
Edward Soto (FBN 0265144)
WEIL GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Tel:  (305) 577-3100
Fax:  (305) 374-7159

/s/ Steven A. Tyrrell
Steven A. Tyrrell (pro hac vice)
WEIL GOTSHAL & MANGES LLP
2001 M Street, N.W., Suite 600
Washington, D.C. 20036
Tel:  (202) 682-7000
Fax:  (202) 857-0940

*Attorneys for Rodney Joffe*

/s/ *Enjoliqué A. Lett*
Enjoliqué A. Lett (Fla. Bar No. 0104881)
GREENBERG TRAURIG P.A.
333 S.E. 2nd Ave., Suite 4400
Miami, FL 33131
Telephone: (305) 579-0500
Fax: (305) 579-0717
enjolique.lett@gtlaw.com

/s/ *Akiesha G. Sainvil*
Akiesha G. Sainvil (Fla. Bar No. 1003260)
GREENBERG TRAURIG P.A.
333 S.E. 2nd Ave., Suite 4400
Miami, FL 33131
Telephone: (305) 579-0500
Fax: (305) 579-0717
akiesha.sainvil@gtlaw.com

*Attorneys for Orbis Business Intelligence Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of August, 2023, I caused a copy of the foregoing

Opposition to Movants' Motion to Disqualify to be served on all counsel of record via CM/ECF.

All parties required to be served have been served.


　　　　　　　　　　　　　　 _/s/ David Oscar Markus_
　　　　　　　　　　　　　　 David Oscar Markus