UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DONALD J. TRUMP,

    Plaintiff,

v.

HILLARY R. CLINTON, et al.,

    Defendants.

Case No. 2:22-cv-14102-DMM

PLAINTIFF AND PLAINTIFF ATTORNEY'S REPLY IN SUPPORT
OF THEIR MOTION TO DISQUALIFY

In their opposition, Defendants attack the grounds for disqualification in isolation, citing to largely inapplicable cases, while ignoring the totality and cumulative effect of this Court's prior statements that create the appearance of impartiality. In particular, the extrajudicial research of this Court, combined with its intemperate statements about President Trump and his counsel, create a doubt as to the impartiality of this Court, requiring recusal. Accordingly, President Trump and his former counsel respectfully request that this Court grant their motion to disqualify.

ARGUMENT

I.    Recusal is warranted.

This Court's prior comments and conduct about President Trump and his former counsel were glaring enough to merit disqualification. Importantly, *Liteky* supports the premise that disqualification is appropriate.

Defendants skim over the extrajudicial research that this Court performed in issuing its orders. This includes announcements from James Comey comparing the impact of those statements to Defendant Clinton and President Trump and analyzing the merits of other litigation President Trump is involved in, despite the ongoing nature of that litigation. Regarding the Comey announcement, the Court inserted its opinion into the announcement, more than merely citing an article as was the case in *United States v. Carey*, 929 F.3d 1092, 1105 (9th Cir. 2019). President Trump cited *Carey* as cautioning against the use of extrajudicial materials in other circumstances. Dkt. No. 335 at 3–4.

As to President Trump's other litigation, while Defendants accused President Trump of being a serial litigant and cited several of President Trump's other cases during briefing,[1] the Court went above and beyond Defendants' argument, adding additional cases, assessing the merits of those cases, and accusing President Trump of being a "bully." Dkt. No. 302 at 24. This extrajudicial research indicates, to an objective observer, the existence of the Court's prejudice and bias against President Trump outside of this litigation.

---

[1] Defendants also note that they cited Ms. Habba's interview to Sean Hannity, Dkt. No. 338 at 12–13. President Trump, however, referred to this in his motions because it was the only *conduct* that occurred after the first mention of sanctions on the record, and it occurred after litigation had concluded, therefore affording no off-ramp to avoid potential sanctions, as contemplated by Rule 11.

Defendants cite to the Fifth and Tenth Circuit cases of *Tejero* and *Mendoza* to assert that review of outside litigation is appropriate. Dkt. No. 338 at 15. In *Tejero*, however, the Fifth Circuit found that such a search did not warrant disqualification because it was the *appellants themselves* who directed the court to view these cases. *Tejero v. Portfolio Recovery Assoc., LLC*, 955 F.3d 453, 464 (5th Cir. 2020). President Trump did no such thing. In *Mendoza*, while the extrajudicial search in that specific, and *inapt* circumstance was not grounds for disqualification, the Tenth Circuit acknowledged that such a search "may suggest a vendetta." *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006). The docket search performed by the judge in *Mendoza* was not performed in the case before the court, but in a prior case involving the same lawyer, as part of a sealed order referring that attorney for potential bar discipline based upon improper conduct. *Id. at* 1262–63. Once again, these circumstances bear no relation to the case at bar. Moreover, the extrajudicial search performed by this Court, citing and evaluating unresolved cases to accuse President Trump of being a bully and divine his motivations for engaging in litigation as improper, crosses the line into the territory warned by the Tenth Circuit as potentially suggesting a "vendetta"—in this case, a political one.

Even if the Court agrees with Defendants that the cited statements and conduct are not extrajudicial, *Liteky* envisioned a scenario, such as this one, where extrajudicial sources are not required for recusal to be appropriate. In *Liteky*, the Supreme Court explicitly rejected the argument that grounds for disqualification must come from extrajudicial sources. *Liteky v. United States*, 510 U.S. 540, 554

(1994). While the Supreme Court noted that it would be rare, it stated that bias and prejudice arising during the course of the proceedings may be sufficient to warrant disqualification. *Id*. This applies when the court's opinions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. at 555. Here, the Court's statements and conduct go well beyond criticizing the legality of the case, as Defendants suggest. Dkt. No. 338 at 11. As President Trump's motion reflects, the Court's statements amount to seemingly political attacks against him and his former counsel, including a thinly veiled reference to the thoroughly discredited conspiracy theory of President Trump colluding with Russia. *See* Dkt. No. 302 at 8 n.6; Dkt. No. 335 at 4 n.3.

Once again, Defendants' cited cases are inapt. In *Perkins*, the Eleventh Circuit held that the district court's statements against the defendant did not establish animosity because the defendant engaged in dilatory tactics such as deliberately talking over the judge. *United States v. Perkins*, 787 F.3d 1329, 1342–43 (11th Cir. 2015). Here, President Trump and his counsel did no such thing and caused no delay. In *Jaffe*, the district court's statements "were based on knowledge the court had gained in a purely judicial context." *Jaffe v. Grant*, 793 F.2d 1182, 1189 (11th Cir. 1986). As discussed above, here, the Court learned information from *outside* of this case. Lastly, in *Cypress*, the case involved two attorneys engaging in "tit for tat behavior." *Miccosukee Tribe of Indians of Florida v. Cypress*, 56 F. Supp. 3d 1324, 1330 (S.D. Fla. 2014). Here, President Trump's former counsel granted several

courtesies to opposing counsel and engaged in no such gamesmanship. Accordingly, these cases are not representative of the current situation.

## II. Disqualification is not a jurisdictional issue.

Defendants argue the Eleventh Circuit did not grant permission to file a motion to disqualify or remand the case for the purpose of disqualification, and, therefore, this Court does not have jurisdiction to rule on President Trump's motion. Dkt. No. 338 at 3–5. This argument is contrary to the purpose of disqualification, which is to ensure fair proceedings and avoid tainting the judicial process.

According to the statute, a judge *shall* disqualify himself when "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b) (emphasis added). The statute further elaborates, "[n]o justice, judge, or magistrate judge shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b)." 28 U.S.C. § 455(e). As courts within the Tenth Circuit have found, "a judge has a continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." *Taylor v. Haynes Burns*, 2013 WL 12329822, at *2 (D.N.M. Jul 26, 2013) (quoting *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993)). Moreover, a judge has a duty to disqualify themselves when the circumstances provide as such and need not wait for a motion to disqualify. *United States v. Conforte*, 624 F.2d 869, 880 (9th Cir. 1980); *see also Obert v. Rep. W. Ins. Co.*, 190 F. Supp. 2d 279, 284 (D.R.I. 2002) (holding that a judge should not wait for a party to move for disqualification

5

because "[i]t is the judge's duty to ensure that his or her presence does not taint the process of justice or the integrity of the United States Courts."); *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987) (holding that "[d]isqualification is required if a reasonable factual basis exists for doubting the judge's impartiality."); *Rodriguez-Vilanova v. Stryker Corp.*, 987 F. Supp. 2d 153, 157 (D.P.R. 2013) (holding that "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified.") (quoting *Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir. 2004)).

Thus, as a practical matter, disqualification is not a duty that dissipates upon appeal. It is a continuing duty to ensure fair proceedings, and it is a requirement to ensure fair proceedings at all times and stages of litigation.

### III. This motion is timely.

Defendants make two arguments as to why this motion is untimely. First, Defendants assert that this motion is substantially similar to President Trump's first motion requesting recusal. Dkt. No. 338 at 5. This is simply incorrect. This motion is the result of politically biased statements made during the course of the proceedings, not a relationship to President Clinton, as was argued in the first motion.

Second, Defendants claim that President Trump should have made this motion after the dismissal order, or after the first sanctions order. Dkt. No. 338 at 6. Defendants cite *Jallali* for the premise that this was an unreasonable delay. Dkt. No. 338 at 5. In *Jallali*, however, the court noted that the plaintiff did not move for recusal until eight months after the first order. *Jallali v. U.S. Funds*, 573 Fed. App'x 915, 916

6

(11th Cir. 2014).[2] In coming to this finding, the court relied on its prior opinion in *Summers*. There, the court's primary concern was that a motion to disqualify could invalidate a fully completed trial. *Summers v. Singletary*, 119 F.3d 917, 921 (11th Cir. 1997). Here, these concerns are not present.

In this case, just four months passed between this Court's dismissal order and the final sanctions order. Half the time described in *Jallali*. While President Trump did not move to disqualify the Court after it's the dismissal order, the appearance of impartiality increased with each subsequent order. The culmination of all three orders is what prompted this motion. Further, President Trump and his former counsel promptly appealed each of these decisions. Thus, there was no need to move for disqualification until this matter was back before this Court. Accordingly, Defendants timeliness argument fails.

## CONCLUSION

President Trump and his former counsel's motion for disqualification has merit based on prior statements indicating prejudice and bias. Further, this motion is properly and timely before this Court. Accordingly, President Trump and his former counsel respectfully request that this Court grant their motion to disqualify.

Dated: September 5, 2023                            Respectfully submitted,

---

[2] The Seventh Circuit has found that "any decision to deny disqualification based on grounds of waiver and estoppel would frustrate the purpose of [section 455]." *SCA Serv., Inc. v. Morgan*, 557 F.2d 110, 117 (7th Cir. 1977).

/s/ Jared J. Roberts
Jared J. Roberts (FL Bar #1036550)
Jason C. Greaves (*pro hac vice*
application forthcoming)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, VA 22314
Tel: (703) 888-1943
Fax: (703) 888-1930
jared@binnall.com
jason@binnall.com

*Counsel for President Donald J. Trump, Alina Habba, Michael T. Madaio, Habba, Madaio, & Associates, Peter Ticktin, Jamie Alan Sasson, and The Ticktin Law Group*

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2023, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

Dated: September 5, 2023         /s/ Jared J. Roberts
                                 Jared J. Roberts

                                 *Counsel for President Donald J. Trump, Alina Habba, Michael T. Madaio, Habba, Madaio, & Associates, Peter Ticktin, Jamie Alan Sasson, and The Ticktin Law Group*